1  Joseph N. Kravec, Jr. (admitted *pro hac vice*)
   SPECTER SPECTER EVANS
2    & MANOGUE, P.C.
   The 26th Floor Koppers Building
3  Pittsburgh, Pennsylvania 15219
   Tel:   (412) 642-2300
4  Fax:   (412) 642-2309
   E-mail: jnk@ssem.com
5
   Michael D. Braun (167416)
6  BRAUN LAW GROUP, P.C.
   12304 Santa Monica Blvd., Suite 109
7  Los Angeles, CA 90025
   Tel:   (310) 442-7755
8  Fax:   (310) 442-7756
   E-mail: service@braunlawgroup.com
9
   Ira Spiro (67641)                              Janet Lindner Spielberg (221926)
10 SPIRO MOSS BARNESS, LLP                        LAW OFFICES OF JANET
   11377 West Olympic Blvd., Fifth Floor          LINDNER SPIELBERG
11 Los Angeles, CA 90064-1683                     12400 Wilshire Blvd., Suite 400
   Tel:   (310) 235-2468                          Los Angeles, CA 90025
12 Fax:   (310) 235-2456                          Tel:   (310)3928801
   E-mail: ira@spiromoss.com                      Fax:   (310)278-5938
13                                                E-mail: jlspielberg@jlslp.com

14 *Attorneys for Plaintiffs*

15                    UNITED STATES DISTRICT COURT

16                    NORTHERN DISTRICT OF CALIFORNIA

17                            SAN JOSE DIVISION

18

19 | FELTON A. SPEARS, JR. and | ) | CASE NO.: 5:08-cv-00868 (HRL) |
   | SIDNEY SCHOLL, on behalf of | ) | |
20 | themselves and all others similarly | ) | Honorable Howard R. Lloyd |
   | situated, | ) | |
21 | | ) | |
   | Plaintiffs, | ) | CLASS ACTION |
22 | | ) | |
   | v. | ) | **NOTICE AND CERTIFICATION OF** |
23 | | ) | **DENIAL OF MDL TRANSFER** |
   | WASHINGTON MUTUAL, INC. | ) | |
24 | a Washington corporation; | ) | |
   | FIRST AMERICAN EAPPRAISEIT, | ) | DEMAND FOR JURY TRIAL |
25 | a Delaware corporation; and | ) | |
   | LENDER'S SERVICE, INC., | ) | |
26 | | ) | |
27 | Defendants. | ) | |

28

1  I, Joseph N. Kravec, Jr., attorney for Plaintiffs in the above-referenced action, do
2  hereby certify as follows:
3      1.    On February 15, 2008, Defendant filed a Notice of MDL Filing with this
4  Court (Docket No. 6). Therein, Defendant noted that pending before the Judicial Panel
5  on Multidistrict Litigation ("JPML") was a Motion to Transfer certain actions against
6  Defendant to the United States District Court for the Western District of Washington for
7  coordinated pre-trial proceedings, and that Plaintiffs' instant action was identified as a
8  "potential tag-along" action.
9      2.    On February 21, 2008, the JPML ordered that the certain actions identified
10  in the original Motion to Transfer be consolidated in the Western District of Washington.
11  Exhibit 1, Transfer Order, dated February 21, 2008. Plaintiffs' instant action was not one
12  of those actions transferred by the Transfer Order. Rather, the Transfer Order directed
13  that "potential tag-along" actions, such as the instant action, should be addressed under
14  the JPML's Rules 7.4 and 7.5. Id., p.1n.1.
15      3.    On March 3, 2008, I telephoned the JPML Clerk's office to ascertain the
16  status of this action before the JPML. I spoke with JPML Clerk, Dana Stewart, who
17  advised me that Plaintiffs' instant action was determined to be "not related" to the MDL
18  established in the Western District of Washington and therefore the JPML would take no
19  further action to transfer Plaintiffs' instant action from the Northern District of California.
20      4.    Ms. Stewart also advised that the JPML does not issue an order in
21  circumstances like this where the action is determined "not related," but rather makes only
22  an entry of "No Action Taken" on the JPML Case Listing Report.
23      5.    Ms. Stewart faxed to me the JPML Case Listing Report for Plaintiffs' instant
24  action which is attached as Exhibit 2. It shows an entry of "No Action Taken" for
25  Plaintiffs' instant action that was made on February 25, 2008. Ms. Stewart advises that
26  /
27
28

1 | this entry confirms that Plaintiffs' instant action was determined to be "not related" and
2 | will not be transferred to the Western District of Washington.

Dated: March 3, 2008

**SPECTER SPECTER EVANS & MANOGUE, P.C.**

By: s/Joseph N. Kravec, Jr.
Joseph N. Kravec, Jr.
(admitted *pro hac vice*)

The 26th Floor Koppers Building
Pittsburgh, Pennsylvania 15219
Telephone: (412) 642-2300
Facsimile: (412) 642-2309

***Attorneys for Plaintiffs***

2

**PROOF OF SERVICE**

STATE OF PENNSYLVANIA ) 
                                    ) ss.:
COUNTY OF ALLEGHENY )

      I am employed in the county of Allegheny, State of Pennsylvania, I am over the age of 18 and not a party to the within action; my business address is The 26th Floor Koppers Building, Pittsburgh, Pennsylvania 15219.

