1   Joseph N. Kravec, Jr.
    SPECTER SPECTER EVANS
2       & MANOGUE, P.C.
    The 26th Floor Koppers Building
3   Pittsburgh, Pennsylvania 15219
    Tel:   (412) 642-2300
4   Fax:   (412) 642-2309
    E-mail: jnk@ssem.com
5
    Michael D. Braun (167416)
6   BRAUN LAW GROUP, P.C.
    12304 Santa Monica Blvd., Suite 109
7   Los Angeles, CA 90025
    Tel:   (310) 442-7755
8   Fax:   (310) 442-7756
    E-mail: service@braunlawgroup.com
9
    Ira Spiro (67641)                          Janet Lindner Spielberg (221926)
10  SPIRO MOSS BARNESS, LLP                    LAW OFFICES OF JANET
    11377 West Olympic Blvd., Fifth Floor      LINDNER SPIELBERG
11  Los Angeles, CA 90064-1683                 12400 Wilshire Blvd., Suite 400
    Tel:   (310) 235-2468                       Los Angeles, CA 90025
12  Fax:   (310) 235-2456                       Tel:   (310)392-8801
    E-mail: ira@spiromoss.com                  Fax:   (310)278-5938
13                                             E-mail: jlspielberg@jlslp.com

14  *Attorneys for Plaintiffs*

15              **UNITED STATES DISTRICT COURT**

16             **NORTHERN DISTRICT OF CALIFORNIA**

17                    **SAN JOSE DIVISION**

18
    SIDNEY SCHOLL and FELTON A.     )   **CASE NO.: 5:08-CV-00868 (HRL)**
19  SPEARS, JR., on behalf of       )
    themselves and all others similarly )   **CLASS ACTION**
20  situated,                       )
                                    )   **WAIVER OF SERVICE OF SUMMONS**
21                  Plaintiffs,     )
                                    )
22          v.                      )
                                    )
23  WASHINGTON MUTUAL, INC.         )
    a Washington corporation;       )
24  WASHINGTON MUTUAL BANK,         )
    FA; FIRST AMERICAN              )
25  EAPPRAISEIT, a Delaware         )
    corporation; and LENDER'S       )
26  SERVICE, INC.,                  )
                                    )
27                                  )
                    Defendants.     )
28  _____    )

AO 399  (Rev. 10/95)

## WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, <u>Washington Mutual Bank, FA, (aka Washington Mutual Bank)</u>, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of <u>Scholl, et al. vs. Washington Mutual Bank, etc., et al.</u>,
(CAPTION OF ACTION)

which is case number <u>5:08-cv-00868</u> in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

first amended

I have also received a copy of the complaint in the action, two copies of this instrument, and a
means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this
lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process
in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or
to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the
service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting)
if an

answer or motion under Rule 12 is not served upon you within 60 days
after                                                          <u>April 15, 2008</u>,
                                                              (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

<u>4/21/08</u>                    <u>Meup</u>
(DATE)                            (SIGNATURE)

Printed/Typed Name: <u>Stephen Rummage of Davis Wright Tremaine LLP</u>

As <u>attorney of record for</u>          <u>Washington Mutual Bank FA</u>
        (TITLE)                          (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons
and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States
to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and
return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought
in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives
service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later
object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff)
a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time,
a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had
been actually served when the request for waiver of service was received.