Joseph N. Kravec, Jr.
SPECTER SPECTER EVANS
 & MANOGUE, P.C.
The 26ᵗʰ Floor Koppers Building
Pittsburgh, Pennsylvania 15219
Tel:   (412) 642-2300
Fax:   (412) 642-2309
E-mail: jnk@ssem.com

Michael D. Braun (167416)
BRAUN LAW GROUP, P.C.
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA 90025
Tel:   (310) 442-7755
Fax:   (310) 442-7756
E-mail: service@braunlawgroup.com

Ira Spiro (67641)
SPIRO MOSS BARNESS, LLP
11377 West Olympic Blvd., Fifth Floor
Los Angeles, CA 90064-1683
Tel:   (310) 235-2468
Fax:   (310) 235-2456
E-mail: ira@spiromoss.com

Janet Lindner Spielberg (221926)
LAW OFFICES OF JANET
LINDNER SPIELBERG
12400 Wilshire Blvd., Suite 400
Los Angeles, CA 90025
Tel:   (310)3928801
Fax:   (310)278-5938
E-mail: jlspielberg@jlslp.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| FELTON A. SPEARS, JR. and SIDNEY SCHOLL, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON MUTUAL, INC., a Washington corporation; WASHINGTON MUTUAL BANK, FA (a/k/a WASHINGTON MUTUAL BANK); FIRST AMERICAN EAPPRAISEIT, a Delaware corporation; and LENDER'S SERVICE, INC., <br><br> Defendants. | CASE NO.: 5:08-cv-00868 **(RMW)** <br><br> <u>CLASS ACTION</u> <br><br> **NOTICE OF MDL FILING** <br><br> <u>DEMAND FOR JURY TRIAL</u> |

1      PLEASE TAKE NOTICE that Plaintiffs, Felton A. Spears, Jr. and Sidney Scholl,

2  by and through their undersigned counsel, have filed certain revised documents in

3  connection with their Motion for Transfer of Tag-Along Action to MDL No. 1919 with

4  the Judicial Panel on Multidistrict Litigation.

5      Pursuant to the Rules of Procedure of the Judicial Panel on Multidistrict

6  Litigation, appended hereto are the following documents Plaintiffs filed before the

7  Judicial Panel: 1) Revised Motion for Transfer of Tag-Along Action to MDL No. 1919

8  and Revised Schedule of Actions.

9  Dated: June 23, 2008

SPECTER SPECTER EVANS &
MANOGUE, P.C.

By:  s/Joseph N. Kravec, Jr.
      Joseph N. Kravec, Jr.

The 26th Floor Koppers Building
Pittsburgh, Pennsylvania 15219
Tel:  (412) 642-2300
Fax:  (412) 642-2309
E-mail: jnk@ssem.com

Michael D. Braun, Esquire
BRAUN LAW GROUP, P.C.
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA 90025
Tel:  (310) 442-7755
Fax:  (310) 442-7756
E-mail: service@braunlawgroup.com

Ira Spiro (67641)
SPIRO MOSS BARNESS, LLP
11377 West Olympic Blvd., Fifth Floor
Los Angeles, CA 90064-1683
Tel:  (310) 235-2468
Fax:  (310) 235-2456
E-mail: ira@spiromoss.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Janet Lindner Spielberg (221926)
LAW OFFICES OF JANET
LINDNER SPIELBERG
12400 Wilshire Blvd., Suite 400
Los Angeles, CA 90025
Tel:   (310)3928801
Fax:   (310)278-5938
E-mail: jlspielberg@jlslp.com

***Attorneys for Plaintiffs***

1

**PROOF OF SERVICE**

2  STATE OF PENNSYLVANIA        )
                                                      ) ss.:
3  COUNTY OF ALLEGHENY          )

4          I am employed in the County of Allegheny, State of Pennsylvania.  I am over the age of 18 and not a party to the within action.  My business address is The 26th Floor
5  Koppers Building, Pittsburgh, Pennsylvania 15219.

