Joseph N. Kravec, Jr. *(Admitted Pro Hac Vice)*
SPECTER SPECTER EVANS
   & MANOGUE, P.C.
The 26th Floor Koppers Building
Pittsburgh, Pennsylvania 15219
Tel:    (412) 642-2300
Fax:    (412) 642-2309
E-mail: jnk@ssem.com

Michael D. Braun (167416)
BRAUN LAW GROUP, P.C.
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA 90025
Tel:    (310) 442-7755
Fax:    (310) 442-7756
E-mail: service@braunlawgroup.com

Ira Spiro (67641)                               Janet Lindner Spielberg (221926)
J. Mark Moore (180473)                          LAW OFFICES OF JANET
SPIRO MOSS BARNESS, LLP                          LINDNER SPIELBERG
11377 West Olympic Blvd., Fifth Floor           12400 Wilshire Blvd., Suite 400
Los Angeles, CA 90064-1683                       Los Angeles, CA 90025
Tel:    (310) 235-2468            Tel:    (310) 392-8801
Fax:    (310) 235-2456            Fax:    (310) 278-5938
E-mail: ira@spiromoss.com                        E-mail: jlspielberg@jlslp.com
       mark@spiromoss.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| FELTON A. SPEARS, JR. and SIDNEY SCHOLL, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>      v.<br><br>WASHINGTON MUTUAL, INC., a Washington corporation; WASHINGTON MUTUAL BANK, FA (a/k/a WASHINGTON MUTUAL BANK); FIRST AMERICAN EAPPRAISEIT, a Delaware corporation; and LENDER'S SERVICE, INC.,<br><br>          Defendants. | **CASE NO.: 5:08-CV-00868 (RMW)**<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION; MOTION AND SUPPORTING MEMORANDUM FOR JURISDICTIONAL DISCOVERY**<br><br>Date:    August 15, 2008<br>Time:    9:00 a.m.<br>Place:    Courtroom 6, 4th Floor<br>            280 South 1st Street<br>            San Jose, CA 95113<br><br>Honorable Ronald M. Whyte |

## NOTICE OF MOTION AND MOTION

**TO ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 15, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 6, 4th Floor, of the above-entitled Court, located at 280 South 1st Street, San Jose, CA 95113, before the Honorable Ronald M. Whyte, Plaintiffs Felton A. Spears, Jr. and Sidney Scholl will move the Court for the entry of an Order to allow jurisdictional discovery to be taken regarding Plaintiffs' standing to pursue an action against Defendant LSI Appraisal, LLC (f/k/a Lender's Service, Inc.)("LSI").

Plaintiffs seek, in the alternative to this Court's denying LSI's *Motion to Dismiss Plaintiffs' First Amended Complaint* for lack of Article III standing, to take discovery related to LSI's participation and role, if any, in Plaintiffs' appraisals and the alleged conspiracy with co-defendants Washington Mutual Bank, FA and First American eAppraiseIT which are subject to the above-captioned action. This Motion is supported by the *Affidavit of Joseph N. Kravec, Jr. in Support of Plaintiffs' Motion for Jurisdictional Discovery*, the documents filed in this action, and relevant federal law.

1

1       **BRIEF AND POINTS OF AUTHORITY**

2           Plaintiffs, by their undersigned counsel, respectfully submit this Brief and Points of Authority

3   in support of their Motion for Jurisdictional Discovery in the alternative to this Court's outright denial

4   of Defendant Lender's Services, Inc.'s, n/k/a LSI Appraisal, LLC ("LSI") Motion to Dismiss: and

5   Memorandum in Support of Motion to Dismiss ("Motion to Dismiss") filed on May 2, 2008.

6                               **INTRODUCTION**

7           Plaintiffs have brought this putative class action against Defendants LSI,  Washington Mutual

8   Bank, FA ("WaMu"), and First American eAppraiseIT ("EA") for their roles in the conspiracy to inflate

9   home mortgage appraisal values across the United States.   To support their claim that Defendants

10  entered into an illegal conspiracy, Plaintiffs have provided evidence from the New York Attorney

11  General's complaint against First American eAppraiseIT indicating each of the three coconspirators

12  were willing participants in the scheme, and the appraisal report for Plaintiff Sidney Scholl which

13  identifies all three Defendants, including LSI, as parties to the appraisal. This evidence shows Plaintiffs

14  have proper Article III jurisdiction over each Defendant.

