Joseph N. Kravec, Jr. *(Admitted Pro Hac Vice)*
SPECTER SPECTER EVANS
 & MANOGUE, P.C.
The 26th Floor Koppers Building
Pittsburgh, Pennsylvania 15219
Tel:   (412) 642-2300
Fax:   (412) 642-2309
E-mail: jnk@ssem.com

Michael D. Braun (167416)
BRAUN LAW GROUP, P.C.
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA 90025
Tel:   (310) 442-7755
Fax:   (310) 442-7756
E-mail: service@braunlawgroup.com

Ira Spiro (67641)
J. Mark Moore (180473)
SPIRO MOSS BARNESS, LLP
11377 West Olympic Blvd., Fifth Floor
Los Angeles, CA 90064-1683
Tel:   (310) 235-2468
Fax:   (310) 235-2456
E-mail: ira@spiromoss.com
      mark@spiromoss.com

Janet Lindner Spielberg (221926)
LAW OFFICES OF JANET
LINDNER SPIELBERG
12400 Wilshire Blvd., Suite 400
Los Angeles, CA 90025
Tel:   (310) 392-8801
Fax:   (310) 278-5938
E-mail: jlspielberg@jlslp.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| FELTON A. SPEARS, JR. and SIDNEY SCHOLL, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>WASHINGTON MUTUAL, INC., a Washington corporation; WASHINGTON MUTUAL BANK, FA (aka WASHINGTON MUTUAL BANK); FIRST AMERICAN EAPPRAISEIT, a Delaware corporation; and LENDER'S SERVICE, INC.,<br><br>　　　　　　　Defendants. | CASE NO.: 5:08-CV-00868 (RMW)<br><br>**CLASS ACTION**<br><br>**AFFIDAVIT OF JOSEPH N. KRAVEC, JR. IN SUPPORT OF PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY** |

JOSEPH N. KRAVEC, JR., of full age, upon his affidavit, hereby certifies as follows:

1. I am an attorney at law of the Commonwealth of Pennsylvania, and have been admitted *pro hac vice* in the referenced action. I am a partner with the law firm Specter Specter Evans & Manogue, P.C., attorneys for Plaintiffs in the above-captioned matter. As such, I have personal knowledge of the facts contained herein.

2. I make this affidavit in support of Plaintiffs Motion for Jurisdictional Discovery filed in response to Defendant LSI Appraisal LLC's (f/k/a Lender's Service, Inc.) Notice of Motion: Motion to Dismiss: and Memorandum in Support of Motion to Dismiss.

3. No discovery has been taken by either party in this action. Plaintiffs have served a set of written document requests on Defendants on June 19, 2008, to which Defendants have not yet responded.

4. Attached to the Affidavit of Joseph N. Kravec, Jr. in Support of Plaintiffs' Responses in Opposition to Defendants' Motions to Dismiss at Exhibit 2 is a true and correct copy of the appraisal report prepared for Ms. Scholl's property that is at issue in this action. Page 6 of Ms. Scholl's appraisal report identifies the email address for the "LENDER/CLIENT" as "lsistatus@lendersservice.com."

5. I had a "Whois" search conducted on the domain name "lendersservice.com" identified in Ms. Scholl's appraisal report through Network Solutions at the web site http://www.networksolutions.com. The "Whois" search identified the domain name "lendersservice.com" to be registered to LSI, 2550 N. Redhill Ave., Santa Ana, California 92705. The web site title for the domain is listed as "LSI – A Fidelity National Financial Company."

6. On May 2, 2008, Defendant Lender's Services, Inc., n/k/a LSI Appraisal, LLC ("LSI") filed its Notice of Motion and Motion to Dismiss (Docket No. 48)("Dismissal Motion") in this action.

7. In support of its Dismissal Motion, LSI submitted the Affidavit of Kathleen M. Rice in Support [sic] Motion to Dismiss Amended Complaint (Docket No. 48-2). Ms. Rice's affidavit states LSI searched its databases "for any and all appraisal reports relating to Plaintiffs Felton A. Spears, Jr. and Sidney Scholl and the properties that are at issue." Ms. Rice's affidavit also states LSI found that it "had not prepared any appraisal report" for the properties owned by Mr. Spears or Ms. Scholl, and that "LSI was not able to find any appraisal report completed by LSI" for Ms. Scholl's property. Ms.

1

1  Rice does not attest whether the search she conducted revealed if LSI had in its possession any
2  appraisals regarding either Ms. Scholl or Mr. Spears, or either of their properties.

3      8.    LSI's counsel relies on Ms. Rice's affidavit stating LSI did not prepare an appraisal
4  report for either of Plaintiffs to support their argument that Plaintiffs' claim against LSI should be
5  dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), contending "LSI had
6  absolutely no involvement with or connection to the appraisals at issue in this suit." Dismissal Motion,
7  p. 8.

