MARGARET A. KEANE (State Bar No. 255378)
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111-3619
Telephone:    (415) 951-1100
Facsimile:    (415) 951-1180
E-mail:       mkeane@dl.com

CHRISTOPHER J. CLARK *(Pro Hac Vice)*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019-6092
Telephone:    (212) 259-8000
Facsimile:    (212) 259-6333
E-mail:       cjclark@dl.com

*Attorneys for Defendant*
*LSI Appraisal, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELTON A. SPEARS, JR. and SIDNEY SCHOLL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, FA (aka WASHINGTON MUTUAL BANK); FIRST AMERICAN EAPPRAISEIT, a Delaware corporation; and LENDER'S SERVICE, INC.,<br><br>Defendants. | Case No.: 5:08-cv-00868 (RMW)<br><br>**CLASS ACTION**<br><br>**DEFENDANT LSI APPRAISAL, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS** |

**TABLE OF CONTENTS**

Page

INTRODUCTORY STATEMENT ................................................................................................ 1

PROCEDURAL BACKGROUND .............................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.    Legal Standard ................................................................................................... 3

    II.    LSI Would Be Prejudiced If This Action Was Stayed ..................................... 3

    III.    Plaintiffs Would Not Experience Hardship
If This Action Was Not Stayed ........................................................................ 4

    IV.    Judicial Economy Would Be Promoted By Denying Plaintiffs'
Motion to Stay ................................................................................................... 5

CONCLUSION ............................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Conroy v. Fresh Del Monte Produce Inc.*,
 325 F. Supp. 2d 1049 (N.D. Cal. 2004) .................................................................................. 5

*Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,
 456 U.S. 694 (1982) ................................................................................................................ 4

*Rivers v. Walt Disney Co.*,
 980 F. Supp. 1358 (C.D. Cal. 1997) ........................................................................................ 3

*Strong v. Merck & Co.*,
 2005 U.S. Dist. LEXIS 2413 (N.D. Cal. 2005) ....................................................................... 5

*Villarreal v. Chrysler Corp.*,
 1996 WL 116832 (N.D. Cal. 1996) ......................................................................................... 4

*Wall v. Merrill Lynch Pierce Fenner & Smith, Inc.*,
 1992 WL 77625 (S.D.N.Y. 1992) ............................................................................................ 4

*Weisman v. Southeast Hotel Properties Ltd. Partnership*,
 1992 WL 131080 (S.D.N.Y. 1992) .......................................................................................... 4

## STATUTES

Federal Rules of Civil Procedure
 12(b)(1) ................................................................................................................................... 2
 12(b)(6) ................................................................................................................................... 2

# INTRODUCTORY STATEMENT

Defendant LSI Appraisal, LLC ("LSI") respectfully submits the following memorandum in opposition to Plaintiffs Felton A. Spears, Jr. and Sidney Scholl's (collectively "Plaintiffs") Motion to Stay Proceedings dated June 20, 2008. The purported impetus behind Plaintiffs' motion is its pending Motion for Transfer of Tag-Along Action before the Judicial Panel on Multidistrict Litigation (the "MDL Panel"). As shown below, an identical motion filed by then Defendant Washington Mutual, Inc. was denied on February 25, 2008. There has been no change in circumstances since February 2008 that would warrant a different outcome today. The likelihood, therefore, that Plaintiffs will prevail on that motion is so remote, that any stay of proceedings in this action would be imprudent. Moreover, a stay of proceedings in this action would prejudice LSI because LSI has raised a preliminary jurisdictional issue that should be resolved without delay.

# PROCEDURAL BACKGROUND

Plaintiffs commenced this action by filing a complaint against LSI and Defendants eAppraiseIT and Washington Mutual, Inc. (collectively "Defendants") on February 8, 2008. The complaint alleged one claim under federal law for violation of the Real Estate Settlement Procedures Act ("RESPA"), and five state law claims for violations of the California Business and Professions Code,[1] breach of contract, and unjust enrichment. [Docket Entry ("DE") 92, 2:25-3:3]. Plaintiffs' claims were all predicated on allegations that Plaintiffs were injured after obtaining home equity loans based on appraisals that they assert were not prepared according to the relevant "legal and professional standards." [DE 92, 2:17].

