Stephen M. Rummage, *pro hac vice*
Jonathan M. Lloyd, *pro hac vice*
Martin Fineman (Cal. Bar No. 104413)
Sam N. Dawood (Cal. Bar No. 178862)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone: (415) 276-6500
Facsimile:  (415) 276-6599
Email: martinfineman@dwt.com
         samdawood@dwt.com

Attorneys for Defendant Washington Mutual Bank

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

| | |
|---|---|
| SIDNEY SCHOLL and FELTON A. SPEARS, JR., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON MUTUAL, INC., a Washington corporation; WASHINGTON MUTUAL BANK, FA (aka WASHINGTON MUTUAL BANK); FIRST AMERICAN EAPPRAISEIT, a Delaware corporation; and LENDER'S SERVICE, INC., <br><br> Defendants. | Case No. 5:08-cv-00868 (RMW) <br><br> CLASS ACTION <br><br> **DECLARATION OF STEPHEN M. RUMMAGE IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS** <br><br> Date: July 25, 2008 <br> Time: 9:00 a.m. <br> Department: Courtroom 6, 4th Floor |

I, STEPHEN M. RUMMAGE, declare as follows:

1.    I am an attorney licensed to practice in the State of Washington and a partner with Davis Wright Tremaine LLP, counsel of record for defendant Washington Mutual Bank ("WMB") in this action.  I make this declaration in support of WMB's Memorandum in Opposition to Plaintiffs' Motion to Stay Proceedings.  I have personal knowledge of the matters stated in this declaration and could competently testify to them if called as a witness.

2.    On April 30, 2008, Washington Mutual, Inc. ("WMI"), WMB and Plaintiffs Sidney

Scholl and Felton Spears executed a stipulation in which WMI represented that it was not involved in the conduct set forth in either Plaintiffs' Initial or Amended Complaint, and in which Plaintiffs agreed to voluntarily dismiss WMI from the lawsuit. Attached hereto as Exhibit A is a true and correct copy of the stipulation.

3.    On May 6, 2008, four days *after* the Defendants filed their Motions to Dismiss, counsel for all parties held a telephonic conference pursuant to Rule 26(f). During that conference, Plaintiffs' counsel proposed that the parties hold discovery in abeyance pending disposition of Defendants' motions to dismiss. All Defendants agreed. Two days later, on May 8, 2008, Plaintiffs circulated a draft Joint Case Management Conference Statement, which provided that discovery would begin only after the Court ruled on the Motions to Dismiss. Attached hereto as Exhibit B is a true and correct copy of the draft Joint Case Management Conference Statement as drafted by Plaintiffs' counsel and circulated to counsel for Defendants for our input.

4.    When I downloaded Plaintiffs' Motion to Stay from the ECF system on June 20, 2008, I was surprised to see a reference to written discovery having been "propounded," as I was unaware of any such discovery. My office received Plaintiffs' First Set of Requests for Production of Documents to Defendants on June 24, 2008. Attached hereto as Exhibit C is a true and correct copy of the cover letter dated June 19, 2008, which enclosed these initial discovery requests, and which bears my secretary's handwritten notation of the date of receipt.

5.    I am one of the counsel to WMI (and court-appointed "contact counsel" for all Defendants) in the various lawsuits that the JPML has transferred to the Western District of Washington for coordinated pretrial proceedings. Through that representation, I am also aware of the nature of the issues in *Wertz v. Washington Mutual Bank*, a lawsuit brought against WMB by an individual appraiser in the United States District Court for the Eastern District of California. Of the 24 lawsuits that the JPML has addressed in MDL 1919 to date, including *Wertz* and this case, it transferred the 22 securities, derivative and ERISA cases, and it refused to transfer *Wertz* and this case. As far as I know, *Wertz* and this case are the only two cases considered by the JPML that do not involve claims focusing on WMI's financial condition.

DAVIS WRIGHT TREMAINE LLP

6.    Since the transfer of the shareholder-related claims to the Western District of Washington, the Court in that District has consolidated those cases into four lead cases, appointed lead counsel in each case, generally provided for the filing of consolidated amended complaints (except with respect to the "Demand Made" track, noted below), and conducted a comprehensive status and scheduling conference on June 9, 2008.  The four tracks are generally known as:  *In re Washington Mutual Securities Litigation,* Lead Case No. C08-387 MJP; *In re Washington Mutual ERISA Litigation,* Lead Case No. C07-1874 MJP; *In re Washington Mutual Derivative Litigation (Demand Made)*, Lead Case No. C08-566 MJP; *and In re Washington Mutual Derivative Litigation (Demand Futile),* Lead Case No. C07-1826 MJP.  Defendants expect to file motions to dismiss after filing of consolidated amended complaints, but dispositive motions have yet to be filed in any of the four cases.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of July, 2008, at Seattle, Washington.

