1  Joseph N. Kravec, Jr. *(Admitted Pro Hac Vice)*
   SPECTER SPECTER EVANS
2    & MANOGUE, P.C.
   The 26th Floor Koppers Building
3  Pittsburgh, Pennsylvania 15219
   Tel:   (412) 642-2300
4  Fax:   (412) 642-2309
   E-mail: jnk@ssem.com
5
   Michael D. Braun (167416)
6  BRAUN LAW GROUP, P.C.
   12304 Santa Monica Blvd., Suite 109
7  Los Angeles, CA 90025
   Tel:   (310) 442-7755
8  Fax:   (310) 442-7756
   E-mail: service@braunlawgroup.com
9
   Ira Spiro (67641)                              Janet Lindner Spielberg (221926)
10 SPIRO MOSS BARNESS, LLP                        LAW OFFICES OF JANET
   11377 West Olympic Blvd., Fifth Floor          LINDNER SPIELBERG
11 Los Angeles, CA 90064-1683                     12400 Wilshire Blvd., Suite 400
   Tel:   (310) 235-2468                          Los Angeles, CA 90025
12 Fax:   (310) 235-2456                          Tel:   (310) 392-8801
   E-mail: ira@spiromoss.com                      Fax:   (310) 278-5938
13                                                E-mail: jlspielberg@jlslp.com

14 *Attorneys for Plaintiffs*

15              UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17                    SAN JOSE DIVISION

| | |
|---|---|
| SIDNEY SCHOLL and FELTON A. SPEARS, JR., on behalf of themselves and all others similarly situated, | CASE NO.: 5:08-CV-00868 RMW |
| | **CLASS ACTION** |
| Plaintiffs, | REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STAY PROCEEDINGS |
| v. | |
| WASHINGTON MUTUAL BANK, FA (aka WASHINGTON MUTUAL BANK); FIRST AMERICAN EAPPRAISEIT, a Delaware corporation; and LENDER'S SERVICE, INC., | DATE:   August 15, 2008<br>TIME:   9:00 a.m.<br>CTRM:   6, 4th Floor |
| Defendants. | |

# TABLE OF CONTENTS

**PAGE NO.**

TABLE OF AUTHORITIES .................................................. ii

I.   INTRODUCTION ...................................................... 1

II.  ARGUMENT .......................................................... 2

    A.   Judicial Panel on Multidistrict Litigation ............................. 2

        1.   The Case at Bar Shares a Common Nucleus of Operative Facts and is Appropriate for Coordination Pursuant to 28 U.S.C. §1407 ............................................ 2

        2.   A Motion for Transfer Is Appropriate in Light of the Common Nucleus of Operative Facts That Exist among the Various Lawsuits ............................................ 5

    B.   Defendants Fail To Present Any Good Reason For Denying A Short Stay Pending The MDL Panel's Decision On Transfer ................ 6

        1.   No Prejudice to Defendants ................................... 6

        2.   Hardship and Inequity to Plaintiffs ............................. 8

        3.   Judicial Economy ........................................... 9

III. CONCLUSION ....................................................... 10

1

## TABLE OF AUTHORITIES

**PAGE NO.**

**FEDERAL CASES**

*Conroy v. Fresh Del Monte Produce Inc.,*
325 F. Supp. 2d 1049 (N.D. Cal. 2004) .................................................. 8

*Rivers v. Walt Disney Co.,*
980 F. Supp. 1358 (C.D. Cal. 1997) .............................................. 6, 9, 10

*Tortola Restaurants, L.P. v. Kimberly-Clark Corp.,*
987 F. Supp. 1186 (N.D. Cal. 1997) .................................................. 8

*In re Upjohn Co. Antibiotic Cleocin Prod. Liability Litigation,*
81 F.R.D. 482 (E.D. Mich. 1979) ...................................................... 9

*Villarreal v. Chrysler Corp.,*
1996 U.S. Dist. LEXIS 3159 (N.D. Cal. Mar. 11, 1996) ............................. 8

*Wall v. Merrill Lynch Pierce Fenner & Smith, Inc.,*
1992 U.S. Dist. LEXIS 3640 (S.D.N.Y. Mar. 25, 1992) ............................. 8

