1  Joseph N. Kravec, Jr. *(Admitted Pro Hac Vice)*
   SPECTER SPECTER EVANS
2     & MANOGUE, P.C.
   The 26th Floor Koppers Building
3  Pittsburgh, Pennsylvania 15219
   Tel:    (412) 642-2300
4  Fax:    (412) 642-2309
   E-mail: jnk@ssem.com
5
   Michael D. Braun (167416)
6  BRAUN LAW GROUP, P.C.
   12304 Santa Monica Blvd., Suite 109
7  Los Angeles, CA 90025
   Tel:    (310) 442-7755
8  Fax:    (310) 442-7756
   E-mail: service@braunlawgroup.com
9
   Ira Spiro (67641)                        Janet Lindner Spielberg (221926)
10 J. Mark Moore (180473)                   LAW OFFICES OF JANET
   SPIRO MOSS BARNESS, LLP                  LINDNER SPIELBERG
11 11377 West Olympic Blvd., Fifth Floor    12400 Wilshire Blvd., Suite 400
   Los Angeles, CA 90064-1683               Los Angeles, CA 90025
12 Tel:    (310) 235-2468                   Tel:    (310) 392-8801
   Fax:    (310) 235-2456                   Fax:    (310) 278-5938
13 E-mail: ira@spiromoss.com                E-mail: jlspielberg@jlslp.com
14
   *Attorneys for Plaintiffs*
15
                    **UNITED STATES DISTRICT COURT**
16                  **NORTHERN DISTRICT OF CALIFORNIA**
                           **SAN JOSE DIVISION**
17
18
   FELTON A. SPEARS, JR. and SIDNEY    )    **CASE NO.: 5:08-CV-00868 (RMW)**
19 SCHOLL, JUAN BENCOSME and           )
   CARMEN BENCOSME, on behalf of       )    **CLASS ACTION**
20 themselves and all others similarly situated, )
                                       )
21                      Plaintiffs,    )    **PLAINTIFFS' REPLY IN FURTHER**
                                       )    **SUPPORT OF THEIR MOTION TO**
22              v.                     )    **INTERVENE BY PUTATIVE CLASS**
                                       )    **MEMBERS JUAN AND CARMEN**
23 FIRST AMERICAN EAPPRAISEIT (a/k/a   )    **BENCOSME**
   eAppraiseIT, LLC),                  )
24 a Delaware limited liability company ; and )
   LENDER'S SERVICE, INC. (a/k/a LSI   )
25 Appraisal, LLC), a Delaware limited )
   liability company,                  )
26                                     )
                        Defendants.    )
27 _____ )
28

1

2

**TABLE OF CONTENTS**

3

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

REPLY ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4

5
    I.     THE SAC SUFFICIENTLY PLEADS ORIGINAL PLAINTIFFS' STANDING
AGAINST LSI AND INTERVENOR PLAINTIFFS ARE ENTITLED TO
6
         *AMERICAN PIPE* TOLLING FOR THEIR RESPA CLAIM . . . . . . . . . . . . . . . . 1

7
        A.    The Allegations of the SAC Show Original Plaintiffs have Standing To
Sue LSI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
8

9
        B.    Alternatively, Plaintiffs Request Jurisdictional Discovery Because the SAC
Raises Factual Issues That if Established Would Support Original Plaintiffs'
10
            Standing to Sue LSI. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

11
        C.    The Bencosme's RESPA Claims Are Appropriately Tolled Under *American*
*Pipe* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

12
CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## INTRODUCTION

2      Defendant, Lender's Service, Inc. (a/k/a LSI Appraisal, LLC) ("LSI") filed a joint Memorandum

3  opposing the Bencosmes' Motion to Intervene and in support of LSI's Motion to Dismiss Plaintiffs'

4  Second Amended Complaint.  *See* Memorandum of Points and Authorities In Support of Motion to

5  Dismiss and in Opposition to Motion to Intervene (Document No. 155)("LSI Br.").   In that

6  Memorandum, LSI contends that: a) the original Plaintiffs, Spears and Scholl, do not have standing to

7  sue LSI, b)  the Bencosmes' are not entitled to *American Pipe* tolling on their Real Estate Settlement

8  Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA") claim because the original Plaintiffs lacked

9  standing to sue LSI, because the Bencosmes are filing a second class action and because the claims

10  against LSI were previously dismissed, and c) without *American Pipe* tolling the Bencosmes' RESPA

11  claim is untimely.

