McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
MICHAEL T. FOGARTY (#065809)
LAURA J. FOWLER (#186097)
500 Capitol Mall, 18th Floor
Sacramento, CA 95814
Phone: 916.444.3900
Fax: 916.444.0707

DLA PIPER LLP (US)
RICHARD F. HANS (*Pro Hac Vice*, SBN 2593200NY)
PATRICK J. SMITH (*Pro Hac Vice*, SBN 2402394NY)
JEFFREY D. ROTENBERG (*Pro Hac Vice* SBN 3984994NY)
1251 Avenue of the Americas
New York, NY 10020
Phone: 212.335.4556
Fax: 917.778.8556

Attorneys for Defendant eAppraiseIT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FELTON A. SPEARS, JR. and SIDNEY SCHOLL, JUAN BENCOSME and CARMEN BENCOSME, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

FIRST AMERICAN EAPPRAISEIT (a/k/a eAppraiseIT, LLC), a Delaware limited liability company; and LENDERS SERVICES, INC. (a/k/a LSI Appraisal, LLC), a Delaware limited liability company,

Defendants.

Case No. 5:08-CV-00868 (RMW)

CLASS ACTION

**ANSWER AND AFFIRMATIVE DEFENSES OF EAPPRAISEIT, LLC TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

Defendant eAppraiseIT LLC ("EA"), by its undersigned attorney, for its Answer to the Second Amended Class Action Complaint ("SAC"), hereby states as follows:

Except as otherwise expressly recognize herein, EA denies each and every allegation contained in the SAC, including without limitation, any allegations contained in the preamble, headings, subheadings or footnotes of the SAC, and specifically denies any liability to Plaintiffs or any members of the class that Plaintiffs purport to represent. Pursuant to Rule 8(d) of the Federal



Rules of Civil Procedure, averments in the SAC to which no responsive pleading is required, including, not limited to, allegations relating to Lender's Service Inc., Juan and Carmen Benscome and any claims dismissed by this Court with prejudice, shall be deemed as denied. EA expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.

1. EA admits that Plaintiffs purport to bring a class action on the grounds set forth in paragraph 1 of the SAC, but deny that a class action is appropriate or that Plaintiffs are entitled to the relief sought. EA denies the remainder of the allegations contained in paragraph 1.

2. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the SAC.

3. EA admits the allegations contained in the first sentence of paragraph 3 of the SAC, and denies the remainder of the allegations contained in paragraph 3 of the SAC to the extent they purport to characterize the entirety or the purpose of the appraisal process.

4. EA denies the allegations contained in paragraph 4 of the SAC and refers the Court to 12 C.F.R. § 34.44 and the Uniform Standards of Professional Appraisal Practice ("USPAP"), the contents of which speak for themselves.

5. EA denies the allegations contained in paragraph 5 of the SAC to the extent it purports to characterize USPAP or any other law, regulation or supplemental standard and refers the Court to USPAP, the contents of which speak for themselves.

6. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 6 of the SAC and the allegations relating to the conduct of LSI. EA denies the remaining allegations contained in paragraph 6 of the SAC.

7. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the SAC relating to the conduct of LSI. EA denies the remaining allegations contained in paragraph 7 of the SAC.

8. EA admits that it operates a service center in Poway, California. EA denies the remaining allegations contained in paragraph 8 of the SAC.

9. EA denies the allegations contained in paragraph 9 of the SAC.

/ / /



**PARTIES**

10. EA denies the third sentence contained in paragraph 10 of the SAC and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the SAC

11. EA denies the third sentence contained in paragraph 11 of the SAC and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the SAC.

12. Paragraph 12 of the SAC relates to plaintiffs who have been dismissed from this action and for this and other reasons no responsive pleading is required.

13. EA admits the allegations contained in the final four sentences of paragraph 13. EA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13.

14. In answer to paragraph 14, EA admits that it is a Delaware limited liability company and maintains a service center located at 12395 First American Way, Poway, California, and that it is a subsidiary of The First American Corporation. EA denies the remaining allegations contained in paragraph 14.

