```
McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
MICHAEL T. FOGARTY (#065809)
LAURA J. FOWLER (#186097)
500 Capitol Mall, 18th Floor
Sacramento, CA  95814
Phone: 916.444.3900
Fax:    916.444.8334

DLA PIPER LLP (US)
RICHARD F. HANS (Pro Hac Vice, SBN 2593200NY)
PATRICK J. SMITH (Pro Hac Vice, SBN 2402394NY)
JEFFREY D. ROTENBERG (Pro Hac Vice SBN 3984994NY)
1251 Avenue of the Americas
New York, NY 10020
Phone: 212.335.4556
Fax: 917.778.8556

Attorneys for Defendant eAppraiseIT, LLC
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELTON A. SPEARS, JR. and SIDNEY SCHOLL, JUAN BENCOSME and CARMEN BENCOSME, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br> v.<br><br>FIRST AMERICAN EAPPRAISEIT (a/k/a eAppraiseIT, LLC), a Delaware limited liability company; and LENDERS SERVICES, INC. (a/k/a LSI Appraisal, LLC), a Delaware limited liability company,<br><br>     Defendants. | Case No. 5:08-CV-00868 (RMW)<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY EAPPRAISEIT, LLC FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND FOR A STAY**<br><br>Date: January 8, 2010<br>Time: 9:00 a.m.<br>Place: Courtroom 6, 4th Floor<br>    280 South 1st Street<br>    San Jose, CA 95113<br><br>**Honorable Ronald M. Whyte** |

NOTICE OF MOTION AND MOTION TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 8, 2009, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 6, 4th Floor, of the above-entitled Court, located at 280

1

South 1st Street, San Jose, CA 95113, before the Honorable Ronald M. Whyte, Defendant eAppraiseIT, LLC (erroneously sued herein as First American eAppraiseIT) ("EA") will and hereby does move the Court, pursuant to 28 U.S.C. § 1292, to certify for an interlocutory appeal the portion of the Court's order of August 30, 2009 denying EA's motion to dismiss the Second Amended Complaint ("SAC").  If the Court grants this relief, EA also requests that the Court issue a stay of this action pending the Ninth Circuit's consideration of the interlocutory appeal.

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities in Support of the Motion, all documents in the Court's file, matters of which this Court can take judicial notice, and any evidence or argument presented at or prior to the hearing on this matter.

## STATEMENT OF RELIEF SOUGHT

Pursuant to 28 U.S.C. § 1292, EA seeks certification for interlocutory appeal the portion of the Court's order of August 30, 2009 denying its motion to dismiss the SAC.  EA also requests a stay of these proceedings pending that appeal.

DATED: November 13, 2009.

        DLA PIPER LLP (US)
        RICHARD F. HANS
        PATRICK J. SMITH
        JEFFREY D. ROTENBERG

        McDONOUGH HOLLAND & ALLEN PC
        Attorneys at Law


By: _____*/s/ Michael T. Fogarty*_____
        MICHAEL T. FOGARTY

*Attorneys for Defendant eAppraiseIT, LLC*





## MEMORANDUM OF POINTS AND AUTHORITIES

EA respectfully submits the following memorandum of points and authorities in support of its motion for certification for interlocutory appeal. As demonstrated below, certification is proper under 28 U.S.C. § 1292, and this action should be stayed pending resolution of the resulting appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of home purchases and the receipt of mortgage loans. According to the allegations of the SAC, Plaintiffs separately applied for loans from Washington Mutual ("WaMu") to purchase or refinance their residential properties. WaMu, in turn, contracted with EA and LSI Appraisal, LLC ("LSI") for appraisal services in connection with the loans. Plaintiffs allege that WaMu conspired with EA and LSI to generate inflated appraisals, in order to allow WaMu to obtain advantageous terms on mortgage-backed securities.

