1  Joseph N. Kravec, Jr. *(Admitted Pro Hac Vice)*
   SPECTER SPECTER EVANS
2     & MANOGUE, P.C.
   The 26th Floor Koppers Building
3  Pittsburgh, Pennsylvania 15219
   Tel:    (412) 642-2300
4  Fax:    (412) 642-2309
   E-mail: jnk@ssem.com
5
   Michael D. Braun (167416)
6  BRAUN LAW GROUP, P.C.
   12304 Santa Monica Blvd., Suite 109
7  Los Angeles, CA 90025
   Tel:    (310) 442-7755
8  Fax:    (310) 442-7756
   E-mail: service@braunlawgroup.com
9
   Ira Spiro (67641)                        Janet Lindner Spielberg (221926)
10 J. Mark Moore (180473)                   LAW OFFICES OF JANET
   SPIRO MOSS LLP                           LINDNER SPIELBERG
11 11377 West Olympic Blvd., Fifth Floor    12400 Wilshire Blvd., Suite 400
   Los Angeles, CA 90064-1683               Los Angeles, CA 90025
12 Tel:    (310) 235-2468                   Tel:    (310) 392-8801
   Fax:    (310) 235-2456                   Fax:    (310) 278-5938
13 E-mail: ira@spiromoss.com                E-mail: jlspielberg@jlslp.com
           mark@spiromoss.com
14

15 *Attorneys for Plaintiffs*

16              **UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
17                  **SAN JOSE DIVISION**

18

19 FELTON A. SPEARS, JR. and SIDNEY        )   **CASE NO.: 5:08-CV-00868 (RMW)**
   SCHOLL, on behalf of themselves and all )
20 others similarly situated,               )   **Hon. Ronald M. Whyte**
                                            )
21            Plaintiffs,                   )   **CLASS ACTION**
                                            )
22        v.                                )   **OPPOSITION TO MOTION BY**
                                            )   **EAPPRAISEIT, LLC FOR CERTIFICATION**
23 WASHINGTON MUTUAL, INC., a               )   **OF INTERLOCUTORY APPEAL AND FOR**
   Washington corporation; WASHINGTON       )   **A STAY**
24 MUTUAL BANK, FA (a/k/a                    )
   WASHINGTON MUTUAL BANK); FIRST )             Date:      January 8, 2010
25 AMERICAN EAPPRAISEIT, a Delaware          )   Time:      9:00 a.m.
   corporation; and LENDER'S SERVICE,        )   Place:     Ctrm 6, 4th Floor
26 INC.,                                     )              280 South 1st Street
                                            )              San Jose, CA 95113
27            Defendants.                   )
   _____)
28

1

## TABLE OF CONTENTS

2

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     DEFENDANT'S MOTION IS PROCEDURALLY IMPROPER AND UNTIMELY
        AND SHOULD BE DENIED ON THIS GROUND ALONE . . . . . . . . . . . . . . . . . . . . . . . 2

III.    DEFENDANT HAS FAILED TO DEMONSTRATE THAT EXCEPTIONAL
        CIRCUMSTANCES WARRANT AN INTERLOCUTORY APPEAL HERE . . . . . . . . . . 7

        A.      The "Standing" Question and Defendant's Misrepresentations Regarding the
                Relevant Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        B.      Defendant Provides No Legitimate Grounds for Certifying the "Referral"
                Question . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        C.      There Is No Basis to Certify the "Safe Harbor" and "Thing of Value" Issues  . . . . 14

IV.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

1

<u>**TABLE OF AUTHORITIES**</u>

2

<u>FEDERAL CASES</u>

3

4

Abbey v. United States,
    – Fed. Cl. – 2009 WL 3347114, *3 (Fed. Cl. Oct. 14, 2009) . . . . . . . . . . . . . . . . . . . . . . . 4

5

Alston v. Countrywide Financial Corporation,
    – F.3d –, 2009 WL 3448264, (3rd Cir. (Pa.) Oct. 28, 2009) . . . . . . . . . . . . . . . 1, 10, 11, 12

6

7

Benway v. Resource Real Estate Services, LLC
    239 F.R.D. 419 (D. Md. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

8

Boulware v. Crossland Mortgage Corporation
    291 F.3d 261, 266 (4th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9

9

Carter v. Welles-Bowen Realty, Inc.
    553 F.3d 979 (6th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 10, 11

10

Coopers & Lybrand v. Livesay
    437 U.S. 463, 98 S.Ct. 2454 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

11

12

Edwards v. First American Corporation
    517 F.Supp.2d 1199 (C.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11-12

13

Ferraro v. Sec. of HHS
    780 F. Supp. 978 (E.D.N.Y 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

14

15

Hightower v. Schwarzenegger
    2009 WL 3756342 (E.D. Cal. Nov. 6, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 15

16

In re Buspirone
    210 F.R.D. 43 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

17

18

In re Cement Antitrust Litigation
    673 F.2d. 1020 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

19

In re Flor
    29 F.3d 281 (2nd Cir.1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

20

21

Kahrer v. Ameriquest Mortg. Co.
    418 F.Supp.2d 748 (W.D.PA 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

22

23

Proctor v. Metropolitan Money Store Corp.
    – F. Supp.2d —, 2009 WL 2516361 (D. Md. Aug. 13, 2009) . . . . . . . . . . . . . . . . . . . . . . 15

24

Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.
    202 F.3d 957 (7th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

25

Scholl v. United States
    68 Fed. Cl. 58 (Fed. Cl., 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

26

27

Spears v. Washington Mutual, Inc.
    2009 WL 2761331 (N.D. Cal. Aug. 30, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9, 14

