**E-FILED on**   1/8/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELTON A. SPEARS, JR. and SIDNEY SCHOLL, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>WASHINGTON MUTUAL BANK FA, also known as Washington Mutual Bank, FIRST AMERICAN EAPPRAISEIT, a Delaware corporation; and LENDER SERVICE, INC.,<br><br>        Defendants. | No. C-08-00868 RMW<br><br>ORDER DENYING EAPPRAISEIT, LLC'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND FOR A STAY<br><br>**[Re Docket No. 178]** |

Defendant eAppraiseIT (erroneously sued herein as First American eAppraiseIT) ("EA") moves for certification of interlocutory appeal and for a stay of proceedings pending appeal. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

Plaintiffs bring this suit alleging that defendant-appraisers participated in a scheme to provide home-loan mortgage borrowers with inflated appraisals of the property they sought to purchase. On March 9, 2009, the court granted in part and denied in part EA's motion to dismiss the First Amended Complaint. In its order, the court granted EA's motion to dismiss plaintiffs' breach of contract claim, with leave to amend, and denied EA's motion to dismiss plaintiffs' Real Estate

Settlement Practices Act ("RESPA") claim under 12 U.S.C. § 2607(a). In addition, the court dismissed plaintiffs' 12 U.S.C. § 2607(b), Unfair Competition Law, and Consumer Legal Remedies Act claims against EA with prejudice. Plaintiffs filed a Second Amended Complaint ("SAC") containing allegations against EA for breach of contract and the same RESPA claim under 12 U.S.C. § 2607(a). On August 30, 2009, the court granted EA's motion to dismiss plaintiffs' breach of contract claim and again denied EA's motion to dismiss plaintiffs' RESPA claim under 12 U.S.C. § 2607(a). EA now moves the court to certify for an interlocutory appeal the portion of the court's August 30, 2009 order denying EA's motion to dismiss plaintiffs' RESPA claim.

## II. ANALYSIS

### A. Timeliness of Motion

The court first considers the threshold issue of whether the motion for certification of interlocutory appeal was timely filed. 28 U.S.C. § 1292(b) requires the appealing party to file an appeal within ten days after the court's certification of the order for interlocutory appeal. Though there is no specified time limit for seeking certification, § 1292(b) provides for an "immediate appeal," and "a district judge should not grant an inexcusably dilatory request," *Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000). As explained by Judge Posner, though a district judge has the power to amend his orders at any time to certify for interlocutory appeal, "[t]he ten-day limitation in section 1292(b) is not to be nullified by promiscuous grants of motions to amend. An amendment that will have the effect of extending the limitation is proper only if there is a reason for the delay." *Weir v. Propst*, 915 F.2d 283, 287 (7th Cir. 1990).

On March 9, 2009, the court denied EA's motion to dismiss plaintiffs' RESPA claim under 28 U.S.C. § 2607(a). EA did not seek certification for interlocutory appeal at this time. After plaintiffs filed their SAC, EA again sought dismissal of the same RESPA claim, based on the following grounds: (1) plaintiffs lacked standing; (2) plaintiffs failed to allege a "thing of value"; (3) the safe harbor provision in § 2607(c)(2) defeats plaintiffs' claim; and (4) plaintiffs failed to allege a "referral." EA's "thing of value" and safe harbor arguments had already been expressly considered and rejected in the court's March 9, 2009 order. On August 30, 2009, the court again denied EA's

ORDER DENYING EAPPRAISEIT, LLC'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND FOR A STAY—No. C-08-00868 RMW
CCL 2

motion to dismiss plaintiffs' RESPA claim under § 2607(a).  On November 13, 2009, EA filed a motion for certification of the portion of the court's August 30, 2009 order denying EA's motion to dismiss plaintiffs' RESPA claim.

EA has provided no reason for the two and a half month delay in seeking certification of the court's August 30, 2009 order denying EA's motion to dismiss plaintiffs' RESPA claim under § 2607(a) (eight months from the court's March 9, 2009 order).  Given the lack of any justification for its delay in seeking certification, the court denies the motion as untimely.  *Weir*, 915 F.2d at 287 (holding that later certification is proper "only if there is a reason for the delay").

