| | |
|---|---|
| Joseph N. Kravec, Jr. (admitted *pro hac vice*) <br> **STEMBER FEINSTEIN DOYLE** <br>    **PAYNE & KRAVEC, LLC** <br> 429 Forbes Avenue, 17th Floor <br> Pittsburgh, PA 15219 <br> Tel:  (412) 281-8400 <br> Fax:  (412) 281-1007 <br> E-mail:  jkravec@stemberfeinstein.com <br><br> (additional counsel listed on signature page) <br><br> ***ATTORNEYS FOR PLAINTIFFS*** | DAVID F. GROSS (SBN 983547) <br> CARTER W. OTT (SBN 221660) <br> **DLA PIPER LLP (US)** <br> 555 Mission Street, Suite 2400 <br> San Francisco, CA  94105 <br> Phone: 415.836.2500 <br> Fax: 415.836.2501 <br> E-mail:  david.gross@dlapiper.com <br>        carter.ott@dlapiper.com <br><br> RICHARD F. HANS <br> (*Pro Hac Vice*, New York SBN 2593200) <br> JEFFREY D. ROTENBERG <br> (*Pro Hac Vice*, New York SBN 3984994) <br> **DLA PIPER LLP (US)** <br> 1251 Avenue of the Americas <br> New York, NY 10020 <br> Phone: 212.335.4556 <br> Fax: 917.778.8556 <br> E-mail:  richard.hans@dlapiper.com <br>        jeffrey.rotenberg@dlapiper.com <br><br> ***ATTORNEYS FOR DEFENDANT*** |

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FELTON A. SPEARS, JR. and <br> SIDNEY SCHOLL, on behalf of themselves and <br> all others similarly situated, <br><br>                  Plaintiffs, <br><br>    vs. <br><br> FIRST AMERICAN EAPPRAISEIT <br> (a/k/a eAppraiseIT, LLC), <br> a Delaware limited liability company, <br><br>                  Defendant. | Case No. 5-08-CV-00868 (RMW) <br><br> **JOINT CASE MANAGEMENT** <br> **CONFERENCE STATEMENT** <br><br> DATE:    June 29, 2012 <br> TIME:    10:30 a.m. <br> CTRM:   Courtroom 6, 4th Floor |

1

Joint Case Management Statement; Case No. 5:08-CV-00868 RMW

Plaintiffs Sidney Scholl and Felton A. Spears, Jr. and defendant eAppraiseIT, LLC ("EA") jointly submit this Case Management Conference Statement pursuant to Federal Rule of Civil Procedure ("Rule") 26 and the Court's Order dated April 25, 2012 (Docket #249).

The Court's April 25 Order requested that the parties provide the following: (i) a proposal from Plaintiffs' counsel as to which shall serve as lead or co-lead counsel; (ii) a proposal on the form of class notice and plan for dissemination of that notice; and (iii) a case management statement including a proposal from the parties on a final pre-trial schedule with an efficient plan for completing discovery. On June 22, 2012, Plaintiffs submitted proposed forms of notice and plan for dissemination which EA advises it does not oppose. Docket #253. The additional matters covered in the April 25 Order are addressed below.

## I. APPOINTMENT OF CO-LEAD COUNSEL

**Plaintiffs**:

In compliance with the Court's Order, Plaintiffs' counsel proposes that Stember Feinstein Doyle Payne & Kravec, LLC and Law Offices of Janet Lindner Spielberg be appointed as Co-Lead Class Counsel. To date, Ms. Spielberg has handled much of the briefing and argument to this Court on the legal issues surrounding the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, claim at issue in this case, and Mr. Kravec from the Stember firm has principally handled discovery, experts and presentation of class certification to this Court. Plaintiffs believe that these issues will continue to need their independent leadership as this case progresses so we believe the appointment of each as Co-Lead Class Counsel is appropriate.
Moreover, the clear separation of these matters will permit Defendant's counsel to know who they should contact for binding authority from the Plaintiffs' side.

