John C. Hueston (164921)
jhueston@irell.com
A. Matthew Ashley (198235)
mashley@irell.com
Justin N. Owens (254733)
jowens@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

Attorneys for Defendant
eAppraiseIT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELTON A. SPEARS, JR. and SIDNEY SCHOLL, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FIRST AMERICAN EAPPRAISEIT (a/k/a eAppraiseIT, LLC), a Delaware limited liability company,<br><br>　　　　　Defendant. | Case No. CV 08-00868 RMW<br><br>CLASS ACTION<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS MOTION FOR JUDGMENT ON THE PLEADINGS UNDER FED. R. CIV. P. 12(c)**<br><br>Date: March 29, 2013<br>Time: 9:00 a.m.<br>Place: Courtroom 6, 4th Floor<br>　　　　280 South 1st Street<br>　　　　San Jose, CA 95113<br><br>**Honorable Ronald M. Whyte** |

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2787772

DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. CV 08-00868 RMW)

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. THE TIMING OF THE CROSS MOTION IS PROPER ................................................. 2

III. THE SAC FAILS TO PROPERLY PLEAD A NON-BUSINESS PURPOSE FOR THE PURPORTED LOAN TRANSACTIONS AT ISSUE ................... 3

IV. THE SAC IS TIME-BARRED AS TO ALL PUTATIVE CLASS MEMBERS WHOSE LOANS CLOSED PRIOR TO FEBRUARY 8, 2007 .................... 6

    A. RESPA's One Year Limitations Period Is Not Subject To Tolling ......................... 6

    B. RESPA's One Year Limitations Period Is Not Subject To The Discovery Rule ................................................................................................... 8

    C. Even If Tolling Applied To RESPA, Plaintiffs Have Not Pleaded It Sufficiently ........................................................................................ 9

        1. Plaintiffs Improperly Conflate Tolling With The Discovery Rule ............................................................................................. 9

        2. Plaintiffs' "Concealment" Allegations Simply Mimic the Underlying Alleged Conspiratorial Conduct .......................................... 10

V. THE CLASS CERTIFICATION RULING DID NOT ESTABLISH PLAINTIFFS' CASE FOR THEM OR DEPRIVE EA OF ITS DEFENSES ................... 12

VI. CONCLUSION ............................................................................................................... 13

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2787772

- i -

DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. CV 08-00868 RMW)

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) .................................................................................................................. 4

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) .................................................................................................................. 4

*Cada v. Baxter Healthcare Corp.*,
　920 F.2d 446 (7th Cir. 1990) ........................................................................................ 9, 10, 11

*Edwards v. First American Corp.*,
　385 Fed. Appx. 629 (9th Cir. 2010) .......................................................................................... 5

*Flores v. City of Phoenix*,
　2012 WL 2369257 (D. Ariz. June 22, 2012) ............................................................................ 3

*Gabelli v. S.E.C.*,
　133 S.Ct. 1216 (2013) ............................................................................................................... 8

*Garcia v. Brockway*,
　526 F.3d 456 (9th Cir. 2008) ........................................................................................ 7, 8, 9, 10

*Gusenkov v. Residential Mortg. Capital, Inc.*,
　2010 WL 3127045 (E.D. Cal. Aug. 9, 2010) ............................................................................ 5

*Hardin v. City Title & Escrow Co.*,
　797 F.2d 1037 (D.C. Cir. 1986) ............................................................................................ 6, 7

*Holmberg v. Armbrecht*,
　327 U.S. 392 (1946) .............................................................................................................. 7, 8

*Insolia v. Philip Morris Inc.*,
　186 F.R.D. 535 (W.D. Wis. 1998) .......................................................................................... 13

*Kay v. Wells Fargo & Co.*,
　247 F.R.D. 572 (N.D. Cal. 2007) ........................................................................................ 7, 11

*Legal Additions LLC v. Kowalski*,
　2010 WL 335789 (N.D. Cal. Jan. 22, 2010) ............................................................................ 3

*Lukovsky v. City & County of San Francisco*,
　535 F.3d 1044 (9th Cir. 2008) ........................................................................................... 10, 11

*McCarn v. HSBC USA, Inc.*,
　2012 WL 5499433 (E.D. Cal. Nov. 13, 2012) ................................................................... 10, 11

*Pace v. DiGuglielmo*,
　544 U.S. 408 (2005) .................................................................................................................. 9

*Rambus Inc. v. Samsung Electronics Co., Ltd.*,
　2007 WL 39374 (N.D. Cal. Jan. 4, 2007) ................................................................................. 8

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2787772

- ii -

DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. CV 08-00868 RMW)

**Page(s)**

*Santa Maria v. Pacific Bell*,
   202 F.3d 1170 (9th Cir. 2000) .................................................................................... 7, 8

*Schneider v. California Dept. of Corr.*,
   151 F.3d 1194 (9th Cir. 1998) .......................................................................................... 4

*Schulken v. Washington Mutual*,
   2009 WL 4173525 (N.D. Cal. Nov. 19, 2009) ................................................................ 5

*State of Ala. v. Blue Bird Body Co., Inc.*,
   573 F.2d 309 (5th Cir. 1978) .......................................................................................... 13

