UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELTON A. SPEARS, JR. and SIDNEY SCHOLL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST AMERICAN EAPPRAISEIT (a/k/a eAppraiseIT, LLC), a Delaware limited liability company, | Case No. C-08-00868 RMW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT**<br><br>[Re Docket No. 266] |

On November 2, 2012, defendant First American moved for leave to file a third-party complaint against the Federal Deposit Insurance Corporation, as receiver of Washington Mutual Bank. Because the motion was filed years into the litigation and after the deadline to amend the pleadings, the court denies the motion to file an amended complaint. As explained below, the court finds that First American failed diligently pursue its claims against the FDIC and thus it cannot establish good cause to allow the impleader.

DENIAL OF LEAVE TO FILE 3RD PARTY COMPLAINT
CASE NO. C-08-00868-RMW
SW
- 1 -

## I. BACKGROUND

First American, acting under the name eAppraiseIT, entered into a contract with Washington Mutual to provide appraisal management services. The contract included an indemnity clause protecting First American from losses related to misconduct by Washington Mutual. Def.'s Br. 2-3, Dkt. No. 266. The FDIC took over as receiver for Washington Mutual assuming its obligations under the contract. Spears' complaint, which originally named Washington Mutual as a defendant but later dismissed it after the FDIC took over as receiver, still contains many allegations that Washington Mutual pressured First American to inflate its appraisals. According to First American, if proved, that could obligate Washington Mutual to indemnify First American under their contract. Second Amended Complaint ¶¶ 6, 37, 42, 43, 47, Dkt. No. 149; Def.'s Br. 4.

First American now moves for permission to file a third-party complaint against the FDIC for indemnity based on its assumption of Washington Mutual's obligations. First American claims that this will not affect the court's scheduling order, which sets: the merits discovery cutoff for May 13, 2013; expert discovery cutoff for December 30, 2013; dispositive motion cutoff for February 12, 2014; and trial for June 23, 2014. Scheduling Order at 2, Dkt. No. 260. An earlier order set the last day to amend pleadings for January 15, 2010. Order, Dkt No. 175.

## II. ANALYSIS

Although First American may meet Rule 14 and jurisdictional requirements, it fails to meet the requirements of Rule 16 for changing the scheduling order. First, Rule 16 applies because adding a new party is an amendment to the pleadings. Second, First American fails to establish good cause to modify the schedule under the rule.

### A.  Rule 16

Rule 16 of the Federal Rules of Civil Procedure governs any modification to the court's scheduling order. Fed. R. Civ. P. 16(b). The court's scheduling order set January 15, 2010 as the deadline to amend pleadings. Order, Dkt. No. 175. Spears and First American dispute whether impleading a third party is itself an amendment to the pleadings. In most of the cases cited by

Spears where impleading fell under Rule 16, the court had specifically set a final date to join other parties. *See* Reply at 6.[1] Nevertheless, the standing order regarding the contents of a case management statement make it clear that "amending the pleadings" includes any addition of parties. *See* Standing Order, Dkt. No. 2 at 4. The Standing Order requires case management statements to include a section on "Amendment of Pleadings" which must cover the "extent to which *parties*, claims, or defenses are expected to be added or dismissed." *Id.* (emphasis added). The court based the subsequent scheduling orders on the case management statements filed in compliance with the Standing Order. They use the short hand "amendment of pleadings" to refer to all of the material required in that section. The court's October 2, 2009 Order which stated: "last day to amend pleadings set for 1/15/10" adopted the date proposed by the parties in their case management statement in the "Amendment of Pleadings" section. Order, Dkt. No. 175; Case Management Statement, Dkt. No. 172. The January 15, 2010 deadline to amend the pleadings covered any addition of parties, such as through filing a third-party complaint. Therefore, First American's motion to file a third-party complaint requires modifying the scheduling order, which implicates Rule 16.

**B.    Good Cause**

Rule 16 requires a showing of good cause, for any modification to the court's scheduling order. Fed. R. Civ. P. 16(b)(4). A district court has broad discretion to manage the pretrial phase of litigation. *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). A court should only modify a scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). When evaluating whether a party was diligent, the Ninth Circuit has determined that "the focus of the inquiry is upon the moving party's reasons for modification. If that party was not

---

[1] In support of this point, First American asks the court to take judicial notice of various public filings in cases cited by Spears. *See* Dkt. No. 271. As these documents are publically available and Spears does challenge their validity, judicial notice is appropriate.

1  diligent, the inquiry should end." *Id.* (internal citation omitted); *see also Zivkovic,* 302 F.3d at
2  1087 (9th Cir. 2002) (quoting the same sections from *Johnson* with approval). In *Zivkovic*, the
3  Ninth Circuit found that plaintiff was not diligent in seeking to modify a scheduling order where
4  he waited until four months after the order had issued to try to modify it and then sought to extend
5  discovery by almost 10 months. 302 F.3d 1080, 1088 (9th Cir. 2002). Courts may consider
6  prejudice to the non-moving party as an additional reason to deny the motion, but they do not
7  usually consider prejudice to the moving party—the focus is on diligence. *Id.*

8  Here, First American has not been diligent. Too much time has passed since First
9  American was reasonably on notice of the possible basis for impleading the FDIC. At minimum,
10 American admits that the basis for its claims has existed since the FDIC filed suit against First
11 American in May 2011. Def.'s Br. 10. Arguably, First American should have been on notice of
12 its claims much earlier. Spear's theory for relief has not changed substantially since March 30,
13 2009, when he filed his second amended complaint, Dkt. No. 149, and the contract that forms the
14 basis for the indemnification claims was executed at the beginning of 2007. Agreement, Ex. A to
15 Owns Decl., Dkt. No. 271-1. Excluding the letter of repudiation from the FDIC, which First
16 American now contends was invalid for multiple reasons, Reply 9-10, First American should
17 have known that its claims against the FDIC were possible since the FDIC took over as receiver
18 for Washington Mutual and became a party to this action in late 2008. Stipulation, Dkt. No. 129.

19 Regardless, even an 18-month delay in seeking permission to file a third-party complaint
20 shows First American did not exercise due diligence and therefore lack's good cause to amend the
21 pleadings. *See Whitsitt v. County of San Mateo,* C 10-04996 LB, 2012 WL 174859, *2 (N.D. Cal.
22 Jan. 20, 2012) (eight-month delay in seeking amendment to pleadings was not diligent); *Irise v.*
23 *Axure Software Solutions, Inc.*, CV08-03601SJO JWJX, 2009 WL 3615973, *3 (C.D. Cal. July
24 30, 2009) (several month delay in seeking leave to amend after having reason to know of the
25 basis for the amendment was not diligent).

DENIAL OF LEAVE TO FILE 3RD PARTY COMPLAINT
CASE NO. C-08-00868-RMW
SW
- 4 -

### III. ORDER

For the foregoing reasons, the court DENIES leave for First American to file a third-party complaint.

Dated: April 23, 2013

_Ronald M. Whyte_
Ronald M. Whyte
United States District Court Judge