*E-FILED: August 1, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELTON A. SPEARS, JR. and SIDNEY SCHOLL, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>FIRST AMERICAN EAPPRAISEIT (a/k/a eAppraiseIT, LLC), a Delaware limited liability company,<br><br>　　　　　Defendant. | No. C08-00868 RMW (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>[Re: Docket No. 301] |

　　　　Plaintiffs sue for themselves and on behalf of a certified class of "[a]ll consumers in California and throughout the United States who, on or after June 1, 2006, received home loans from Washington Mutual Bank, FA in connection with appraisals that were obtained through eAppraiseIT." They claim that defendants engaged a scheme to inflate the appraised values of homes receiving loans in order to sell the aggregated security interests at inflated prices. First American EAppraiseIT (EA) is the only defendant left. This court is told that plaintiffs' sole remaining claim for relief is that the complained-of conduct violates the Real Estate Settlement Practices Act (RESPA), 12 U.S.C. § 2607(a).

　　　　In Discovery Dispute Joint Report (DDJR) No. 1, EA seeks an order compelling plaintiff Spears to answer Interrogatory Nos. 23-25 and compelling plaintiff Scholl to answer

1  Interrogatory Nos. 18-20 and 25.  The matter is deemed suitable for determination without oral
2  argument.  CIV. L.R. 7-1(b).  Upon consideration of the parties' respective arguments, the court
3  grants in part and denies in part EA's request for an order compelling discovery.

4        This court will not credit plaintiffs' objection that EA has exceeded the presumptive 25-
5  interrogatory limit.  That objection is based on their assertion that EA's prior interrogatories,
6  which plaintiffs received and answered over the course of several years, contained multiple
7  discrete subparts that pushed EA's interrogatories over the limit.  Plaintiffs say that, in an effort
8  to avoid discovery disputes, they did not previously raise this objection in response to those
9  earlier interrogatories.  The record presented, however, suggests that it did not occur to
10 plaintiffs to object to the supposed subparts in EA's prior interrogatories until now.

11     <u>Interrogatories to Plaintiff Spears</u>

12 EA seeks an order compelling Spears to answer Interrogatory Nos. 23-25:

13 <u>Interrogatory 23</u>:  "Identify each Putative Class Member who received a home loan
14 from Washington Mutual Bank, FA in connection with an appraisal obtained through
15 EA (including, without limitation, the date of the loan closing, the date of the appraisal
16 service, and the amount paid for the appraisal service)."

18 <u>Interrogatory 24</u>:  "For each Putative Class Member, identify any and all facts which
19 You contend establish that the relevant appraisal service provided by EA was not
20 provided in connection with a credit transaction involving an extension of credit
21 primarily for a Business, Commercial, or Agricultural Purpose."

23 <u>Interrogatory 25</u>:  "For each Putative Class Member, identify the nature of the credit
24 transaction for which You contend that EA provided an appraisal service (e.g., a home
25 purchase loan, home loan refinance, lender approved assumption, property improvement
26 loan, home equity line of credit, home equity loan, or reverse mortgage)."

27 (Dkt. No. 301-1, DDJR. No. 1, Ex. 5)

EA's request for an order compelling Spears to answer Interrogatory No. 23 is granted. Plaintiffs argue that this is information EA can find for itself from its own records or from records that both sides subpoenaed from JPMorgan Chase. They further suggest that this is class membership information that perhaps can be stipulated by the parties, at some later time, after they have finished reviewing the relevant records. If the parties are able to reach such a stipulation, then fine. But, to the extent plaintiffs have responsive information now, they should go ahead and tell EA. Plaintiff Spears shall serve his answer to this interrogatory within 14 days from the date of this order.

EA's request for an order compelling plaintiff Spears to answer Interrogatory Nos. 24 and 25 is denied. EA argues that these interrogatories are necessary to establish that the subject loans were not made for a business or other non-personal purpose. However, the class definition is limited to "consumers" who obtained home loans during the relevant time period. And, there seems to be no dispute that anyone who obtained a loan for a business or other non-personal purpose is already excluded from the class.

