*E-FILED: August 1, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELTON A. SPEARS, JR. and SIDNEY SCHOLL, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>FIRST AMERICAN EAPPRAISEIT (a/k/a eAppraiseIT, LLC), a Delaware limited liability company,<br><br>    Defendant.<br>_____/ | No. C08-00868 RMW (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 2**<br><br>[Re: Docket No. 302] |

    Plaintiffs sue for themselves and on behalf of a certified class of "[a]ll consumers in California and throughout the United States who, on or after June 1, 2006, received home loans from Washington Mutual Bank, FA in connection with appraisals that were obtained through eAppraiseIT." They claim that defendants engaged a scheme to inflate the appraised values of homes receiving loans in order to sell the aggregated security interests at inflated prices. First American EAppraiseIT (EA) is the only defendant left. This court is told that plaintiffs' sole remaining claim for relief is that the complained-of conduct violates the Real Estate Settlement Practices Act (RESPA), 12 U.S.C. § 2607(a).

    In Discovery Dispute Joint Report (DDJR) No. 2, EA seeks an order compelling plaintiffs to further respond to Request for Admission (RFA) No. 1 and to supplement their Fed.

R. Civ. P. 26(a) disclosures. EA also seeks leave to propound three additional interrogatories beyond the presumptive 25-interrogatory limit.

EA's Request for Admission No. 1 asks plaintiffs to "[a]dmit that, according to You, there was a single conspiracy between WAMU, EA and LSI to inflate the appraised value of property underlying Your mortgage loans." (Dkt. No. 302-1, DDJR No. 2, Ex. 1). Pointing out that Judge Whyte previously found that their complaint described two parallel conspiracies (one between EA and Washington Mutual and another between previous defendant Lenders Services, Inc. and Washington Mutual), plaintiffs responded by saying that they had no information beyond their complaint's allegations that would enable them to admit or deny the subject matter of the request. Defendant has not convincingly demonstrated that plaintiffs' response is improper. EA's request for an order compelling a further response is denied.

EA requests permission to serve three additional interrogatories on plaintiff Spears asking for the identities of all persons who knew about, agreed to, and participated in the alleged conspiracy. The court may grant leave to serve additional interrogatories to the extent consistent with Fed. R. Civ. P. 26(b)(2). FED. R. CIV. P. 33(a)(1). EA's proposed new interrogatories are duplicative of prior interrogatories served on both plaintiffs. (Dkt. No. 302-1, DDJR No. 2, Exs. 4-5). EA's request therefore is denied.

In their Fed. R. Civ. P. 26(a) disclosures, plaintiffs listed "Members of the certified class" as persons with knowledge that they may use to support their claim. (Dkt. No. 302-1, DDJR No. 2, Ex. 3). Pointing out that the certified class could include over 230,000 individuals, EA requests an order requiring plaintiffs to specifically identify members of the class that they will use to support their claim. Plaintiffs say that they listed "Members of the certified class" as potential witnesses because they may have to send out a questionnaire to determine whether some people actually are class members. The court does not understand why that would preclude plaintiffs from identifying specific class members that they know about now. EA's request therefore is granted as follows: Within 14 days from the date of this order, plaintiffs shall serve supplemental disclosures identifying specific class members, if any, that

1  they know about now and may use to support their claim.

2      SO ORDERED.

3  Dated: August 1, 2013

4
5  HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

5:08-cv-00868-RMW Notice has been electronically mailed to:

Allison Lauren Libeu    alibeu@irell.com
Alvin Matthew Ashley    mashley@irell.com, sknight@irell.com
Angela M. Papalaskaris    apapalas@dl.com, courtalert@dl.com
Christopher J Clark    cjclark@dl.com
David A. Super    david.super@bakerbotts.com
Ellen Mary M. Doyle    edoyle@fdpklaw.com, filings@fdpklaw.com, gbrown@fdpklaw.com
Gretchen Freeman Cappio    gcappio@kellerrohrback.com, cbrewer@kellerrohrback.com
Harry Williams , IV    hwilliams@kellerrohrback.com
Janet Lindner Spielberg    jlspielberg@jlslp.com
Joel R. Hurt    jhurt@fdpklaw.com
John C. Hueston    jhueston@irell.com
John Charles Hueston    jhueston@irell.com, lhiles@irell.com
Jonathan Mark Lloyd    jonathanlloyd@dwt.com, jeannecadley@dwt.com
Joseph N. Kravec , Jr    jkravec@fdpklaw.com, filings@fdpklaw.com, jnk561@yahoo.com
Justin Nathanael Owens    jowens@irell.com
Kevin C Wallace    kwallace@dl.com
Kris Hue Chau Man    kman@dl.com, sholstrom@dl.com
Lynn Lincoln Sarko    lsarko@kellerrohrback.com, cengle@kellerrohrback.com, kwarner@kellerrohrback.com
Margaret Anne Keane    mkeane@littler.com, lraabe@littler.com
Martin L. Fineman    martinfineman@dwt.com, edithshertz@dwt.com, sfodocket@dwt.com
Michael D. Braun    service@braunlawgroup.com, clc@braunlawgroup.com
Ryan E. Bull    Ryan.Bull@bakerbotts.com
Sam N. Dawood    samdawood@dwt.com, allanpatterson@dwt.com, cassandrabaines@dwt.com, nickverwolf@dwt.com
Stephen M. Ng    stephen.ng@bakerbotts.com, leanna.gutierrez@bakerbotts.com
Stephen Michael Rummage    steverummage@dwt.com, jeannecadley@dwt.com, seadocket@dwt.com
Sung-Min Christopher Yoo    cyoo@alvaradosmith.com, crosas@alvaradosmith.com, jyoung@alvaradosmith.com, mault@alvaradosmith.com
Wyatt A. Lison    wlison@fdpklaw.com, filings@fdpklaw.com

4