UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELTON A. SPEARS, JR. and SIDNEY SCHOLL, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST AMERICAN EAPPRAISEIT (a/k/a eAppraiseIt, LLC), a Delaware limited liability company,<br><br>Defendant. | Case No. C-08-00868-RMW<br><br>**SCHEDULING ORDER** |

On October 18, 2013, the court held a case management conference in response to a request by plaintiff Felton Spears. *See* Dkt. No. 334. The primary issue discussed at the conference was whether to extend discovery to allow Spears to complete discovery from Chase, a third party to the lawsuit.[1] Spears requested a 90-day extension of fact discovery and all other deadlines to allow Chase to complete production of a sample of 450 funded loan files.[2] He claims that this extension is necessary and appropriate because Chase has been unable to produce the requested discovery in time to meet the October 15, 2013 close of fact discovery deadline. Defendant EA opposes this

---

[1] At issue in the lawsuit is defendant First American eAppraiseIT's appraisals for Washington Mutual, which JP Morgan Chase acquired.
[2] Spears proposes that the additional discovery to confirm class member status of the remaining 230,000 properties EA appraised for WaMu can continue as it is not needed until the claims process or the second stage of the trial after liability issues are determined.

Case No. C-08-00868-RMW
SW                                - 1 -

1  proposal arguing that Spears has had plenty of time to complete discovery and the reason he has not
2  timely completed discovery is his own lack of diligence in promptly seeking this information from
3  Chase.

4      The court finds some merit in both arguments.  The court's deadlines are necessary for the
5  fair and efficient resolution of disputes and the court does not change them lightly.  Nevertheless,
6  the court is sympathetic to Spears' difficulty in compelling a third party to produce a large volume
7  of critical documents that are apparently not readily available.  Therefore, the court will extend the
8  deadline as to the discovery from Chase until December 22, 2013, and extend some other dates to
9  insure that defendant is not unfairly limited in its time to prepare its defense in response to
10  additional analysis by plaintiffs of files produced by Chase.  Spears will have to make his case with
11  whatever information he can obtain by December 22, 2013.

12      Fact discovery remains closed as to all other matters except those, which the parties have
13  previously agreed could extend beyond the October 15, 2013 deadline.[3]  The court also recognizes
14  that there are a number of motions to compel before the magistrate and leaves those issues to the
15  magistrate's sound discretion to resolve and compel the discovery sought by the motions, if
16  appropriate.

17      Defendant argues that the court should require a noticed motion before considering
18  plaintiffs' request for a modification of the last stipulated scheduling order.  The court is satisfied
19  that it has enough information justifying the amendment set forth below without requiring additional
20  paperwork.  However, the court does agree with defendant that plaintiff must file a noticed motion
21  before the court will consider any request to "bi-furcate [sic] the issues for trial such that liability
22  issues be tried by the court at a date set by the court at this time, and that the issues related to
23  statutory damages and class membership for the Class at large . . .be addressed at a later time if
24  Plaintiffs are successful in establishing liability."  Dkt. No. 342 at 21.

---

[3] EA stated in the case management statement that it did not oppose Spears' request for a limited extension of fact discovery for the deposition of Cheryl Feltgen. The parties may also complete any other limited discovery that they have agreed could be completed after the deadline.

Accordingly, the court resets the deadlines in this case as follows:

| Event | Prior Deadline per August 30, 2013 Stipulation | New Deadline |
|---|---|---|
| Merits Discovery Cutoff | October 15, 2013 | October 15, 2013 (except for discovery from Chase)<br><br>December 22, 2013 (discovery from Chase) |
| Expert Reports | November 15, 2013 | January 31, 2014 |
| Supplemental and Rebuttal Expert Reports | April 14, 2014 | May 14, 2014 (for plaintiffs)<br>June 6, 2014 (for defendant) |
| Expert Discovery Cut-Off (including any discovery relating to or arising from plaintiff's' aggregate inflation analysis) | Unclear as to whether the date set by the August 30, 2013 stipulation is June 30, 2014 or whether that is the mediation date | June 30, 2014 |
| Mediation | See above | July 16, 2014 |
| Dispositive Motion Hearing Cut-Off | July 18, 2014 | July 25, 2014 |
| Other Motion Hearing Cut-Off (other than motions *in limine*) | August 15, 2014 | August 22, 2014 |
| Pretrial Conference (hearing on motions *in limine*, agreed jury instructions and verdict forms, proposed *voir dire* questions) | October 6, 2014 | October 9, 2014 |
| Pretrial Briefs | October 30, 2014 | October 30, 2014 |
| Trial Date | November 24, 2014 | November 24, 2014 |

Dated: November 6, 2013

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge

Case No. C-08-00868-RMW
SW
- 3 -