NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELTON A. SPEARS, JR. and SIDNEY SCHOLL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST AMERICAN EAPPRAISEIT (a/k/a eAppraiseIT, LLC), a Delaware limited liability company,<br><br>Defendant. | Case No. 5:08-cv-00868 RMW (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 4**<br><br>[Re: Docket No. 344] |

    Plaintiffs sue for themselves and on behalf of a certified class of "[a]ll consumers in California and throughout the United States who, on or after June 1, 2006, received home loans from Washington Mutual Bank, FA in connection with appraisals that were obtained through eAppraiseIT." They claim that defendants engaged a scheme to inflate the appraised values of homes receiving loans in order to sell the aggregated security interests at inflated prices. First American EAppraiseIT (EA) is the only defendant left. Plaintiffs' sole remaining claim for relief is that the complained-of conduct violates the Real Estate Settlement Practices Act (RESPA), 12 U.S.C. § 2607(a).

    In discovery, plaintiffs sought information about EA's computer systems and procedures in connection with its appraisal services for Washington Mutual. Plaintiffs deposed several

witnesses who were named in documents discussing those matters, or who were identified by other witnesses as being knowledgeable about those subjects.  Plaintiffs claim that the deponents were only able to give general testimony and could not provide specific information about how EA's electronic systems operated, or when changes took place to those systems.  So, on September 27, 2013, plaintiffs served a notice for the Fed. R. Civ. P. 30(b)(6) deposition of EA.  The deposition was noticed for October 14.  But, after defendant pointed out that the 14th was Discoverers' Day, plaintiff offered to have the deposition proceed on October 15, the close of fact discovery.[1]  On October 11, EA produced its former president, Anthony Merlo, to testify about portions of Area of Examination No. 10, as well as Area of Examination No. 17.  Defendant otherwise objected to the subpoena on the grounds that the deposition was not reasonably noticed, and the topics of examination are overbroad, unduly burdensome, as well as duplicative and cumulative of discovery that has already been obtained.

In Discovery Dispute Joint Report (DDJR) No. 4, plaintiffs seek an order compelling EA to produce a Fed. R. Civ. P. 30(b)(6) deponent to testify about the noticed topics of examination.  The matter is deemed suitable for determination without oral argument.  Civ. L.R. 7-1(b).  Upon consideration of the parties' respective positions, the court denies plaintiffs' requested discovery.

A party wishing to take a deposition must give "reasonable written notice" to all other parties.  Fed. R. Civ. P. 30(b)(1).  Although ten business days' notice generally is considered reasonable, "the analysis is necessarily case-specific and fact-intensive."  In re Sulfuric Acid Antitrust Litg., 231 F.R.D. 320, 327 (N.D. Ill. 2005).

EA's deposition was not reasonably noticed.[2]  Contrary to plaintiffs' assertion that they seek testimony on "finite" topics, the noticed areas of examination, as drafted, seek broad discovery about EA's computer systems and procedures.  For example, plaintiffs want testimony about "[t]he information, data fields, and data contained [sic] any and all computer systems used

---

[1] Discovery recently has been extended to December 22, 2013 only as to information sought from third party JPMorgan Chase.
[2] Although plaintiffs contend that EA was required to move for a protective order, "the requirement to obtain a protective order before failing to appear for a deposition only pertains to properly noticed depositions."  Fernandez v. Penske Truck Leasing Co., L.P., No. 2:12-cv-00295-JCM-GWF, 2013 WL 438669 at *2 (D. Nev., Feb. 1, 2013).