      On March 3, 2008, using the Northern District of California's Electronic Case Filing System, with the ECF ID registered to Joseph N. Kravec, Jr., I filed and served the document(s) described as:

**NOTICE AND CERTIFICATION OF
DENIAL OF MDL TRANSFER**

      The ECF System is designed to automatically generate an e-mail message to all parties in the case, which constitutes service. According to the ECF/PACER system, for this case, the parties are served as follows:

| | |
|---|---|
| Janet Lindner Spielberg, Esquire | jspielberg@jlslp.com |
| Ira Spiro, Esquire | ira@spiromoss.com |
| Michael D. Braun, Esquire | service@braunlawgroup.com |

**Attorneys for Plaintiffs**

| | |
|---|---|
| Robert J. Pfister, Esquire | rpfister@stblaw.com |

**Attorney for Defendant Washington Mutual, Inc.**

On March 3, 2008, I served the document(s) described as:

**NOTICE AND CERTIFICATION OF
DENIAL OF MDL TRANSFER**

by placing a true copy(ies) thereof enclosed in a sealed envelope(s) addressed as follows:

First American Eappraiseit
1 American Way Building 1
Santa Ana, California 92707

Lenders Service, Inc.
700 Cherrington Parkway
Coraopolis, Pennsylvania 15108

**Defendants**

I served the above document(s) as follows:

      BY MAIL. I am familiar with the firm's practice of collection and processing correspondence by mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pittsburgh, Pennsylvania in the ordinary course of business. I am aware that on motion of the party served, service

is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in an affidavit.

I am employed in the office of an attorney who is admitted *pro hac vice* in this action at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on March 3, 2008, at Pittsburgh, Pennsylvania 15219.

S/MARCIA Z. CARNEY<br/>
Marcia Z. Carney

2

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Feb 21, 2008

FILED
CLERK'S OFFICE

IN RE: WASHINGTON MUTUAL, INC.,
SECURITIES, DERIVATIVE & "ERISA"
LITIGATION

MDL No. 1919

TRANSFER ORDER

**Before the entire Panel**: Defendant Washington Mutual, Inc. (WaMu) has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Western District of Washington. Plaintiffs in the Western District of Washington actions and four Western District of Washington potentially related actions support this motion. Plaintiffs in the Southern District of New York actions and interested party plaintiff the Ontario Teachers' Pension Plan Board support centralization, but suggest the Southern District of New York as transferee district.

This litigation currently consists of seven actions listed on Schedule A and pending in two districts, five actions in the Western District of Washington and two actions in the Southern District of New York.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Washington will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from alleged misrepresentations or omissions concerning WaMu's financial condition with respect to its subprime home loan portfolio. Whether the actions are brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of WaMu, or participants in retirement savings plans suing for violations of ERISA, all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Western District of Washington is an appropriate transferee forum for this litigation, because (1) most of the actions are already pending in that district, and (2) WaMu

---

[1] The Panel has been notified of twelve potentially related actions, eight actions in the Western District of Washington, two actions in the Southern District of New York, and one action each in the Eastern District of California and the Northern District of California. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

is headquartered in Seattle, Washington, and relevant documents and witnesses will likely be located there.

     IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of Washington are transferred to the Western District of Washington and, with the consent of that court, assigned to the Honorable Marsha J. Pechman for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

                                    PANEL ON MULTIDISTRICT LITIGATION

                                      _____
                                        John G. Heyburn II
                                           Chairman

| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |

IN RE: WASHINGTON MUTUAL, INC.,
SECURITIES, DERIVATIVE & "ERISA"
LITIGATION                                              MDL No. 1919

## SCHEDULE A

### Southern District of New York

Dennis Koesterer v. Washington Mutual, Inc., et al., C.A. No. 1:07-9801
Joel Abrams, et al. v. Washington Mutual, Inc., et al., C.A. No. 1:07-9806

### Western District of Washington

Mark Nelson v. John F. Woods, et al., C.A. No. 2:07-1809
Tom Sneva, etc. v. Kerry K. Killinger, et al., C.A. No. 2:07-1826
Lynne Harrison, etc. v. Kerry K. Killinger, et al., C.A. No. 2:07-1827
Gregory Bushansky v. Washington Mutual, Inc., et al., C.A. No. 2:07-1874
Vincent Bussey v. Washington Mutual, Inc., et al., C.A. No. 2:07-1879

# FAX TRANSMITTAL SHEET



## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Building
Room G-255
Washington, DC 20002-8004

Website: http://www.jpml.uscourts.gov

Telephone: (202) 502-2800        FAX Nº: (202) 502-2888

Date: 3/3/08        Time:

To: Joe Kravec

From: Dana Stewart

Re: MDL 1919

Notes:

Number of pages transmitted (including this page) 2

Original document is being ___ mailed _x_ retained in our file.

Please call the Panel office regarding any difficulties involved in this transmission.

Thank You

# Judicial Panel on Multidistrict Litigation - Case Listing Report

Docket: 1919 - IN RE: Washington Mutual, Inc., Securities, Derivative & "ERISA" Litigation
Status: Transferred on 02/21/2008
Transferee District: WAW   Judge: Pechman, Marsha J.
Transferee District Master Docket No.:

| Civil Action/Type | Short Caption | Judge | CTO Initiation - Date | Transferee Civil # | Disposition - Date | Termination - Date |
|---|---|---|---|---|---|---|
| CALIFORNIA NORTHERN | | | | | | |
| 5-08-868 | Spears, et al. v. Washington Mutual, Inc., et al. | Lloyd | No Action Taken 02/25/2008 | | No Action Taken 02/25/2008 | Not Related 02/25/2008 |

There is 1 Case on this Report

## REPORT SUMMARY and FILTERS

Docket: 1919 - Washington Mutual, Inc., SEC, DER & "ERISA"
District: CAN
For Case Initiation = XYZ Case

- 0 XYZ Actions
- 0 Suspense Actions
- 0 Transferred Actions
- 0 Terminated Actions

Report is Ordered by District and Case #
Printed on 03/03/2008
Page 1