6          On June 23, 2008, using the Northern District of California's Electronic Case Filing System, with the ECF ID registered to Joseph N. Kravec, Jr., I filed and served
7  the document(s) described as:

8                          NOTICE OF MDL FILING

9          The ECF System is designed to automatically generate an e-mail message to all parties in the case, which constitutes service.  According to the ECF/PACER system, for
10  this case, the parties are served as follows:

11     Janet Lindner Spielberg, Esquire          jlspielberg@jlslp.com

12     Ira Spiro, Esquire                               ira@spiromoss.com

13     Robert Ira Spiro, Esquire                   ira@spiromoss.com

14     Michael D. Braun, Esquire                  service@braunlawgroup.com

15  **Attorneys for Plaintiffs**

16     Robert J. Pfister, Esquire                   rpfister@stblaw.com

17     Martin L. Fineman, Esquire                martinfineman@dwt.com

18     Stephen Michael Rummage, Esquire    steverummage@dwt.com

19     Sam N. Dawood, Esquire                    samdawood@dwt.com

20     Jonathan M. Lloyd, Esquire                jonathanlloyd@dwt.com

21  **Attorneys for Defendant Washington Mutual, Inc.**

22     Laura Jean Fowler, Esquire                lfowler@mhalaw.com

23  **Attorneys for Defendant eAppraiseIT**

24     Margaret Anne Keane, Esquire           mkeane@dl.com

25     Kris Hue Chau Man, Esquire             kman@dl.com

26     Angela M. Papalaskaris, Esquire        apapalas@dl.com

27     Christopher J. Clark, Esquire            cjclark@dl.com

28     Kevin C. Wallace, Esquire                 kwallace@dl.com

1    Jeffrey D. Rotenberg, Esquire         jrotenberg@tpw.com

2    Richard F. Hans, Esquire              rhans@tpw.com

3    **Attorneys for Defendant LSI Appraisal, LLC**

4
      On June 23, 2008, I served the document(s) described as:

5                       **NOTICE OF MDL FILING**

6    by placing a true copy(ies) thereof enclosed in a sealed envelope(s) addressed as
7    follows:

8    Kerry Ford Cunningham, Esquire
     Patrick J. Smith, Esquire
9    Thacher Proffitt & Wood LLP
     Two World Financial Center
10   New York, New York 10281

11   **Attorneys for eAppraiseIT**

12   Kris H. Man, Esquire
     Dewey and LeBoeuf LLP
13   One Embarcadero Center
     Suite 400
14   San Francisco, CA 94111-3619

15   **Attorneys for LSI Appraisal, LLC**

16   I served the above document(s) as follows:

17         BY MAIL.  I am familiar with the firm's practice of collection and processing
     correspondence by mailing.  Under that practice it would be deposited with U.S. postal
18   service on that same day with postage thereon fully prepaid at Pittsburgh, Pennsylvania
     in the ordinary course of business.  I am aware that on motion of the party served,
19   service is presumed invalid if postal cancellation date or postage meter date is more than
     one day after date of deposit for mailing in an affidavit.
20
           I am employed in the office of an attorney who is admitted *pro hac vice* in this
21   action at whose direction the service was made.

22         I declare under penalty of perjury under the laws of the United States that the
     above is true and correct.
23
           Executed on June 23, 2008, at Pittsburgh, Pennsylvania.
24

25
                                            __S/MARCIA Z. CARNEY__
26                                             Marcia Z. Carney

27

28

                                            2

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

|  |  |
|---|---|
| ———————————————— ) | |
| IN RE WASHINGTON MUTUAL, INC. ) | |
| SECURITIES, DERIVATIVE AND        ) | MDL Docket No. 1919 |
| "ERISA" LITIGATION                      ) | |
| ———————————————— ) | |

## REVISED MOTION FOR TRANSFER OF TAG-ALONG ACTION TO MDL NO. 1919

Felton A. Spears, Jr. and Sidney Scholl, plaintiffs in the action styled *Spears, et al. v. Washington Mutual, Inc., et al.*, No. 5:08-cv-00868 (N.D.Cal.), hereby respectfully move the Panel for an Order transferring their action to the United States District Court for the Western District of Washington for coordinated pretrial proceedings with the actions already centralized as part of MDL No. 1919 captioned *In re: Washington Mutual, Inc., Securities, Derivative & "ERISA" Litigation.* In support of their motion, Mr. Spears and Ms. Scholl state as follows:

1.      On February 21, 2008, the Panel centralized over twenty actions against Washington Mutual, Inc. ("WaMu") in the United States District Court for the Western District of Washington which "share factual questions arising from alleged misrepresentations or omissions concerning

WaMu's financial condition with respect to its subprime home loan portfolio." *See* Exhibit 1, Transfer Order, p. 1.