15          Even though no discovery has been taken to determine each Defendants' role in preparing,

16  reviewing, and publishing Plaintiffs' appraisals and each Defendants' role in the alleged conspiracy,

17  LSI seeks to have Plaintiffs' action against it dismissed under the premise that it played no role

18  whatsoever in Plaintiffs' appraisals. LSI's Motion to Dismiss, Memorandum and Points of Authorities

19  ("LSI's Brief"), pp. 6-8. The only supporting "evidence" it has produced to support this blunderbuss

20  claim is the affidavit of its Executive Vice President of Appraisal Operations who fails to deny that LSI

21  received, reviewed, or changed Plaintiffs' appraisals.   Affidavit of Kathleen M. Rice In Support [sic]

22  Motion to Dismiss Amended Complaint ("Rice Aff."), ¶¶ 6, 10, 12, 14-15. However, as no discovery

23  has been taken in this action, and there is conflicting evidence regarding whether LSI played a role in

24  Plaintiffs' appraisals, a genuine dispute regarding jurisdiction exists. Therefore, this Court should allow

25  Plaintiffs to take discovery to determine whether Article III jurisdiction exists prior to dismissing their

26  action based on LSI's assertion that Plaintiffs lack standing. *Wells Fargo & Co. v. Wells Fargo Express*

27  *Co.*, 556 F.2d 406 (9th Cir.1977).

28

2

1                            **FACTUAL BACKGROUND**

2           On March 28, 2008, Plaintiffs filed their First Amended Complaint in this action alleging

3    Defendants LSI, WaMu, and EA conspired together to raise the value of WaMu's mortgage loan

4    portfolio through LSI and EA providing falsified appraisal reports which inflate the value of borrowers'

5    properties.  First Amended Complaint, ¶ 6.  Plaintiffs allege the actions of the conspiracy, and each

6    Defendant by virtue of their participation therein, have harmed both Plaintiffs and a class of all persons

7    who borrowed money from WaMu while the conspiracy was in operation.  *Id.*, ¶¶ 7, 56.  Plaintiffs

8    allege they where damaged as the result of the conspiracy by virtue of paying for counterfeit appraisals.

9    *Id.*, ¶¶ 7, 56, 82, 98, 104, 109-110, 123, 126-127.

10          On May 2, 2008, LSI filed its Motion to Dismiss Plaintiffs' First Amended Complaint, in part

11   based on Rule 12(b)(1), alleging Plaintiffs lack standing to pursue an action against them.  LSI's Brief,

12   pp. 6-8.  To support its Motion, LSI's counsel argues that "LSI played no role whatsoever in the real

13   estate transactions at issue in this action," and "that LSI had absolutely no involvement with or

14   connection to the appraisals at issue in this suit."  LSI's Brief, pp. 4, 8.  To support its counsel's

15   contentions, LSI submitted the Affidavit of Ms. Kathleen M. Rice, LSI's Executive Vice President of

16   Appraisal Operations for LSI.  Rice Aff., ¶ 1.

17          Ms. Rice attests that she had a search conducted in LSI's databases "for any and all appraisal

18   reports relating to [Plaintiffs] and the properties that are at issue in the Amended Complaint," but does

19   not state if any appraisal reports for Plaintiffs or their properties were discovered.  Rice Aff., ¶ 3.  Ms.