8      9.    As discovery has yet to begin in this Action, and subject matter jurisdiction is disputed
9  by the parties and on the face of Plaintiffs' appraisals, in order to further prove that Plaintiffs have
10 subject matter jurisdiction over LSI, Plaintiffs will need discovery regarding the following issues:

    a.    Whether and the extent to which LSI participated, in any way, with the preparation, completion or review of either Ms. Scholl's or Mr. Spears' appraisals.

    b.    Whether LSI received copies of the appraisals prepared for Ms. Scholl or Mr. Spears prior to the filing of Plaintiffs' lawsuit.

    c.    The reason(s) why LSI's email address is identified as the "LENDER/CLIENT's" address on Ms. Scholl's appraisal report.

    d.    The reason(s) why LSI received a copy of Ms. Scholl's appraisal if it had not prepared or completed an appraisal for Ms. Scholl or her property as Ms. Rice contends.

    e.    Whether LSI routinely receives copies of appraisals performed by Defendant First American eAppraiseIT, and the reason(s) LSI is sent First American aAppraiseIT's appraisals.

    f.    Whether LSI routinely sends copies of appraisals it "prepares" or "completes" to Defendant First American eAppraiseIT, and the reason(s) why it sends appraisals to First American eAppraiseIT.

    g.    Whether Washington Mutual Bank, FA, its parent company, subsidiaries or affiliated companies played any role in directing Defendants LSI and/or First American eAppraiseIT to send appraisal reports to one another.

    h.    Whether LSI's receipt or possession of Ms. Scholl's appraisal report had an affect on Ms. Scholl's appraisal.

    i.    Whether LSI's receipt of appraisals "prepared" or "completed" by First American eAppraiseIT has an affect on the appraisal process generally.

    j.    Whether LSI was part of a conspiracy with WMB and EA to provide false appraisal reports in violation of applicable law for WMB loans and the extent

2

AFFIDAVIT OF JOSEPH N. KRAVEC, JR. IN SUPPORT OF PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY;
CASE NO.: 5:08-CV-00868 (RMW)

to which this conspiracy contributed to or affected the appraisal reports for Plaintiffs.

10.   Plaintiffs believe discovery regarding the issues listed above is necessary to determine whether Plaintiffs have proper Article III standing to pursue an action against LSI.

Joseph N. Kravec, Jr.(Pa. ID 68992)

SWORN TO AND SUBSCRIBED BEFORE ME THIS 25th DAY OF JUNE, 2008.

Notary Public



COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Anita M. Terry, Notary Public
City Of Pittsburgh, Allegheny County
My Commission Expires Oct. 11, 2009
Member, Pennsylvania Association of Notaries

3

## PROOF OF SERVICE

STATE OF PENNSYLVANIA ) ss.:
COUNTY OF ALLEGHENY )

I am employed in the County of Allegheny, State of Pennsylvania. I am over the age of 18 and not a party to the within action. My business address is The 26th Floor Koppers Building, Pittsburgh, Pennsylvania 15219.

On June 25, 2008, using the Northern District of California's Electronic Case Filing System, with the ECF ID registered to Joseph N. Kravec, Jr., I filed and served the document(s) described as:

**AFFIDAVIT OF JOSEPH N. KRAVEC, JR. IN SUPPORT OF PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY**

The ECF System is designed to automatically generate an e-mail message to all parties in the case, which constitutes service. According to the ECF/PACER system, for this case, the parties are served as follows:

| | |
|---|---|
| Janet Lindner Spielberg, Esquire | jlspielberg@jlslp.com |
| Ira Spiro, Esquire | ira@spiromoss.com |
| Robert Ira Spiro, Esquire | ira@spiromoss.com |
| J. Mark Moore, Esquire | mark@spiromoss.com |
| Michael D. Braun, Esquire | service@braunlawgroup.com |

**Attorneys for Plaintiffs**

| | |
|---|---|
| Robert J. Pfister, Esquire | rpfister@stblaw.com |
| Martin L. Fineman, Esquire | martinfineman@dwt.com |
| Stephen Michael Rummage, Esquire | steverummage@dwt.com |
| Sam N. Dawood, Esquire | samdawood@dwt.com |
| Jonathan M. Lloyd, Esquire | jonathanlloyd@dwt.com |

**Attorneys for Defendant Washington Mutual, Inc.**

| | |
|---|---|
| Laura Jean Fowler, Esquire | lfowler@mhalaw.com |

**Attorneys for Defendant eAppraiseIT**

| | |
|---|---|
| Margaret Anne Keane, Esquire | mkeane@dl.com |
| Kris Hue Chau Man, Esquire | kman@dl.com |
| Angela M. Papalaskaris, Esquire | apapalas@dl.com |
| Christopher J. Clark, Esquire | cjclark@dl.com |

| | | |
|---|---|---|
| 1 | Kevin C. Wallace, Esquire | kwallace@dl.com |
| 2 | Jeffrey D. Rotenberg, Esquire | jrotenberg@tpw.com |
| 3 | Richard F. Hans, Esquire | rhans@tpw.com |

**Attorneys for Defendant LSI Appraisal, LLC**

On June 25, 2008, I served the document(s) described as:

**AFFIDAVIT OF JOSEPH N. KRAVEC, JR. IN SUPPORT OF PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY**

by placing a true copy(ies) thereof enclosed in a sealed envelope(s) addressed as follows:

Kerry Ford Cunningham, Esquire
Patrick J. Smith, Esquire
Thacher Proffitt & Wood LLP
Two World Financial Center
New York, New York 10281

**Attorneys for eAppraiseIT**

Kris H. Man, Esquire
Dewey and LeBoeuf LLP
One Embarcadero Center
Suite 400
San Francisco, CA 94111-3619

**Attorneys for LSI Appraisal, LLC**

I served the above document(s) as follows:

    BY MAIL. I am familiar with the firm's practice of collection and processing correspondence by mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pittsburgh, Pennsylvania in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in an affidavit.

    I am employed in the office of an attorney who is admitted *pro hac vice* in this action at whose direction the service was made.

    I declare under penalty of perjury under the laws of the United States that the above is true and correct.

    Executed on June 25, 2008, at Pittsburgh, Pennsylvania.

                                                    S/MARCIA Z. CARNEY
                                                        Marcia Z. Carney