On February 15, 2008, Washington Mutual, Inc. filed a motion before the MDL Panel to transfer and consolidate this action in the Western District of Washington with seven other actions against Washington Mutual, Inc. That motion was denied. The MDL Panel concluded that this action was "not related" to the other actions being consolidated. [DE 8].

Shortly thereafter, on March 28, 2008, Plaintiffs filed the FAC, which essentially remained the same as the original complaint except for inclusion of a new claim under the California Consumer Legal Remedies Act ("CLRA"). The CLRA claim was premised on the same allegations as the original

---
[1] The FAC alleges three separate claims under the California Business and Professions Code.

1

1 | allegations regarding unreliable appraisals.  The FAC also named Washington Mutual Bank, a
2 | subsidiary of Washington Mutual, Inc., as an additional defendant.[2]
3 |      On May 2, 2008, Defendants filed separate motions to dismiss the FAC.  LSI's motion to dismiss
4 | was based on Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  LSI argued that LSI
5 | did not perform any appraisal services in connection with either party's loan transaction and,
6 | consequently, Plaintiffs lack standing to bring any claims against LSI.  Thus, no jurisdiction over LSI
7 | exists in this case.
8 |      On June 25, 2008, Plaintiffs' filed an opposition to LSI's motion to dismiss, as well as a Motion
9 | for Jurisdictional Discovery in the event that the Court does not grant LSI's motion to dismiss on
10 | jurisdictional grounds.  In their Motion for Jurisdictional Discovery, Plaintiffs state that "a genuine
11 | dispute regarding jurisdiction exists." [DE 97, 2:24].
12 |      At approximately the same time, in June 2008, Plaintiffs filed another motion before the MDL
13 | Panel to transfer and consolidate this action to the MDL proceeding in the Western District of
14 | Washington, captioned *In re: Washington Mutual, Inc. Securities, Derivative & "ERISA" Litigation*, No.
15 | 2:08-md-1919 (MJP), and filed the present Motion to Stay Proceedings in this action on account of its
16 | pending motion before the MDL Panel.  The hearing on Plaintiffs' motion to transfer this action to the
17 | MDL proceeding may take place in September 2008.  [DE 92, 4:18-20].
18 |      Plaintiffs also recently served Defendants with a first set of requests for the production of
19 | documents.  These requests are dated June 19, 2008, one day before the date of Plaintiffs' Motion to
20 | Stay Proceedings.

## ARGUMENT

Plaintiffs' Motion to Stay Proceedings should be denied.  Plaintiffs make this application based solely on a pending motion before the MDL Panel to transfer this action to the MDL proceeding against Washington Mutual, Inc. in the Western District of Washington.  Plaintiffs, however, have not demonstrated any reason why their pending motion to transfer should be decided any differently than

---

[2] Shortly after filing the FAC, Plaintiffs voluntarily dismissed this action against Washington Mutual, Inc.  As a result, the Defendants in this action are now Washington Mutual Bank, eAppraiseIT and LSI.

2

5:08-cv-00868 (RMW)           Defendant LSI Appraisal, LLC's Opposition
                                                         To Plaintiffs' Motion to Stay Proceedings

Washington Mutual, Inc.'s prior motion to transfer this action to the MDL proceeding. That motion was denied for good reason. The nature of the actions to the MDL proceeding – securities, derivative and ERISA litigation – is remarkably different from this action, which is based on a RESPA claim and California state law. The MDL proceeding involves claims by investors who allege that Washington Mutual, Inc., as an issuer of securities, made material misrepresentations about the company's financial results, accounting practices and home-mortgage lending business. This action, on the other hand, centers on claims by homeowners who allege that appraisal management companies violated certain ethical and professional standards governing appraisals. These cases have virtually nothing in common.