_____
Stephen M. Rummage

DAVIS WRIGHT TREMAINE LLP

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 3, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Michael David Braun: | service@braunlawgroup.com |
| Christopher J. Clark | cjclark@dl.com |
| Laura Jean Fowler: | lfowler@mhalaw.com |
| Richard F. Hans | rhans@tpw.com |
| Margaret Anne Keane: | mkeane@dl.com |
| Joseph N. Kravec, Jr.: | jnk@ssem.com |
| Kris Hue Chau Man: | kman@dl.com |
| James Mark Moore | mark@spiromoss.com |
| Angela M. Papalaskaris | apapalas@dl.com |
| Robert J. Pfister: | rpfister@stblaw.com |
| Jeffrey D. Rotenberg | jrotenberg@tpw.com |
| Janet Lindner Spielberg: | jlspielberg@jlslp.com |
| Robert Ira Spiro: | ira@spiromoss.com |
| Kevin C. Wallace: | kwallace@dl.com |

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Kerry Ford Cunningham
Patrick J. Smith
THATCHER PROFITT & WOOD LLP
Two World Financial Center
New York, NY  10281

DATED this 3rd day of July, 2008.

Davis Wright Tremaine LLP
Attorneys for Def. Washington Mutual Bank

By /s/ Stephen M. Rummage
Stephen M. Rummage, *pro hac vice*
WSBA #11168
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Telephone: (206) 757-8136
Fax: (206) 757-7700
E-mail:  steverummage@dwt.com

DAVIS WRIGHT TREMAINE LLP

# Exhibit A

## STIPULATION

THIS STIPULATION (the "Stipulation") is entered into this 30th day of April, 2008, between and among WASHINGTON MUTUAL, INC., a Washington corporation ("WMI"), WASHINGTON MUTUAL BANK, a federal savings association ("WMB" and together with WMI, the "WaMu Defendants"), SIDNEY SCHOLL, an individual ("Scholl") and FELTON A. SPEARS, JR., an individual ("Spears", and together with Scholl, "Plaintiffs").

## RECITALS

A.    On or about February 8, 2008, Plaintiffs filed a complaint on behalf of themselves and all others similarly situated (the "Initial Complaint") against WMI, First American eAppraiseIT ("EA") and Lender's Service, Inc. ("LSI") in the United States District Court for the Northern District of California, *Spears, et al. v. Washington Mutual, Inc., et al.*, Case No. C08 00868 HRL (the "Lawsuit").

B.    On or about March 28, 2008, Plaintiffs filed and served an amended complaint, adding WMB as a defendant in the Lawsuit (the "Amended Complaint").

C.    Following Plaintiffs' filing and service of the Amended Complaint, the WaMu Defendants and Plaintiffs have agreed to the dismissal of WMI from the Lawsuit, subject to the terms and conditions set forth herein.

## TERMS

1.    **Representation Regarding WMI.**  WMI hereby represents that it is a Washington corporation with its principal offices in Seattle, Washington.  WMI's business is to act as a holding company.  WMI does not have any business or contact with retail customers. WMI does not originate or service loans, does not conduct or obtain appraisals, does not take deposits, and does not have any retail operations anywhere in the United States.  WMI has only 16 employees, all but one of whom are in Seattle, Washington.  WMI therefore represents to the best of its knowledge, information and belief that it was not a participant in the conduct set forth in Plaintiffs' Initial or Amended Complaints.

2.    **Dismissal Of WMI From Lawsuit; Tolling.**  Upon receipt of an executed copy of this Stipulation, and in no event later than Thursday, May 1, 2008, Plaintiffs shall file a notice of dismissal of all claims against WMI in the Lawsuit pursuant to Fed. R. Civ. P. 41(a)(1), substantially in the form attached hereto as **Exhibit A.**  The parties agree that this stipulation is without costs and without prejudice, either to Plaintiffs' or putative class members' ability to later assert claims against WMI in the Lawsuit or a separate proceeding, or to WMI's defenses to such claims, including, among others, lack of personal jurisdiction and failure to deliver an effective CLRA notice to WMI.  To this end, the parties agree that the claims of the Plaintiffs and the putative Class members asserted against WMI in the Initial Complaint and the Amended Complaint shall be tolled for the duration of the Lawsuit.

**3.     Authority.** Each of the persons signing this Stipulation on behalf of a party personally warrants he or she has the authority to sign the Stipulation on behalf of the indicated party and thereby bind that party to the Stipulation.