*In re Wash. Mutual, Inc.,*
536 F. Supp. 2d 1377 (J.P.M.L. 2008) ................................................ 5

*Weisman v. Southeast Hotel Properties Ltd. Partnership,*
1992 U.S. Dist. LEXIS 7736 (S.D.N.Y. June 1, 1992) ............................... 8

*Wertz v. Washington Mutual Bank, et. al,*
34-2008-00000717-CU-BC-GDS ........................................................ 5

**FEDERAL STATUTES**

28 U.S.C. 1407 ............................................................... *in passim*

Fed. R. Civ. P 26 ................................................................. 7

Plaintiffs Sidney Scholl and Felton A. Spears, Jr. ("Plaintiffs") respectfully submit this reply memorandum in support of their motion to stay proceedings pending the resolution of Plaintiffs' Motion For Transfer of Tag-Along Action to MDL No. 1919.

## I.   INTRODUCTION

> "Like the other eighteen actions pending in federal district court, the Spears action asserts claims arising from an alleged conspiracy to inflate appraisal valuations on loans WaMu originated.... The allegations in the Spears Action, along with the eighteen other actions... raise similar claims and will involve similar complex and disputed issues of law and fact.... Absent pretrial coordination or consolidation, there would be duplicative and unnecessary pretrial proceedings and discovery that would burden the parties, witnesses, the judiciary and counsel. Accordingly, WaMu respectfully requests the Panel transfer the Spears Action.... to the Honorable Marsha Pechman, United States District Judge for the Western District of Washington for coordinated or consolidated pretrial proceedings pursuant to 28 USC §1407."

Notice of Tag-Along Action (February 15, 2008) MDL Docket No. 1919 at p. 4, attached to the Declaration of Michael D. Braun in Support of Plaintiffs' Reply Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Stay Proceedings as Exhibit A ("Braun Decl. Ex.__").

This statement was submitted by WaMu's counsel before the Panel on Multidistrict Litigation (the "Panel") and is as true today as it was when made. Due to the fact that Plaintiffs' case was noticed as a tag-along action so late in the MDL process, counsel had no opportunity to brief the matter or present oral argument to the Panel and given the date of the Panel's decision, it is unlikely the Panel formally considered this case in its decision to create MDL No. 1919 and transfer related actions. Indeed, the Panel's Clerk merely issued an administrative denial of WaMu's Notice of Tag-Along Action without explanation. Plaintiffs then formally moved the Panel to transfer this action to MDL No. 1919. The motion to transfer is now pending. All Plaintiffs seek in the motion at bar is a brief stay to allow the Panel to consider Plaintiffs' motion pursuant to 28 U.S.C. 1407.

1

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STAY PROCEEDINGS
CASE NO.: 5:08-CV-00868 RMW

The Panel's Clerk has already indicated that the Panel will likely consider the motion this September.

In opposing Plaintiffs' motion to stay, WaMu seeks to distance itself from the position it took before the Panel when it sought to transfer this action and even in the Joint Report it recently filed with Judge Pechman regarding, among other things, the fact that all the transferred cases share a common factual basis – an alleged conspiracy to inflate appraisal valuations on WaMu loans. WaMu claims that this position can not be properly attributed to Washington Mutual Bank ("WMB"), because only Washington Mutual, Inc. ("WMI") was subject to the MDL. This is a classic red herring. Notwithstanding the fact that Plaintiffs originally filed their action naming WMI and that WMB is a wholly owned subsidiary of WMI operating at its behest, the argument falls flat on its face because as the signature block on the WaMu's Notice of Tag-Along before the Panel indicates, it was submitted on behalf of both WMB and WMI.

Neither WaMu, eAppraisIT who joined with WaMu, nor LSI have demonstrated how a brief stay would prejudice them or not be the most judicially efficient manner in which to proceed. Defendants further neglect to address the real risk of inconsistent rulings that could arise when two courts entertain separate motions to dismiss on cases based on the same factual predicates. Instead, Defendants seek to distract the Court with manufactured discovery disputes and arguments on the merits of Plaintiffs' motion to transfer pending before the Panel – neither of which are pertinent to the motion at bar. As demonstrated in Plaintiffs' opening brief and below, the weight of law and logic favor a short stay of this action and Plaintiffs respectfully request the Court grant their motion.