12      LSI contentions are contrary to the allegations of Plaintiffs' Second Amended Complaint

13  ("SAC") and applicable law, as demonstrated below:

14

15

## REPLY ARGUMENT

16  **I.    THE SAC SUFFICIENTLY PLEADS ORIGINAL PLAINTIFFS' STANDING AGAINST**
17        **LSI AND INTERVENOR PLAINTIFFS ARE ENTITLED TO *AMERICAN PIPE*
TOLLING FOR THEIR RESPA CLAIM**

18      LSI argues that putative class members Juan and Carmen Bencosme should not be allowed to

19  intervene in this action because the original Plaintiffs did not have Article III standing to sue LSI.  This

20  argument is predicated on two incorrect assumptions: (1) that neither of the original Plaintiffs have

21  standing to sue LSI; and (2) that putative class members seeking to intervene as additional

22  representative plaintiffs may not toll their claims.

23      **A.    The Allegations of the SAC Show Original Plaintiffs have Standing To Sue LSI**

24      Plaintiffs do not concede that original Plaintiffs Scholl and Spears lack standing to sue LSI.

25  Indeed, the SAC sufficiently alleges their standing.

26      First, the SAC alleges a conspiracy between LSI, EA and WaMu to render appraisals at pre-

27  determined values in exchange for referrals.  As co-conspirators, a plaintiff need not have privity with

28  every conspirator in order to have standing to sue.  *La Mar v. H. & B Novelty & Loan Co* ., 489 F.2d

461, 466 (9th Cir. 1973); *Rios v. Marshall*, 100 F.R.D. 395, 404 (S.D.N.Y. 1983)(where a complaint properly alleges a conspiracy by several defendants, a plaintiff injured by one of the defendants as a result of the conspiracy has standing to sue the co-conspirator defendants even though that plaintiff had no direct dealings with the co-conspirators).  In ruling on this issue as to the FAC, this Court concluded that Plaintiffs Scholl and Spears had not adequately plead standing to sue LSI since the Court viewed the allegations of the FAC as alluding to "two parallel conspiracies" rather than a single conspiracy between LSI, EA and WaMu. 3/9/09 Order, p. 4.  The Court granted Plaintiffs leave to amend to correct this deficiency.  *Id.*  Plaintiffs' SAC does just that.

Specifically, the SAC alleges that LSI and EA were co-conspirators in a common agreement, conspiracy or scheme directed by WaMu to deliver home appraisals at pre-determined values in exchange for referrals.  SAC ¶¶ 6, 7, 55, 57, 90, 135.  To support this allegation of a single conspiracy, agreement or scheme, the SAC alleges that LSI and EA acted in concert under the ***same*** rules, guidelines and procedures proscribed by WaMu for generating appraisals at pre-determined values.  SAC ¶¶ 37, 38, 43,  44, 45, 54, 55 ("by agreeing to provide WaMu with its 'Proven Appraisers' EA and LSI were acting as co-conspirators in this scheme").  The SAC further alleges and quotes from e-mails obtained by the NYAG showing that LSI and EA coordinated their conspiratorial activities with WaMu and each other by participating in joint phone calls wherein they received their instructions from WaMu and posed questions so that each was acting in step with WaMu's directions for generating appraisals at pre-determined values.  SAC ¶¶ 44, 54.