15. Lender's Service Inc. is no longer a party to this action and no response to paragraph 15 is necessary. To the extent any response is required, EA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

**JURISDICTION AND VENUE**

16. The allegations contained in paragraph 16 assert legal conclusions to which no responsive pleading is required, except EA admits that Plaintiffs purport to assert a claim against it under RESPA, 12 U.S.C. §2607(a).

17. The allegations contained in the first sentence of paragraph 17 assert legal conclusions to which no responsive pleading is required. The allegations contained in the second and fourth sentence of paragraph 17 relate to Plaintiffs and a defendant that have been dismissed from this action and therefore no responsive pleading is required. EA denies the remainder of the allegations contained in paragraph 17, except admits that EA is a Delaware limited liability company

and maintains a service center in Poway, California

18. EA denies the allegations contained in paragraph 18 of the SAC, except admits that in the SAC Plaintiffs seek to recover in excess of $5,000,000 on behalf of the themselves and the putative class.

19. The first sentence contained in paragraph 19 of the SAC contains legal conclusions to which no responsive pleading is required. EA admits that it conducts business within this judicial district and denies the remaining allegations contained in paragraph 19 of the SAC. EA is without knowledge or information sufficient to perform a belief as to the truth of the allegations relating to LSI.

**BASIC FACTUAL ALLEGATIONS**

20. EA denies the first and third sentences in paragraph 20 of the SAC as they relate to EA. EA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20.

21. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. EA denies the allegations contained in paragraph 25 of the SAC.

26. EA denies the allegations contained in paragraph 26 of the SAC insofar as they purport to characterize the contents and purposes of the appraisal reports and the provisions of state and federal laws relating to the preparation of the appraisals, the contents of which speak for themselves.

27. Answering paragraph 27 of the SAC, EA asserts that the USPAP Ethics Rules speak for themselves.

28. Answering paragraph 28 of the SAC, EA asserts that the USPAP Ethics Rules speak for themselves.

29. Answering paragraph 29 of the SAC, EA asserts that the USPAP Ethics Rules and Standards speak for themselves.

30. EA admits the allegations contained in the first sentence of paragraph 30 of the SAC purporting to quote the USPAP Ethics Rules and refers the Court to USPAP, the contents of which speak for themselves. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 30, and refers the Court to the "appraisal reports for the WaMu loans that are the subject of this Complaint," the contents of which speak for themselves.

31. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the SAC, and refers the Court to the "appraisal reports for the WaMu loans that are the subject of this Complaint," the contents of which speak for themselves.

32. Paragraph 32 of the SAC states a legal conclusion to which no responsive pleading is required. EA refers the Court to 12 U.S.C. §§ 3331 *et seq*. and 12 C.F.R. 34.45, the contents of which speak for themselves.

33. Answering paragraph 33 of the SAC, EA asserts that the OTS publication speaks for itself.

34. EA is without knowledge or information sufficient to form a belief as to the allegations in the first two sentences in paragraph 34 of the SAC. EA admits that in the Spring of 2006 WaMu retained EA to provide appraisal management services. EA denies the remaining allegations in paragraph 34.

35. Answering paragraph 35 of the SAC, EA asserts that the contents of its website speak for themselves, and denies Plaintiffs' characterizations of the contents. EA is without knowledge or information to form a belief as to the truth of the allegations relating to LSI.

36. Answering paragraph 36 of the SAC, EA admits that WaMu retained EA to provide appraisal management services in Spring 2006 and that its engagement ended on or about November

1, 2007. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to LSI and otherwise denies the remaining allegations contained in this paragraph.

37. Answering paragraph 37 of the SAC, EA admits that appraisals were performed through EA for WaMu by staff appraisers employed directly by EA and by fee appraisers who were independent contractors. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 relating to the conduct of LSI. EA denies the remaining allegations contained in this paragraph.

38. Answering paragraph 38 of the SAC, EA admits that it hired former WaMu appraisers as staff appraisers and appraisal business managers. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to LSI. EA denies the remaining allegations contained in this paragraph.