On that premise, Plaintiffs – who purport to represent a class of consumers who also obtained mortgage loans from WaMu since January 1, 2006 – originally filed this action against WaMu, EA, and LSI. The proposed nationwide class includes all recipients of residential mortgage loans beginning in June 2006 for which WaMu obtained appraisals from or through EA and LSI. According to Plaintiffs, over the course of its relationship with WaMu, EA "conducted more than 260,000 appraisals for WaMu, receiving over $50 million from WaMu." SAC ¶ 25. Thus, the class Plaintiffs will seek to certify potentially will include many tens of thousands of individual borrowers across the country.

EA filed a motion to dismiss the First Amended Complaint on May 2, 2008. The Plaintiffs filed their opposition on June 25, 2008, and EA replied on August 1, 2008. The receivership and subsequent voluntary dismissal of defendant WaMu delayed oral argument until February 13, 2009. On March 9, 2009, the Court entered an order granting in part and denying in part EA's motion to dismiss. In its Order, the Court also granted Plaintiffs leave to amend their breach of contract claim within twenty days.

/ / /

/ / /

/ / /

Plaintiffs filed their SAC on March 30, 2009, alleging two claims against EA: the first a claim under Section 8(a) of the Real Estate Settlement and Procedures Act ("RESPA") and the second a claim for breach of contract. EA moved to dismiss the RESPA claim on the independent grounds that: (1) Plaintiffs lacked standing; (2) Plaintiffs failed to allege a "thing of value" under Section 8(a); (3) Plaintiffs failed to allege a "referral" under Section 8(a); and (4) the safe harbor provisions of Section 8(c) barred their claim. In its Order dated August 30, 2009, the Court denied EA's motion to dismiss the RESPA claim. The Court did dismiss the breach of contract claim on the ground that it was preempted by federal law. LSI filed a motion to dismiss, raising these same substantive arguments and contending that Plaintiffs lacked standing to assert any claims against it because LSI did not provide the appraisals for any named Plaintiff. In its August 30 Order, the Court dismissed all claims against LSI with prejudice on the ground that Plaintiffs lacked standing. As a result, the sole remaining claim in this action is a RESPA Section 8(a) claim against EA.

## II. DISCUSSION

The original Complaint filed by the Plaintiffs featured three corporate defendants and seven claims for relief. Today, all that remains is a single RESPA claim against one defendant. As reflected in the extensive briefing of all original parties in connection with motions to dismiss the First and Second Amended Complaints, the novel claim levied under RESPA 8(a) presents unique questions of law as to which there is limited case law and, admittedly, no controlling precedent. The few reported judicial decisions from other jurisdictions addressing the legal issues reflect material disagreement or contradict the Court's opinion here.

### A. EA's Application Satisfies Each of the Statutory Elements for Certification

EA meets the requirements for obtaining an interlocutory appeal. Under 28 U.S.C. § 1292, this Court may certify for an interlocutory appeal its order denying in part EA's motion to dismiss the SAC. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025-26 (9th Cir. 1982). Certification is appropriate where the district court's order in question involves "[1] a controlling question of law as to which there is [2] substantial ground for difference of opinion and [3] … an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See, e.g,* 28

///

U.S.C. § 1292(b); *In re Cement Antitrust Litig.*, 673 F.2d at 1026; *Northstar Fin. Advisors Inc. v. Schwab Inv.*, No. C 08-4119, 2009 WL 1126854, at *1 (N.D. Cal. Apr. 27, 2009).[1]

      The circumstances here satisfy the statutory factors. First, each of the four arguments EA raises present a "controlling question of law." To establish that an issue presents a controlling question, the moving party must show that 'resolution of the issue on appeal could materially affect the outcome of litigation in the district court' or terminate the litigation. *Ovando v. City of Los Angeles*, 92 F. Supp. 2d 1011, 1025 (C.D. Cal. 2000) (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1026)); *See In re Cintas Corp. Overtime Pat Arbitration Litig.*, No. M:06-cv-01781, 2007 WL 1302496 (N.D. Cal. May 2, 2007) (finding a question controlling where actions would be dismissed if movants prevailed on appeal).[2] This element serves "to capture those 'exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation.'" *Dalie v. Pulte Home Corp.*, 636 F. Supp. 2d 1025, 1028 (E.D. Cal. 2009) (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1026)).