28

Spears, et al. v. Washington Mutual, Inc., et al.
      2009 WL 605835 (N.D.Cal. March 9, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Weir v. Propst
      915 F.2d 283 (7th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

White v. Nix
      43 F.3d 374 (8th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

Yeatman v. D.R. Horton, Inc.
      577 F.3d 1329 (11th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13


STATUTES

12 U.S.C. 2706(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

28 U.S.C. § 1292 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 7

28 U.S.C. § 1292(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

28 U.S.C. § 1292(d)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4


REGULATIONS

24 C.F.R. § 3500.14(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

24 C.F.R. § 3500.14(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

24 C.F.R. § 3500.14(f)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

24 C.F.R. § 3500.14(g)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

24 C.F.R. § 3500.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13


RULES

Federal Rules of Appellate Procedure
      Rule 5(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Local Rule 7-2(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. **INTRODUCTION**

This Court has twice found, correctly, that Plaintiffs have adequately alleged that Defendant violated section 8(a) of RESPA.   Now, two-and-a-half months after the Court's second, August 30, 2009 ruling sustaining Plaintiffs' section 8(a) claim, after its recent production of millions of pages of documents, and *without any explanation whatsoever for its long delay* in filing the instant Motion, Defendant wants this Court to certify its August 30, 2009 ruling for an "immediate appeal" and to stay this case pending resolution of any resulting appeal, assuming the Ninth Circuit were willing to consider its arguments.

Defendant's Motion is without merit.

First, the Motion is unquestionably untimely, and Defendant offers no explanation for waiting months to file it.   Each of the "issues" it seeks to have certified were disposed of by this Court in its March 9, 2009 order and, again, in its August 30, 2009 order.

Second, Defendant's motion is predicated on misrepresentations about the state of the law and patently fails to demonstrate that the exceptional circumstances warranting an interlocutory appeal are present here.   There is no basis for this Court to certify its issues for an immediate appeal which would almost certainly be rejected by the Ninth Circuit.

Contrary to Defendant's claims, for example, *three* Circuit courts of appeal - not *one* - have rejected Defendant's claim that to have "standing" for purposes of a RESPA section 8(a) referral/kickback claim, a plaintiff must allege and prove an "overcharge.**"** The most recent such opinion was issued two weeks before Defendant filed its present Motion. *See Alston v. Countrywide Financial Corporation*, – F.3d –, 2009 WL 3448264, *4 (3rd Cir. (Pa.) Oct. 28, 2009). This Court previously agreed with the Sixth Circuit's comprehensive analysis and holding in *Carter v. Welles-Bowen Realty, Inc.*, 553 F.3d 979 (6th Cir. 2009), as did the Third Circuit in *Alston*.   See also *Boulware v. Crossland Mortgage Corporation*, 291 F.3d 261, 266 (4th Cir. 2002) (noting that section 8(a) "does not require an overcharge to a consumer.")

1

1    Thus, nothing has happened since the Court's last ruling except that *yet another* Circuit has

2    rejected Defendant's standing/overcharge argument.  That certainly does not amount to a basis for

3    an interlocutory appeal.   Moreover, contrary to Defendant's claims that no persuasive authority

4    from this Circuit exists, two other district courts from *this* Circuit agree with this Court's view that

5    no "overcharge" is required.  *Edwards v. First American Corporation*, 517 F.Supp.2d 1199, 1204

6    (C.D. Cal. 2007); *Munoz v. PHH Corp, et al*, -- F.Supp.2d --, CIV Case No. 08-0759 AWI, 2009

7    WL 3048909, at **6-7 (E.D. Cal. Sept. 18, 2009).

8    Regardless of the reasons for its inaccurate claims, the truth is that no court from this

9    Circuit, and no Circuit court of appeal, agrees with Defendant's standing argument.   Indeed, the

10   truth is that three courts from this Circuit (including this Court), and three Circuit courts, have

11   rejected Defendant's standing argument.  In fact, since *Carter,* there have been no courts that have

12   held otherwise.

13   As further demonstrated below, Defendant has simply failed to demonstrate that any

14   "substantial" ground for disagreement exists with respect to *any* of the issues it now belatedly seeks

15   to have certified for interlocutory review.

16   In short, Defendant's motion is untimely, fails to raise any substantial issue warranting

17   immediate review and, in fact, lacks merit.  For any or all of these reasons, this motion for

18   interlocutory appeal should be denied.   The accompanying stay request, premised on the request for

19   certification, should likewise be denied.

20

21   **II.    DEFENDANT'S MOTION IS PROCEDURALLY IMPROPER AND UNTIMELY**

22         **AND SHOULD BE DENIED ON THIS GROUND ALONE**

23   Three of the "questions" which Defendant believes merit interlocutory review were ruled

24   upon by this Court nine months ago, in its March 9, 2009 order denying Defendant's first motion to

25   dismiss.   The fourth – the "standing" question - was thoroughly discussed at the hearing on

26   Defendant's first motion and was then finally and formally ruled upon by the Court in its August

27   30, 2009 order denying Defendant's motion to dismiss the Second Amended Complaint.

28   Notably, this Court did not certify either its March 9, 2009 opinion or its August 30, 2009

2

opinion for interlocutory appeal under 28 U.S.C. § 1292(b), nor did Defendant request such certification in its briefing or at any time thereafter.   Now, months later, Defendant asks the Court to "certify for an interlocutory appeal" the August 30, 2009 order.  Its request is untimely and procedurally improper and should be denied for the reasons discussed below.