### B. Substantial Ground for Difference of Opinion

Even if EA had presented sufficient justification for its delay in filing the motion seeking certification, the court would still deny the motion on its merits.  A district court may certify an order for interlocutory appeal when the order involves: (1) a controlling question of law as to which there is (2) a substantial ground for difference of opinion, and (3) where an immediate appeal from the order may materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).  Plaintiffs do not dispute that the controlling question of law and the material advancement of litigation requirements have been met.  They only dispute whether EA has met its burden of showing that a substantial ground for difference of opinion exists.  EA alleges that there is a substantial ground for difference of opinion on each of its four arguments for dismissing plaintiffs' RESPA claim: (1) plaintiffs lacked standing; (2) plaintiffs failed to allege a "thing of value"; (3) the safe harbor provision in § 2607(c)(2) defeats plaintiffs' claim; and (4) plaintiffs failed to allege a "referral."

In determining whether a substantial ground for difference of opinion exists, it is worth noting that 28 U.S.C. § 1292 was intended to be used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982) (citing *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)).  "It was not intended merely to provide review of difficult rulings in hard cases." *U.S. Rubber Co.*, 359 F.2d at 785.

### 1. Standing

In its August 30, 2009 order, the court held that plaintiffs need not allege an overcharge in order to have standing to sue under RESPA. EA argues that there is a substantial ground for difference of opinion on this issue because the Ninth Circuit has not ruled on this issue, and district courts have disagreed on this issue. The mere fact that the Ninth Circuit has not yet ruled on this issue is insufficient to establish a substantial ground for difference of opinion. *See, e.g., White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994) ("substantial ground for difference of opinion does not exist merely because there is a dearth of cases"). The two federal appeals courts that have thoroughly considered this issue have both held that no overcharge allegation is required.[1] *Alston v. Countrywide Financial Corp.*, 585 F.3d 753, 759-62 (3rd Cir. 2009); *Carter v. Welles-Bowen Realty, Inc.*, 553 F.3d 979, 986-88 (6th Cir. 2009). Though there had been disagreement on this issue among district courts prior to these appellate decisions, EA has failed to point to any cases after *Carter* in which a court held that an overcharge is required for standing to bring a RESPA claim. As stated in its August 30, 2009 order, the court finds *Carter*'s analysis to be sound. Because "the intent of Congress is clear" that there be no overcharge requirement for standing to bring a RESPA claim, *Alston*, 585 F.3d at 762, there is no substantial ground for difference of opinion on this issue.

### 2. "Thing of Value"

12 U.S.C. § 2607(a) states that "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding . . . that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." In its March 9, 2009 order (and again in its August 30, 2009 order), the court held that the allegedly inflated appraisals that Washington Mutual Bank received constituted "thing[s] of value" within the meaning of 12 U.S.C. § 2607(a) since they allegedly allowed the bank to sell loans in higher volume to financial institutions at higher prices. EA claims that there is a substantial ground for difference of opinion on this issue based on another district court opinion, *Cedeno v. Indymac Bancorp,*

---

[1] In addition, the Fourth Circuit has also stated in passing that a claim under 12 U.S.C. § 2607(a) "does not require an overcharge to a consumer." *Boulware v. Crossland Mortgage Corp.*, 291 F.3d 261, 266 (4th Cir. 2002).

*Inc.*, 2008 WL 3992304 (S.D.N.Y. Aug. 26, 2008). However, the district court in *Cedeno* did not rule on whether the plaintiff properly alleged a "thing of value." Rather, the court chose not to engage in this analysis because it found that regardless of whether inflated appraisals constituted a "thing of value," the safe harbor provision of RESPA applied and barred the claim. *Cedeno*, 2008 WL 3992304, at *3. In fact, *Cedeno* noted that "'thing of value' has been interpreted broadly to include various benefits that an entity might receive in return for business referrals." *Id.* at *3 n.5. Therefore, EA has failed to demonstrate a basis for finding a substantial ground for difference of opinion on this issue.

### 3. Safe Harbor Provision

The safe harbor provision in 12 U.S.C. § 2607(c)(2) states that "nothing in this section shall be construed as prohibiting . . . the payment to any person of a bona fide salary or compensation or other payment for goods or facilities actually furnished or for services actually rendered." In its March 9, 2009 order (and again in its August 30, 2009 order), the court held that this safe harbor did not bar plaintiffs' claim. Because the district court in *Cedeno* reached the opposite conclusion in a case with similar facts, EA contends there is a substantial ground for difference of opinion on this issue. It appears that the plaintiff in *Cedeno* only argued that the appraisal was "faulty and inaccurate," rather than pointing out, as the plaintiffs in this case have, that the payments alleged to violate RESPA are the inflation of appraisals (not the payment for appraisal services). *Cedeno*, 2008 WL 3992304, at *4. As alleged, this inflation of appraisals was not payment for goods or services actually rendered but rather was payment for business referrals. Moreover, the mere fact that one district court came to a different conclusion on the same issue is insufficient to establish a substantial ground for difference of opinion. *See In re Cement Antitrust Litigation*, 673 F.2d at 1026 (limiting use of 28 U.S.C. § 1292 to "exceptional situations").