Co-Lead Counsel will maintain communications with Defendant and promote harmonious dealings among all plaintiffs' counsel to ensure the litigation proceeds in the most efficient manner and avoids duplication of pleadings, discovery or any other task. Specifically, Co-Lead Counsel shall have the authority to perform or delegate performance of the following matters:

(a) directing, coordinating, and supervising the prosecution of Plaintiffs' claims in the Consolidated Action;

(b) initiating, responding to, scheduling, briefing, and arguing all motions;

(c) appearing at all hearings and conferences regarding the case;

(d) determining the scope, order, and conduct of all discovery proceedings;

(e) assigning work to Plaintiffs' counsel as necessary and appropriate under the circumstances;

(f) retaining experts;

(g) communicating with the Court;

(h) communicating with Defendant's counsel;

(i) conducting settlement negotiations on behalf of Named Plaintiffs and the class;

(j) collecting and reviewing time and expense records from all Plaintiffs' counsel on a monthly basis and at the conclusion of the case, as necessary and appropriate under the circumstances, and submitting a fee and costs application;

(k) coordinating activities to avoid duplication and inefficiency in the filing, serving, and/or implementation of pleadings, other court papers, discovery papers, discovery practice, and, generally, in the litigation;

(l) performing such other duties that may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by further order of the Court;

Co-Lead Counsel shall have authority to communicate with Defendant's counsel and the Court as well as the authority to enter into agreements with Defendant's counsel that are binding on the Plaintiffs. Defendant may satisfy its service obligations under Fed. R. Civ. P. 5(a) by serving Co-Lead Counsel.

Besides appointing the Stember and Spielberg firms as Co-Lead Class Counsel, Plaintiffs also request that Braun Law Group, P.C., and Spiro Moore LLP be appointed as Class Counsel, serving in a non-lead role to assist with the continued prosecution of this case. Indeed, both the Braun and Spiro firms have served as counsel for the Named Plaintiffs and the class over the past four years and have significantly contributed their time and resources to the prosecution of this case.

**Defendant**:

Plaintiffs' proposal does not comply with the Court's April 25 Order. In that Order, the Court declined to appoint <u>all four</u> of Plaintiffs' counsel's firms as "co-counsel for the class." Docket #249, 13:1-6. Instead, the Court appointed Stember Feinstein Doyle Payne & Cordes as "interim lead counsel" "pending a proposal from plaintiffs as to who should act as lead counsel" (*id.*), and noted that it "generally limits the appointment of lead counsel to no more than two firms." Docket #249, 13:10-12. Rather than follow the Court's directive, Plaintiff's counsel again propose that <u>all four</u> firms serve as lead counsel, with two serving as "Co-Lead Class Counsel" and others as "Class Counsel" "in a non-lead role." They do not provide any explanation of what this means, how their roles or duties will be different, or why their proposal is appropriate. *See* Docket #249, 13:10-12 ("Appointment of more than two firms seems inconsistent with the reasons for having lead counsel.")

Plaintiffs' proposal also fails to comply with the Court's directive that, "if more than one firm is appointed, [Plaintiffs address] how the tasks are to be efficiently divided." Docket #249, 13:6-9. Other than assigning the titles of "Co-Lead Class Counsel" and "Class Counsel" "in a non-lead role," their proposal provides no indication of what tasks, duties, or responsibilities each firm will have or how they propose to efficiently prosecute the action. The Court should require that Plaintiffs submit a proposal that explains how tasks will be efficiently divided in compliance with its April 25 Order.

## II.    LEGAL ISSUES AND MOTIONS

### A. Pleading Motions

Plaintiffs allege that Defendant's conduct violated RESPA. The Court has previously issued Orders on March 9, 2009 (Docket #147) and August 30, 2009 (Docket #169) resolving EA's motions to dismiss. The Court is familiar with the previous pleading motions and its rulings as to those motions. Further information, if desired, is contained in the parties' prior case management statement (Docket #172). EA filed a request for an interlocutory appeal of the Court's August 30, 2009 ruling affirming the sufficiency of Plaintiffs' RESPA Section 8(a) claim, and that request was denied.

B. **Class Certification**

The Court certified Plaintiffs' proposed class in its April 25 Order. On May 10, 2012, EA filed a Petition for Permission to Appeal that order, and on May 25, 2012 Plaintiffs filed an opposition to that Petition. The parties are awaiting a decision regarding the Petition from the Ninth Circuit.