*Toldy v. Fifth Third Mortg. Co.*,
   2011 WL 4634154 (N.D. Ohio Sept. 30, 2011) ............................................................. 13

*TRW Inc. v. Andrews*,
   534 U.S. 19 (2001) ........................................................................................................... 8

*United States v. Beggerly*,
   524 U.S. 38 (1998) ........................................................................................................... 7

*Wal-Mart Stores, Inc. v. Dukes*,
   131 S. Ct. 2541 (2011) ................................................................................................... 13

*Wang v. Chinese Daily News, Inc.*,
   --- F.3d ---, 2013 WL 781715 (9th Cir. Mar. 4, 2013) ................................................... 13

*Zipes v. Trans World Airlines, Inc.*,
   455 U.S. 385 (1982) ......................................................................................................... 7

**Statutes**

12 U.S.C. § 2607(a) ................................................................................................................. 2

12 U.S.C. § 2607(b) ................................................................................................................. 2

12 U.S.C. § 2614 ............................................................................................................. 6, 7, 8

28 U.S.C. § 2072 ................................................................................................................... 13

Fed. R. Civ. P. 11 .................................................................................................................... 6

Fed. R. Civ. P. 12(h)(2) ........................................................................................................... 3

Fed. R. Civ. P. 23 .................................................................................................................. 13

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2787772

- iii -

DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. CV 08-00868 RMW)

Defendant eAppraiseIT, LLC ("EA") respectfully submits this reply in support of its cross motion for judgment on the pleadings as to the Second Amended Complaint ("SAC").

## I. INTRODUCTION

Despite its length, Plaintiffs' opposition says precious little that is relevant to the cross motion for judgment on the pleadings. What little of relevance that is said only serves to demonstrate that the SAC is deficient as a matter of law.

Much of the opposition is dedicated to rehashing (and often contorting) the procedural posture and prior rulings of the Court. However, Plaintiffs cite no law supporting their contention that the cross motion is improper because of its timing. As demonstrated below, the law holds precisely the opposite. Moreover, Plaintiffs' repeated refrain that "five years" has passed rings hollow in light of the fact that Plaintiffs initiated this current round of pleading challenges with their own motion for judgment on the pleadings.

EA's cross motion set forth established precedent demonstrating that the SAC is deficient in its failure to plead facts showing that Mr. Spears and Ms. Scholl used their loan proceeds for a non-business purpose. Plaintiffs do not dispute that RESPA requires, and that it is their burden to plead and prove, this non-business purpose. Nor do Plaintiffs meaningfully address the law cited in the cross motion which holds that mere references to the type of loan, the type of property (*e.g.*, "residence" or "home"), or language parroting the statute will not suffice. Instead, Plaintiffs pretend that their conclusory use of the word "consumer" is all that is required. The law holds otherwise.

The cross motion also demonstrated that – on the face of the complaint – the one-year statute of limitations has run for Ms. Scholl's RESPA claim as well as the claims of all class members whose loans closed prior to February 8, 2007. Plaintiffs do not dispute that: (i) the relevant limitations period is one year, (ii) the statute provides that it runs upon the date of the occurrence of the violation, and (iii) the violation for each class member (including Ms. Scholl) occurred no later than the date the loan closed. Thus, all that is left for this Court to decide is whether RESPA is subject to equitable tolling or the discovery rule, and if so whether Plaintiffs have properly pleaded it. The answer to both of these questions is no, as a matter of law.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2787772 - 1 -

DEFENDANT'S REPLY IN SUPPORT OF CROSS
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. CV 08-00868 RMW)

Nothing demonstrates the shortcomings of the SAC better than the lengths to which Plaintiffs go to avoid having the cross motion decided on the face of their pleading, as is required.

- Plaintiffs refer incessantly to "record evidence" (which they then mis-cite or curiously excerpt). Opp'n (Dkt. No. 295) at 2:11-14; 3:8; 3:25-4:3; and 21-25.

- Plaintiffs ask the Court to let them "amend the SAC to conform to the evidence" (never actually specifying what the amendment would be or when the amendment might occur). *Id*. at 3:23-24; 21:27-28; and 25:23.

- Plaintiffs claim they have the unilateral right to force this pleading challenge into a summary judgment motion by themselves proffering "abundant evidence from outside the pleadings," and then ask this Court to hold that summary judgment motion in abeyance until "after discovery ends." *Id.* at 10:8-10; 22:13-16; and 25:22-25.

- After spending 20 pages of their brief arguing the SAC is not deficient, Plaintiffs argue that, if only EA had made its current arguments during the motions to dismiss, "Plaintiffs would have sought amendment to include any facts they thought were deficient regarding Plaintiffs' loan purposes." *Id.* at 21:19-20.

These are not the arguments of a litigant whose pleading is valid on its face – and facial validity is all that is at issue in this cross motion for judgment on the pleadings. The cross motion should be granted.