<u>Interrogatories to Plaintiff Scholl</u>

EA seeks an order compelling Scholl to answer Interrogatory Nos. 18-20 and 25:

<u>Interrogatory 18</u>: "Describe Your methodology for identifying the Subject Loans and the recipient thereof."

<u>Interrogatory 19</u>: "Describe Your methodology for identifying those Potential Class Members, or other individuals, who paid all or part of any appraisal fee in connection with obtaining any of the Subject Loans, and the amount of any such fee that each paid."

<u>Interrogatory 20</u>: "Describe Your methodology for identifying which Subject Loans are covered by the Real Estate Settlement Procedures Act ('RESPA'), including, but not limited to, Section 2607 thereof."

3

Interrogatory 25: "For each Putative Class Member who contends that the statute of limitations for filing suit against EA was tolled, identify any and all facts that You contend establish each such Class Member's right to tolling (including, without limitation, each such Class Member's diligence in learning of the existence of a possible claim against EA within in the limitations period, and the circumstances that purportedly prevented each such Class Member from learning of the existence of a possible claim against EA within the limitations period)."

(Dkt. No. 301-1, DDJR No. 1, Exs., 3, 7). In essence, these interrogatories seek information as to how class members are being identified and all facts showing that any untimely claims are subject to tolling. The information is relevant or reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). If plaintiffs have responsive information now, they should tell EA. For example, to the extent they have gathered from class members any information responsive to Interrogatory No. 25, they shall disclose that information. Scholl shall serve his answers to these interrogatories within 14 days from the date of this order.

SO ORDERED.

Dated: August 1, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

5:08-cv-00868-RMW Notice has been electronically mailed to:

Allison Lauren Libeu     alibeu@irell.com
Alvin Matthew Ashley     mashley@irell.com, sknight@irell.com
Angela M. Papalaskaris     apapalas@dl.com, courtalert@dl.com
Christopher J Clark     cjclark@dl.com
David A. Super     david.super@bakerbotts.com
Ellen Mary M. Doyle     edoyle@fdpklaw.com, filings@fdpklaw.com, gbrown@fdpklaw.com
Gretchen Freeman Cappio     gcappio@kellerrohrback.com, cbrewer@kellerrohrback.com
Harry Williams , IV     hwilliams@kellerrohrback.com
Janet Lindner Spielberg     jlspielberg@jlslp.com
Joel R. Hurt     jhurt@fdpklaw.com
John C. Hueston     jhueston@irell.com
John Charles Hueston     jhueston@irell.com, lhiles@irell.com
Jonathan Mark Lloyd     jonathanlloyd@dwt.com, jeannecadley@dwt.com
Joseph N. Kravec , Jr     jkravec@fdpklaw.com, filings@fdpklaw.com, jnk561@yahoo.com
Justin Nathanael Owens     jowens@irell.com
Kevin C Wallace     kwallace@dl.com
Kris Hue Chau Man     kman@dl.com, sholstrom@dl.com
Lynn Lincoln Sarko     lsarko@kellerrohrback.com, cengle@kellerrohrback.com, kwarner@kellerrohrback.com
Margaret Anne Keane     mkeane@littler.com, lraabe@littler.com
Martin L. Fineman     martinfineman@dwt.com, edithshertz@dwt.com, sfodocket@dwt.com
Michael D. Braun     service@braunlawgroup.com, clc@braunlawgroup.com
Ryan E. Bull     Ryan.Bull@bakerbotts.com
Sam N. Dawood     samdawood@dwt.com, allanpatterson@dwt.com, cassandrabaines@dwt.com, nickverwolf@dwt.com
Stephen M. Ng     stephen.ng@bakerbotts.com, leanna.gutierrez@bakerbotts.com
Stephen Michael Rummage     steverummage@dwt.com, jeannecadley@dwt.com, seadocket@dwt.com
Sung-Min Christopher Yoo     cyoo@alvaradosmith.com, crosas@alvaradosmith.com, jyoung@alvaradosmith.com, mault@alvaradosmith.com
Wyatt A. Lison     wlison@fdpklaw.com, filings@fdpklaw.com