2

in connection with, or used to store information in connection with, EA's provision of appraisal services to WaMu," as well as "[e]ach and every change in the programming for any EA computers [sic] systems in connection with implementing any change to the assignment logic or methodology EA used to assign appraisal work to appraisers for appraisals outsourced to EA for WaMu" between January 1, 2006 and December 31, 2007. (DDJR, Ex. 1).[3] Moreover, this court is told that plaintiffs conducted 15 months of merits discovery in addition to years of pre-certification discovery. Thus, it appears that plaintiffs had ample opportunity to conduct discovery in this matter, including the depositions of the witnesses who were identified as knowledgeable. Further, plaintiffs noticed EA's deposition at the end of the discovery period and at a time when plaintiffs had already noticed thirteen other depositions to take place across the country during the last two weeks before the discovery cutoff. See In re Sulfuric Acid Antitrust Litg., 231 F.R.D. at 327 ("What would be reasonable even in a late stage of a relatively simple case with few lawyers may take on a very different cast where, as here, the case is exceedingly complex, the depositions are to occur virtually hours before the discovery cut-off, and it was obvious—or at least probable—that the schedules of the deponents and a number of lawyers would be unable to accommodate the belatedly filed notices.").

Plaintiff's request for a further Fed. R. Civ. P. 30(b)(6) deposition of EA is denied.

**SO ORDERED**.

Dated:   December 18, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiffs' argument that EA did little more than object to the sheer number of noticed topics is belied by the record. (See Dkt. 344, DDJR at ECF pp. 7-9 and Ex. 2).

3

5:08-cv-00868-RMW Notice has been electronically mailed to:

Allison Lauren Libeu     alibeu@irell.com
Alvin Matthew Ashley     mashley@irell.com, sknight@irell.com
Angela M. Papalaskaris     apapalas@dl.com, courtalert@dl.com
Christopher J Clark     cjclark@dl.com
David A. Super     david.super@bakerbotts.com
Ellen Mary M. Doyle     edoyle@fdpklaw.com, filings@fdpklaw.com, gbrown@fdpklaw.com
Gretchen Freeman Cappio     gcappio@kellerrohrback.com, cbrewer@kellerrohrback.com, eknerr@kellerrohrback.com, tlin@kellerrohrback.com
Harry Williams , IV     hwilliams@kellerrohrback.com
Janet Lindner Spielberg     jlspielberg@jlslp.com
Jenny Lee Merris     jmerris@alvaradosmith.com, mault@alvaradosmith.com
Joel R. Hurt     jhurt@fdpklaw.com
John C. Hueston     jhueston@irell.com
John Charles Hueston     jhueston@irell.com, lhiles@irell.com
John M. Sorich     jsorich@alvaradosmith.com
Jonathan Mark Lloyd     jonathanlloyd@dwt.com, jeannecadley@dwt.com
Joseph N. Kravec , Jr     jkravec@fdpklaw.com, filings@fdpklaw.com, jnk561@yahoo.com
Justin Nathanael Owens     jowens@irell.com
Kevin C Wallace     kwallace@dl.com
Khesraw Karmand     kkarmand@kellerrohrback.com
Kris Hue Chau Man     kman@dl.com, sholstrom@dl.com
Lynn Lincoln Sarko     lsarko@kellerrohrback.com, cengle@kellerrohrback.com, kwarner@kellerrohrback.com
Margaret Anne Keane     margaret.keane@dlapiper.com, carol.stewart@dlapiper.com, marianne.haines@dlapiper.com
Martin L. Fineman     martinfineman@dwt.com, edithshertz@dwt.com, sfodocket@dwt.com
McKean James Evans     mevans@fdpklaw.com
Michael D. Braun     service@braunlawgroup.com, clc@braunlawgroup.com
Ryan E. Bull     Ryan.Bull@bakerbotts.com
Sam N. Dawood     samdawood@dwt.com, allanpatterson@dwt.com, cassandrabaines@dwt.com, nickverwolf@dwt.com
Stephen M. Ng     stephen.ng@bakerbotts.com, leanna.gutierrez@bakerbotts.com
Stephen Michael Rummage     steverummage@dwt.com, jeannecadley@dwt.com, seadocket@dwt.com
Sung-Min Christopher Yoo     cyoo@alvaradosmith.com, crosas@alvaradosmith.com, jyoung@alvaradosmith.com, mault@alvaradosmith.com
Tana Lin     tlin@kellerrohrback.com, esiegel@kellerrohrback.com, rfarrow@kellerrohrback.com
Wyatt A. Lison     wlison@fdpklaw.com, filings@fdpklaw.com