2.      The underlying factual claims for nearly all of the securities, derivative, and ERISA actions centralized pursuant to the Transfer Order is WaMu's alleged conspiracy with two appraisal management companies for the purpose of WaMu obtaining fraudulently high home appraisals to artificially inflate the value of its home loan portfolio. The basis for the majority of the complaints centralized in MDL 1919 was the New York Attorney General's complaint against one of the two appraisal management companies, First American eAppraiseIT, and all of the transferred actions were filed subsequent to the Attorney General's action.

3.      Plaintiffs Felton A. Spears, Jr. and Sidney Scholl filed their action against WaMu and the two appraisal management companies named in the New York Attorney General's complaint on February 8, 2008 ("*Spears*"). Plaintiffs in the *Spears* action allege the same factual basis underlying for their consumer claims as the centralized actions allege for their securities, derivative, and ERISA claims – that WaMu entered into an illegal conspiracy with the two appraisal management companies for the purpose of having the appraisal management companies provide inflated home appraisals so that WaMu could bundle the loans and sell them on the financial markets. *See* Exhibit 2, First Amended Complaint for the *Spears* action, ¶¶ 6-9, 33-56.

4.      On February 15, 2008, less than a week before the Panel's Transfer Order came down, WaMu filed a Notice of Tag-along Action for *Spears* asserting that the *Spears* action was factually related to the other actions that were eventually centralized in MDL 1919, and that the *Spears* action should likewise be transferred to the Western District of Washington for coordinated pretrial proceedings for the convenience of the parties involved. *See* Exhibit 3, WaMu's Notice of Tag-

-2-

along Action, ¶¶ 15-17.

5.      WaMu's Notice of Tag-along Action failed to detail how the *Spears* consumer claims had the exact same factual basis as the other actions. *Id.* However, WaMu argued that the exact same conspiracy underlying *Spears'* consumer claims was a reason the Panel should centralize the actions in MDL 1919 in the first place. *See* Exhibit 4, WaMu's Brief in Support of WaMu's Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407, p. 1 (WaMu stating that the claims against it stem from "an alleged conspiracy between [WaMu] and an appraisal vendor, eAppraiseIT, related to appraisal valuations on loans originated by [WaMu]"); pp. 6-8 (summarizing five complaints with allegations that WaMu published materially false and misleading statements "related to the alleged conspiracy"); p. 10 (stating that multiple complaints of actions eventually coordinated in MDL No. 1919 were based on "[t]he conspiracy to inflate appraisal values on residential-secured loans with the goal of artificially increasing loan-to-value ratios").

6.      When the Panel centralized MDL 1919 and transferred the actions to the Western District of Washington, the *Spears* action was not mentioned or considered by the Panel in its Transfer Order. Exhibit 1. Instead, *Spears* was deemed administratively "unrelated' to MDL 1919 by the Clerk's office and no conditional transfer was issued. The Clerk's decision was made without explanation as to why *Spears* was deemed unrelated to MDL 1919.

7.      Despite the Clerk's decision to deem *Spears* as "unrelated" to MDL 1919, the *Spears* action shares common questions of fact with the other actions already centralized in MDL 1919 regarding the alleged conspiracy between WaMu and its appraisal management companies. A recent Joint Preliminary Report filed by the parties in MDL 1919 confirms that the factual core underlying *Spears* is the same as many, if not all, of the actions already centralized in MDL 1919. *See* Exhibit

5, Joint Preliminary Order. Specifically, the Joint Preliminary Order shows that a central factual predicate of the claims alleged by the majority of the centralized parties is improper appraisal practices and the related conspiracy between WaMu and its appraisal management companies. These are the same factual claims underlying the consumer claims in *Spears*. Exhibit 2, First Amended Complaint, ¶¶ 6-9, 33-56.