20   Rice does attest that LSI "had not **prepared** any appraisal report" for the properties owned by Mr.

21   Spears or Ms. Scholl, and that "LSI was not able to find any appraisal report **completed by** LSI" for Ms.

22   Scholl's property.  Rice Aff., ¶¶ 6, 10, 12, 14-15 (emphasis added).  Ms. Rice does not attest whether

23   LSI received, reviewed, or otherwise affected either Plaintiffs' appraisals.

24          On June 25, 2008, Plaintiffs submitted Plaintiff Sidney Scholl's appraisal report.  Affidavit of

25   Joseph N. Kravec, Jr. in Support of Plaintiffs' Responses in Opposition to Defendants' Motions to

26   Dismiss, Exhibit 2 ("Scholl Report").  This report was attached to Plaintiffs' original Class Action

27   Complaint in this lawsuit, and is referenced specifically in Plaintiffs' First Amended Complaint.  ¶ 59.

28   The Scholl Report identifies LSI as the appraiser's "CLIENT" for Plaintiff Scholl's appraisal.  Scholl

                                              3

1   Report, p. 6; *see also* Kravec Aff., ¶ 5 (verifying that the email address identified as the appraiser's

2   client's address belongs to LSI).  Ms. Rice acknowledges she reviewed the Scholl Report, notes that

3   "the appraisal was completed on behalf of eAppraiseIT," and attests that Defendant EA has no corporate

4   relationship to LSI or its parent company.  Rice Aff., ¶ 8.

5        Ms. Rice fails to acknowledge or deny that LSI received Ms. Scholl's appraisal, or to explain

6   why LSI received it if LSI did not prepare or complete the report.  Additionally, neither Ms. Rice nor

7   LSI's counsel have provided any specific evidence supporting LSI's counsel's claims that "LSI played

8   no role whatsoever in the real estate transactions at issue in this action," or "that LSI had absolutely no

9   involvement with or connection to the appraisals at issue in this suit."  LSI's Brief, pp. 4, 8. Instead,

10  Plaintiffs have provided conflicting evidence, in the form of Plaintiff Scholl's appraisal report, which

11  suggests LSI did have a role or some involvement with Plaintiff's appraisal.  Scholl Report, p. 6.

12                                  **ARGUMENT**

13       Article III  standing is required to establish a justiciable case or controversy within the

14  jurisdiction of the federal courts.  *Gerlinger v. Amazon.com Inc., Borders Group, Inc.*, 526 F.3d 1253,

15  1256 (9th Cir. 2008).  "To satisfy constitutional standing, plaintiffs bear the burden of showing they

16  meet three requirements: (1) they suffered an injury in fact; (2) the injury is fairly traceable to the

17  challenged action of defendant; and (3) it is 'likely,' as opposed to 'speculative,' that the injury will be

18  redressed by a favorable decision."  *Tyler v. Cuomo*, 236 F.3d 1124, 1131-32 (9th Cir. 2000), *citing*

19  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  "In a class action, standing is satisfied

20  if at least one named plaintiff meets the requirements."  *Bates v. United Parcel Service, Inc.*, 511 F.3d

21  974, 985 (9th Cir. 2007), citing *Armstrong v. Davis*, 275 F.3d 849, 860 (9th Cir.2001).

22       As explained more fully in Plaintiffs' Brief in Opposition LSI's Motion to Dismiss, Plaintiffs

23  have properly alleged they were damaged directly from LSI's willing participation in the conspiracy

24  with WaMu and EA to provide unlawful, incredible appraisals to Plaintiffs.  *See* Plaintiffs'

25  Memorandum in Opposition to LSI's Motion to Dismiss, Section I.B. This conspiracy is evidenced by

26  the allegations in Plaintiffs complaint which quotes emails from the New York Attorney General's

27  complaint showing specific evidence of LSI's participation in the conspiracy.  First Amended

28  Complaint, ¶¶ 43, 53. The conspiracy is further evidenced by Plaintiff Scholl's appraisal report which

4

1    identifies each of the three Defendants as "clients" for the same appraisal.  Scholl Report, p. 6.

2  Jurisdiction is therefore proper against LSI as it is listed as the appraiser's client on the Scholl Report,

3  and for its role as a co-conspirator in the alleged scheme.  *Applied Equipment Corporation v. Litton*

4  *Saudi Arabia Limited*, 869 P.2d 454, 510-511 (Cal. 1994)(under California law, liability is imposed "on

5  persons who, although not actually committing a tort themselves, share with the immediate tortfeasors

6  a common plan or design in its perpetration").