While Washington Mutual, Inc. was initially named as a defendant in this action, it was named in its capacity as a lender who procured appraisal services for its customers. More importantly, since the prior motion to transfer was denied, Washington Mutual, Inc. has been dismissed from this action. Thus, the only other defendant in this action which is also a party to the MDL proceeding is eAppraiseIT. LSI is not a party to the MDL proceeding. Because there is no substantive basis for consolidating this action with the MDL proceeding, there is no need to stay proceedings in this action pending the outcome of Plaintiffs' motion.[3]

## I.  Legal Standard

While a district court possesses the inherent power to stay proceedings, "a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). The factors to be considered in determining a motion to stay are: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Id.*

## II.  LSI Would Be Prejudiced If This Action Was Stayed

Plaintiffs assert that LSI would not be prejudiced if proceedings in this action were stayed. [DE 92, 5:22-6:8]. Plaintiffs are plainly mistaken. Here, LSI, as the non-moving party, would be prejudiced

---

[3] LSI intends to further address the merits of Plaintiffs' Motion to Transfer Tag-Along Action in a separate brief.

because a stay of proceedings would delay resolution of the jurisdictional issue that LSI raised in its pending motion to dismiss.[4] *See Villarreal v. Chrysler Corp.*, 1996 WL 116832 (N.D. Cal. 1996) (denying stay of proceedings in order to resolve preliminary jurisdictional issues where defendant petitioned the Judicial Panel on Multidistrict Litigation to transfer action); *Weisman v. Southeast Hotel Properties Ltd. Partnership*, 1992 WL 131080, *3 (S.D.N.Y. 1992) ("[F]ederal courts are obligated to consider jurisdictional challenges when they arise and to dismiss an action for want of jurisdiction at any point in the litigation.").

Indeed, even if the MDL Panel did grant Plaintiffs' motion to transfer this action to the MDL proceeding, the District Court for the Western District of Washington would have to assert jurisdiction over LSI to assist the transfer of the case from court to court. To do so before this Court has addressed the preliminary issue of jurisdiction would be improper. *See, e.g., Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982) ("The validity of an order of a federal court depends upon that court's having jurisdiction over the subject matter and the parties."); *Wall v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 1992 WL 77625, *2 (S.D.N.Y. 1992) (describing the transfer of a case prior to resolution of preliminary jurisdictional issues as "put[ting] the cart before the horse").

In addition, Plaintiffs' argument that "[a] temporary stay would... relieve Defendants of their obligation to respond to [Plaintiffs' discovery] requests" is not persuasive. [DE 92, 6:5-6]. Plaintiffs served their initial discovery requests on Defendants at the same time they moved this Court for a stay of proceedings. The fact that Plaintiffs then cite to Defendants' "obligation to respond" to those requests as a factor that mitigates in favor of a stay is telling. Regardless, a stay of proceedings is not necessary. A stay of discovery until the motion to dismiss has been decided would be a more efficient alternative.

### III. Plaintiffs Would Not Experience Hardship If This Action Was Not Stayed

Plaintiffs argue that "[b]y staying this matter for the short period of time necessary for the MDL Panel to make its decision, neither party will need to expend time, effort or resources on litigation matters that might be mooted by a transfer." [DE 92, 6:15-17]. This assertion is incorrect for several

---

[4] A hearing on Defendants' motions to dismiss the FAC is currently scheduled to be held on August 15, 2008.

reasons. First, LSI has raised a preliminary jurisdictional issue that will not be mooted by a transfer. Indeed, Plaintiffs admit in their Motion for Jurisdictional Discovery that there is a genuine dispute about jurisdiction in this case. Second, there have been no discovery requests propounded by Defendants in this action. As a result, even assuming *arguendo* that this action is transferred, there is no threat that Plaintiffs will have to duplicate efforts in responding to discovery both here and in the MDL proceeding. Third, the issues underlying the MDL proceeding are not similar to the issues underlying this action, and there will be little common discovery. Thus, denial of plaintiffs' motion for stay will result in no hardship to the parties.