SO STIPULATED:

BRAUN LAW GROUP, P.C.
Attorneys for Plaintiffs Sidney Scholl and
Felton A. Spears, Jr.

Dated: April 30, 2008     By: _____
                          Michael D. Braun, Cal. Bar No. 167416
                          12304 Santa Monica Blvd., Suite 109
                          Los Angeles, CA 90025
                          Tel: (310) 442-7755
                          Fax: (310) 442-7756
                          E-mail: mdb@braunlawgroup.com


DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants Washington Mutual, Inc.
and Washington Mutual Bank

Dated: April 30, 2008     By: _____
                          Stephen M. Rummage, WSBA #10239
                          Jonathan M. Lloyd, WSBA #37413
                          1201 Third Avenue, Suite 2200
                          Seattle, WA 98101-3045
                          Tel: (206) 622-3150
                          Fax: (206) 757-7700
                          E-mail: steverummage@dwt.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

| | |
|---|---|
| SIDNEY SCHOLL and FELTON A. SPEARS, JR., on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL, INC., a Washington corporation; WASHINGTON MUTUAL BANK, FA (aka WASHINGTON MUTUAL BANK); FIRST AMERICAN EAPPRAISEIT, a Delaware corporation; and LENDER'S SERVICE, INC.,<br><br>        Defendants. | Case No. 5:08-cv-00868 (HRL)<br><br>CLASS ACTION<br><br>NOTICE OF VOLUNTARY DISMISSAL OF DEFENDANT WASHINGTON MUTUAL, INC. |

NOTICE IS HEREBY GIVEN that pursuant to Fed. R. Civ. P. 41(a)(1), Plaintiffs voluntarily dismiss the above-captioned action without prejudice against defendant Washington Mutual, Inc. Because no answer or motion for summary judgment has been served on Plaintiffs in this action, Plaintiffs' right to voluntary dismissal is absolute and dismissal is effective upon the filing of this Notice.

DATED this _____ day of April, 2008.

        Michael D. Braun
        BRAUN LAW GROUP, P.C.

        By: _____
            Michael D. Braun
            12304 Santa Monica Blvd., Suite 109
            Los Angeles, CA 90025
            Tel: (310) 442-7755
            Fax: (310) 442-7756

Joseph N. Kravec, Jr.
SPECTER SPECTER EVANS
 & MANOGUE, P.C.
The 26th Floor Koppers Building
Pittsburgh, Pennsylvania 15219
Tel: (412) 642-2300
Fax: (412) 642-2309

Ira Spiro
SPIRO MOSS BARNESS & BARGE, LLP
11377 West Olympic Blvd., Fifth Floor
Los Angeles, CA 90064-1683
Tel: (310) 235-2468
Fax: (310) 235-2456

Janet Lindner Spielberg
LAW OFFICES OF JANET LINDNER
 SPIELBERG
12400 Wilshire Blvd., Suite 400
Los Angeles, CA 90025
Tel: (310) 392-8801
Fax: (310) 278-5938

*Attorneys for Plaintiffs*

# Exhibit B

1   Joseph N. Kravec, Jr. *(Admitted Pro Hac Vice)*
    SPECTER SPECTER EVANS
2      & MANOGUE, P.C.
    The 26ᵗʰ Floor Koppers Building
3   Pittsburgh, Pennsylvania 15219
    Tel:    (412) 642-2300
4   Fax:    (412) 642-2309
    E-mail: jnk@ssem.com

5

6   Michael D. Braun (167416)
    BRAUN LAW GROUP, P.C.
    12304 Santa Monica Blvd., Suite 109
7   Los Angeles, CA 90025
    Tel:    (310) 442-7755
8   Fax:    (310) 442-7756
    E-mail: service@braunlawgroup.com

9

10  Ira Spiro (67641)                          Janet Lindner Spielberg (221926)
    SPIRO MOSS BARNESS, LLP                    LAW OFFICES OF JANET
11  11377 West Olympic Blvd., Fifth Floor      LINDNER SPIELBERG
    Los Angeles, CA 90064-1683                 12400 Wilshire Blvd., Suite 400
11  Tel:    (310) 235-2468                     Los Angeles, CA 90025
    Fax:    (310) 235-2456                     Tel:    (310) 392-8801
12  E-mail: ira@spiromoss.com                  Fax:    (310) 278-5938
                                               E-mail: jlspielberg@jlslp.com
13

14  *Attorneys for Plaintiffs*

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17                  SAN JOSE DIVISION