## II. ARGUMENT

### A. Judicial Panel on Multidistrict Litigation

#### 1. The Case at Bar Shares a Common Nucleus of Operative Facts and is Appropriate for Coordination Pursuant to 28 U.S.C. §1407

This case, like the other 22 cases which were ultimately coordinated and transferred pursuant to the MDL Order, is predicated on an action brought by the New York Attorney General alleging conspiratorial conduct between WaMu and certain appraisers to provide sham appraisals in order to qualify more people for higher value loans.

2

This conspiratorial conduct is also central to the securities, derivative and ERISA litigations, which were previously coordinated and transferred by the Panel. As recently noted in the Joint Preliminary Report ("Report at p. __") filed by Plaintiffs and Defendants in those actions, including WaMu, since 'appraisal practices' are central to all the actions, the parties agreed to coordinated discovery such that "[d]ocuments to be produced shall be placed in a depository to which all cases will have access at the appropriate time." Report at p 7.[1] The parties specifically noted that common discovery topics include "the appraisal of properties underlying WaMu's loans." Report at p. 9.

Perhaps, the most compelling arguments of the existence of a common nucleus of operative facts among the various complaints was made by WaMu who set forth in a 28 paragraph motion supported by a 20 page brief all the reasons that these cases, along with the case at bar, should be transferred pursuant to 28 U.S.C. §1407. Among their representations:

- The actions involve similar complex and disputed issues of law and fact. WaMu Motion for Transfer at ¶18.[2]
- The common factual core among the various actions is "an alleged conspiracy between WaMu and an appraisal vendor, eAppraiseIT, related to valuations on loans originated by WaMu." WaMu Motion for Transfer at ¶5; Brief in Support of Washington Mutual's Motion for Transfer of Actions Pursuant to 28 U.S.C. §1407 at 2, 6-8, 10 attached to Braun Decl. Ex. D.
- "Common issues that will need to be determined in the pending actions include, but are not limited to, whether the largely overlapping allegations.... about.... dealings with outside appraisal firms are true....." WaMu Motion for Transfer at ¶19.

WaMu added to these compelling arguments in its Notice of Tag-Along Action for the case at bar, when it represented that:

---

[1] Braun Decl. Ex. B.

[2] Motion of Washington Mutual for Transfer of Actions to the Western District of Washington Pursuant to 28 U.S.C. §1407 for Coordinated or Consolidated Pretrial Proceedings attached to Braun Decl. Ex. C ("WaMu Motion for Transfer").

3

- "Like the other eighteen actions pending in federal district court, the Spears action asserts claims arising from an alleged conspiracy to inflate appraisal valuations on loans WaMu originated." Notice of Tag-Along Action at p. 4.

- The allegations in the Spears Action, along with the eighteen other actions... raise similar claims and will involve similar complex and disputed issues of law and fact." *Id.*

- "Accordingly, WaMu respectfully requests the panel transfer the Spears Action.... to the Honorable Marsha Pechman, United States District Judge for the Western District of Washington for coordinated or consolidated pretrial proceedings pursuant to 28 USC §1407." *Id.*[3]

These representations regarding the factual commonality shared by the case at bar and those already transferred to Judge Pechman were made in three separate documents, each signed by WaMu's counsel. Defendants' current position articulated in their opposition briefs, that Plaintiffs are somehow trying to "shoehorn" their case into the MDL proceedings is simply disingenuous.[4]

---

[3] Defendants argue that the differences in legal theories articulated by the various complaints should now preclude coordination. Notwithstanding that this position is directly contrary with the one they took before the Panel, it is also unsupported by fact or law. As Defendants noted, the Panel "may transfer and coordinate or consolidate two or more civil cases involving one or more common questions of **fact**...." Braun Decl. Ex. D at p 8-9. Accordingly, differences in legal theories should not preclude a transfer. Indeed, the three sets of cases which were transferred, securities, derivative and ERISA, each allege different federal and/or state causes of actions. Such 'legal' differences did not preclude their transfer and coordination, nor should it with respect to the case at bar.