Additionally, the SAC alleges LSI's and EA's joint involvement with Scholl's appraisal.  SAC ¶ 60.  The SAC provides evidence to support this allegation in the form of Scholl's appraisal report attached as Exhibit 2 to the SAC in which a LSI contact email address is identified in the Lender/Client information field, along with several statements in that report that it was prepared "on behalf of eAppraiseIT." SAC, Exh. 2 at p. 6.  This Court reviewed this evidence in deciding LSI's Motion to Dismiss the FAC, finding that, "Plaintiffs argue that this email address belies LSI's statement that it had 'no involvement' with the appraisals at issue, and further point out that Rice's affidavit [submitted by LSI] is carefully worded to state only that no appraisals were 'prepared' or 'completed' for plaintiffs [Scholl and Spears].   These points are well-taken; the appearance of the email address does suggest

1   some involvement, and Rice's affidavit leaves some possibilities open." March 9, 2009 Order ("March

2   Order") at p. 3.  While this Court found that this evidence alone was not sufficient to provide Scholl

3   with standing to sue LSI, it certainly supports the co-conspiratorial allegations that LSI and EA were

4   coordinating their activities to ensure that they were generating appraisals in step with WaMu's

5   common directions.

6       The SAC allegations of a single conspiracy between LSI, EA and WaMu, when viewed in a light

7   most favorable to the Plaintiffs as required at the motion to dismiss stage, should be sufficient to confer

8   Plaintiffs Scholl and Spears with standing to sue LSI. *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th

9   Cir. 2002).

10      **B.    Alternatively, Plaintiffs Request Jurisdictional Discovery Because the SAC Raises**
             **Factual Issues That if Established Would Support Original Plaintiffs' Standing to**
11           **Sue LSI.**

12      The law of this Circuit is clear.  "Where pertinent facts bearing on the question of jurisdiction

13  are in dispute, discovery should be allowed." *Am. W. Airlines, Inc, v. GPA Group*, Ltd., 877 F2d 793,

14  801 (9th Cir. 1989)(citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430-31 n.24

15  (9th Cir. 1977). It is reversible error when a district court refuses to grant jurisdictional discovery unless

16  "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for

17  jurisdiction." *Wells Fargo*, 556 F.2d at 430-31 n.24.  For a district Court in the Ninth Circuit to dismiss

18  a plaintiff's claim for lack of Article III standing on a factual challenge, the defendant must produce

19  'conclusive evidence' to justify denial of jurisdictional discovery. *Farr v. U.S.,* 990 F.2d 451, 454 (9th

20  Cir. 1993).

21      As discussed above, the SAC is replete with allegations that LSI, EA and WaMu were part of

22  single conspiracy to render sham appraisals. See also SAC ¶¶ 37, 38, 43,  44, 45, 54, 55.  Among other

23  things, it alleges the existence of e-mails obtained by the NYAG showing that LSI and EA coordinated

24  their conspiratorial activities with WaMu and that LSI, EA and WaMu had joint phone calls to

25  coordinate their conspiratorial activities.  Even Scholl's Appraisal Report commingles the contact

26  information for WaMu, EA and LSI, providing further support of a single conspiracy.  These allegations

27  provide an inference of conspiratorial conduct sufficient to withstand a motion to dismiss. *American*

28  *Tobacco Co. v. United States*, 328 U.S. 781 (1946)(Because conspiracies contemplate covert action, and

1   rarely are susceptible of direct proof, courts long have held that conspiracies may be inferred from

2   circumstantial evidence.).

3       To the extent this Court does not agree, in the alternate, Plaintiffs renew their request for

4   jurisdictional discovery, which is clearly merited under the laws of this Circuit.[1] *Hospital Building Co.*

5   *v. Rex Hospital Trustees*, 425 U.S. 738, 746 (1976)(courts have an obligation to construe conspiracy

6   allegations liberally, and a "dismissal prior to giving plaintiffs ample opportunity for discovery should

7   be granted very sparingly"); *Young v. Crofts*, 64 Fed. Appx. 24, 26 (9th Cir. 2003); *Hansen v. United*

8   *States*, 3 Fed. Appx. 592, 593 (9th Cir. 2001).