39. Answering paragraph 39 of the SAC, EA admits that pursuant to the Appraisal Outsourcing Services Agreement dated November 1, 2006 between EA and WaMu, WaMu was contractually entitled to request a reconsideration of value if it disagreed with an appraisal and provided evidence in support of its objection.. EA refers the Court to the Agreement, the terms of which speak for themselves. EA denies the remaining allegations contained in this paragraph.

40. Answering paragraph 40, insofar as it refers to the contents of the NYAG complaint, EA asserts that the NYAG complaint speaks for itself. EA denies the remaining allegations contained in this paragraph.

41. EA denies the allegations contained in the first sentence of paragraph 41 and is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of this paragraph.

42. Answering paragraph 42, insofar as it refers to the contents of the NYAG complaint, EA asserts that the NYAG complaint speaks for itself. EA denies the remaining allegations contained in this paragraph.

43. EA denies the allegations contained in paragraph 43 of the SAC.

/ / /



44. Answering paragraph 44, insofar as it refers to the contents of the NYAG complaint, EA asserts that the NYAG complaint speaks for itself, as does the email excerpt quoted therein. EA denies the remaining allegations contained in this paragraph.

45. EA denies the allegations contained in paragraph 45 of the SAC.

46. EA denies the allegations contained in paragraph 46 of the SAC, except admits that on March 5, 2007, Elizabeth Schmuhl of WaMu sent an e-mail which contains, but is not limited to, the quoted language in this paragraph..

47. EA denies the allegations contained in paragraph 47 of the SAC.

48. Answering paragraph 48, insofar as it refers to the contents of the NYAG complaint, EA asserts that the NYAG complaint speaks for itself, as does the email excerpt quoted therein. EA denies the remaining allegations contained in this paragraph.

49. EA denies the allegations contained in paragraph 49 of the SAC.

50. EA denies the allegations contained in paragraph 50 of the SAC.

51. Paragraph 51 of the SAC calls for legal conclusions to which no responsive pleading is required. EA refers the Court to 12 C.F.R. § 34.44, 12 C.F.R. § 34.45, USPAP and USPAP Ethic Rules, the contents of which speak for themselves.

52. EA denies the allegations contained in paragraph 52 of the SAC.

53. EA denies the allegations contained in paragraph 53 of the SAC.

54. Answering paragraph 54, insofar as it refers to the contents of the NYAG complaint, EA asserts that the NYAG complaint speaks for itself, as does the email excerpt quoted therein. EA denies the remaining allegations contained in this paragraph.

55. Answering paragraph 55, insofar as it refers to the contents of the NYAG complaint, EA asserts that the NYAG complaint speaks for itself, as does the email excerpt quoted therein. EA denies the remaining allegations contained in this paragraph.

56. EA denies the allegations contained in paragraph 56 of the SAC.

57. EA denies the allegations contained in paragraph 57 of the SAC.

/ / /

/ / /



**PLAINTIFF SIDNEY SCHOLL**

58. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the SAC.

59. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the SAC.

60. EA denies the allegations contained in the first three sentences of paragraph 60 of the SAC and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of this paragraph..

61. EA is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 61 of the SAC relating to Ms. Scholl's understanding or mental state and otherwise denies the allegations contained this paragraph.

62. EA denies the allegations contained in paragraph 62 of the SAC.

**PLAINTIFF FELTON A. SPEARS JR.**

63. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the SAC.

64. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the SAC.

65. EA denies the allegations contained in the first three sentences of paragraph 65 of the SAC and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of this paragraph..

66. EA is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 66 of the SAC relating to Mr. Spears's understanding or mental state and otherwise denies the allegations contained in this paragraph.

67. EA denies the allegations contained in paragraph 67 of the SAC.

**PLAINTIFFS JUAN AND CARMEN BENCOSME**

68. Paragraph 68 of the SAC states a claim on behalf of putative plaintiffs who have been dismissed and therefore no responsive pleading is required.

/ / /

69. Paragraph 69 of the SAC states a claim on behalf of putative plaintiffs who have been dismissed and therefore no responsive pleading is required.

70. Paragraph 70 of the SAC states a claim on behalf of putative plaintiffs who have been dismissed and therefore no responsive pleading is required.

71. Paragraph 71 of the SAC states a claim on behalf of putative plaintiffs who have been dismissed and therefore no responsive pleading is required.