      For instance, in *Ovando*, the district court held that the issue - whether the plaintiff stated a cause of action for violation of substantive due process - was a controlling question because there would be no federal question if the Court of Appeals dismissed the claim. Thus, the Court found that a ruling on that question in the defendant's favor could materially affect the outcome of the litigation, as it would potentially result in dismissal. 92 F. Supp. 2d at 1025. Similarly, in *Dalie*, the Court found that the "question is controlling because it will determine what claims are litigated in this court and, practically, whether the plaintiffs will continue to pursue a majority of their claims in any forum." 636 F. Supp. 2d at 1028. The issues raised by EA on this motion are controlling under this standard. A decision in EA's favor on any of the grounds advanced would show that the RESPA claim lacks merit and would result in the dismissal, thereby ending the litigation.

---

[1] Certification, of course, does not guarantee that an appeal will be accepted. Where the district court certifies an order for interlocutory appeal, the Court of Appeals still has discretion whether to hear or reject that appeal.

[2] "The issue need not be 'dispositive of the lawsuit in order to be regarded as controlling," but it cannot be collateral to the basic issues of the case. *Dalie v. Pulte Home Corp.*, 636 F. Supp. 2d 1025, 1028 (E.D. Cal. 2009) (citing *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959)).

Second, "substantial ground" for disagreement exists on the issues presented by EA. As is the case here, substantial grounds for difference of opinion exist where there is no firmly established precedent on point with respect to the issues presented for appeal. *See, e.g, Northstar Fin. Advisors, Inc.*, 2009 WL 1126854, at *1. In ruling on EA's motion to dismiss, this Court rejected the only other federal judicial decision addressing two of the four grounds on which EA based its motion – whether the Plaintiffs alleged a "thing of value" under Section 8(a) and whether, even if they did, the safe harbor of Section 8(c) shields EA from liability. *See Cedeno v. IndyMac Bancorp, Inc.*, No. 06 Civ. 6438, 2008 WL 3992304, at *3 (S.D.N.Y. Aug. 26, 2008). EA is unaware of any other court within the Ninth Circuit (or in any other jurisdiction) ruling on either of these issues in this context. Indeed, neither the Court nor the Plaintiffs cited any such decisions in connection with the prior motions and rulings.

Moreover, EA is similarly unaware of any decisions discussing whether a "referral" within the meaning of RESPA has occurred here. Specifically, no court has addressed whether a "required use" occurs when a lender obtains an appraisal in connection with a home mortgage loan, which the borrower purports to rely upon in lieu of obtaining his or her own appraisal. EA respectfully submits that this Court did not correctly interpret and apply the "required use" element of 24 C.F.R. § 3500.2 in the context of appraisals in connection with federally regulated home mortgage loans. Cases considering "required use" with regard to other settlement services suggest that this Court erred in determining that WaMu required the Plaintiffs to use the appraisals obtained by WaMu from EA. *See, e.g., Yeatman v. D.R. Horton, Inc.*, 577 F.3d 1329, 1330 (11th Cir. 2009) (holding an option of a discount on closing costs does not violate regulations prohibiting arrangements where consumers are required to use a specified service in order to buy another service or product).