28 U.S.C. § 1292(b) provides:

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Since this Court apparently was not "of the opinion" that the grounds for interlocutory appeal were satisfied, it did not include the mandatory statutory certification in either its March 9, 2009 order or its August 30, 2009 order.[1]

---

[1]Nor does Defendant even ask this Court to include such a certification now, in either written order.  That is, Defendant has not actually requested that the Court *amend* its August 30, 2009 order, let alone its March 9, 2009 order, to include the required certification under Section 1292(b).  See Local Rule 7-2(b)(3) (requiring that notice include "a concise statement of what relief or Court action the movant seeks").   See also F.R.App.P. 5(a)(3) ("If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement.")  Here, rather than request an amendment of the August 30, 2009 order (or the earlier order), Defendant's Motion merely asks the Court "to certify for an interlocutory appeal the portion of the Court's Order of August 30, 2009 denying EA's motion to dismiss the Second Amended Complaint ("SAC")."

3

1        Moreover, Defendant does not even *argue* that its Motion was brought in a timely fashion,

2   consistent with 28 U.S.C. § 1292 and the case law construing it, let alone attempt to explain its

3   delay in filing the Motion.   Apparently recognizing it has no credible explanation to provide,

4   Defendant simply elects to remain silent on the threshold timing issue in its moving papers.

5        Section 1292(b) does not set an explicit time limit within which a party must file a motion to

6   certify an earlier ruling.   "However, it does refer to an 'immediate appeal' and it mandates that an

7   application to appeal - following a trial court's order that includes the trial judge's certification -

8   must be filed in the circuit court within ten days after the entry of the order." *Scholl v. United*

9   *States*, 68 Fed. Cl. 58, 59 (Fed. Cl., 2005) (denying motion for interlocutory appeal as untimely,

10   under "virtually identical" section 1292(d)(2)).   See also *Richardson Elecs., Ltd. v. Panache Broad.*

11   *of Pa.*, Inc., 202 F.3d 957, 958 (7th Cir. 2000) (a judge should not grant a request for interlocutory

12   appeal that a party has inexcusably delayed in filing); *Abbey v. United States*, – Fed. Cl. – 2009 WL

13   3347114, *3 (Fed. Cl. Oct. 14, 2009) ("***timeliness must be treated as a threshold issue*** because

14   amending an earlier order to include certification for interlocutory appeal, as the defendant has

15   requested here, effectively extends the ten day limit within which a party can appeal. [Citations

16   omitted.] An amendment that effectively extends the ten-day limitation within which a party can

17   appeal is proper only if there is a reason for the delay.") (Emphasis added.)

18        In denying a motion to amend and certify as untimely, the *Scholl* court observed the

19   following:

20        "The statutory expectation that the appeal process will be implemented with dispatch

21        should not be circumvented without reason.  ***Accordingly, granting a motion to***

22   _____

23   (Notice of Motion, p. 2, lines 3-5.)    Defendant's failure to move that the Court *amend* its August

24   30, 2009 order to include the required certification defeats interlocutory review, since Section
1292(b) makes clear that the Court of Appeal may only permit an appeal to be taken "if application

25   is made to it within ten days" of the order containing the rulings that allegedly satisfy the standards
for interlocutory appeal.   A separate "certification" order - as requested by Defendant - that merely

26   "certifies" an earlier substantive order would not itself be reviewable, since the requirements of
Section 1292(b) are jurisdictional. *See, e.g., White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994)

27   (dismissing appeal, noting that the "requirements of § 1292(b) are jurisdictional" and finding that
district judge had abused discretion in certifying an interlocutory appeal despite absence of

28   statutory criteria).

4

1      *amend beyond the ten-day limitation period is only proper where there is a reason*

2      *for the delay*.   *See, e.g., Weir v. Propst*, 915 F.2d 283, 287 (7th Cir. 1990); *Ferraro*

3      *v. Sec. of HHS*, 780 F. Supp. 978, 979 (E.D.N.Y 1992).   *Unreasonable delay*

4      *constitutes sufficient cause to deny a motion and a judge 'should not grant an*

5      *inexcusably dilatory request.*'   *Richardson Elecs., Ltd. v. Panache Broad. of Pa.,*

6      *Inc*., 202 F.3d 957, 958 (7th Cir. 2000)."

7      *Scholl*, 68 Fed. Cl. at 59-60 (emphasis added).

8           Here, Defendant has offered *no* reason for its delay in bringing the present Motion, which

9      was filed eight months after the Court's first ruling in March 2009 (rejecting Defendant's "referral,"

10     "thing of value" and "safe harbor" arguments), and two-and-a-half months after the Court's August

11     30, 2009 ruling.   Its Motion should be denied for this reason alone.

12          Even if Defendant could offer some reason for waiting to seek certification until a bit more

13     than 10 days after the Court's August 30, 2009 order, it can offer no reasonable basis for waiting as

14     long as it did, i.e., nearly three months.   Numerous courts have dismissed such motions made after

15     an unjustified two to three month delay as being untimely.   *See, e.g., Weir v. Propst*, 915 F.2d 283,

16     287 (7th Cir. 1990) (Posner, J.) (the Seventh Circuit finding certification untimely when the district

17     court granted certification after a two-month delay, noting that while there is no strict time period

18     within which to seek certification, the flexibility should not be used to bypass the 10-day limit, lest

19     the limitation imposed by permitting an immediate appeal within the ten days immediately

20     following certification be effectively nullified); *Richardson Elecs., Ltd. v. Panache Broad. of Pa.,*

21     *Inc*., 202 F.3d 957, 958 (7th Cir. 2000) (Posner, J.) (denying request for certification after two month

22     delay); *Ferraro v. Sec. of HHS*, 780 F. Supp. 978, 979 (E.D.N.Y 1992) (request for certification

23     untimely after three-month delay); *In re Buspirone*, 210 F.R.D. 43, 49 (S.D.N.Y. 2002) (noting the

24     lack of reasonable justification for a three-month delay in denying defendant's motion); *Fabricant*

25     *v. Sears Roebuck & Co.*, No. 98-1281-Civ. 2001 U.S. Dist. Lexis 24518 (S.D. Fla. Jan. 26, 2001)

26     (denying motion to certify as untimely after 46-day delay); *Green v. City of New York*, No. 05-CV-

27     0429, 2006 WL 3335051, *2 (E.D.N.Y. Oct. 23, 2006) (denying motion where no justification was

28     offered for two-month delay).