### 4. "Referral"

A "referral" under RESPA occurs "whenever a person paying for a settlement service or business incident thereto is required to use a particular provider of a settlement service or business incident thereto." 24 C.F.R. § 3500.14(f). A "required use" occurs when "a person must use a particular provider of a settlement service in order to have access to some distinct service or property, and the person will pay for the settlement service of the particular provider or will pay a charge attributable, in

ORDER DENYING EAPPRAISEIT, LLC'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND FOR A STAY—No. C-08-00868 RMW
CCL  5

whole or in part, to the settlement service." 24 C.F.R. § 3500.2. Plaintiffs alleged that they were required to use an appraiser chosen by Washington Mutual in order to obtain a loan and that they paid for this appraisal service. SAC ¶¶ 34, 37, 60. In its August 30, 2009 order, the court held that plaintiffs alleged a "referral" under RESPA. EA claims there is a substantial ground for difference of opinion on this issue because no court has addressed this specific issue before. Mot. for Certification of Interlocutory Appeal and for a Stay at 6. However, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 79 F.3d 281, 284 (2nd Cir. 1996); *see also White v. Nix*, 43 F.3d at 378 ("substantial ground for difference of opinion does not exist merely because there is a dearth of cases").

The one case that EA cites as suggesting that the court erred, *Yeatman v. D.R. Horton, Inc.*, 577 F.3d 1329 (11th Cir. 2009), is inapposite. Plaintiffs in *Yeatman* were offered the option of a discount on closing costs if they chose to use a particular mortgage lender but were not required to use that mortgage lender as a condition of their contract to purchase a home. 577 F.3d at 1329-30. 24 C.F.R. § 3500.2 provides that the offering of optional discounts does not constitute a "required use." Here, plaintiffs alleged that they were required to use an appraiser chosen by Washington Mutual in order to obtain a loan, not that they were offered the option of a discount if they used a particular appraiser. SAC ¶¶ 34, 37, 60. Therefore, EA has failed to establish a substantial ground for difference of opinion.

### III. ORDER

For the foregoing reasons, the court denies the motion for certification of interlocutory appeal and for a stay of proceedings.

DATED:   1/8/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER DENYING EAPPRAISEIT, LLC'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND FOR A STAY—No. C-08-00868 RMW
CCL           6

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

| | |
|---|---|
| Ira Spiro | Ira@SpiroMoss.com |
| James Mark Moore | mark@spiromoss.com |
| Janet Lindner Spielberg | jlspielberg@jlslp.com |
| Joseph N. Kravec , Jr. | jnk@ssem.com |
| Michael D. Braun | service@braunlawgroup.com |

**Counsel for Defendants:**

| | |
|---|---|
| Jonathan Mark Lloyd | jonathanlloyd@dwt.com |
| Martin L. Fineman | martinfineman@dwt.com |
| Sam N. Dawood | samdawood@dwt.com |
| Stephen Michael Rummage | steverummage@dwt.com |
| Jeffrey D. Rotenberg | jrotenberg@tpw.com |
| Kerry Ford Cunningham | kerry.cunningham@dlapiper.com |
| Laura Jean Fowler | lfowler@mhalaw.com |
| Patrick J. Smith | psmith@tpw.com |
| Richard F. Hans | rhans@tpw.com |
| Michael T. Fogarty | tfogarty@mhalaw.com |
| Christopher J Clark | cjclark@dl.com |
| Kevin C Wallace | kwallace@dl.com |
| Kris Hue Chau Man | kman@dl.com |
| Margaret Anne Keane | mkeane@dl.com |
| Angela M. Papalaskaris | apapalas@dl.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 1/8/10

CCL
**Chambers of Judge Whyte**

**United States District Court**
For the Northern District of California

ORDER DENYING EAPPRAISEIT, LLC'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND FOR A STAY—No. C-08-00868 RMW
CCL      7