C. **The Supreme Court's Decision In *First American Financial Corporation v. Edwards***

The parties previously asked that the Court postpone this Case Management Conference based on their recognition that the Supreme Court's pending decision in *First American Financial Corp. v. Edwards* could narrow and/or clarify the issues. *See* Docket #250, 2. It now appears that the Supreme Court will issue its decision in that matter on June 28, 2012. At the case management conference, the parties will be prepared to discuss whether and how *Edwards* affects this matter, including any of the Court's prior rulings; any proposal for submitting arguments related to *Edwards*; and how it may affect the schedule proposed herein.

III. **DISCOVERY**

**Plaintiffs:**

The discovery conducted to date has primarily focused on discovery relative to class certification issues with completion of merits discovery being deferred by this Court until after the issue of class certification is fully resolved. 10/2/09 Order (Docket #175). In the Court's April 25th Order, the Court asked for an efficient plan for completing discovery. This Court also identified the key contentions that Plaintiffs must show by common proof – "that the alleged agreement existed and was carried out, and that WMB received appraisals that were inflated in the aggregate." Docket #249, p. 4:12-14. The following addresses a proposed plan for discovery, and the schedule for discovery and other pre-trial activities is addressed in Section I.

A. **Plaintiffs' Merits Document Discovery**

In the class certification stage, EA produced documents responsive to Plaintiffs' requests, including the documents it produced in the action being pursued by the New York Attorney General. These documents largely address from EA's perspective the existence and carrying out of the appraisal referral agreement with WMB. However, Plaintiffs have no documents from WMB. Since

5

WMB was the other party to the alleged referral agreement, Plaintiffs anticipate that most of the remaining document discovery will be third-party discovery from WMB. This document discovery will consist of seeking documents relative to the existence and consummation of the referral conspiracy from WMB's perspective, plus obtaining copies of the HUD-1s for each appraisal EA performed to confirm that class members paid for EA's appraisals. As the Court may recall, WMB was taken over by the FDIC so many of the documents at issue reside with the FDIC, including the institutional documents relative to the agreement and consummation. Also, because the FDIC transferred many of the loans to Chase, some of the documents may reside with Chase as well.

Plaintiffs may also take discovery of Lender Service, Inc. ("LSI") as they also entered an appraisal referral agreement with WMB similar to that at issue here, and Defendant intends to take discovery of LSI too.

Lastly, many documents relative to these appraisal issues were also collected in the securities and ERISA class actions recently settled in the MDL pending in the United States District Court for the Western District of Washington. Accordingly, Plaintiffs' document discovery shall consist of third-party subpoenas *duces tecum* on Chase, FDIC and the parties in the MDL securities and ERISA litigation. Plaintiffs anticipate a small amount of document discovery of EA, largely to follow-up on certain documents not produced that were referenced by other documents that were produced.

### B.    Plaintiffs' Merits Witness Depositions

EA is currently in trial with the New York Attorney General regarding the WMB inflated appraisal claims raised there. Plaintiffs may depose one or more of the witnesses presented at that trial after the have testified. Plaintiffs understand from the New York Attorney General that the trial likely will conclude by the end of July, 2012. At this point, Plaintiffs believe that they will not need to depose more than 10 of EA's current or former employees. Plaintiffs may also wish to depose one or more of former WMB employees depending on the document discovery produced by the FDIC or Chase.

### C.    Merits Discovery Related To Plaintiffs' Expert Aggregation Analysis

While Plaintiffs do not anticipate needing any merits discovery related to the expert analysis of aggregate inflation described in their class certification motion papers and discussed in the

6

1  Court's April 25th Order, Plaintiffs may need certain information to be provided in an electronic
2  format so that they may draw random samplings of appraisals to perform the appraisal reviews.
3  Plaintiffs hope that this matter can be resolved by agreement among the parties, rather than through
4  formal discovery.  Plaintiffs do not believe that a deposition of any of the appraisers for whom
5  appraisal reviews are completed will be necessary since their testimony would be irrelevant given
6  that Plaintiffs' expert will be assuming that all of the appraiser's assumptions are correct, unless
7  there is demonstrable contrary objective evidence.