## II. THE TIMING OF THE CROSS MOTION IS PROPER

Plaintiffs spend the first ten pages of their opposition complaining about the propriety of EA's Rule 12(c) cross motion, claiming that, *inter alia*, it is untimely, vexatious, and repetitive (often emphasizing numbers like "sixth" time and "five years").[1] Yet at the same time, Plaintiffs concede that the issues addressed by EA's cross motion have never been raised before in this litigation. *See* Opp'n at 1:16-18; 21:14-20. Furthermore, Plaintiffs cite no authority for the proposition that EA's motion is procedurally improper. *Id.* at 10:11-15 (one paragraph argument claiming that EA's motion "may be denied based on EA's litigation history," but citing no authority and simply referring back to Plaintiffs' "procedural history" discussion).

---

[1] Plaintiffs cannot seem to make up their mind as to whether the cross motion is repetitive or an unfair surprise. *Compare* Opp'n at 1:3-4 (stating that EA's motion "seeks to revisit yet again" previously addressed issues), *with* Opp'n 21:14-20 (complaining that EA has "not once raised the issue" of the business purpose).

Also, while Plaintiffs pretend as if the previous motions to dismiss were a waste of time, they in fact resolved a huge portion of this case in dismissing six and one-half of Plaintiffs' seven claims (the "one-half" being Plaintiffs' claim under 12 U.S.C. § 2607(b), as only the alleged violation of § 2607(a) survived from Plaintiffs' first claim for relief).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2787772 - 2 -

DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. CV 08-00868 RMW)

In fact, there is nothing in the federal rules that prohibits Rule 12(c) motions from being made after a party has filed a Rule 12(b) motion. Indeed, as held by courts in this district, the federal rules "expressly provide[]" that a Rule 12(c) motion may be used to attack the pleading for "failure to state a claim" even if the moving party has previously moved under Rule 12(b). *See Legal Additions LLC v. Kowalski*, 2010 WL 335789, at *2 (N.D. Cal. Jan. 22, 2010) ("Rule 12(h)(2) expressly provides that '[f]ailure to state a claim upon which relief can be granted ... may be raised by a motion under Rule 12(c),' i.e., a motion for judgment on the pleadings.") (citing Fed. R. Civ. P. 12(h)(2)); *see also Flores v. City of Phoenix*, 2012 WL 2369257, at *2 n.2 (D. Ariz. June 22, 2012) (holding that "[t]he City's failure to raise the argument" in a previous motion to dismiss for failure to state a claim did "not preclude the Court from considering this argument" in a motion for judgment on the pleadings).

As for Plaintiffs' professed grievance with EA's cross motion being made now, Plaintiffs apparently forget that they are the ones who initiated the instant round of pleading challenges. *See* Dkt. No. 283.[2] Moreover, unlike Plaintiffs' Rule 12(c) motion (which merely serves to confirm that Plaintiffs bear the burden of proof on eight of EA's eleven listed defenses), EA's Rule 12(c) cross motion has meaningful consequences to this case.

### III. THE SAC FAILS TO PROPERLY PLEAD A NON-BUSINESS PURPOSE FOR THE PURPORTED LOAN TRANSACTIONS AT ISSUE

In its moving brief, EA demonstrated that in order to state a claim under RESPA (and have standing to assert a RESPA claim), a plaintiff must allege and prove that s/he used the proceeds of his/her loan for a non-business purpose. Mov. Br. (Dkt. No. 286) at 4:7-5:4. Plaintiffs do not dispute that this is a requirement under RESPA which they must plead and prove. Opp'n at 10:18-11:24; Mov. Br. at 4:7-5:4. Instead, Plaintiffs claim that because the SAC employs the word "consumer" to describe the named Plaintiffs and class members (and because this Court used that word in its class certification ruling), and because a "consumer" as a matter of statutory law cannot

---

[2] In addition, as this Court can see from EA's moving brief and this reply, the law on the issues raised in the cross motion has developed significantly since this Court's rulings on the motions to dismiss back in 2009.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2787772 - 3 -

DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. CV 08-00868 RMW)

have used his or her loan for a business purpose, that Plaintiffs have adequately pleaded a non-business purpose for their loans. Opp'n at 12:21-13:16. This is bootstrapping and is precisely the type of pleading rejected by the Supreme Court in *Twombly* and *Iqbal* as mere "labels and conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("'[A] formulaic recitation of the elements of a cause of action will not do.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If permitted, Plaintiffs' approach would allow any RESPA plaintiff to immunize himself or herself from the requirement to plead and prove a non-business purpose simply by calling himself/herself a "consumer" and then using that moniker as proof of the facts.