8.      The *Spears* action also shares common questions of fact regarding WaMu's securitization practices of its mortgages. Plaintiffs in the *Spears* action allege that the reason WaMu entered into its conspiracy with the two appraisal management companies to inflate home values was to bundle the loans and sell them in the financial markets for substantial profits over what it would make if the homes were properly appraised. First Amended Complaint, ¶¶ 6, 22-24. While scienter is not an element of any of the causes of action in *Spears*, the plaintiffs there will need to show WaMu's motives for their punitive damage claims. *Id.*, ¶¶ 17, 118, and Prayer at D.

9.      As *Spears* shares the same common questions of fact as the actions already centralized in MDL 1919, there will duplicative discovery regarding both the alleged conspiracy and WaMu's securitizing its home mortgage loans. *See* Exhibit 5, Joint Status Report, § 7.B (identifying the "Discovery Topics" to include, "the actions of defendants First American and eAppraiesIT," "the appraisal of the properties underlying WaMu's loans," "the securitization of WaMu's loans," and "each defendant's involvement in the aforementioned activities"). Transfer of *Spears* to the Western District of Washington is therefore appropriate to avoid the duplicative discovery that is bound to be taken in *Spears*. *In re: Washington Mutual, Inc., Securities, Derivative & "ERISA" Litigation*, 536 F.Supp.2d 1377, 1378 (Jud.Pan.Mult.Lit. 2008)(centralizing pretrial proceedings multiple actions alleging claims based on the same underlying factual allegations as in *Spears* to "eliminate

duplicative discovery").

10.    As *Spears* shares the same common factual questions regarding WaMu's appraisal practices and its securitization of home loans as the actions centralized in MDL 1919, the just and efficient conduct of the litigation will be promoted by its transfer to the Western District of Washington for coordinated pretrial proceedings with MDL 1919, and transfer will promote judicial economy and conservation of the parties' resources. *Id.* (centralizing the actions in MDL 1919 to "prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary"). Transfer of Spears to MDL 1919 will not only prevent the clearly duplicative discovery, but also ensure consistent pretrial rulings regarding issues about the alleged conspiracy between WaMu and its appraisal management companies, WaMu's securitization of its home mortgages, and class certification. *Id.*

WHEREFORE, pursuant to 28 U.S.C. § 1407, Felton A. Spears, Jr. and Sidney Scholl respectfully request that the Panel transfer the *Spears* action to the Honorable Marsha J. Pechman, United States District Judge for the Western District of Washington for centralized pretrial proceedings with the other similar actions in MDL 1919. A Brief in support of their motion is attached.

Dated: June 23, 2008

SPECTER SPECTER EVANS
& MANOGUE, P.C.

By: _____
    Joseph N. Kravec, Jr.

The 26th Floor Koppers Building
Pittsburgh, Pennsylvania 15219
Telephone: (412) 642-2300
Facsimile: (412) 642-2309

-5-

Michael D. Braun
BRAUN LAW GROUP, P.C.
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA 90025
Telephone:  (310) 442-7755
Facsimile:  (310) 442-7756

Ira Spiro
SPIRO MOSS BARNESS, LLP
11377 West Olympic Blvd., Fifth Floor
Los Angeles, CA 90064-1683
Telephone:  (310) 235-2468
Facsimile:  (310) 235-2456

Janet Lindner Spielberg
LAW OFFICES OF JANET LINDNER
   SPIELBERG
12400 Wilshire Blvd., Suite 400
Los Angeles, CA 90025
Telephone:  (310) 392-8801
Facsimile:  (310) 278-5938

*Attorneys for Plaintiffs in the Spears Action*

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. ) SECURITIES, DERIVATIVE AND ) "ERISA" LITIGATION ) | MDL Docket No. 1919 |

<u>**REVISED SCHEDULE OF ACTIONS**</u>

| Case Captions | Date Filed | Civil Action No. | Judge | District Court |
|---|---|---|---|---|
| *Felton A. Spears, Jr. and Sidney Scholl, on behalf of themselves and all others similarly situated v. Washington Mutual, Inc., a Washington corporation; Washington Mutual Bank, FA (a/k/a Washington Mutual Bank); First American eAppraiseIT, a Delaware corporation; and Lender's Service, Inc.* | 02/08/2008 | 5:08-CV-00868 (RMW) | Honorable Ronald M. Whyte | Northern District of California (San Jose) |

Dated: June 23, 2008

SPECTER SPECTER EVANS
   & MANOGUE, P.C.

By: _____
      Joseph N. Kravec, Jr.