7        Even though Plaintiffs' allegations, the law, and the facts adduced prior to any formal discovery

8  being taken all support finding Plaintiffs have standing over LSI, LSI's counsel argues that Plaintiffs

9  cannot trace any injuries they allegedly suffered to LSI's conduct. LSI's Brief, pp. 2, 7.  LSI's counsel

10  asserts "LSI played no role whatsoever in the real estate transactions at issue in this action," and "that

11  LSI had absolutely no involvement with or connection to the appraisals at issue in this suit." LSI's

12  Brief, pp. 4, 8. LSI's counsel presumably relies on the testimony of LSI's Executive Vice President of

13  Appraisal Operations.  *See* Rice Aff., ¶ 3.  LSI's submission of Ms. Rice's Affidavit is a factual

14  challenge to jurisdiction, and Plaintiffs should be permitted discovery to refute LSI's thus-far

15  unsupported contentions. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004).

16        In the Ninth Circuit, "where pertinent facts bearing on the question of jurisdiction are in dispute,

17  discovery should be allowed." *Am. W. Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th

18  Cir.1989)(*citing Wells Fargo & Co.*, 556 F.2d 406, 430-31, n. 24 (9th Cir.1977)).  It is reversible error

19  when a district court refuses to grant jurisdictional discovery unless "it is clear that further discovery

20  would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Wells Fargo & Co.*, 556

21  F.2d at 430-31, n. 24. For a district court within the Ninth Circuit to dismiss a plaintiff's claim for lack

22  of Article III standing on a factual challenge, the defendant must produce "conclusive evidence" to

23  justify denial of jurisdictional discovery. *Farr v. U.S.*, 990 F.2d 451, 454 (9th Cir.1993).

24        Here, LSI fails to produce any evidence supporting its counsel's statement "that LSI had

25  absolutely no involvement with or connection to the appraisals at issue in this suit." LSI's Brief, p.8.

26  The only specific evidence in this case so far is Plaintiffs' appraisal reports, one of which specifically

27  identifies LSI as a "client" and as having received the appraisal.  Scholl Report, p. 6.  The only

28  "evidence" LSI has presented to the Court is its affiant's statement which only states LSI did not

5

1  "prepare" or "complete" appraisals for Plaintiffs. *Id.*, 6, 10, 12, 14-15. LSI offers no evidence to deny

2  that it received, reviewed, changed, or affected either Plaintiffs appraisal reports in some way, or that

3  it participated in the appraisal scheme as alleged in Plaintiffs' First Amended Complaint at ¶¶ 6-9, 35-

4  39, 42-43, 53-54, 56.

5      Where, as here, it is certainly not clear "that further discovery would not demonstrate facts

6  sufficient to constitute a basis for jurisdiction," discovery must be allowed to determine if Plaintiffs

7  have standing. *Wells Fargo & Co.*, 556 F.2d at 430-31, n. 24. LSI's counsel's conclusory statements

8  "that LSI had absolutely no involvement with or connection to the appraisals at issue in this suit,"

9  unsupported by any evidence, including LSI's own affiant, is clearly not the "conclusive evidence" the

10  Ninth Circuit requires for Plaintiffs' action to be dismissed on jurisdictional grounds prior to discovery

11  being taken. *Farr*, 660 F.2d at 454.

12                                    **CONCLUSION**

13      For the foregoing reasons, Plaintiffs respectfully request that if the Court does not dismiss LSI's

14  Motion to Dismiss based on Rule 12(b)(1) outright, that Plaintiffs be allowed to take discovery

15  regarding jurisdictional issues. Accordingly, Plaintiffs have submitted a list of topics for discovery to

16  determine LSI's role in the alleged conspiracy and what role LSI had in Plaintiffs' appraisals. Kravec

17  Aff., ¶ 9.

18  Dated: June 25, 2008                    **SPECTER SPECTER EVANS &**
                                            **MANOGUE, P.C.**
19