### IV.   Judicial Economy Would Be Promoted By Denying Plaintiffs' Motion To Stay

Plaintiffs contend that a stay of proceedings in this action would conserve judicial resources. This is simply not the case. In fact, several courts have acknowledged that in cases which "raise questions of fact or law that would not otherwise arise in the proceedings before the MDL court … the interest of judicial economy is best served by denying the motion to stay." *Strong v. Merck & Co.*, 2005 U.S. Dist. LEXIS 2413, at *7-8 (N.D. Cal. Feb. 18, 2005) (citing cases); *see also Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1054 (N.D. Cal. 2004) ("[I]t is in the interest of judicial economy to decide issues of jurisdiction as early in the litigation process as possible.").

As stated above, the jurisdictional issue raised by LSI is not germane to the MDL proceeding. Accordingly, judicial economy is not best served by a stay of proceedings in this case.

///

///

5:08-cv-00868 (RMW)　　　　　　　　　　　　　　Defendant LSI Appraisal, LLC's Opposition
　　　　　　　　　　　　　　　　　　　　　　　　To Plaintiffs' Motion to Stay Proceedings

## CONCLUSION

For the foregoing reasons, LSI respectfully requests that the Court deny Plaintiffs' Motion to Stay Proceedings.

Dated: July 3, 2008                DEWEY & LEBOEUF LLP

By: /s/ Margaret A. Keane
Margaret A. Keane (State Bar No. 255378)
DEWEY & LEBOEUF LLP
One Embarcadero Center, Suite 400
San Francisco, CA  94111-3619
Telephone:  (415) 951-1100
Facsimile:   (415) 951-1180

and

Christopher J. Clark *(Pro Hac Vice)*
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019-6092
Telephone:  (212) 259-8000
Facsimile:   (212) 259-6333

*Attorneys for Defendant LSI Appraisal, LLC*

# CERTIFICATE OF SERVICE

I declare that I am over the age of eighteen (18) years and not a party to this action. My business address is: Dewey & LeBoeuf LLP, One Embarcadero Center, Suite 400, San Francisco, CA 94111.

On July 3, 2008, the foregoing **DEFENDANT LSI APPRAISAL, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS** was filed with the Clerk of the Court using the Official Court Electronic Case Filing System ("ECF System"). The ECF System is designed to automatically generate an e-mail message, with a link to the filed document(s), to all parties in the case registered for electronic filing, which constitutes service. The ECF system will send notification of such filing to the following:

| | |
|---|---|
| Michael D. Braun | service@braunlawgroup.com |
| Laura Jean Fowler | lfowler@mhalaw.com, ekastern@mhalaw.com |
| Joseph N. Kravec, Jr. | jnk@ssem.com |
| Robert J. Pfister | rpfister@stblaw.com, gdmiller@stblaw.com |
| Janet Lindner Spielberg | jlspielberg@jlslp.com |
| Robert Ira Spiro | ira@spiromoss.com, jeanette@spiromoss.com |
| Jonathan M. Lloyd | jonathanlloyd@dwt.com, terriray@dwt.com |
| Sam N. Dawood | samdawood@dwt.com, allanpatterson@dwt.com, pammaiwandi@dwt.com |
| Martin L. Fineman | martinfineman@dwt.com, edithshertz@dwt.com |
| Stephen Michael Rummage | steverummage@dwt.com, jeannecadley@dwt.com |
| J. Mark Moore | mark@spiromoss.com, emily@spiromoss.com |
| Richard F. Hans | rhans@tpw.com |
| Jeffrey D. Rotenberg | jrotenberg@tpw.com |

A true and correct copy of the foregoing **DEFENDANT LSI APPRAISAL, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS** was served via United States Mail, postage prepaid, to the following party:

Kerry Ford Cunningham
Patrick J. Smith
THATCHER PROFITT & WOOD LLP
Two World Financial Center
New York, NY 10281

DATED: July 3, 2008 at San Francisco, California.

/s/ _Margaret A. Keane_
MARGARET A. KEANE

1