18

19  SIDNEY SCHOLL and FELTON A.          )   **CASE NO.: 5:08-CV-00868 (HRL)**
    SPEARS, JR., on behalf of themselves and )
20  all others similarly situated,       )   **CLASS ACTION**
                                         )
21              Plaintiffs,              )   **JOINT CASE MANAGEMENT**
                                         )   **CONFERENCE STATEMENT**
22              v.                       )
                                         )
23  WASHINGTON MUTUAL BANK, FA (aka )
    WASHINGTON MUTUAL BANK); FIRST )
24  AMERICAN EAPPRAISEIT, a Delaware )
    corporation; and LENDER'S SERVICE,   )
25  INC.,                                )
                                         )
26              Defendants.              )
    _____ )

27

28

1    The parties to the above-entitled action jointly submit this Case Management Conference

2  Statement pursuant to Fed. R. Civ. P. 26 and this Court's Scheduling Order issued on February 2,

3  2008..

4

5  **I.    JURISDICTION AND SERVICE**

6      **Plaintiffs:**

7      Jurisdiction is proper under 28 U.S.C. §1331 (federal question jurisdiction) and

8  §1367(supplemental jurisdiction).  Plaintiffs assert a federal claim under RESPA, 12 U.S.C. §2607,

9  and supplemental state law claims.  Jurisdiction of this Court is alternatively proper under 28 U.S.C.

10 §1332(d)(2).  Plaintiffs are citizens of the State of California and reside in Sonoma and San Jose,

11 California and seek damages on behalf of themselves and the proposed Class that collectively

12 exceed $5,000,000, exclusive of interest and costs.  Defendant Washington Mutual Bank, FA is

13 incorporated in the State of Washington but has retail lending offices in California through which

14 the loans at issue in this litigation were conducted.  Defendant First American eAppraiseIT is

15 incorporated in the State of Delaware and has its principal place of business in Poway, California.

16 Defendant Lender's Service, Inc. has two of its three main operation centers located in Santa Ana,

17 California and Sacramento, California.

18      All parties have been served.

19      **Defendants:**

20

21 **II.    FACTS**

22      **Plaintiffs:**

23      On February 8, 2008, Plaintiffs filed this action against Defendants Washington Mutual,

24 Inc., First American eAppraiseIT ("EA"), and Lender's Service, Inc., ("LSI") (collectively

25 "Defendants") on their own behalf and on behalf of a putative class consisting of all consumers in

26 California and throughout the United States who, on or after June 1, 2006, received home loans

27

28

1

1    from WaMu, in connection with appraisals that were obtained through either EA or LSI.[1]  In

2    essence, Plaintiffs allege that each WaMu borrower was charged for a credible, lawful appraisal, but

3    as a result of the arrangement between WaMu, EA and LSI, no credible, lawful appraisal was

4    performed.  WaMu borrowers (*i.e.*, Plaintiffs and the Class) were damaged thereby.

5         WaMu is, among other things, a consumer lender that originates and services home loans.

6    Plaintiffs, and the putative class, each have obtained home loans from WaMu.  Pursuant to its

7    standard practice, prior to issuing a home loan, WaMu requires the property to be professionally

8    appraised, ostensibly to ensure that the fair market value of the property equals or exceeds the value

9    of the loan.

10        A real estate appraisal is supposed to be an independent, objective, impartial, unbiased,

11   credible professional estimate of the fair market value of a particular property.  A lender (in this

12   case, WaMu) typically undertakes to procure the appraisal on behalf of itself and the borrower with

13   the cost of the appraiser's services ultimately borne by the borrower.

14        Appraisers and appraisal reviewers follow federally accepted standards, the Uniform

15   Standards of Professional Appraisal Practice ("USPAP"), which govern the ethical and legal aspects

16   of the appraisal undertaking, assessment, reporting and review process, and establish the minimum

17   standards for performing a "credible appraisal".  These USPAP standards are also adopted by most,

18   if not all, states, including California.  Also, they are part of the contractual undertakings expressly

19   stated in the Uniform Residential Appraisal Report, which is the standard form that appraisers use

20   for their appraisal reports and which were used for the WaMu loans that are the subject of this

21   Complaint.

22        In or about June 2006, WaMu entered an agreement, conspiracy or scheme with EA and LSI,

23   two purportedly independent appraisal companies, to handle all of WaMu's home loan appraisals.

24   As part of this arrangement, EA and LSI received appraisal requests from WaMu, procured local

25   appraisers to perform the appraisals, reviewed the appraisal reports, and requested at the behest of

26

27        [1]  On March 28, 2008, Plaintiffs filed their first amended complaint ("FAC") adding
28   Washington Mutual Bank, FA ("WaMu") as a defendant.  Plaintiffs have since dismissed
     Washington Mutual, Inc. without prejudice.