[4] Defendants' attempt to distance themselves from their prior representations by drawing an artificial distinction between Washington Mutual Bank and Washington Mutual, Inc. is equally disingenuous. As a preliminary matter, WMB is responsible for effectuating the conspiracy in WMI's stead. WMB is a wholly owned subsidiary operating at the behest and at the direction of WMI. Finally, any distinction between the two for the purposes of attributing the arguments made by Washington Mutual before the Panel are belied by the fact that the memoranda and motions submitted by WaMu were signed by counsel representing and acting on behalf of both WMB and WMI. Braun Decl. Ex. A.

4

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STAY PROCEEDINGS
CASE NO.: 5:08-CV-00868 RMW

### 2. A Motion for Transfer Is Appropriate in Light of the Common Nucleus of Operative Facts That Exist among the Various Lawsuits

Defendants argue that the Panel proffered a well reasoned opinion and properly declined to coordinate and transfer the Spears action and therefore would not likely reconsider its decision. Washington Mutual Bank's Opposition to Plaintiffs' Motion to Stay Proceedings at 4-6 ("Def. Mem. at __"). Defendants' argument is unfounded.

On November 28, 2007, WaMu Moved the Panel to centralize all of the actions and transfer them to the United States District Court for the Western District of Washington. On February 8, 2008, Plaintiffs filed their action. On February 21, 2008, less than one week after WaMu noticed Plaintiffs' action as a tag-along, the Panel issued a Transfer Order centralizing most of the actions then pending against WaMu and transferring them to the United States District Court for the Western District of Washington before the Honorable Marsha J. Pechman. The Panel's opinion did not specifically address this action, nor provide a disposition. *In re Wash. Mut., Inc.*, 536 F. Supp. 2d 1377, 1378 (J.P.M.L. 2008) despite this case's factual similarities to the other actions transferred. Instead, Plaintiffs were notified by the Clerk of the Panel that WaMu's Notice of Tag-along Action was administratively denied as being "not related" to MDL 1919 by indicating "No Action Taken" on the Panel's Case Listing Report. The Clerk did not specify a reason why Plaintiffs' action was deemed "not related."

Plaintiffs believe, as did WaMu, that the factual claims underlying their action are identical to the other actions already centralized in MDL 1919, making transfer of this matter pursuant to §1407 appropriate.[5]

---

[5] Defendants argue that Spears is similar to *Wertz v. Washington Mutual Bank, et. al*, 34-2008-00000717-CU-BC-GDS, a lawsuit filed by an individual appraiser in California State Court. Braun Decl. Ex. E. WMB removed the matter temporarily subjecting the matter to jurisdiction of the Panel. Notwithstanding that the *Wertz* action was the only non-class action before the Panel, it was primarily an employment dispute. Plaintiff was a preferred real estate vendor who performed appraisals for WaMu through LSI until she was terminated. Ms. Wertz alleged, among other things, that she submitted an appraisal report which indicated 'declining' market conditions which precluded funding a loan at the level requested. As alleged, the WaMu sales manager insisted that Wertz modify her appraisal report to indicate 'stable' market conditions so the loan could be

5

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STAY PROCEEDINGS
CASE NO.: 5:08-CV-00868 RMW

1  Ultimately, the argument among parties regarding the nature of the Panel's administrative denial is moot in light of Plaintiffs' current motion for transfer which will be considered and finally adjudicated by the Panel. Accordingly, the only matter truly relevant for this Court's consideration is whether a short stay to allow the Panel to adjudicate Plaintiffs' motion is merited. For the reasons articulated below, such a stay is both, logical and appropriate.