9       Notwithstanding the ultimate determination with respect to Scholl's standing to bring suit

10   against LSI, the Bencosme's have an independent right to intervene.

11       **C.     The Bencosme's RESPA Claims Are Appropriately Tolled Under *American Pipe***

12       On March 9, 2009, this Court sustained Plaintiffs' claim pursuant to § 2607(a) of RESPA which

13   carries a one year statute of limitations period from the date of discovery.  As alleged in the Complaint,

14   the wrong doing which is the subject matter of the lawsuit, did not come to light until November 1,

15   2007, when the New York Attorney General filed a complaint against EA.  Under the discovery rule,

16   RESPA's one year statute of limitations period did not start running until that time.  *Garcia v.*

17   *Brockway*, 526 F.3d 456, 465 (9th Cir. 2008) citing *United States v. Kubrick*, 444 U.S. 111, 113 (U.S.

18   1979)(The discovery rule serves to extend the time from which the limitations period starts to run until

19   "the plaintiff knows both the existence and the cause of his injury").  Plaintiffs original complaint was

20   filed on February 8, 2008, approximately three months after that of the AG.

21

22   ─────────────

23   [1]   On June 25, 2008, Plaintiffs separately moved for jurisdictional discovery on the issues of
     Scholl's standing to sue LSI and the nature of the alleged conspiracy. (See Docket No. 97).  Plaintiffs'
24   motion was fully briefed and set for hearing before Magistrate Lloyd.  Prior to the hearing, however,
     this Court issued an order granting LSI's motion to dismiss (Docket No.147).  Although Magistrate
25   Lloyd recognized that "[t]he motion [for jurisdictional discovery] was brought as an alternative motion
     in the event the presiding judge was inclined to grant LSI's then-pending motion to dismiss challenging
26   plaintiffs' standing to pursue the instant action" he sua sponte dismissed Plaintiffs' jurisdictional
     discovery motion without prejudice concluding "there currently is no extant pleading as to LSI."
27   (Docket No. 148).  Rather than renewing the request for jurisdictional discovery by separate motion
     before the Magistrate and potentially facing the same procedural quagmire, Plaintiffs seek such
28   discovery directly from this Court

1   Mr. and Mrs. Bencosme's intervention comes on the heals of the Court's dismissal of March 9,

2   2009, without prejudice, of Plaintiffs' complaint as to LSI.  Since Mr. and Mrs. Bencosme were putative

3   class members at the time the original complaint was filed, their RESPA claim under § 2607(a) is

4   timely.[2]      In *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 553, 38 L. Ed. 2d 713, 94

5   S. Ct. 756 (1974), the Supreme Court held "that the commencement of a class action suspends the

6   applicable statute of limitations as to all asserted members of the class who would have been parties had

7   the suit been permitted to continue as a class action." *Id.*  The Court extended the *American Pipe*

8   doctrine in *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 76 L. Ed. 2d 628, 103 S. Ct. 2392 (1983),

9   to allow tolling not only where plaintiffs sought to intervene in a continuing action, but also where they

10  sought to file an entirely new action finding that, "the filing of a class action tolls the statute of

11  limitations as to all asserted members of the class . . . not just as to interveners." *Id.* at 350 (internal

12  quotations omitted). In his concurrence, Justice Powell cautioned that "the tolling rule of *American Pipe*

13  is a generous one, inviting abuse." *Parker*, 462 U.S. at 353 (Powell, J. concurring).

14  LSI argues that the Bencosmes cannot avail themselves of the *American Pipe* tolling principles

15  and therefore their RESPA claims are time barred because *American Pipe* tolling does not apply: (1)

16  when plaintiffs seek to file a second class action; (2) to actions dismissed before a decision on class

17  certification; and (3) when the original plaintiff lacked standing. Def. Mem. at 12-15.