72. Paragraph 72 of the SAC states a claim on behalf of putative plaintiffs who have been dismissed and therefore no responsive pleading is required.

73. EA denies the allegations contained in paragraph 73 of the SAC and further denies the existence of any such purported scheme.

74. EA denies the first two sentences contained in paragraph 74 of the SAC, except admits that EA retained certified appraisers in connection the appraisals at issue in this litigation. EA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

75. Answering paragraph 75, EA denies that there was any defect in the subject appraisals. EA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph..

76. EA denies the allegations contained in paragraph 76 of the Complaint, except admits that in the Fall of 2007 the New York Attorney General announced its investigation and the filing of the NYAG Complaint.

**CLASS ACTION ALLEGATIONS**

77. EA admits that Plaintiffs purport to bring a class action as set forth in paragraph 77 of the SAC. EA denies that class action treatment of this dispute is appropriate or that Plaintiffs are entitled to the relief sought.

78. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 78 of the SAC. The second sentence of this paragraph states a legal conclusion to which no responsive pleading is required.

/ / /



79. EA denies any factual allegations contained in paragraph 79 of the SAC, and to the extent the allegations contained in paragraph 79 assert legal conclusions no responsive pleading is required thereto.

80. EA denies any factual allegations contained in paragraph 80 of the SAC, and to the extent the allegations contained in paragraph 80 assert legal conclusions no responsive pleading is required thereto.

81. EA denies any factual allegations contained in paragraph 81 of the SAC, and to the extent the allegations contained in paragraph 81 assert legal conclusions no responsive pleading is required thereto.

82. EA denies any factual allegations contained in paragraph 82 of the SAC, and to the extent the allegations contained in paragraph 82 assert legal conclusions no responsive pleading is required thereto.

83. EA denies any factual allegations contained in paragraph 83 of the SAC, and to the extent the allegations contained in paragraph 83 assert legal conclusions no responsive pleading is required thereto.

## FIRST CLAIM FOR RELIEF

**(Against Defendants for Violation of RESPA, 12 U.S.C. §2607)**

84. EA hereby incorporates by reference its responses to the allegations contained in paragraphs 1-83 of the SAC as if fully set forth herein.

85. Paragraph 85 of the SAC relates to a purported claim under 12 U.S.C. §2607(b) that was dismissed by the Court in its March 9, 2009 Order, and therefore no response is required.

86. EA admits that Plaintiffs entered into federally related mortgage loans on or after June 1, 2006. EA otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, including the allegations relating to other purported class members.

87. The allegations contained in paragraph 87 of the SAC relate to Plaintiffs' claim under 12 U.S.C. §2607(b), which was dismissed by the Court in its March 9, 2009 Order. Accordingly, no response to these allegations is necessary.

88. The allegations contained in paragraph 88 of the SAC relate to Plaintiffs' claim under 12 U.S.C. §2607(b), which was dismissed by the Court in its March 9, 2009 Order. Accordingly, no response to these allegations is necessary.

89. Answering paragraph 89 of the SAC Answering, EA asserts that 12 U.S.C. §2607(a) speaks for itself.

90. EA denies the allegations contained in paragraph 90 of the SAC.

91. EA denies the allegations contained in paragraph 91 of the SAC.

92. EA denies the allegations contained in paragraph 92 of the SAC.

93. EA denies the allegations contained in paragraph 93 of the SAC.

**SECOND CLAIM FOR RELIEF**

**(Against Defendants for Unfair Business Practices in Violation of Business & Professions Code §§17200, *et seq.*)**

94. The Second Claim for Relief was dismissed by the Court's March 9, 2009 Order. Accordingly, no response to the allegations contained in this pleading count is necessary.

**THIRD CLAIM FOR RELIEF**

**(Against Defendants for Unfair Business Practices in Violation of Business & Professions Code §§17200, *et seq.*)**

95. The Third Claim for Relief was dismissed by the Court's March 9, 2009 Order. Accordingly, no response to the allegations contained in this pleading count is necessary.