Finally, the standing question is unequivocally the subject of substantial disagreement within the district courts, and only one federal appeals court has addressed the issue. *Compare United States v. Welles-Bowen Realty (In re Carter)*, 553 F.3d 979 (6th Cir. 2009), with *Moore v. Radian Group, Inc.*, 233 F. Supp. 2d 819, 823-26 (E.D. Tex. 2002), *aff'd*, 69 F. App'x 659 (5th Cir. 2002) (rejecting notion of per se violation of RESPA; without an allegation of overcharges, plaintiffs lack standing to bring RESPA claim), and *Morales v. Attorneys' Title Ins. Fund, Inc.*, 983 F. Supp. 1418,

1429 (S.D. Fla. 1997) (rejecting RESPA claim on standing grounds in absence of an overcharge). Again, the Ninth Circuit has not ruled on this issue, and there is no persuasive authority from within the Circuit on point. *See United States ex rel. Huangyan Imp. & Exp. Corp v. Nature's Farm Prods., Inc.*, 370 F. Supp. 2d 993, 1005 (N.D. Cal. 2005); *Ovando*, 92 F. Supp. 2d at 1025 (noting that substantial grounds for disagreement existed because (1) neither the parties nor the court found existing precedent directly on the issue, (2) the most pertinent precedent was 13 years old, and (3) appellate courts could reasonably decide the issue differently).

Third, as reflected above, if EA prevails on this interlocutory appeal, this litigation would be materially advanced because the entire action would then be dismissed. *See, e.g, In re Cintas Corp. Overtime Pat Arbitration Litig.*, 2007 WL 1302496, at *2. With such an outcome, "the protracted and expensive litigation, and burdens on the court system, that would result from the denial of § 1292(b) certification would be entirely avoided." *Id.*

EA respectfully recognizes that this Court did not embrace EA's arguments when considering its motions to dismiss. Notwithstanding, the issues presented are the very type of difficult legal questions of first impression that 28 U.S.C. § 1292(b) is intended to address. The issues for which EA seeks interlocutory review are threshold questions aimed at the heart of when allegations under Section 8(a) are sufficient to state a claim and implicate, *inter alia*, important issues of statutory interpretation and constitutional standing. Given the unequivocal satisfaction of each of the statutory factors, this Court should certify its order denying EA's motion to dismiss for appeal.

B. **The Court Should Stay this Action Pending the Appeal**

Upon certification, the Court has discretion to stay proceedings pending the appeal. *See* 28 U.S.C. § 1292(b); *Mediterranean Enter., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). Such a stay conserves judicial resources when there is a chance that the appeal will render further action moot, as is the case here. Proceeding toward resolution on the merits of Plaintiffs' putative class action claim will involve significant time and expense, including class certification motions, and related travel for counsel, and extensive summary judgment motions. Should summary judgment motions not resolve the case, a potentially lengthy and complex trial would follow. All of this time, effort, and cost would ultimately have been for naught if the Ninth Circuit were to decide

later that, as EA argues, Plaintiffs' allegations fail to state a claim under RESPA Section 8(a). Thus, a stay for the pendency of the instant interlocutory appeal would protect this Court's and the parties' limited resources by obtaining definitive guidance on the issues presented.

Document discovery is substantially complete and depositions of the class representatives relating to class discovery have been scheduled. Though EA offered to adjourn these depositions pending resolution of this motion, it is prepared to proceed with them at this time - subject to Plaintiffs' timely response to EA's First Set of Interrogatories - in light of potential issues with the representatives' limited availability at a later date. In the interests of economy, the Court should, however, stay all other discovery, motion practice on class certification, and extend briefing and other deadlines accordingly pending a ruling by the Ninth Circuit on EA's appeal.

### III. CONCLUSION

For the foregoing reasons, EA respectfully requests that its motion for certification of an interlocutory appeal and for a stay be granted.

DATED: November 13, 2009.

>DLA PIPER LLP (US)
>RICHARD F. HANS
>PATRICK J. SMITH
>JEFFREY D. ROTENBERG
>
>McDONOUGH HOLLAND & ALLEN PC
>Attorneys at Law
>
>By: _____*/s/ Michael T. Fogarty*_____
>       MICHAEL T. FOGARTY
>
>*Attorneys for Defendant eAppraiseIT, LLC*