1    Here, Defendant first moved to dismiss Plaintiffs' RESPA section 8(a) claim in a motion

2    filed on May 2, 2008.   Defendant filed its reply in support of that motion on August 1, 2008.   In

3    its motion, Defendant argued, *inter alia*, that Plaintiffs had not alleged a "thing of value" under

4    section 8(a), that Plaintiffs had not alleged a "referral" under section 8(a), and that the safe harbor

5    provisions of section 8(c) barred their claim.   Defendant also made its "standing" argument by

6    incorporating former defendant Washington Mutual's pleading arguments, which raised that issue.

7    This Court rejected Defendant's arguments and sustained Plaintiffs' section 8(a) claim in its March

8    9, 2009 order.

9    Defendant did not request § 1292(b) certification of those rulings in its motion, in its reply,

10   at the hearing, or at any time thereafter, until now.   Nor did it move for reconsideration of those

11   rulings, at least until it asked the Court to "reconsider" those rulings in the context of its second

12   motion to dismiss the (unchanged) section 8(a) claim in the Second Amended Complaint.[2]   Indeed,

13   Defendant *still* has not asked the Court to amend its March 9, 2009 decision to include a

14   certification under 28 U.S.C. § 1292.   Instead, Defendant lumps those rulings, which this Court

15   made in March 2009, into its current motion seeking certification of an interlocutory appeal with

16   respect to the later, August 30, 2009 decision.   Its attempt to obtain certification of questions which

17   were addressed in March 2009 is plainly untimely.

18   Likewise, while the Sixth Circuit's decision in *Carter v. Welles-Bowen Realty, Inc.*, 553

19   F.3d 979 (6th Cir. 2009) was not discussed in the parties' *briefing* prior to the Court's March 9,

20   2009 ruling, *Carter* was in fact discussed by counsel and the Court at length at the hearing on the

21   first motion to dismiss.   Defendant did not request certification of the standing question then, or at

22   any time thereafter.   It could have requested certification of the standing question in its second

23   motion to dismiss, but didn't.   It could have requested certification in its reply in support of that

24

25   [2] Plaintiffs moved to strike the motion to dismiss the section 8(a) claim in the SAC as an
     unauthorized and improper motion for reconsideration, but the Court denied Plaintiffs' motion

26   when it denied the motion to dismiss.   *Spears v. Washington Mutual, Inc.*, Slip Copy, 2009 WL
     2761331, *3 (N.D. Cal. Aug. 30, 2009) ("Because some of EA's arguments were considered by the

27   court and rejected in the Court's March 9, 2009 order, plaintiffs move to strike the repeated
     arguments in the motion to dismiss.   The court finds the motion to strike of little practical import,

28   and will therefore deny it . . .")

6

1    motion, but didn't.  Nor did it request certification of the standing issue at oral argument, or within

2    ten days of entry of the Court's August 30, 2009 order denying the second motion to dismiss.

3          Instead, Defendant waited until November 13, 2009 to ask the Court to certify the

4    (purported) "standing" question for an interlocutory appeal, and still provides no reason for its

5    delay.

6          The fact is that, since the Court's August 30, 2009 ruling, the parties have engaged in

7    discovery in this case in preparation for class certification briefing.  Each of the named plaintiffs

8    has been deposed.  Additionally, over the course of the past few weeks, Defendant has produced

9    nearly five million pages of documents for Plaintiffs' counsel to review, and Plaintiffs' counsel

10   have begun the process of reviewing them.[3]

11         Regardless of the motivation for Defendant's sudden desire to take an "immediate" appeal

12   from the Court's earlier rulings and to obtain a stay of the case in the interim, Defendant's Motion

13   is plainly untimely based on the case law cited above.   Its request that this Court certify the

14   "standing" question (and the other, earlier-ruled upon questions) should be denied on that basis.

15

16   **III.    DEFENDANT HAS FAILED TO DEMONSTRATE THAT EXCEPTIONAL**

17   **CIRCUMSTANCES WARRANT AN INTERLOCUTORY APPEAL HERE**

18         Setting aside the threshold timing issue which Defendant's Motion ignores, Plaintiffs do not

19   dispute that this Court may certify for interlocutory appeal an order which involves (1) a controlling

20   question of law, as to which there is (2) a substantial ground for difference of opinion, and where

21   (3) an immediate appeal from the order may materially advance the ultimate termination of the

22   litigation.  (See Defendant's Motion at 4:24-27.)

23         Plaintiffs do, however, dispute that Defendant has met its burden of showing that the

24   element of a "substantial ground for difference of opinion" is present here with respect to any of the

25

26         _____

27         [3]Plaintiffs suspect that the reason Defendant has suddenly decided that an interlocutory review and a stay are desirable is because - in connection with its document production - Defendant's counsel reviewed the documents at issue and found them troublesome to Defendant's

28   positions regarding class certification and the merits.

**OPPOSITION TO MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND FOR A STAY**
**CASE NO.: 5:08-CV-00868 (RMW)**

1    "questions" with respect to which it seeks certification under § 1292.