**D.   Other Expert Discovery**

Plaintiffs will wish to obtain the documents underlying any expert report submitted by EA and will wish to depose any such expert witness.  Plaintiffs propose a period of expert discovery following the exchange of the expert reports.

**Defendant:**

**A. Defendants' Document Discovery**

Defendants may seek document discovery from WMB, Lender Services, Inc., ("LSI") as well as from appraisers whose work is the subject of review in "Plaintiff's Expert Aggregation Analysis" concerning, among other things, Plaintiff's conspiracy allegations.

**B. Defendants' Depositions**

Defendant may depose certain of its former employees, as well as former employees of WMB.  In addition, Defendants may depose certain appraisers who performed the appraisals that are the subject of this litigation.

**C. Discovery Related To Plaintiffs' Expert Aggregation Analysis**

Defendants may seek document discovery from any expert retained by Plaintiff in connection with this analysis.  Defendants may also seek to depose any such experts.  Defendants may also seek document and deposition discovery from any appraisers whose work is reviewed in connection with this analysis.

**D. Other Expert Discovery**

Defendant anticipates retaining experts to conduct appraisal reviews of any appraisers Plaintiffs identify as inflated or in violation of USPAP or any state or federal regulation or guideline.

7

1  Defendant also may retain experts to address Plaintiff's allegations of appraisal inflation and in
2  response to any expert reports submitted by Plaintiff.

3  **IV.    SETTLEMENT AND ADR**

4      The parties agree that settlement discussions are currently premature.  If and when settlement
5  discussions become appropriate, the parties agree to use a professional mediator.

6  **V.    NARROWING OF ISSUES**

7      The parties anticipate moving for summary judgment at a later date.  At relevant procedural
8  junctures throughout the litigation, parties will in good faith continue to explore the possibility of
9  narrowing issues whenever possible.

10 **VI.    SCHEDULING**

11     The Court previously declined to set pre-trial dates and deadlines and a trial date until after
12 class certification was decided.   The Court has now certified the class.  However, EA has filed a
13 Rule 23(f) Petition for Permission to Appeal, and the parties are awaiting a decision from the Ninth
14 Circuit regarding that Petition.  Accordingly, Plaintiffs propose that the Court approve their form and
15 plan of notice but defer dissemination of the notice until thirty (30) days after the Petition is denied
16 or this Court's certification order is affirmed.  Should the Supreme Court decision in the Edwards
17 case require briefing and argument, the parties agree that dissemination of the notice be further
18 deferred until thirty (30) days following this Court's related rulings.

19 **Plaintiffs' Proposal:**

20     Plaintiffs also believe that a period of nine (9) months for discovery is warranted given the
21 discovery needed from third parties, including the FDIC.  However, Plaintiffs do not believe that
22 EA's proposed schedule that would take some four (4) years to complete discovery and other pre-
23 trial activities before this matter is tried is appropriate, especially given that EA is already trying the
24 New York Attorney General action involving the same conduct.
25     Below is a chart including Plaintiffs' proposed schedule that will have this case to trial in a
26 little over 22 months.

27
28

8

PLAINTIFFS' CHART OF DATES AND DEADLINES

| EVENT | PROPOSED DEADLINE |
|---|---|
| Mail Class Notice | The later of 30 days after Ninth Circuit denies Rule 23(f) Petition or Affirms Class Certification, or this Court rules on any *Edwards* related arguments. |
| Merits Discovery Cutoff | 9 months from deadline for Mailing Class Notice |
| Mediation | June 28, 2013 |
| Expert Reports – Merits | 30 days after close of Merits Discovery - Initial Report<br>150 days after close of Merits Discovery – Supplemental/Rebuttal |
| Expert Discovery Cutoff – Merits | 200 days after close of Merits Discovery |
| Dispositive Motion Cutoff | 220 days after close of Merits Discovery |
| Other Motion Cutoff (other than Motions in Limine) | 240 days after close of Merits Discovery |
| Pretrial Conference (hearing on Motions in Limine, agreed jury instructions and verdict forms, proposed voir dire questions) | 285 days after close of Merits Discovery |
| Pre-Trial Briefs | 305 days after close of Merits Discovery |
| Trial Date | 330 days after close of Merits Discovery |