Besides their reliance on the "consumer" label, Plaintiffs emphasize that the loans obtained by the named Plaintiffs from Washington Mutual were made in connection with "the purchase and refinance of single family residential homes" and were "home mortgage loans." Opp'n at 11:26-12:14. Likewise, Plaintiffs emphasize (in the portion of their brief where they purport to force this motion into a summary judgment motion – apparently to be decided after "all discovery") that Ms. Scholl is a retired United Nations peace worker who purchased "a home" and whose "primary occupation is not real estate investing." Opp'n at 24:9-26.[3]

However, Plaintiffs cite no legal authority holding that retired peace workers automatically qualify for RESPA protection, or that calling a property "a home" or having an occupation that is "not real estate investing" somehow means that a loan was used for a non-business purpose under RESPA. Plaintiffs cite no such authority because there is none. As demonstrated in EA's cross motion, courts addressing RESPA's business purpose exemption consistently have found that terms such as "residential" and "home" are insufficient to establish a personal and non-business purpose for a loan. Mov. Br. at 5:15-6:20. In their half-hearted effort to distinguish the cases

---

[3] The case law Plaintiffs cite in support of their motion to convert the cross motion to a summary judgment motion did not involve what is extant here: a plaintiff trying to avoid a pleading challenge by *itself* interjecting material outside of its pleading (and here, even outside of this case). To permit this would fly in the face of the settled rule that a plaintiff cannot amend his or her complaint via the opposition brief. *See Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). It would also lead to the nonsensical result that Plaintiffs could forestall pleading challenges by simply referring to "record evidence" and then insisting that the pleading challenges be converted to summary judgment motions to be decided "after all discovery" (Plaintiffs' words).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2787772 - 4 -

DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. CV 08-00868 RMW)

1  cited by EA, Plaintiffs do nothing to challenge the basic principle that "the emphasis should be on
2  the purpose of the transaction and not the categorization of the properties used to secure the loan,"
3  and offer no case law of their own to contest this point. *See Schulken v. Washington Mutual*, 2009
4  WL 4173525, at *4 (N.D. Cal. Nov. 19, 2009). Plaintiffs purport to distinguish *Schulken* by
5  arguing that the court in that case granted "leave to clarify if the home equity line of credit loan
6  was for a personal or business purpose" (Opp'n at 14:23-28), but this "distinction" only serves to
7  confirm that the nature of the property securing the loan (*e.g.*, a "home") does not itself establish a
8  non-business purpose for the loan. Moreover, Plaintiffs make no effort to distinguish *Gusenkov v.*
9  *Residential Mortg. Capital, Inc.*, which held that a plaintiff's assertion of a "residential mortgage"
10 provided "no facts to indicate whether this loan was for plaintiffs' primary residence rather than
11 merely property that he owns." 2010 WL 3127045, at *3-5 (E.D. Cal. Aug. 9, 2010).

12       As for Plaintiffs' reliance on the *Edwards* decisions (*see* Opp'n at 13-14), those decisions
13 are irrelevant to this cross motion. In *Edwards v. First American Corp.*, the Ninth Circuit issued a
14 memorandum opinion (self-described as "not appropriate for publication" and "not precedent"),
15 which the district court relied upon as the law of the case. 385 Fed. Appx. 629, 630 (9th Cir.
16 2010); Kravec Decl. (Dkt. No. 296-2) Ex. 2 at 7. The district court's opinion addressed the
17 question of ascertainability of the class, which is not the question at issue in this cross motion.[4]
18 Thus, Plaintiffs have failed to proffer any authority in support of their position, and have done
19 nothing to differentiate the authority cited in the moving brief.

20       All of this may leave the Court to wonder, why do Plaintiffs protest so much to simply
21 state the *facts* supporting the non-business purpose of the loans at issue?[5] The facts are certainly
22 within Plaintiffs' knowledge – after all, they obtained the loans and used the proceeds. Plaintiffs

---

[4] Contrary to Plaintiffs' insinuations, EA was not a party to the *Edwards* litigation, which involved a different defendant and a different line of business (title insurance) from the appraisal management services at issue in this case. Moreover, although Plaintiffs emphasize the *Edwards* decisions, which arose in the context of motions for class certification and decertification, in other portions of their opposition Plaintiffs proclaim that class certification decisions are irrelevant to the issues presented in the cross motion. *See* Opp'n at 14:28-15:1.

[5] The opposition proudly proclaims that Mr. Spears used his loan for a non-business purpose and then nebulously states that "as for Plaintiff Scholl, the SAC and the record reflect factual disputes on this point." Opp'n at 2:11-14.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2787772     - 5 -     DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. CV 08-00868 RMW)

should be able to state in a complaint precisely how they used the money, and that is exactly what the law requires them to do (and Federal Rule of Civil Procedure 11 requires the attorneys to certify as truthful when filed).

For all of these reasons, the RESPA claim fails on its face for failure to state facts establishing a non-business purpose for the loans at issue.

## IV. THE SAC IS TIME-BARRED AS TO ALL PUTATIVE CLASS MEMBERS WHOSE LOANS CLOSED PRIOR TO FEBRUARY 8, 2007

The opposition does not dispute that Plaintiffs' RESPA claim is subject to a one-year statute of limitations, that the limitations period begins to run on the date of "the violation," or that the date of the violation occurs no later than loan closing. Accordingly, the RESPA claim of every class member (including Ms. Scholl) whose loan closed more than one year before the complaint's February 8, 2008 filing date is time-barred as a matter of law. The only two questions before this Court are thus: (i) whether equitable tolling or the discovery rule apply to RESPA claims (they do not), and (ii) even assuming these doctrines could apply, whether Plaintiffs have properly pleaded sufficient *facts* supporting application of them (they have not).