The 26th Floor Koppers Building
Pittsburgh, Pennsylvania 15219
Telephone: (412) 642-2300
Facsimile: (412) 642-2309

Michael D. Braun
BRAUN LAW GROUP, P.C.
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA 90025
Telephone: (310) 442-7755
Facsimile: (310) 442-7756

Ira Spiro
SPIRO MOSS BARNESS, LLP
11377 West Olympic Blvd., Fifth Floor
Los Angeles, CA 90064-1683
Telephone: (310) 235-2468
Facsimile: (310) 235-2456

Janet Lindner Spielberg
LAW OFFICES OF JANET LINDNER
   SPIELBERG
12400 Wilshire Blvd., Suite 400
Los Angeles, CA 90025
Telephone: (310) 392-8801
Facsimile: (310) 278-5938

*Attorneys for Plaintiffs in the Spears Action*

## <u>REVISED PROOF OF SERVICE</u>

The undersigned, Joseph N. Kravec, Jr., Esquire, hereby certifies that on the 23rd day of June, 2008 he served true and correct copies of the **REVISED MOTION FOR TRANSFER OF TAG-ALONG ACTION TO MDL NO. 1919 (without exhibits) and REVISED SCHEDULE OF ACTIONS,** and that on June 19th, 2008 he served true and correct copies of the **MOTION FOR TRANSFER OF TAG-ALONG ACTION TO MDL NO. 1919; BRIEF IN SUPPORT OF MOTION FOR TRANSFER OF TAG-ALONG ACTION TO MDL NO. 1919; and SCHEDULE OF ACTIONS:**

**By U.S. First Class Mail on the following:**

Robert J. Pfister, Esquire
SIMPSON THACHER & BARTLETT LLP
1999 Avenue of the Stars, 29th Floor
Los Angeles, CA 90067
*(Attorneys for Defendants Washington Mutual, Inc.; Washington Mutual Bank, FA (aka Washington Mutual Bank)*

Stephen M. Rummage, Esquire
Jonathan M. Lloyd, Esquire
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
*(Attorneys for Defendants Washington Mutual, Inc.; Washington Mutual Bank, FA (aka Washington Mutual Bank)*

Martin L. Fineman, Esquire
Sam N. Dawood, Esquire
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111
*(Attorneys for Defendants Washington Mutual, Inc.; Washington Mutual Bank, FA (aka Washington Mutual Bank)*

Laura J. Fowler, Esquire
MCDONOUGH HOLLAND
& ALLEN PC
555 Capitol Mall, 9th Floor
Sacramento, CA 95814
*(Attorneys for Defendant First American eAppraiseIT)*

Margaret Anne Keane, Esquire
Kris H. Man, Esquire
DEWEY AND LEBOEUF LLP
One Embarcadero Center
Suite 400
San Francisco, CA 94111-3619
*(Attorneys for Defendant Lender's Service, Inc.)*

Angela M. Papalaskaris, Esquire
Christopher J. Clark, Esquire
Kevin C. Wallace, Esquire
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019-6092
*(Attorneys for Defendant Lender's Service, Inc.)*

Richard F. Hans, Esquire
Kerry Ford Cunningham, Esquire
Jeffrey D. Rotenberg, Esquire
Patrick J. Smith, Esquire
THACHER PROFITT & WOOD LLP
Two World Financial Center
New York, New York 10281
*(Attorneys for Defendant Lender's Service, Inc.)*

Dan Drachler, Esquire
ZWERLING SCHACHTER & ZWERLING LLP
1904 Third Avenue
Suite 1030
Seattle, WA 98101-1170
*(MDL No. 1919 Liaison Counsel)*

Roger M. Townsend, Esquire
BRESKIN JOHNSON & TOWNSEND PPLC
999 Third Avenue
Suite 4400
Seattle, WA 98104-4088
*(MDL No. 1919 Liaison Counsel)*

**By Electronic Case Filing on the following:**

United States District Court
for the Northern District of California
San Jose Division
280 South 1st Street
San Jose, California 95113
www.cand.uscourts.gov
**(Transferor Court for *Spears, et al. v. Washington Mutual, Inc., et al.*;**
**Case No. 5:08-cv-00868 (RMW))**

_____
Joseph N. Kravec, Jr., Esquire