20                                          By:  _s/Joseph N. Kravec, Jr._
                                                 Joseph N. Kravec, Jr.
21
                                            The 26th Floor Koppers Building
22                                          Pittsburgh, Pennsylvania 15219
                                            Tel:    (412) 642-2300
23                                          Fax:    (412) 642-2309
                                            E-mail: jnk@ssem.com
24
                                            Michael D. Braun, Esquire
25                                          **BRAUN LAW GROUP, P.C.**
                                            12304 Santa Monica Blvd., Suite 109
26                                          Los Angeles, CA 90025
                                            Tel:    (310) 442-7755
27                                          Fax:    (310) 442-7756
                                            E-mail: service@braunlawgroup.com
28

                                            6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ira Spiro (67641)
J. Mark Moore (180473)
**SPIRO MOSS BARNESS, LLP**
11377 West Olympic Blvd., Fifth Floor
Los Angeles, CA 90064-1683
Tel:    (310) 235-2468
Fax:    (310) 235-2456
E-mail: ira@spiromoss.com
        mark@spiromoss.com

Janet Lindner Spielberg (221926)
**LAW OFFICES OF JANET
LINDNER SPIELBERG**
12400 Wilshire Blvd., Suite 400
Los Angeles, CA 90025
Tel:    (310)3928801
Fax:    (310)278-5938
E-mail: jlspielberg@jlslp.com

*Attorneys for Plaintiffs*

7

**PROOF OF SERVICE**

STATE OF PENNSYLVANIA  )
                                                     )  ss.:
COUNTY OF ALLEGHENY   )

        I am employed in the County of Allegheny, State of Pennsylvania. I am over the age of 18 and not a party to the within action. My business address is The 26th Floor Koppers Building, Pittsburgh, Pennsylvania 15219.

        On June 25, 2008, using the Northern District of California's Electronic Case Filing System, with the ECF ID registered to Joseph N. Kravec, Jr., I filed and served the document(s) described as:

**NOTICE OF MOTION; MOTION AND SUPPORTING
MEMORANDUM FOR JURISDICTIONAL DISCOVERY**

        The ECF System is designed to automatically generate an e-mail message to all parties in the case, which constitutes service. According to the ECF/PACER system, for this case, the parties are served as follows:

| | |
|---|---|
| Janet Lindner Spielberg, Esquire | jlspielberg@jlslp.com |
| Ira Spiro, Esquire | ira@spiromoss.com |
| Robert Ira Spiro, Esquire | ira@spiromoss.com |
| J. Mark Moore, Esquire | mark@spiromoss.com |
| Michael D. Braun, Esquire | service@braunlawgroup.com |

**Attorneys for Plaintiffs**

| | |
|---|---|
| Robert J. Pfister, Esquire | rpfister@stblaw.com |
| Martin L. Fineman, Esquire | martinfineman@dwt.com |
| Stephen Michael Rummage, Esquire | steverummage@dwt.com |
| Sam N. Dawood, Esquire | samdawood@dwt.com |
| Jonathan M. Lloyd, Esquire | jonathanlloyd@dwt.com |

**Attorneys for Defendant Washington Mutual, Inc.**

| | |
|---|---|
| Laura Jean Fowler, Esquire | lfowler@mhalaw.com |

**Attorneys for Defendant eAppraiseIT**

| | |
|---|---|
| Margaret Anne Keane, Esquire | mkeane@dl.com |
| Kris Hue Chau Man, Esquire | kman@dl.com |
| Angela M. Papalaskaris, Esquire | apapalas@dl.com |
| Christopher J. Clark, Esquire | cjclark@dl.com |

| 1 | Kevin C. Wallace, Esquire | kwallace@dl.com |
| 2 | Jeffrey D. Rotenberg, Esquire | jrotenberg@tpw.com |
| 3 | Richard F. Hans, Esquire | rhans@tpw.com |

**Attorneys for Defendant LSI Appraisal, LLC**

On June 25, 2008, I served the document(s) described as:

**NOTICE OF MOTION; MOTION AND SUPPORTING
MEMORANDUM FOR JURISDICTIONAL DISCOVERY**

by placing a true copy(ies) thereof enclosed in a sealed envelope(s) addressed as follows:

Kerry Ford Cunningham, Esquire
Patrick J. Smith, Esquire
Thacher Proffitt & Wood LLP
Two World Financial Center
New York, New York 10281

**Attorneys for eAppraiseIT**

Kris H. Man, Esquire
Dewey and LeBoeuf LLP
One Embarcadero Center
Suite 400
San Francisco, CA 94111-3619

**Attorneys for LSI Appraisal, LLC**

I served the above document(s) as follows:

BY MAIL. I am familiar with the firm's practice of collection and processing correspondence by mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pittsburgh, Pennsylvania in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in an affidavit.