                                                    2

1   WaMu that the appraisers make changes before finalizing the reports and providing them to WaMu

2   to transmit to the borrowers.  In reality, WaMu, with the full, unfettered cooperation of EA and LSI,

3   controlled the process by which individual appraisers were selected, how home appraisals were

4   performed and ultimately the values at which properties were appraised.  EA and LSI consulted

5   directly with WaMu and its loan officers to establish the property values they desired before EA and

6   LSI (and its appraisers) finalized the appraisal reports.  This conspiratorial conduct allowed WaMu

7   to direct appraisers to artificially inflate home values and thus provide false appraisals in order to

8   qualify more people for higher value loans.  WaMu would then aggregate and package these home

9   loans and sell them in the financial markets for a substantial profit.

10          As part of the scheme, EA and LSI each received millions of dollars in appraisal fees from

11  unsuspecting WaMu borrowers who, despite paying for what should have been credible appraisals

12  (*i.e.*, done in compliance with applicable legal and professional standards so as to provide an

13  independent, unbiased, and objective appraisal of the fair market value of their property), they

14  instead unwittingly received biased appraisals that were neither independent, objective or in

15  compliance with legal and professional standards.  Each borrower was charged for a credible, lawful

16  appraisal, but as a result of the arrangement between WaMu, EA and LSI, no credible, lawful

17  appraisal was performed.  WaMu borrowers (*i.e.*, Plaintiffs and the Class) were damaged thereby.

18          **[Defendants' Insert]**

19

20  **III.    LEGAL ISSUES**

21          **Plaintiffs**:

22          Plaintiffs allege that Defendants' conduct violates, or is in violation of the following:

23          (1)     Real Estate Settlement Procedures Act, 12 U.S.C. section 2607.

24          (2)     The unlawful, unfair and fraudulent prongs of California's Business and Professions

25                  Code §17200, *et seq.* (the "UCL") .

26          (3)     The Consumer Legal Remedies Act ("CLRA"), California Civil Code §1750, *et seq.*

27          (4)     Breach of Contract.

28          (5)     Unjust Enrichment.

3

1   **[Defendants' Insert]**

2

3   **IV.   MOTIONS**

4   On May 2, 2008, all three Defendants filed motions to dismiss Plaintiffs' FAC, which are

5   scheduled for hearing on July 15, 2008.

6   Plaintiffs anticipate filing motions for class certification and summary judgment.

7

8   **[Defendants' Insert]**

9

10  **V.   AMENDMENT OF PLEADINGS**

11  Although parties do not anticipate amending the pleadings at this time, they have agreed to

12  bring any such amendment within three months of the Court's decision sustaining Plaintiffs'

13  complaint.  Parties further reserve their right to bring such an amendment at a later date for good

14  cause.

15

16  **VI.   EVIDENCE PRESERVATION**

17  **Plaintiffs:**

18  Although each Defendant has separately represented that a 'litigation hold' has been put into

19  place, the scope of these holds is unclear.  Parties are continuing to discuss the parameters of the

20  litigation holds with respect to preserving evidence relevant to this litigation.  If parties are unable to

21  reach an understanding that provides Plaintiffs with sufficient comfort that relevant evidence is

22  being properly preserved, then Plaintiffs intend to move for a formal preservation order.

23  Plaintiffs have since the inception of this lawsuit either provided documents relevant to this

24  litigation to their undersigned counsel or have acknowledged that they will retain any such relevant

25  evidence.

26  **[Defendants' Insert]**

27

28

4

1    **VII.    DISCLOSURES**

2         Parties have agreed to adjourn the deadline on which to exchange initial disclosures to thirty

3    days from a Court order denying Defendants' motions to dismiss and/or sustaining Plaintiffs'

4    Complaint.

5

6    **VIII.    DISCOVERY**

7         No formal discovery has been taken to date.  Upon denial of Defendants' motions to dismiss,

8    parties have agreed to a comprehensive discovery schedule attached hereto as Exhibit A.  Parties

9    have not agreed to modify any of the discovery rules, but reserve their rights to seek such an

10   amendment at a later date if the need arises.

11

12   **IX.    CLASS ACTIONS**

13        After a sufficient amount of time to conduct discovery, Plaintiffs intend to move for class

14   certification.  Currently, Defendants intend to oppose such a motion.  Parties have agreed on a class

15   discovery and briefing schedule.  See Exhibit A.

16

17   **X.    RELATED CASES**

18        On or about November 28, 2007, Defendants moved to transfer this action to the Western

19   District of Washington pursuant to 28 U.S.C. §1407 and Rule 7.2 of the Rules of Procedure of the

20   Judicial Panel on Multi District Litigation.  In so doing, Defendant WaMu sought to transfer,

21   coordinate and/or consolidate this matter with eighteen other actions.  On March 3, 2008, Plaintiffs'

22   counsel was informed that this matter would not be related to the other actions, nor transferred to

23   the Western District of Washington.  A Filing to that effect was made in this Court on March 3,

24   2008.