**B.    Defendants Fail To Present Any Good Reason For Denying A Short Stay Pending The MDL Panel's Decision On Transfer**

Parties agree on the relevant standard on which to determine the propriety of a motion to stay. In considering a motion to stay, a court should consider the interest of judicial economy and efficiency, and the potential prejudice or hardship to the parties. *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360 (C.D. Cal. 1997). Specifically, where an MDL transfer is pending, three factors should be balanced to determine whether a stay meets this standard: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *Id.*

**1.    No Prejudice to Defendants**

WaMu entirely fails to demonstrate that it will suffer prejudice if the Court grants Plaintiffs' motion. It's only reference to prejudice is that "the mere pendency of a meritless lawsuit amounts to prejudice." Def. Mem. at 11. Notwithstanding their unmerited characterization of Plaintiffs' complaint, the mere fact that a case is pending is hardly an articulation of prejudice. As Defendants concede, parties have agreed upon a briefing schedule for the motion to dismiss. The stay would

---

approved. The sales manager did not provide Wertz with any facts to support such a conclusion. Wertz refused to modify her appraisal and was subsequently removed from the preferred real estate vendor list. Although Ms. Wertz's case illustrates the conspiratorial conduct alleged by the New York attorney general, relevant discovery will likely focus on the Plaintiff, the sales manager and the particular facts surrounding her reports – not the broader conspiracy to inflate appraisal valuations central to other cases. The Wertz matter was remanded back to state court and, upon information and belief, has since been resolved.

6

essentially only suspend the hearing date on the motion to dismiss.[6] Moreover, the stay is not indefinite but limited to a point in time when the Panel would consider Plaintiffs' motion. As detailed in the opening brief, the Panel will likely consider Plaintiffs' motion in September, a mere few weeks beyond the current hearing date.[7]

LSI argues that it will also be prejudiced by any delay in deciding jurisdictional issues, since they did not participate in any transaction alleged in the complaint. Notwithstanding LSI's assertion, it is named on Plaintiff Scholl's appraisal report as a client/recipient of the report just like WaMu and eAppraisIT. Plus, LSI concedes that there is a "genuine dispute" about jurisdiction that requires discovery which would preclude this Court from resolving LSI's jurisdictional concern on a motion to dismiss. Accordingly, staying the case until the Panel rules on transfer would simply not create the prejudice LSI claims. Indeed, the discovery required to resolve LSI's jurisdictional

---

[6] Defendants dedicate an inordinate amount of their brief to their belief that Plaintiffs agreed to stay discovery. This is untrue. Defendants base this belief on a draft case management conference statement conducted pursuant to Fed. R. Civ. P 26. However, a plain reading of Section VIII of the draft CMC simply memorialized the then current state of discovery, set forth a discovery schedule and specifically noted that parties did not seek to modify any of the federal discovery rules. "No formal discovery has been taken to date. Upon denial of Defendants' motions to dismiss, parties have agreed to a comprehensive discovery schedule attached hereto as Exhibit A. Parties have not agreed to modify any of the discovery rules, but reserve their rights to seek such an amendment at a later date if the need arises." Declaration of Stephen M. Rummage in Opposition to Plaintiffs' Motion to Stay Proceedings, Exhibit B at p. 5. The attached schedule contained no start dates, and parties expressly declined to modify any discovery rules. Accordingly, there is nothing to preclude any party from commencing discovery, which Plaintiffs have since done. If the Court grants Plaintiffs' motion to stay, discovery would also be stayed. If the request is denied, Plaintiffs intend to move forward with discovery as permitted by the Federal Rules and consistent with their obligation to diligently prosecute this action.

[7] Notwithstanding Defendants' assertions to the contrary, the majority of additional time built into the briefing schedule was at the behest of Defendants or as a result of their actions. For example, Defendants sought additional time to respond to the complaint (Docket No. 11); Defendants declined the have the matter heard by a magistrate resulting in reassignment and rescheduling (Docket No. 71); Defendants requested to modify the briefing schedule to accommodate certain schedules of its attorneys (Docket No. 81).

7

1  motion should most appropriately be coordinated with joint discovery efforts in the multidistrict
2  litigations.[8]

3  Ultimately, a short stay would not prejudice any party, but instead allow for the efficient
4  adjudication of the matter – a benefit to all parties.