18  As a preliminary matter the case at bar is not an attempt to file a second class action, but instead

19  seeks to intervene the Bencosmes into this existing action.  The line of cases on which Defendants rely

20  merely hold that there is nothing in the *American Pipe* doctrine which enables the filing of a class action

21  to toll the statute of limitations for successive class actions filed after the denial of class certification.[3]

22

23      [2]   The Bencosmes also assert a contract claim which carries a four year statute of limitations.
24  LSI does not contest the timeliness of the Bencosmes contract claim, nor the fact that it may be brought
    without the benefit of tolling.  LSI also recognizes that if one of the original Plaintiffs is determined
25  to have standing to sue LSI, then the *American Pipe* tolling doctrine is unquestionably applicable to the
    Bencosme's RESPA claim.
26

27      [3]   See e.g. *Griffin v. Singletary*, 17 F.3d 356, 359-60 (11th Cir. 1994); *Andrews v. Orr*, 851 F.2d
    146, 149 (6th Cir. 1988); *Robbin v. Fluor Corp*., 835 F.2d 213, 214 (9th Cir. 1987); *Korwek v. Hunt*,
28  827 F.2d 874, 879 (2d Cir. 1987); *Salazar-Calderon v. Presidio Valley Farmers Ass'n*., 765 F.2d 1334,
    1351 (5th Cir. 1985).

1    These courts have determined that in such circumstances, (*i.e.* the 'piggybacking' or 'stacking' of one

2    class action onto another), "the application of the tolling rule would likely result in a multiplicity of

3    litigation, contrary to the intent of *American Pipe*.  This is clearly not an issue in the case at bar because

4    the SAC defines a class that is identical to that pled in the FAC – indeed, it is the same class.  *California*

5    *Pub. Emples. Ret. Sys. v. Chubb Corp.*, 2002 WL 33934282, *29 (D.N.J. 2002)("[A]pplying tolling to

6    successive class actions runs afoul of the principles of *American Pipe* in that it allows plaintiffs the

7    opportunity re-litigate the propriety of class certification. There is no such risk where *American Pipe*

8    is applied prior to a decision on class certification").

9        Defendants second assertion, that *American Pipe* tolling does not apply to actions dismissed

10   before a decision on class certification is similarly misplaced. Indeed, a number of courts facing similar

11   situations as the case at bar have held that the tolling principles of *American Pipe* are appropriately

12   applied to motions to intervene or amended complaints filed to substitute a proper class representative

13   with standing prior to a decision on class certification. *See, e.g., Bromley v. Michigan Educ. Ass'n.*, 178

14   F.R.D. 148 (E.D.Mich. 1998); *Lawrence v. Philip Morris Cos., Inc*., 1999 WL 51845, *3 (E.D.N.Y. Jan.

15   9, 1997); *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193 (S.D.N.Y. 1992).[4]

16       Plaintiffs are cognizant of the Ninth Circuit's holding in *Liberboe v. State Farm Mutual*

17   *Automobile Ins. Co.,* 350 F3d 1018 (9th Cir. 2003) that the original Plaintiff must have had standing for

18   *American Pipe* tolling to apply to intervening putative class members. However, Plaintiffs would also

19   point out that the same Circuit in *Catholic Social Servs. v. INS*, 232 F.3d 1139, 1149 (9th Cir. Cal.

20   2000) has also generously applied *American Pipe* tolling holding that where "[t]he substantive claims

21   asserted in [] [an] action are [] within the scope of those asserted in [] [an] earlier action, and the

22

23       [4]   Defendants reliance on  *Rahr v. Grant Thornton LLP*, 142 F. Supp. 2d 793 (N.D. Tex. 2000)

24   and *Stutz v. Minnesota Mining Manufacturing Company*, 947 F. Supp. 399, 401-04 (S.D. Ind. 1996)
     is misplaced.  In these actions,  plaintiffs filed separate individual lawsuits before class certification had

25   been decided.  The Courts concluded that *American Pipe* tolling was never intended to apply to
     plaintiffs who file **separate** suits prior to a decision being reached on the class certification issue

26   because to do so "would sanction duplicative suits and violate the policies behind *American Pipe*."
     *Rahr.* at 799-800.  In contrast, here, the Bencosme do not seek to press individual cases, nor do they

27   seek to file a separate class action.  They only seek to intervene in the one currently pending putative

28   class action before this court.