**FOURTH CLAIM FOR RELIEF**

**(Against Defendants for Unfair Business Practices in Violation of Business & Professions Code §§17200, *et seq.*)**

96. The Fourth Claim for Relief was dismissed by the Court's March 9, 2009 Order. Accordingly, no response to the allegations contained in this pleading count is necessary.

**FIFTH CLAIM FOR RELIEF**

**(Against Defendants for Violation of the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.*)**

97. The Fifth Claim for Relief was dismissed by the Court's March 9, 2009 Order. Accordingly, no response to the allegations contained in this pleading count is necessary.

/ / /



**SIXTH CLAIM FOR RELIEF**

**(Against Defendant, EA for Breach of Express Contract)**

98. The Sixth Claim for Relief was dismissed by the Court's August 30, 2009 Order. Accordingly, no response to the allegations contained in this pleading count is necessary.

**SEVENTH CLAIM FOR RELIEF**

**(Against Defendant, LSI for Breach of Express Contract)**

99. The Seventh Claim for Relief is not directed against EA and has become moot with the dismissal of codefendant LSI from the action. Accordingly, no response to the allegations contained in this pleading count is necessary.

**EIGHTH CLAIM FOR RELIEF**

**(Against Defendants for Quasi-Contract/Unjust Enrichment)**

100. The Eighth Claim for Relief was dismissed by the Court's March 9, 2009 Order. Accordingly, no response to the allegations contained in this pleading count is necessary.

**AFFIRMATIVE DEFENSES**

EA states the following defenses without assuming the burden of proof of such defenses that would otherwise rest on plaintiff:

**FIRST DEFENSE**

This Court lacks subject matter jurisdiction over Plaintiffs' claim.

**SECOND DEFENSE**

The Second Amended Complaint fails to state a claim upon which relief can be granted against EA.

**THIRD DEFENSE**

Plaintiff's claims and/or the claims of any members of the class whom Plaintiffs purport to represent are barred, in whole or in part, because EA acted at all times in good faith and without knowledge or intent to violate RESPA, Section 8(a), and did not directly or indirectly participate in, or induce, any unlawful acts by others.

/ / /

/ / /



**FOURTH DEFENSE**

Plaintiffs' claims and/or the claims of members of the class that Plaintiff purports to represent are barred, in whole or in part, because this action cannot be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**FIFTH DEFENSE**

Plaintiffs have not suffered any injury or damage as a result of any act, error, omission or business arrangement alleged within the Second Amended Complaint.

**SIXTH DEFENSE**

The First Claim For Relief is barred by the safe harbor provisions of RESPA as contained in 12 U.S.C. §2607(c).

**SEVENTH DEFENSE**

Plaintiffs lack standing to assert any claim for relief under 12 U.S.C. §2607(a) and are not appropriate members of any class of consumers purportedly harmed by the practices alleged in the Second Amended Complaint.

**EIGHTH DEFENSE**

EA did not give or accept a "thing of value" within the meaning of 12 U.S.C. §2607(a) in connection with its business dealings with Washington Mutual Bank.

**NINTH DEFENSE**

No "referral" of a real estate settlement service occurred within the contemplation of 12 U.S.C. §2607(a) in connection with EA's provision of appraisal management services to Washington Mutual Bank.

**TENTH DEFENSE**

Plaintiffs' claims are barred by the applicable statute of limitations, including but not limited to the limitations prescribed by 12 U.S.C. §2614.

**ELEVENTH DEFENSE**

Plaintiffs and members of the class they purport to represent would be unjustly enriched if allowed any relief in this action.

/ / /

WHEREFORE, Defendant eAppraiseIT LLC prays for judgment as follows:

1. That Plaintiffs, and the members of the purported class, take nothing by the Second Amended Complaint, and that the claim be dismissed;

2. For costs of suit; and

3. For such other and further relief as the Court deems proper.

DATED: September 14, 2009.

DLA PIPER LLP (US)
RICHARD F. HANS
PATRICK J. SMITH
JEFFREY D. ROTENBERG

McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law

By: *_____/s/ Michael T. Fogarty_____*
MICHAEL T. FOGARTY

*Attorneys for Defendant eAppraiseIT, LLC*