2        Before addressing Defendant's arguments, it bears noting that interlocutory appeals are not

3    intended to be commonplace.   To the contrary, the general rule is that an appellate court should not

4    review a district court ruling until after entry of a final judgment.   *Coopers & Lybrand v. Livesay*,

5    437 U.S. 463, 474, 98 S.Ct. 2454 (1978); *In re Cement Antitrust Litigation*, 673 F.2d. 1020, 1026

6    (1982).  Section 1292(b) is an exception to the general rule, "which exists for those exceptional

7    circumstances where considerations of judicial economy and fairness demand interlocutory review

8    of an order.  The party seeking certification of an interlocutory appeal has the burden to show the

9    presence of those exceptional circumstances."   *Yakima Products, Inc., v. Industri AB Thule, et al*,

10   No. 97-20588 SW, 1998 WL 173205, *2 (N.D. Cal., March 19, 1998) (citing *Coopers & Lybrand*,

11   437 U.S. at 474-75, in denying motion to certify questions for interlocutory appeal and stay

12   proceedings); *see also Batt v. City of Oakland*, No. C 02-04975 MHP, 2006 WL 2925681, at *2

13   (N.D. Cal. Oct. 12, 2006) (citing *United States Rubber Co. v. Wright*, 359 F.2d 784, 875 (9th Cir.

14   1966) in noting that "[u]se of immediate interlocutory appeals is reserved for 'extraordinary

15   cases.'"); *Hightower v. Schwarzenegger*, 2009 WL 3756342, at *2 (E.D. Cal. Nov. 6, 2009)

16   ("'Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's-teeth

17   rare.'" [quoting *Camacho v. Puerto Rico Ports Authority*, 359 F.3d 570, 573 (1st Cir. 2004)]).

18       With respect to the requirement that there be a "substantial ground for difference of

19   opinion," it is well-established that "[a] party's strong disagreement with the Court's ruling is not

20   sufficient for there to be a 'substantial ground for difference'; the proponent of an appeal must make

21   some greater showing."  *Yakima*, 1998 WL 173205, at *2 (citing *Kern-Tulare Water Dist. v.

22   Bakersfield*, 634 F.Supp. 656, 667 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other

23   grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015, 108 S.Ct. 1752 (1988)).

24       In addition, "the mere presence of a disputed issue that is a question of first impression,

25   standing alone, is insufficient to demonstrate a substantial ground for difference of opinion under §

26   1292(b)."  *In re Flor*, 29 F.3d 281, 284 (2nd Cir.1996); *Lenz v. Universal Music Corp.*, No. 07-

27   3873, 2009 WL 4790669, *2  (N.D.Cal. Oct. 28, 2008) (same, denying defendant's § 1292(b)

28   motion that failed to demonstrate substantial ground for difference of opinion); *Stuart v.*

8

1   *RadioShack Corporation*, No. C-07-4499 EMC, 2009 WL 1817007, at *2 (N.D.Cal. June 25, 2009)

2   (denying defendant's § 1292(b) motion despite its claim that an issue of first impression was

3   involved, citing *Flor* and noting that "simply because the legal question at issue is a novel one does

4   not mean that there is necessarily a substantial ground for difference of opinion on that legal

5   question"); *In re Conseco Life Ins. Cost of Ins. Litig*., No. Civ. 04-1610, 2005 WL 5678841, *2

6   (C.D. Cal. May 31, 2005); *Batt v. City of Oakland*, 2006 WL 2925681, at *4 (citing *Flor*, denying §

7   1292(b) motion); *Gagan v. Sharer,* No. CIV 99-1427 PHX RCB, 2006 WL 3736057, at *3 (D. Ariz.

8   Nov. 6, 2006) (same).  Stated another way, "'substantial ground for difference of opinion does not

9   exist merely because there is a dearth of cases.'" *Hightower*, 2009 WL 3756342, at *4 (quoting

10   *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994)).

11          As this Court observed in denying a defendant's § 1292(b) motion a few months ago, "the

12   standard under § 1292(b) is not any ground for a difference of opinion but a 'substantial' one.  No

13   such showing has been made here."   *Stuart*, 2009 WL 1817007, at 3.   The same is true here, as

14   demonstrated below.

15          A.      <u>The "Standing" Question and Defendant's Misrepresentations Regarding the</u>

16                  <u>Relevant Law</u>

17          Defendant suggests that a substantial ground for difference of opinion exists with respect to

18   the "standing" question (i.e., the question whether a plaintiff can sue for a RESPA section 8(a)

19   violation absent allegation of an "overcharge") because "only one federal appeals court has

20   addressed the issue."  (Motion at 6:24.)

21          Defendant's claim is simply untrue.   In fact, *three* federal appeals courts have addressed the

22   issue, and all have agreed with Plaintiffs and this Court that no overcharge is required for a plaintiff

23   to have standing to sue under section 8(a).

24          The Court already is familiar with the Sixth Circuit's *Carter* decision, the analysis of which

25   this Court described as "sound" in rejecting Defendant's "standing" challenge.  *Spears v.*

26   *Washington Mutual, Inc*., 2009 WL 2761331, at *3 (N.D. Cal. Aug. 30, 2009).  There is no need for

27   Plaintiffs to rehash *Carter*'s holding and rigorous analysis now.  Previously, the Fourth Circuit had

28   addressed the "overcharge" issue, albeit less directly.  Comparing RESPA section 8(a) claims with

9

1    section 8(b) claims in *Boulware v. Crossland Mortgage Corporation*, 291 F.3d 261, 266 (4th Cir.

2    2002), the Fourth Circuit noted that section 8(a) "does not require an overcharge to a consumer."