Joint Case Management Statement; Case No. 5:08-CV-00868 RMW

**Defendant's Proposal:**

DEFENDANT'S CHART OF DATES AND DEADLINES

| EVENT | PROPOSED DEADLINE |
|---|---|
| Mail Class Notice | The later of 30 days after Ninth Circuit denies Rule 23(f) Petition or Affirms Class Certification, or this Court rules on any *Edwards* related arguments. |
| Merits Discovery Cutoff | 9 months from deadline for Mailing Class Notice |
| Submission of Plaintiffs' Expert Aggregation Analysis | 9 months from deadline for Mailing Class Notice |
| Discovery relating to Plaintiffs' Expert Aggregation Analysis | 6 months from Merits Discovery Cutoff |
| Submission of Defendant expert reports in response to Plaintiffs' Expert Aggregation Analysis | 6 months from Merits Discovery Cutoff |
| Mediation | TBD |
| Other Expert Reports – Merits | 9 months from Merits Discovery Cutoff |
| Other Expert Discovery Cutoff – Merits | 12 months from Merits Discovery Cutoff |
| Other Expert Rebuttal Reports – Merits | 15 months from Merits Discovery Cutoff |
| Other Expert Rebuttal Discovery Cutoff – Merits | 18 months from Merits Discovery Cutoff |
| Dispositive Motion Cutoff | 120 days after close of Other Expert Rebuttal Discovery |
| Other Motion Cutoff (other than Motions in Limine) | 180 days after close of Other Expert Rebuttal Discovery |

| Pretrial Conference (hearing on Motions in Limine, agreed jury instructions and verdict forms, proposed voir dire questions) | 210 days after close of Other Expert Rebuttal Discovery |
|---|---|
| Pre-Trial Briefs | 240 days after close of after close of Other Expert Rebuttal Discovery |
| Trial Date | 270 days after close of Other Expert Rebuttal Discovery |

## VII. TRIAL

Plaintiffs have requested a jury trial as to the claims that may be so adjudicated. Plaintiffs estimate the trial length to two (2) to three (3) weeks in length.

Dated:  June 27, 2012

**STEMBER FEINSTEIN DOYLE PAYNE & KRAVEC, LLC**

By:  s/Joseph N. Kravec, Jr.
       Joseph N. Kravec, Jr.
       (Admitted *Pro Hac Vice*)

429 Forbes Avenue
Allegheny Building, 17th Floor
Pittsburgh, PA 15219
Tel:  (412) 281-8400
Fax:  (412) 281-1007


Janet Lindner Spielberg (SBN 221926)
**LAW OFFICES OF JANET LINDNER SPIELBERG**
12400 Wilshire Boulevard, #400
Los Angeles, California  90025
Tel:  (310) 392-8801
Fax:  (310) 278-5938

**DLA PIPER LLP**

By:  s/Richard F. Hans *via* consent
       Richard F. Hans
       (Admitted *Pro Hac Vice*)

Patrick J. Smith
Jeffrey D. Rotenberg
1251 Avenue of the Americas
New York, New York  10020-1104
Tel:  (212) 335-4556
Fax:  (917) 778-8556

David F. Gross (SBN 983547)
Carter W. Ott (SBN 221660)
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA  94105
Phone: 415.836.2500
Fax: 415.836.2501

*ATTORNEYS FOR DEFENDANT EAPPRAISEIT*

Joint Case Management Statement; Case No. 5:08-CV-00868 RMW

1  J. Mark Moore (SBN 180473)
   Ira Spiro (SBN 67641)
2  **SPIRO MOORE LLP**
   11377 West Olympic Blvd., Fifth Floor
3  Los Angeles, California  90064-1683
   Tel:  (310) 235-2468
4  Fax:  (310) 235-2456

5  Michael D. Braun (SBN 167416)
6  **BRAUN LAW GROUP, P.C.**
   10680 West Pico Boulevard, Suite 280
7  Los Angeles, California  90064
   Tel:  (310) 836-6000
8  Fax:  (310) 836-6010

9  *ATTORNEYS FOR PLAINTIFFS*

12

Joint Case Management Statement; Case No. 5:08-CV-00868 RMW