### A. RESPA's One Year Limitations Period Is Not Subject To Tolling

EA's moving brief cited circuit-level authority demonstrating that RESPA claims are not subject to tolling because the deadline to file an action is phrased by Congress as a "jurisdictional requirement." Mov. Br. at 8:21-9:5; *see also Hardin v. City Title & Escrow Co.*, 797 F.2d 1037, 1039 (D.C. Cir. 1986) ("Because the time limitation contained in § 2614 is an integral part of the same sentence that creates federal and state court jurisdiction, it is reasonable to conclude that Congress intended thereby to create a jurisdictional time limitation.").[6] The opposition does not

---

[6] *See also* 12 U.S.C. § 2614: "Jurisdiction of courts; limitations.

Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation, except that actions brought by the Bureau, the Secretary, the Attorney General of any State, or the insurance commissioner of any State may be brought within 3 years from the date of the occurrence of the violation."

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2787772 - 6 - DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. CV 08-00868 RMW)

1 address this authority, nor does it dispute that the Ninth Circuit has never addressed whether RESPA claims are subject to tolling. Opp'n at 15:5-16:2; Mov. Br. at 8:21-9:5 & n.6 (citing *Hardin, Zaremski, Justo*). Instead, Plaintiffs employ sophisms.

First, Plaintiffs contend that equitable tolling "is read into every federal statute of limitations." Opp'n at 15:8-10 (citing *Holmberg*).[7] However, *Hardin* considered the general rule in *Holmberg*, yet concluded that RESPA was not subject to tolling because Congress had established a *jurisdictional* limitations period, which "must be strictly construed" and that "could be tolled only as expressly provided in the statute itself." *Hardin*, 797 F.2d at 1040-41; *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392-93 (1982) (where time period operates as a jurisdictional requirement, equitable doctrines do not apply and noncompliance will divest the court of jurisdiction).[8] Second, Plaintiffs assert that RESPA's limitations period is not a "jurisdictional requirement" since "it is in the discretion of the district court to apply tolling to RESPA claims." Opp'n at 15:19-16:2 (citing *Santa Maria*). But *Santa Maria* did not involve a claim under RESPA, nor did the Ninth Circuit hold that a district court is entitled to discretion when determining its own jurisdiction, which is a question of law. *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) (observing that the determination of whether the *requirements* of equitable tolling are met is reviewed for abuse of discretion).

Accordingly, equitable tolling is inapplicable to RESPA as a matter of law.

---

[7] Contrary to Plaintiffs' representations, the Northern District of California has not squarely addressed the issue of whether equitable tolling is applicable to RESPA. Indeed, in every decision cited by Plaintiffs (*Akhavein*, *Bloom*, *Kay*), the facts pleaded clearly demonstrated that equitable tolling did not apply, so the jurisdictional question never had to be decided. *See* Mov. Br. at 9 n.6. Furthermore, in the *Kay* action, the district court's subsequent ruling questioned the extent to which tolling applied to RESPA. *Kay v. Wells Fargo & Co.*, 247 F.R.D. 572, 578 (N.D. Cal. 2007) ("Kay II") ("[T]he July 24 order may have overstated the extent to which equitable tolling is available under RESPA.").

[8] Furthermore, application of equitable tolling to federal statutes is not absolute – equitable tolling is "not permissible" where, as here, "it is inconsistent with the text of the relevant statute." *See United States v. Beggerly*, 524 U.S. 38, 48 (1998). Congress established a clearly defined time period for bringing claims for violations of RESPA – *i.e.*, one year "from the date of the *occurrence of the violation*." 12 U.S.C. § 2614. Thus, equitable tolling is inapplicable here because it would contravene the express statutory language setting forth the designated time period for bringing RESPA claims. *See, e.g., Garcia v. Brockway*, 526 F.3d 456, 466 (9th Cir. 2008 (en banc) (rejecting application of equitable tolling to limitations period that ran from the *occurrence* of a discriminatory act because it contradicted the statutory language).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2787772 - 7 -

DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. CV 08-00868 RMW)

### B. RESPA's One Year Limitations Period Is Not Subject To The Discovery Rule

There is no dispute as to the statutory language of RESPA's limitations period – it expressly states that it runs "from the date of the *occurrence of the violation*" (*i.e.*, no later than loan closing) and contains no provisions for delayed discovery. *See* 12 U.S.C. § 2614 (emphasis added). The only disagreement is whether the discovery rule is applicable to RESPA claims despite the unequivocal language of RESPA's limitation period to the contrary. It is not.