I am employed in the office of an attorney who is admitted *pro hac vice* in this action at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on June 25, 2008, at Pittsburgh, Pennsylvania.

S/MARCIA Z. CARNEY
Marcia Z. Carney

1 | Joseph N. Kravec, Jr. *(Admitted Pro Hac Vice)*
SPECTER SPECTER EVANS
2 |    & MANOGUE, P.C.
The 26th Floor Koppers Building
3 | Pittsburgh, Pennsylvania 15219
Tel:    (412) 642-2300
4 | Fax:    (412) 642-2309
E-mail: jnk@ssem.com
5 |
Michael D. Braun (167416)
6 | BRAUN LAW GROUP, P.C.
12304 Santa Monica Blvd., Suite 109
7 | Los Angeles, CA 90025
Tel:    (310) 442-7755
8 | Fax:    (310) 442-7756
E-mail: service@braunlawgroup.com
9 |

Ira Spiro (67641)                         Janet Lindner Spielberg (221926)
10 | J. Mark Moore (180473)                  LAW OFFICES OF JANET
SPIRO MOSS BARNESS, LLP                 LINDNER SPIELBERG
11 | 11377 West Olympic Blvd., Fifth Floor   12400 Wilshire Blvd., Suite 400
Los Angeles, CA 90064-1683              Los Angeles, CA 90025
12 | Tel:    (310) 235-2468                  Tel:    (310) 392-8801
Fax:    (310) 235-2456                  Fax:    (310) 278-5938
13 | E-mail: ira@spiromoss.com               E-mail: jlspielberg@jlslp.com
         mark@spiromoss.com
14 |
*Attorneys for Plaintiffs*
15 |
UNITED STATES DISTRICT COURT
16 | NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION
17 |
18 |
FELTON A. SPEARS, JR. and SIDNEY    )    **CASE NO.: 5:08-CV-00868 (RMW)**
19 | SCHOLL, on behalf of themselves and all  )
others similarly situated,             )    **CLASS ACTION**
20 |                                        )
              Plaintiffs,               )
21 |                                        )
       v.                               )
22 |                                        )
WASHINGTON MUTUAL, INC., a          )    **[PROPOSED] ORDER GRANTING**
23 | Washington corporation; WASHINGTON )    **PLAINTIFFS' MOTION FOR**
MUTUAL BANK, FA (a/k/a              )    **JURISDICTIONAL DISCOVERY**
24 | WASHINGTON MUTUAL BANK); FIRST )
AMERICAN EAPPRAISEIT, a Delaware    )
25 | corporation; and LENDER'S SERVICE, )
INC.,                                  )
26 |                                        )
              Defendants.               )
27 | _____)
28 |

1

### [PROPOSED] ORDER

2      AND NOW, this _____ day of _____, 2008, upon consideration

3  of Plaintiffs Felton A. Spears' and Sidney Scholls' Motion for Jurisdictional Discovery,

4  and the arguments of the parties with respect thereto, it is hereby ORDERED,

5  ADJUDGED and DECREED that said Motion is hereby GRANTED.  Plaintiffs shall

6  be given ninety days from the date of this Order to conduct discovery regarding the

7  issues of standing with regards to Defendant Lender's Service, Inc., and of Lender's

8  Service Inc.'s involvement in the alleged conspiracy with Defendants Washington

9  Mutual Bank, FA and First American eAppraiseIT to inflate appraisal values.

10

11  DATED:  _____, 2008          _____

12                                          RONALD M. WHYTE
                                            United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2