25

26   **XI.    RELIEF**

27        **Plaintiffs:**

28        Plaintiffs seek the following relief:

5

(1)  An order certifying that this action is properly brought and may be maintained as a class action, that Plaintiffs be appointed Class Representative and Plaintiffs' counsel be appointed Class Counsel.

(2)  Compensatory damages.

(3)  Treble damages as to the RESPA violation.

(4)  Restitution in such amount that Plaintiffs and all Class members paid for their home appraisals, or the profits, charges and fees Defendants obtained for them.

(5)  An order enjoining Defendants from maintaining and utilizing WaMu's Proven Appraiser List, or any other mechanism by which WaMu has control over the appraiser selected to perform WaMu's home appraisals or value the appraiser sets for the subject property.

(6)  An order awarding Plaintiffs their costs of suit, including pre and post-judgment interest.

(7)  An order awarding Plaintiffs' counsel's attorneys' fees.

(8)  An order requiring an accounting for, and imposition of a constructive trust upon, all monies received by Defendants as a result of the unfair, fraudulent and unlawful conduct alleged herein.

(9)  Such other and further relief as may be deemed necessary or appropriate.


**[Defendants' Insert]**


**XII.  SETTLEMENT AND ADR**

Parties agree that settlement discussions are currently premature.  If and when settlement discussions become appropriate, parties have agreed to the following ADR process: _____ [TO BE COMPLETED BY PARTIES]

6

1    **XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

2

3    [TO BE COMPLETED BY PARTIES]

4

5    **XIV.  OTHER REFERENCES**

6         This matter is not suitable for reference to binding arbitration or a special master.  This

7    matter was previously referred to the Judicial Panel for Multidistrict Litigation.  The Panel

8    determined this matter was not related to other matters then pending before the Panel.  See Part X.

9

10    **XV.  NARROWING OF ISSUES**

11         Defendants have moved to dismiss Plaintiffs' FAC.  Parties further anticipate moving for

12    Summary Judgment at a later date.  At relevant procedural junctures throughout the litigation,

13    parties will in good faith continue to explore the possibility of narrowing issues whenever possible.

14

15    **XVI.  EXPEDITED SCHEDULE**

16         See Chart of Dates and Deadlines at Exhibit A.

17

18    **XVII. SCHEDULING**

19         See Chart of Dates and Deadlines at Exhibit A.

20

21    **XVIII. TRIAL**

22         Plaintiffs have requested a jury trial with respect to claims that may be so adjudicated.

23    Plaintiffs anticipate a trial length of _____.

24         **[Defendants' Insert]**

25

26    **XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

27         **Plaintiffs:**

28         Plaintiffs have filed a Certification of Interested Entities or Persons pursuant to Local Rule

7

3-16, identifying the following persons or entities:

    1.     SIDNEY SCHOLL, plaintiff;

    2.     FELTON A. SPEARS, JR., plaintiff;

    3.     WASHINGTON MUTUAL BANK, FA (aka WASHINGTON MUTUAL BANK), defendant;

    4.     FIRST AMERICAN EAPPRAISEIT, defendant; and

    5.     LENDER'S SERVICE, INC., defendant.


**[Defendants' Insert]**


**XX.   SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER**

None.

**XXI.   PLAINTIFFS' STATEMENT PURSUANT TO L. R. 16-9 (b)**

    This is a class action against Defendants seeking relief on behalf of Plaintiffs and a class of all consumers in California and throughout the United States who, on or after June 1, 2006, received home loans from WaMu, in connection with appraisals that were obtained through either EA or LSI. Plaintiff will seek class certification pursuant to Fed. R. Civ. P 23(a) and (b)(3). Alternatively, Plaintiffs may also seek certification pursuant to Fed. R. Civ. P 23(b)(2).

    There are thousands of class members who are geographically dispersed throughout the United States, including California, making the class sufficiently numerous and making joinder impracticable.