### 2. Hardship and Inequity to Plaintiffs

Continuing to prosecute a matter that may get transferred would be a hardship on all litigants and be wasteful of judicial resources. Engaging in law and motion work, scheduling and discovery, that may need to be replicated in another court is an avoidable and unnecessary hardship. Presumptuously, Defendants suggest that Plaintiffs would be best served by "learning of dismissal before expending time and effort prosecuting the case." Def. Mem. at 11. Conversely, assuming Plaintiffs' claims are viable, Plaintiffs run a real risk of dealing with inconsistent rulings. Given the

---

[8] LSI's reliance on *Villarreal v. Chrysler Corp.*, 1996 U.S. Dist. LEXIS 3159 (N.D. Cal. Mar. 11, 1996), *Wall v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 1992 U.S. Dist. LEXIS 3640 (S.D.N.Y. Mar. 25, 1992) and *Weisman v. Southeast Hotel Properties Ltd. Partnership*, 1992 U.S. Dist. LEXIS 7736 (S.D.N.Y. June 1, 1992) is misplaced. Each of these cases involved motions to remand, which necessarily require a determination of whether federal jurisdiction is proper. No such issue impacts the case at bar. Here the matter involves a federal question and parties are diverse. It was filed in federal court and not subject to remand. Defendants' jurisdictional concern is one of Article III standing, not whether a remand to state court is proper. LSI contends it did not participate in the real estate transactions at issue in the case at bar despite the fact that Sydney Scholl's appraisal report identifies LSI as the appraiser's client. In response to LSI's contention, Plaintiff has sought jurisdictional discovery. Notwithstanding the ultimate outcome of this process, the matter will need to be adjudicated by a federal court. Unlike *Villarreal, Weisman and Wall*, the MDL Panel will still have jurisdiction to determine whether this matter should be coordinated and transferred.

WaMu's reliance on *Conroy v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004) and *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1189 (N.D. Cal. 1997) is similarly misplaced. As with the cases above, a motion for remand is a unique jurisdictional inquiry. A decision to remand an action to state court will preclude any federal court, including the MDL Panel, from asserting jurisdiction. Court's have thus recognized that with respect to remand motions, a court should give preliminary scrutiny to the merits of the motion. If a preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court. The same logic compelling a court to preliminarily consider the propriety of a remand motion does not exist in the case at bar. There is no dispute that this matter is subject to federal jurisdiction and will remain in federal court. Therefore, short of an outright dismissal with prejudice, the MDL Panel will need to address and adjudicate Plaintiffs' transfer motion.

8

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STAY PROCEEDINGS
CASE NO.: 5:08-CV-00868 RMW

proximity of the motion to dismiss and the procedural posture of this case relatively limited time and effort will be needed to prosecute this litigation in the near term, but as Defendants noted in their motion before the Panel, "[a]bsent pretrial coordination or consolidation, the possibility of inconsistent pretrial rulings exists, **especially on motions to dismiss.....**" ¶21 (emphasis added). This potential hardship can easily be avoided by a short stay.

### 3. Judicial Economy

"[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997). The same is true here.

Defendants argue judicial economy is not served because 'some' court will need to adjudicate Defendants' motions to dismiss. Accordingly, Defendants contend, there is no net savings to the judicial system. While it is axiomatic that 'some' court will need to adjudicate Defendants' motions to dismiss, the central question on this motion to stay is which one. In light of the pending multidistrict litigation and numerous cases asserting the same set of operative facts as the case at bar, Plaintiffs submit that the decision should properly belong to the transferee court. If this Court adjudicates Defendants' motions to dismiss and the Panel subsequently determines this matter should be transferred and coordinated, this Court will have unnecessarily expended resources. Moreover, any decision short of an outright dismissal with prejudice runs the risk of inconsistent determinations vis-a-vis the potential transferee court. Given the stay is for a short period of time, not waiting for the Panel decision not only potentially wastes the resources of this court, it unnecessarily creates a risk of inconsistent rulings, which places an unnecessary burden on transferee court.[9]

---

[9] Inconsistent rulings could necessitate the transferee court to vacate or modify orders entered by other courts. See e.g. *In re Upjohn Co. Antibiotic Cleocin Prod. Liab. Litig.*, 81 F.R.D. 482, 486-87 (E.D. Mich. 1979) (holding that the transferee court may vacate or modify any orders entered by another court).

9

1  As articulated in Plaintiffs' opening brief, in the short period of time that is required for the MDL Panel's decision, this Court will have to read, consider and adjudicate Defendants' motions to dismiss, consider parties' Joint Case Management Conference Statement, determine a schedule for this litigation and may even have to deal with discovery disputes, all of which may be avoided if the Panel decides to relate and transfer this action. From the perspective of judicial economy, there is no doubt that a short stay is the most economical and efficient way to proceed.[10]

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Stay this matter.