1    dismissal of that action did not result from an adverse decision on the merits of any of those claims,"

2    statute of limitations is tolled and intervention of a class member as a class representative in an existing

3    class action is proper. *Id.*

4         Other circuits have taken a broader view applying *American Pipe* tolling holding to putative

5    class members who seek to intervene after a determination that the original plaintiff lacked standing.

6    *See, e.g., Haas v. Pittsburgh Nat'l. Bank*, 526 F.2d 1083 (3d Cir. 1975)(Plaintiff had standing for only

7    two of three defendants. Court held that by filing original complaint, the Defendant for whom the

8    original plaintiff lacked standing to sue was provided notice of the substantial nature of the claims

9    against which they would be required to defend and also the number and generic identities of the

10   potential plaintiffs. Accordingly, the broad tolling principles of *American Pipe* should be applied.);

11   *California Pub. Emples. Ret. Sys.*, 2002 WL 33934282 at *29 (holding that despite the fact that the

12   original plaintiff did not have standing on all counts, it was appropriate to substitute class members with

13   standing and equitable toll their claims under *American Pipe*); *Trief v. Dun & Bradstreet Corp.*, 144

14   F.R.D. 193, 203 (S.D.N.Y. 1992)(Court allowed tolling of intervenor's claim where original plaintiff

15   lacked standing holding "that an intervener that reasonably expected to be represented in the originally

16   filed action possesses an inchoate interest in the class action running from the original date of filing....

17   The *American Pipe* tolling rule allows putative class members to wait on the sidelines, rather than

18   forcing them to congest the courts with defensively filed suits designed solely to guarantee that such

19   plaintiff's claims are not arbitrarily precluded by the running of a statute of limitations.").

20        Whether application of *American Pipe* is broadly interpreted or not, all agree that intervention

21   into an existing class action lawsuit where at least one original plaintiff had standing requires

22   application of *American Pipe* tolling to the intervenor plaintiff's claims.  As demonstrated above, the

23   original Plaintiffs Spears and Scholl do have standing to sue LSI for RESPA violations, or at least have

24   alleged enough in their SAC to warrant jurisdictional discovery before the Court rules on standing.  If

25   the Court concludes the original Plaintiffs' SAC alleges their standing to sue LSI for RESPA violations,

26   then the Bencosmes' intervention with *American Pipe* tolling must be allowed, thereby making the

27   Bencosmes' RESPA claim timely.  If the Court believes the SAC does not allege enough to establish

28   original Plaintiffs' standing to sue LSI for RESPA violations, then jurisdictional discovery is required

---

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO INTERVENE BY PUTATIVE CLASS MEMBERS JUAN AND CARMEN BENCOSME; CASE NO.: 5:08-CV-00868 (RMW)**

7

1   and the Court should hold in abeyance ruling on the Bencosmes' intervention, standing and timeliness

2   until that discovery is completed.

3                                          **CONCLUSION**

4           For the foregoing reasons, the Bencosmes' Motion to Intervene should be granted.

5   Alternatively, the Bencosmes' Motion to Intervene should be held in abeyance pending completion of

6   jurisdictional discovery as to the original Plaintiffs' Scholl and Spears standing to sue LSI.

7

8   Dated: May 15, 2009                          **SPECTER SPECTER EVANS &**
                                                  **MANOGUE, P.C.**
9