3          Importantly, just last month – two weeks before Defendant filed its Motion – the Third

4    Circuit directly addressed Defendant's "standing" argument and rejected it, citing *Carter*.  *Alston v.*

5    *Countrywide Financial Corporation*, – F.3d –, 2009 WL 3448264 (3rd Cir. (Pa.) Oct. 28, 2009).  It

6    seems inconceivable that Defendant was not aware of *Alston* when it filed its Motion on November

7    13, 2009 misrepresenting that only "one federal appeals court" has addressed its standing argument.

8    In any event, after *Alston*, there is far from a "substantial ground for a difference of opinion" with

9    respect to whether Plaintiffs must allege an "overcharge" to proceed with their section 8(a) referral

10   claim.

11         The Third Circuit in *Alston* held:   "The plain language of RESPA section 8 does not require

12   plaintiffs to allege an overcharge."  *Id*., at *4.  Analyzing the statutory scheme, the Third Circuit

13   further stated:

14         "Instead, damages are fixed at three times the total charge paid by the consumer in

15         exchange for a settlement service, and not merely any overcharge.  ***We agree with***

16         ***plaintiffs and the United States, intervening on plaintiffs' behalf, that the***

17         ***provision of statutory damages based on the entire payment, not on an overcharge,***

18         ***is a certain indication that Congress did not intend to require an overcharge under***

19         ***section 8 of RESPA***."

20   *Id*. (Emphasis added.)

21         The Third Circuit continued:   "We need look no further than the plain, unambiguous

22   language of section 8(d)(2) in resolving the overcharge question.   Because the intent of Congress is

23   clear, that is, indeed, 'the end of the matter.'"   *Id*., at *6.   The court then proceeded to reject the

24   defendant's related argument that the absence of an overcharge claim defeated constitutional Article

25   III standing.  *Id*., at *7.

26         Thus, Defendant's representation to this Court that only one federal appeals court has

27   addressed its standing argument is simply untrue.   Three federal appeals courts have done so - two

28   (*Carter* and *Alston*) in lengthy, detailed opinions - and all three (along with the United States

1   government, as noted in *Alston*) agree with this Court's conclusion that an overcharge is not needed.

2   Accordingly, there is no "substantial" ground for a difference in opinion.

3         Shrugging off *Carter* and flatly ignoring *Alston* and *Boulware*, Defendant maintains a

4   "substantial ground for a difference in opinion" exists because a few district courts espoused a

5   contrary view years ago.  The most recent case Defendant's Motion cites in support of its claim of

6   "substantial disagreement" is from 2002.  Not surprisingly in light of the *Carter* analysis, Defendant

7   cites no district court cases decided since *Carter* holding that an overcharge is required under

8   section 8(a).   There is absolutely no evidence that any district court *still* holds a contrary view now

9   that three Circuit courts have stated that an overcharge is not required under section 8(a).  Recent

10  district court decisions hold that none is required.  *See, e.g.*, *Benway v. Resource Real Estate*

11  *Services, LLC*, 239 F.R.D. 419, 425 (D. Md. 2006) ("Section 8(a)'s prohibition against the payment

12  of formal kickbacks or fees for the referral of business . . . does not require establishment of an

13  overcharge to the consumer."); *Capell v. Pulte Mortgage LLC*, Civil Action No. 07-1901, 2007 WL

14  3342389, *4 (E.D. Pa. Nov. 7, 2007).  Defendant has failed to carry its burden.

15        Here, this Court relied on the Sixth Circuit's well-reasoned *Carter* decision in rejecting

16  Defendant's argument that in order to have standing, Plaintiffs had to allege and prove an

17  "overcharge."   The only "new" authority on the "standing" issue since *Carter* - and since this

18  Court's ruling relying on *Carter* - is *Alston*, which expressly agrees with *Carter* and rejects

19  Defendant's standing argument.  There simply is no substantial disagreement between the courts at

20  this time.   Unable to confront *Alston*, and unable to explain why it has delayed in seeking appellate

21  review until after the *Alston* decision, Defendant resorts to misrepresenting that *Alston* does not

22  exist, and offers no explanation for its delay.

23        Indeed, Defendant also misrepresents the state of the law when it asserts that "there is no

24  persuasive authority from within the Circuit on this point."  (Motion at 7:2-3.)  Setting aside this

25  Court's own persuasive holding, two other district courts from the Ninth Circuit have held in well-

26  reasoned opinions that no overcharge is required to state a RESPA section 8(a) claim.  *See*

27

28

**OPPOSITION TO MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND FOR A STAY**

**CASE NO.: 5:08-CV-00868 (RMW)**

1    *Edwards v. First American Corporation*, 517 F.Supp.2d 1199, 1204 (C.D. Cal. 2007)[4] (concluding

2    after an in-depth analysis that plaintiff "need not have suffered an overcharge to invoke the

3    protection of RESPA."); *Munoz v. PHH Corp, et al*, -- F.Supp.2d --, CIV Case No. 08-0759 AWI,

4    2009 WL 3048909, at **6-7 (E.D. Cal. Sept. 18, 2009) (following *Edwards* in concluding that "the

5    statutory language and the weight of precedent lead to the conclusion that overcharging is not

6    required for standing under Section 2607.").[5]

7            Thus, notwithstanding Defendant's fanciful claims about the existence of "substantial

8    disagreement," two other district courts *from this Circuit*, and *three* Circuit courts of appeal, share

9    this Court's view that no overcharge is required to state a section 8(a) claim.   *No* federal appeals

10   courts, and, to Plaintiffs' knowledge, *no* district court from this Circuit agrees with Defendant's

11   argument that an overcharge is required.

12           Regardless whether years ago there might have been a "substantial ground for a difference

13   of opinion" regarding the overcharge/standing "issue," there no longer is, and it is telling that

14   Defendant has resorted to misrepresenting the state of the law to claim otherwise.  There simply is

15   no reason to certify the standing question for an interlocutory appeal.