EA's moving brief set forth case law stating that the clear and unambiguous statutory language of RESPA's limitations period precludes application of the discovery rule. Mov. Br. at 10:7-11 & n.10 (citing *Mickissack*, *Davis*, *Perkins*). *Plaintiffs never address any of this authority*, and instead, assert without citation to any actual authority or discussion of RESPA's statutory language that a discovery rule is read into every federal statute. Opp'n at 21:1-4.[9]

Plaintiffs' contention is unavailing. It is black letter law that a court cannot interpret a statute in a manner than renders any part of it surplusage, void, or meaningless. *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001); *Garcia*, 526 F.3d at 466 (en banc) ("Even if we thought this interpretation were more equitable, we don't have the authority to interpret a provision in a manner than renders other provisions of the same statute inconsistent, meaningless or superfluous.") (internal quotation marks and citation omitted). Indeed, when the Ninth Circuit addressed the application of the discovery rule to a similarly-worded statute of limitations (*i.e.*, limitations period begins to run when a discriminatory act "occur[ed]"), it refused to read in a discovery rule because it would contradict the express statutory language and render it meaningless. *Garcia*, 526 F.3d at 465-66. The discovery rule is similarly inapplicable here, as RESPA expressly states that the limitations period runs "from the date of the *occurrence of the violation*."[10] Therefore, the

---

[9] Plaintiffs' reliance on *Holmberg*, *Gabelli*, and *Santa Maria* is misplaced. *See Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946) (addressing the application of equitable tolling, not the discovery rule); *Santa Maria*, 202 F.3d at 1176-79 (same). Indeed, even *Gabelli* demonstrates that the application of the discovery rule is not absolute. *See Gabelli v. S.E.C.*, 133 S.Ct. 1216, 1221-24 (2013) (refusing to read the discovery rule into a securities fraud statute because it would contravene the statute's text and purpose).

[10] Even assuming that Plaintiffs can rely on the discovery rule for their RESPA claims, Plaintiffs have failed to meet their burden to specifically plead *facts* establishing that the discovery rule applies here. Indeed, case law cited by Plaintiffs acknowledges that "[t]he burden is on the plaintiff to show diligence." *Rambus Inc. v. Samsung Electronics Co., Ltd.*, 2007 WL 39374, at *4

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2787772 - 8 -

DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. CV 08-00868 RMW)

RESPA claim of every class member (including Ms. Scholl) whose loan closed prior to February 8, 2007 is time-barred as a matter of law.

### C. Even If Tolling Applied To RESPA, Plaintiffs Have Not Pleaded It Sufficiently

Given that RESPA's limitation period is a jurisdictional requirement and not subject to the discovery rule, the Court need not address whether Plaintiffs have sufficiently pleaded their right to equitable tolling. However, even if tolling is somehow applicable to RESPA claims, Plaintiffs have not pleaded any facts whatsoever – let alone with the requisite specificity – showing that they are entitled to equitable tolling.

#### 1. Plaintiffs Improperly Conflate Tolling With The Discovery Rule

According to the Ninth Circuit, equitable tolling "differs from the [discovery rule] in that the plaintiff is *assumed to know that he has been injured*, so that the statute of limitations has begun to run; but he cannot obtain information necessary to decide whether the injury is due to wrongdoing and, if so, wrongdoing by the defendant." *Garcia*, 526 F.3d at 465 (en banc) (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990)) (emphasis added). Thus, for equitable tolling to apply, Plaintiffs must plead facts establishing that: (i) they have been "pursuing [their] rights diligently," and (ii) "that some extraordinary circumstance stood in [their] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also* Mov. Br. at 10:18-20. Here, Plaintiffs do not dispute these requirements, nor do they dispute that each class member bears the burden of establishing their right to equitable tolling. Instead, Plaintiffs contend that the requirements have been met here because Plaintiffs did not know about the alleged conspiracy to inflate appraisals and that "[d]espite diligence, no amount of investigation could have revealed the nature of the EA-WaMu agreement" until the New York Attorney General's complaint was filed in November 2007. Opp'n at 19:10-19. But Plaintiffs miss the point.

Plaintiffs' entire argument conflates the discovery rule with the doctrine of equitable tolling. The gist of the tolling allegations is that Plaintiffs were supposedly unable to discover the

---

(N.D. Cal. Jan. 4, 2007) (Whyte, J.). Thus, the SAC is deficient as a matter of law because, as discussed *infra*, Plaintiffs have not pleaded *facts* showing that any class members did anything to investigate their RESPA claims during the limitations period.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2787772    - 9 -    DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. CV 08-00868 RMW)

alleged conspiracy and had no reason to suspect that their appraisals were deficient. But these allegations in fact doom Plaintiffs' equitable tolling argument. Equitable tolling requires that a plaintiff knows that s/he has been injured and exercises actual diligence but has his/her investigation thwarted by the defendant. *See Garcia*, 526 F.3d at 465 (en banc) (for equitable tolling to apply, the plaintiff must know he has been injured).

Plaintiffs attempt to avoid the requirement to plead (and exercise) diligence by arguing that their allegation that "no class member could have learned of the conspiracy at issue in this action without the NYAG's investigation" is somehow a substitute. Opp'n at 21:10-11. It is not, and Plaintiffs' own authority rejects this argument. *See*, *e.g. McCarn v. HSBC USA, Inc.*, 2012 WL 5499433, at *6 (E.D. Cal. Nov. 13, 2012) (rejecting equitable tolling because plaintiff attempted to get around his "clear lack of diligence" by arguing that "reasonable diligence on his part would have been futile because the 'complex, undisclosed and self-concealing nature of [d]efendants' scheme' … prevented him from discovering the existence of a possible RESPA claim.") (cited in Opp'n at 17, 20); *see also* Mov. Br. at 10:21-11:4. Thus, Plaintiffs' equitable tolling allegations are deficient as a matter of law.