    Common questions of law or fact exist as to all members of the Class. The appraisals are provided in accordance with the Uniform Standards of Professional Appraisal Practice ("USPAP") which are incorporated into Federal and California law. 12 C.F.R. § 34.44; California Business and Professions Code §11319. The appraisers use standard form contracts and Plaintiffs have alleged a common course of conduct. Common questions predominate over any questions affecting only

8

1 | individual class members. These common legal or factual questions include:

2 |     A.    Whether WaMu entered into an agreement with EA and/or LSI to procure appraisal

3 | services that were not performed by independent, unbiased appraisers as required by

4 | law;

5 |     B.    Whether Defendants had and have policies, practices, or procedures that undermine

6 | the possibility that Plaintiffs and the Class received credible appraisals done in

7 | compliance with USPAP and applicable law;

8 |     C.    Whether WaMu, through its agreement with EA and/or LSI, was able to control the

9 | appraisal process, by its loan origination personnel or otherwise, by having either EA

10 | or LSI provide higher appraised values for homes than EA's or LSI's appraiser had

11 | initially concluded or than was the actual fair market value of the home;

12 |     D.    Whether EA and/or LSI agreed with WaMu to provide WaMu with appraisers who

13 | were selected by WaMu to be on WaMu's Proven Appraiser List (or the WaMu

14 | Select panel);

15 |     E.    Whether WaMu controlled and/or manipulated the pool of appraisers on WaMu's

16 | Proven Appraiser List;

17 |     F.    Whether the agreements between WaMu, EA and LSI constitutes a civil conspiracy;

18 |     G.    Whether Defendants' actions described herein violate California's Business and

19 | Professions Code, sections 17200 *et seq.*;

20 |     H.    Whether Defendants' actions violate California's Consumer Legal Remedies Act,

21 | California Civil Code sections 1750 *et seq.*;

22 |     I.    The appropriate measure of damages and/or restitution; and

23 |     J.    Whether Defendants breached their contracts with Plaintiffs and the Class.

24 |

25 |     Plaintiffs' claims are typical of the claims of the Class, in that Plaintiffs took out home

26 | mortgage loans with Defendant WaMu and their home appraisals were procured for them by WaMu

27 | through EA and/or LSI. Plaintiffs are no different in any relevant respect from any other Class

28 | member.

9

1        Plaintiffs are adequate representatives of the Class because their interests do not conflict

2    with the interests of the class members they seek to represent, and they have retained counsel

3    competent and experienced in conducting complex class action litigation.

4        Finally, a class action is superior to other available means for the fair and efficient

5    adjudication of this dispute. The damages suffered by each individual class member likely will be

6    relatively small, especially given the burden and expense of individual prosecution of the complex

7    litigation necessitated by Defendants' conduct. Thus, it would be virtually impossible for the class

8    members individually to effectively redress the wrongs done to them. Moreover, even if the class

9    members could afford individual actions, it would still not be preferable to class wide litigation.

10    Individualized actions present the potential for inconsistent or contradictory judgments. By contrast,

11    a class action presents far fewer management difficulties and provides the benefits of single

12    adjudication, economies of scale, and comprehensive supervision by a single court.

13        Plaintiffs intend to move for class certification according to the schedule set forth in Exhibit

14    A.

15

16    Dated: May __, 2008                      Michael D. Braun
                                               BRAUN LAW GROUP, P.C.
17

18
                                     By:    _____
19                                          Michael D. Braun
                                            12304 Santa Monica Blvd., Suite 109
20                                          Los Angeles, CA 90025
                                            Tel:    (310) 442-7755
21                                          Fax:    (310) 442-7756

22                                          Joseph N. Kravec, Jr. *(Admitted Pro Hac Vice)*
                                            SPECTER SPECTER EVANS
23                                              & MANOGUE, P.C.
                                            The 26th Floor Koppers Building
24                                          Pittsburgh, Pennsylvania 15219
                                            Tel:    (412) 642-2300
25                                          Fax:    (412) 642-2309

26

27

28

                                            10

1    Ira Spiro
     SPIRO MOSS BARNESS, LLP
2    11377 West Olympic Blvd., Fifth Floor
     Los Angeles, CA 90064-1683
3    Tel:    (310) 235-2468
     Fax:    (310) 235-2456
4
     Janet Lindner Spielberg
5    LAW OFFICES OF JANET LINDNER SPIELBERG
     12400 Wilshire Blvd., Suite 400
6    Los Angeles, CA 90025
     Tel:    (310) 392-8801
7    Fax:    (310) 278-5938

8    *Attorneys for Plaintiffs*

9    Dated: May __, 2008        Stephen M. Rummage
                                Jonathan M. Lloyd
10                              Martin Fineman
                                Sam N. Dawood
11                              DAVIS WRIGHT TREMAINE LLP

12                      By:    _____

13                             Stephen M. Rummage
                               505 Montgomery Street, Suite 800
14                             San Francisco, CA 94111
                               Tel:    (415) 276-6500
15                             Fax:    (415) 276-6599

16                             *Attorneys for Defendant Washington Mutual Bank*

17   Dated: May __, 2008        Richard F. Hans
                                Patrick J. Smith
18                              Jeffrey D. Rotenberg
                                THACHER PROFFITT & WOOD LLP
19