Dated: July 11, 2008

Michael D. Braun
BRAUN LAW GROUP, P.C.

By:  /s/ Michael D. Braun
Michael D. Braun
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA 90025
Tel:  (310) 442-7755
Fax:  (310) 442-7756

Joseph N. Kravec, Jr. *(Admitted Pro Hac Vice)*
SPECTER SPECTER EVANS & MANOGUE, P.C.
The 26th Floor Koppers Building
Pittsburgh, Pennsylvania 15219
Tel:  (412) 642-2300
Fax:  (412) 642-2309

Ira Spiro
SPIRO MOSS BARNESS, LLP
11377 West Olympic Blvd., Fifth Floor
Los Angeles, CA 90064-1683
Tel:  (310) 235-2468
Fax:  (310) 235-2456

Janet Lindner Spielberg
LAW OFFICES OF JANET LINDNER SPIELBERG
12400 Wilshire Blvd., Suite 400
Los Angeles, CA 90025
Tel:  (310) 392-8801
Fax:  (310) 278-5938

*Attorneys for Plaintiffs*

---

[10] The consideration of judicial economy alone, is sufficient to justify a stay. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360-1361 (C.D. Cal. 1997).

10

# PROOF OF SERVICE

STATE OF CALIFORNIA )
)ss.:
COUNTY OF LOS ANGELES )

    I am employed in the county of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 12304 Santa Monica Boulevard, Suite 109, Los Angeles, CA 90025.

    On July 11, 2008, using the Northern District of California's Electronic Case Filing System, with the ECF ID registered to Michael D. Braun, I filed and served the document(s) described as:

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STAY PROCEEDINGS**

    The ECF System is designed to automatically generate an e-mail message to all parties in the case, which constitutes service. According to the ECF/PACER system, for this case, the parties served are as follows:

| | |
|---|---|
| Christopher J. Clark, Esq. | cjclark@dl.com |
| Sam N. Dawood, Esq. | samdawood@dwt.com, allanpatterson@dwt.com, pammaiwandi@dwt.com |
| Martin L. Fineman, Esq. | martinfineman@dwt.com edithshertz@dwt.com |
| Laura Jean Fowler, Esq. | lfowler@mhalaw.com ekastern@mhalaw.com |
| Richard F. Hans, Esq. | rhans@tpw.com |
| Margaret Anne Keane, Esq. | mkeane@dl.com |
| Joseph N. Kravec, Jr., Esq. | jnk@ssem.com |
| Jonathan M. Lloyd, Esq. | jonathanlloyd@dwt.com terriray@dwt.com |
| Kris Hue Chau Man, Esq. | kman@dl.com sholstrom@dl.com |
| James Mark Moore, Esq. | mark@spiromoss.com emily@spiromoss.com |
| Angela M. Papalaskaris, Esq. | apapalas@dl.com |
| Robert J. Pfister, Esq. | rpfister@stblaw.com gdmiller@stblaw.com |
| Jeffrey D. Rotenberg, Esq. | jrotenberg@tpw.com |

11

| | |
|---|---|
| Stephen Michael Rummage, Esq. | steverummage@dwt.com<br>jeannecadley@dwt.com |
| Janet Lindner Spielberg, Esq. | jlspielberg@jlslp.com |
| Ira Spiro, Esq. | ira@spiromoss.com |
| Kevin C. Wallace, Esq. | kwallace@dl.com |

On July 11, 2008, I served the document(s) described as:

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STAY PROCEEDINGS**

by placing a true copy(ies) thereof enclosed in a sealed envelope(s) addressed as follows:

Kerry Ford Cunningham, Esq.
Patrick J. Smith, Esq.
THACHER PROFFITT & WOOD LLP
Two World Financial Center
New York, NY 10281

I served the above document(s) as follows:

BY MAIL. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in an affidavit.

I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on July 11, 2008, at Los Angeles, California 90025.

                                                /S/ LEITZA MOLINAR
                                                  Leitza Molinar