10                                               By:  s/Joseph N. Kravec, Jr.
                                                      Joseph N. Kravec, Jr.
11
                                                 The 26th Floor Koppers Building
12                                               Pittsburgh, Pennsylvania 15219
                                                 Tel:    (412) 642-2300
13                                               Fax:    (412) 642-2309
                                                 E-mail: jnk@ssem.com
14
                                                 Michael D. Braun, Esquire
15                                               **BRAUN LAW GROUP, P.C.**
                                                 10680 West Pico Boulevard, Suite 280
16                                               Los Angeles, CA 90064
                                                 Tel:    (310) 836-6000
17                                               Fax:    (310) 836-6010
                                                 E-mail: service@braunlawgroup.com
18
                                                 Ira Spiro (67641)
19                                               J. Mark Moore (180473)
                                                 **SPIRO MOSS BARNESS, LLP**
20                                               11377 West Olympic Blvd., Fifth Floor
                                                 Los Angeles, CA 90064-1683
21                                               Tel:    (310) 235-2468
                                                 Fax:    (310) 235-2456
22                                               E-mail: ira@spiromoss.com
                                                         mark@spiromoss.com
23
                                                 Janet Lindner Spielberg (221926)
24                                               **LAW OFFICES OF JANET**
                                                 **LINDNER SPIELBERG**
25                                               12400 Wilshire Blvd., Suite 400
                                                 Los Angeles, CA 90025
26                                               Tel:    (310)3928801
                                                 Fax:    (310)278-5938
27                                               E-mail: jlspielberg@jlslp.com

28                                               *Attorneys for Plaintiffs*

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO INTERVENE BY PUTATIVE CLASS MEMBERS JUAN AND CARMEN BENCOSME; CASE NO.: 5:08-CV-00868 (RMW)

8

1    **PROOF OF SERVICE**

2    STATE OF PENNSYLVANIA          )
                                    )   ss.:
3    COUNTY OF ALLEGHENY            )

4         I am employed in the County of Allegheny, State of Pennsylvania.  I am over the age of 18 and
     not a party to the within action.  My business address is The 26th Floor Koppers Building, Pittsburgh,
5    Pennsylvania 15219.

6         On May 15, 2009, using the Northern District of California's Electronic Case Filing System,
     with the ECF ID registered to Joseph N. Kravec, Jr., I filed and served the document(s) described as:
7

8    **PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO INTERVENE
     BY PUTATIVE CLASS MEMBERS JUAN AND CARMEN BENCOSME**

9         The ECF System is designed to automatically generate an e-mail message to all parties in the
     case, which constitutes service.  According to the ECF/PACER system, for this case, the parties are
10   served as follows:

11       Janet Lindner Spielberg, Esquire         jlspielberg@jlslp.com

12       Ira Spiro, Esquire                       ira@spiromoss.com

13       Michael D. Braun, Esquire                service@braunlawgroup.com

14       James Mark Moore, Esquire                mark@spiromoss.com

15   **Attorneys for Plaintiffs**

16       Jeffrey D. Rotenberg, Esquire            jrotenberg@tpw.com

17       Laura Jean Fowler, Esquire               lfowler@mhalaw.com

18       Patrick J. Smith, Esquire                psmith@tpw.com

19       Richard F. Hans, Esquire                 rhans@tpw.com

20       Michael T. Fogarty, Esquire              tfogarty@mhalaw.com

21       Kerry Ford Cunningham, Esquire           kerry.cunningham@dlapiper.com

22   **Attorneys for First American eAppraiseIT**

23       Christopher J. Clark, Esquire            cjclark@dl.com

24       Kevin C. Wallace, Esquire                kwallace@dl.com

25       Kris Hue Chau Man, Esquire               kman@dl.com

26       Margaret Anne Keane, Esquire             mkeane@dl.com

27       Angela M. Papalaskaris, Esquire          apapalas@dl.com

28   **Attorneys for Lenders Service, Inc.**

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO INTERVENE BY PUTATIVE CLASS MEMBERS JUAN AND
CARMEN BENCOSME; CASE NO.: 5:08-CV-00868 (RMW)**

1

    I am employed in the office of an attorney who is admitted *pro hac vice* in this action at whose
direction the service was made.

2

3

    I declare under penalty of perjury under the laws of the United States that the above is true and
correct.

4

    Executed on May 15, 2009, at Pittsburgh, Pennsylvania.

5

                                                          s/Marcia Z. Carney
                                                          Marcia Z. Carney

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28