16       **B.    Defendant Provides No Legitimate Grounds for Certifying  the "Referral"**

17       **Question**

18           Setting aside the untimely nature of Defendant's effort to appeal from this Court's ruling

19   that, as alleged, a "referral" takes place under the facts alleged, Defendant has not met its burden of

20   establishing that a "substantial ground for a difference of opinion" exists as to the sufficiency of

21   Plaintiffs' "referral" allegation.   To the contrary, Defendant's argument boils down to its claim that

22   it is "unaware" of any decisions on point and that it "respectfully submits" that the Court got it

23   _____

24           [4] Again, it is hard to understand how Defendant's counsel can represent with a straight face

25   that there are no decisions from this Circuit on point, since Plaintiffs previously cited *Edwards.*  See
     Plaintiff's Memorandum in Opposition to Defendant LSI, Inc.'s Motion to Dismiss Second

26   Amended Complaint [Doc. No. 161], p. 11, n. 4.

27           [5]Perhaps predicting the result in *Alston*, Judge Ishii noted but declined to follow the holding
     of the district court in *Alston* that an overcharge is required.  *Munoz*, 2009 WL 3048909, at *6.

28   The Third Circuit reversed that ruling in *Alston*.

                                                    12

1    wrong in finding that Plaintiffs had alleged a viable referral.  *See* Motion at 6:12-17.

2         But, as the cases cited above establish, a party's professed unawareness of any authority

3    contrary to the assigned court's view and the party's continuing disagreement with that view do not

4    constitute a "substantial ground for a difference of opinion."  If the test could be satisfied that

5    easily, interlocutory appeals would be certified on a constant basis.

6         Defendant does cite a four-paragraph, *per curiam* decision, *Yeatman v. D.R. Horton, Inc*.,

7    577 F.3d 1329, 1330 (11th Cir. 2009) as purportedly supporting its view that "this Court erred in

8    determining that WaMu required the Plaintiffs to use the appraisals obtained by WaMu from EA."

9    (Motion at 6:18-20.)  *Yeatman* is plainly distinguishable, however, and says nothing about the

10   sufficiency of Plaintiffs' allegations of a "referral" on the facts alleged here.[6]  Indeed, it is not even

11   clear that a section 8(a) claim was involved.

12        The likely reason that there is little case law regarding whether something qualifies as a

13   "referral" under RESPA is because a referral is specifically and unambiguously explained under the

14   statute.[7]  Defendant has not shown, and cannot show, that this Court's conclusion that a referral

15   _____

16        [6]Defendant also misstates *Yeatman*'s holding, asserting that the Court held that "an option of
     a discount on closing costs does not violate regulations prohibiting arrangements where consumers
17   are required to use a specified service in order to buy another service or product."  Motion at 6:20-
     22.  In fact, the court held that "the mere offering of an *option* of a discount on closing costs" does
18   not violate RESPA [the provision at issue is unclear] and does not violate the referenced
     regulations. *Id*., at 1330.  Suffice it to say that Plaintiffs here are not alleging that there were *merely*
19   *offered an option* of a discount on closing costs if they would use EA's services.

20
          [7] One definition of "referral" is "whenever a person paying for a settlement service [as
21   Plaintiffs did here] or business incident thereto is required to use (see § 3500.2, "required use") a
     particular provider of a settlement service or business incident thereto."  24 C.F.R. § 3500.14(f).  A
22   "required use" is a "situation in which a person must use a particular provider of a settlement
     service in order to have access to some distinct service or property [here, a loan approved by
23   Washington Mutual], and the person will pay for the settlement service of the particular provider or
     will pay a charge attributable, in whole or in part, to the settlement service."  24 C.F.R. § 3500.2.
24   Here, Plaintiffs were required to use the appraiser of Washington Mutual's choosing (Defendant) in
     order to obtain a loan from Washington Mutual, and paid for that supposed "service" (which was, in
25   reality, a sham service, since it was not a credible appraisal intended to truly value the property but
     rather an appraisal intended to meet Washington Mutual's desired valuation).  SAC, ¶¶ 6, 34, 36,
26   60, 62, 65, 67, 70, 72.   As this Court aptly held, Defendant's argument "that plaintiffs were not
     'required to use' a particular appraiser, despite the fact that WMB chose the appraiser for them,
27   makes little sense.  Plaintiffs allege that the appraisers were selected by WMB and the appraisals

28

                                          13
     **OPPOSITION TO MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND FOR A STAY**

1    occurred here, assuming the truth of the facts alleged, is subject to "substantial" disagreement,

2    regardless whether *Defendant* continues to disagree with it.   Again, a "party's strong disagreement

3    with the Court's ruling is not sufficient for there to be a 'substantial ground for difference'; the

4    proponent of an appeal must make some greater showing." *Yakima*, 1998 WL 173205, at *2.

5    Here, unsurprisingly, Defendant is unable to cite any case suggesting that, on the facts alleged here,

6    any court anywhere (let alone the Ninth Circuit) would conclude as a matter of law, at the pleading

7    stage, that there has been no referral.

8           In sum, Defendant's request to certify the "referral" issue should be denied, both because it

9    is untimely and because Defendant has failed to establish that interlocutory review is needed or

10   proper.

11          **C.      There Is No Basis to Certify the "Safe Harbor" and "Thing of Value" Issues**

12          Defendant also argues that its "safe harbor" and "thing of value"[8] arguments - which were

13   raised in 2008 and rejected in March of 2009 - are appropriate questions for interlocutory appeal.