### 2. Plaintiffs' "Concealment" Allegations Simply Mimic the Underlying Alleged Conspiratorial Conduct

Fraudulent concealment is a basis for equitable tolling where equitable tolling is available, however it is a very narrow doctrine. Fraudulent concealment applies when a plaintiff learns that s/he is injured, is investigating his/her claim, and the defendant engages in active conduct "above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *See Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1052 (9th Cir. 2008) (citation omitted); *see also Cada*, 920 F.2d at 451; Mov. Br. at 9:15-10:5. Here, Plaintiffs do not dispute this requirement, nor do they dispute that fraudulent concealment must be pleaded with particularity under Rule 9(b). Opp'n at 16:13-18; 17:3-5. The only disagreement is whether Plaintiffs' repeated allegations that the conspiracy was not "disclosed" and that they had no reason to "suspect" that their appraisals were faulty satisfy the requirements for pleading fraudulent concealment. They do not.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2787772

- 10 -

DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. CV 08-00868 RMW)

The opposition improperly conflates the doctrine of fraudulent concealment with the discovery rule. The core of Plaintiffs' "concealment" allegations is their purported inability to discover the alleged conspiracy and their purported lack of suspicion regarding the quality of appraisals.[11] However, these allegations are wholly insufficient to plead fraudulent concealment as a matter of law. *See Cada*, 920 F.2d at 451 (fraudulent concealment presupposes that a plaintiff has already discovered that the defendant injured him). Furthermore, to the extent that Plaintiffs contend that EA "concealed" the alleged conspiracy to inflate appraisals by failing to disclose that it was allegedly engaged in that conspiracy, those allegations are likewise deficient. Indeed, this is the exact type of bootstrapping proscribed by Plaintiffs' own authority and by Ninth Circuit precedent. *See McCarn*, 2012 WL 5499433, at *7 (rejecting plaintiff's argument that the "nature of Defendant's 'self-concealing' scheme" in violation of RESPA constituted affirmative acts of fraudulent concealment); *Kay II*, 247 F.R.D. at 577 (a plaintiff "may not use the underlying violation of RESPA as an active concealment"); Mov. Br. at 9:15-10:5 (citing *Lukovsky*).

Recognizing these deficiencies, Plaintiffs now proclaim that by failing to disclose that "appraisal[s] [were] not done pursuant to USPAP's requirements," EA engaged in "acts of concealment" which were supposedly "separate and distinct from Plaintiffs' RESPA claim." Opp'n at 18:5-15.[12] But this is a distinction without a difference. The alleged "concealment" is part and parcel of the "wrongdoing upon which Plaintiffs' claim is filed" – *i.e.*, the alleged conspiracy to inflate appraisals. Indeed, Plaintiffs' allegations outlining the various "common

---

[11] Plaintiffs give contradictory accounts regarding this purported lack of suspicion. Plaintiffs first claim that "neither Plaintiffs nor Class members could have reasonably suspected that there was anything wrong with their appraisal" until the New York Attorney General's complaint was filed in November 2007 (Opp'n at 18:15-20), but later concede that Plaintiff Scholl "began to suspect that something might be wrong with the appraisals" in June 2007. *See* Opp'n at 24:19-23.

[12] In making this argument, Plaintiffs improperly go well beyond the face of the SAC – indeed, Plaintiffs rely on allegations supporting claims previously dismissed by this Court and included in the SAC "solely to preserve their right to appeal the dismissal of [those] claims." *See* Opp'n at 18:5-15 (citing, *inter alia*, SAC ¶¶ 84-88, 97, 98, 127, 128, 129-131); Dkt. No. 169 at 3 n.1 (noting that previously dismissed claims for violations of RESPA, California Business and Professions Code § 17200 and California's Consumer Legal Remedies Act were only included in the SAC to preserve Plaintiffs' appellate rights); *id.* at 7 (dismissing breach of contract claims because the statement that "appraisals were performed in compliance with applicable law (SAC ¶ 129) … does not constitute a contractual obligation").

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2787772 - 11 - DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. CV 08-00868 RMW)

questions" for the class – which have been conveniently omitted from the opposition – acknowledge that the procurement of "appraisal services that were not performed by independent, unbiased appraisers as required by law" was a necessary part of the conspiracy. *See* SAC ¶ 79(a). Because these are the very same facts Plaintiffs now cite as demonstrating fraudulent concealment, the fraudulent concealment allegations are deficient as a matter of law.

In summary, RESPA's limitations period is not subject to tolling or the discovery rule, and even if it were Plaintiffs have not pleaded sufficient facts to invoke these doctrines. Accordingly, the RESPA claim of every class member (including Ms. Scholl) whose loan closed prior to February 8, 2007 is time-barred as a matter of law and should be dismissed with prejudice.

## V. THE CLASS CERTIFICATION RULING DID NOT ESTABLISH PLAINTIFFS' CASE FOR THEM OR DEPRIVE EA OF ITS DEFENSES

Throughout their opposition, Plaintiffs attempt to contort this Court's class certification ruling into a panacea which simultaneously proves their case and rejects EA's defenses. The class certification ruling did nothing of the sort, nor could it have.