20                      By:    _____

21                             Jeffrey D. Rotenberg
                               2 World Financial Center
22                             New York, NY 10281
                               Tel:    (212) 912-7400
23                             Fax:    (212) 912-7751

24                             Michael T. Fogarty
                               Laura J. Fowler
25                             McDONOUGH HOLLAND & ALLEN PC
                               555 Capitol Mall, 9th Floor
26                             Sacramento, CA 95814
                               Tel:    (916) 444-3900
27                             Fax:    (916) 444-3249

28                             *Attorneys for Defendant eAppraiseIT*

                                    11

1   Dated:  May __, 2008                          Margaret A. Keane
                                                  Kris H. Man
2

3                                      By:        _____

4                                                 Margaret A. Keane
                                                  DEWEY & LEBOEUF LLP
5                                                 One Embarcadero Center, Suite 400
                                                  San Francisco, CA 94111
6                                                 Tel:    (415) 951-1100
                                                  Fax:    (415) 951-1180

7                                                 *Attorneys for Defendants Lender's Services, Inc.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

**EXHIBIT A**

**CHART OF DATES AND DEADLINES**

| EVENT | PROPOSED DEADLINE |
|---|---|
| Initial Disclosures | 4 weeks after Motion to Dismiss |
| Amend Pleadings | 3 months after Motion to Dismiss (w/o waiver of right to move to amend on good cause) |
| Certification Discovery Cutoff (Non-Expert) | 6 months after Motion to Dismiss |
| Motion for Class Certification | 6 ½ months after Motion to Dismiss |
| Merits Discovery Cutoff | 6 months after Class Certification ruling |
| Mediation | |
| Expert Reports - Merits | 15 days after close of Merits - Initial Report 45 days after close of Merits - Supplemental |
| Expert Discovery Cutoff - Merits | 75 days after close of Merits |
| Dispositive Motion Cutoff | 90 days after close of Merits |
| Other Motion Cutoff (other than Motions in Limine) | 120 days after close of Merits |
| Pretrial Conference (hearing on Motions in Limine, agreed jury instructions and verdict forms, proposed voir dire questions) | 150 days after close of Merits |
| Pre-Trial Briefs | 180 days after close of Merits |
| Trial Date | 200 days after close of Merits |

19

20

21

22

23

24

25

26

27

28

13

# Exhibit C

## SPECTER SPECTER EVANS & MANOGUE, P.C.

June 19, 2008

File No. 27029

*Received June 24*
*Due July 24*
*Tickled ✓*
*9C*

**JOSEPH N. KRAVEC, JR.**
jnk@ssem.com

*via U.S. First Class Mail*

Robert J. Pfister, Esquire
SIMPSON THACHER
  & BARTLETT LLP
1999 Avenue of the Stars, 29th Floor
Los Angeles, CA 90067

Laura J. Fowler, Esquire
MCDONOUGH HOLLAND
  & ALLEN PC
555 Capitol Mall, 9th Floor
Sacramento, CA 95814

THE 26TH FLOOR

KOPPERS BUILDING

PITTSBURGH, PA 15219

TEL

412/642.2300

FAX

412/642.2309

WEBSITE

www.ssem.com

Martin L. Fineman, Esquire
Sam N. Dawood, Esquire
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533

Richard F. Hans, Esquire
Kerry Ford Cunningham, Esquire
Jeffrey D. Rotenberg, Esquire
Patrick J. Smith, Esquire
THACHER PROFITT
  & WOOD LLP
Two World Financial Center
New York, New York 10281

Stephen M. Rummage, Esquire
Jonathan M. Lloyd, Esquire ✓ *gone*
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045

Margaret Anne Keane, Esquire
Kris H. Man, Esquire
DEWEY AND LEBOEUF LLP
One Embarcadero Center
Suite 400
San Francisco, CA 94111-3619

Angela M. Papalaskaris, Esquire
Christopher J. Clark, Esquire
Kevin C. Wallace, Esquire
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019-6092

Re:    *Felton A. Spears, Jr., et al. v. Washington Mutual, Inc. et al.*
       Case No.: 5:08-cv-00868 (N.D. CA)

Dear Counsel:

Enclosed is Plaintiffs' First Set of Requests for Production of Documents to
Defendants in the above-referenced action.

Sincerely,

Joseph N. Kravec, Jr.
JNK,JR./mzc
Enclosure
cc:    Michael D. Braun, Esquire (via Electronic Mail w/enc.)
       Ira Spiro, Esquire (via Electronic Mail w/enc.)
       Janet Lindner Spielberg, Esquire (via Electronic Mail w/enc.)