14   _____

15   were procured for use in evaluating the loan collateral.  *See* SAC ¶¶ 6, 60, 65.   This falls within the
     plain scope of  24 C.F.R. § 3500.14(f)(2).   Plaintiffs have alleged a "referral" under RESPA."
16   *Spears, et al. v. Washington Mutual, Inc., et al.*, 2009 WL 2761331, *4 (N.D.Cal. Aug. 30, 2009).

17
     [8] Defendant still contends that, as a matter of law notwithstanding Plaintiffs' allegations,
18   Washington Mutual received no "thing of value."  This Court properly held to the contrary since, as
     alleged, Washington Mutual obtained sham appraisals which plainly had value to them given its
19   alleged scheme to inflate appraised values of homes receiving loans in order to sell the aggregated
     security interests in the financial markets at inflated prices.   The term "thing of value" is broadly
20   defined and "includes, without limitation, monies, things, discounts, . . . the opportunity to
     participate in a money-making program, . . . services of all types at special or free rates."   24 C.F.R.
21   § 3500.14(d).   A transfer of money is not required.  *Kahrer v. Ameriquest Mortg. Co.*, 418
     F.Supp.2d 748, 755 n. 9 (W.D.PA 2006) (quoting 24 C.F.R. § 3500.14(d)).    "The fact that the
22   transfer of the thing of value does not increase in any increase in any charge made by the person
     giving the thing of value [here, Defendant] is irrelevant in determining whether the act is
23   prohibited." 24 C.F.R. § 3500.14(g)(2).   This Court also properly held that Defendant's effort, at
     the pleading stage, to rely on the "safe harbor" provided for by 12 U.S.C. 2706(c)(2) failed:
24   "However, if one views the inflated appraisal as a 'thing of value' given from EA to WMB in
     return for the referral, it is not a payment for goods or services rendered.  In this case plaintiffs
25   have, of course, paid for the appraisal services, but those payments are not what is alleged to violate
     RESPA. Rather, the high appraisal is the payment made in exchange for the referral of appraising
26   business." *Spears, et al. v. Washington Mutual, Inc., et al.*, 2009 WL 605835, *3 (N.D.Cal. March
27   9, 2009).

28

                                              14

1    Wrong again.  First, Defendant has plainly waited far too long to ask for these questions to be

2    certified for interlocutory appeal, under the authorities discussed above.  (See cases cited *supra* at

3    p. 5.)  In attempting to find support for its argument, all Defendant could offer was one

4    unpersuasive unpublished decision - *Cedeno v. IndyMac Bancorp, Inc*. No. 06 Civ. 6438, 2008 WL

5    3992304 (S.D.N.Y. Aug. 26, 2008) - which it presented in connection with its first and second

6    motions to dismiss.  This Court rejected Defendant's reliance on the case, correctly, and did not

7    opine that certification for an appeal was warranted.   Nor did Defendant request interlocutory

8    review after the Court's first March ruling or its subsequent August ruling.   Only now, months later

9    and after production of millions of pages of documents, does Defendant claim that *Cedeno* is a basis

10   for an "immediate" appeal, although an appeal here would hardly be "immediate."   The Court's

11   analysis here, unlike that in *Cedeno,* was a rigorous analysis which also comported with the plain

12   language of the statute.

13          The mere fact that one district court expressed a contrary view from this Court – in a case in

14   which the plaintiffs' attorneys may not have been particularly skilled and in which that court

15   provided little meaningful analysis - does not mean that the Ninth Circuit should consider the matter

16   now.  If that were the case, i.e., if every time two district courts anywhere disagreed on potentially

17   case-dispositive matters, an interlocutory appeal to the Ninth Circuit would lie, such appeals would

18   hardly be "hens'-teeth rare." *Hightower v. Schwarzenegger*, 2009 WL 3756342, at *2**.**   And, as

19   shown by the authorities discussed at pp. 5-6 above, the lack of any other authority directly

20   addressing the precise factual circumstances at issue here, involving allegations of inflated/sham

21   appraisals, is not a basis for interlocutory review.[9]

22

23   _____

24          [9]It bears noting that the court in *Proctor v. Metropolitan Money Store Corp*., – F. Supp.2d
     —, 2009 WL 2516361 (D. Md. Aug. 13, 2009) recently found that a section 8(a) claim was stated

25   against settlement service providers where the class action complaint, arising out of a mortgage
     foreclosure rescue scam, alleged that the settlement service providers "received valuable referral

26   business and resulting commissions and income as a result of their participation in this scheme to
     funnel the equity in those properties to the other defendants." *Id*., at *15.  Here, as alleged,

27   Defendant received valuable referral business and income as a result of its participation in a scheme
     to provide inflated appraisals that would permit Washington Mutual to securitize the involved

28   mortgages, sell them, and profit thereby.

15

1        Again, setting aside the grossly untimely nature of its request that these "questions" be

2   certified for an interlocutory appeal more than eight months after the Court ruled on them,

3   Defendant has failed to meet its burden of demonstrating that exceptional circumstances exist here

4   warranting certification under section 1292(b).

5

6   **V.        CONCLUSION**

7        For the reasons set forth above, Plaintiffs respectfully request that Defendant's Motion be

8   denied.  There being no reason for an interlocutory appeal, there is likewise no reason for a stay.

9

10  Dated: December 4, 2009                      SPECTER SPECTER EVANS &
                                                 MANOGUE, P.C.
11
                                                 BRAUN LAW GROUP, P.C.
12
                                                 SPIRO MOSS LLP
13
                                                 LAW OFFICES OF JANET
14                                               LINDNER SPIELBERG

15
                                                 By:  /s/ *J. Mark Moore*
16                                                        J. Mark Moore

17                                               of SPIRO MOSS LLP

18                                               *Attorneys for Plaintiffs*

19

20

21

22

23

24

25

26

27

28