The class certification ruling found that a common issue predominated such that a class action was a proper mechanism for resolution of the parties' dispute. Dkt. No. 249. In its ruling, this Court noted that, in order to prevail under their theory of relief, one common issue that all Plaintiffs will have to prove is that EA and WaMu conspired to inflate the appraisals at issue in this case so that WaMu could sell the loans to which the appraisals pertained to financial institutions in higher volumes and at higher prices. *Id.* at 2:3-6, 4:3-4.[13] However, Plaintiffs apparently take this to mean that this Court was delineating *everything* that Plaintiffs had to prove. *See, e.g.,* Opp'n at 3:15-17; 4:18-21; 7:10-26; 13:20-24.

The fact that this Court specified one common issue that Plaintiffs must prove to satisfy the predominance requirement under their own theory of the case does not mean that this one common issue is all that Plaintiffs must prove in this case. Indeed, the Supreme Court has made clear that a class certification ruling as a matter of law cannot be used to deny a defendant its right to present

---

[13] This Court also noted that Plaintiffs had picked a difficult theory to prove. Dkt. No. 249 at 11:1-3.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2787772 - 12 -

DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. CV 08-00868 RMW)

each of its defenses to the individual class members' claims. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2561 (2011) ("Because the Rules Enabling Act forbids interpreting Rule 23 to abridge, enlarge or modify any substantive right, *a class cannot be certified on the premise that [the defendant] will not be entitled to litigate its statutory defenses to individual claims*.") (emphasis added and internal citations omitted); *Wang v. Chinese Daily News, Inc.*, --- F.3d ---, 2013 WL 781715, at *1 (9th Cir. Mar. 4, 2013) (same). The *Wal-Mart* decision thus affirmed the long-standing rule that a court "has no power to define differently the substantive rights of individual plaintiffs as compared to class plaintiffs." *State of Ala. v. Blue Bird Body Co.,* Inc., 573 F.2d 309, 318 (5th Cir. 1978) (citing Fed. R. Civ. P. 23, and 28 U.S.C. § 2072 (Rules Enabling Act)).[14]

EA's defenses in this case include that the named Plaintiffs (and likely many thousands of the class members) did not use their loans for a non-business purpose as required by RESPA, and that the claims are time-barred. The class certification order did not (and could not) alter, prejudge, or – as Plaintiffs apparently contend – do away with those defenses.

**VI. CONCLUSION**

EA's cross motion is amply supported by the governing law and should be granted in its entirety.

Dated: March 15, 2013          IRELL & MANELLA LLP

By: /s/ John C. Hueston
John C. Hueston
Attorneys for Defendant
eAppraiseIT, LLC

---

[14] *See also Insolia v. Philip Morris Inc.*, 186 F.R.D. 535, 547 (W.D. Wis. 1998) ("Issues not subject to common proof must be resolved on the basis of facts specific to individual class members. It makes no difference whether these issues are part of the definition of a proposed class or part of the merits of the claims raised in a complaint."); *Toldy v. Fifth Third Mortg. Co.*, 2011 WL 4634154, at *3 (N.D. Ohio Sept. 30, 2011) (finding that "whether a putative class member's loan garners RESPA coverage cannot be known short of a case by case analysis," and that this analysis "cannot be deferred until a claims-administration process conducted after trial as the question of coverage is a central element bearing on liability.").

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2787772      - 13 -      DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. CV 08-00868 RMW)

## ECF ATTESTATION

I, Justin N. Owens, am the ECF user whose ID and password are being used to file **DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS MOTION FOR JUDGMENT ON THE PLEADINGS UNDER FED. R. CIV. P. 12(c)**. I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

**/s/ Justin N. Owens**
Justin N. Owens

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2787772

DEFENDANT'S REPLY IN SUPPORT OF CROSS
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. CV 08-00868 RMW)

# **PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss.:
COUNTY OF ORANGE )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 840 Newport Center Drive, Suite 400, Newport Beach, California 92660-6324.

On March 15, 2013, using the Northern District of California's Electronic Case Filing System, with the ECF ID registered to Justin N. Owens, I filed and served the document(s) described as:

**DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS MOTION FOR JUDGMENT ON THE PLEADINGS UNDER FED. R. CIV. P. 12(c)**

[X] **BY ELECTRONIC TRANSMISSION USING THE COURT'S ECF SYSTEM:** I caused the above document(s) to be transmitted by electronic mail to those ECF registered parties listed on the Notice of Electronic Filing (NEF) pursuant to Fed. R. Civ. P. 5(d)(1) and by first class mail to those non-ECF registered parties listed on the Notice of Electronic Filing (NEF). *"A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when emailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P. 5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 15, 2013, at Newport Beach, California.

| Justin N. Owens | /s/ Justin N. Owens |
|---|---|
| (Type or print name) | (Signature) |

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2787772

DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS
MOTION FOR JUDGMENT ON THE PLEADINGS
(Case No. CV 08-00868 RMW)
PROOF OF SERVICE