1

2

3

4

5

6

7                                    NOT FOR CITATION

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                             SAN JOSE DIVISION

11

12   FELTON A. SPEARS, JR. and SIDNEY          Case No.  5:08-cv-00868 RMW (HRL)
     SCHOLL, on behalf of themselves and all
13   others similarly situated,                **ORDER RE DISCOVERY DISPUTE**
                                               **JOINT REPORT NO. 5**
14              Plaintiffs,
                                               [Re:  Docket No. 346]
15        v.

16   FIRST AMERICAN EAPPRAISEIT (a/k/a
     eAppraiseIT, LLC), a Delaware limited
17   liability company,

18              Defendant.

19        Plaintiffs sue for themselves and on behalf of a certified class of "[a]ll consumers in

20   California and throughout the United States who, on or after June 1, 2006, received home loans

21   from Washington Mutual Bank, FA in connection with appraisals that were obtained through

22   eAppraiseIT."  They claim that defendants engaged in a scheme to inflate the appraised values of

23   homes receiving loans in order to sell the aggregated security interests at inflated prices.  First

24   American EAppraiseIT (EA) is the only defendant left.  Plaintiffs' sole remaining claim for relief

25   is that the complained-of conduct violates the anti-kickback provision of the Real Estate

26   Settlement Practices Act (RESPA), 12 U.S.C. § 2607(a).

27        At issue in Discovery Dispute Joint Report (DDJR) No. 5 is whether EA should be

28   compelled to answer Interrogatory Nos. 1-8 of plaintiff's second set of interrogatories.  The matter

United States District Court
Northern District of California

is deemed suitable for determination without oral argument.  Civ. L.R. 7-1(b).  Upon consideration of the parties' respective positions, the court denies plaintiffs' requested discovery.

### A. Interrogatories 1-3

In these interrogatories, plaintiffs essentially seek defendant's position on class membership---specifically, whether EA contends that putative members did not receive RESPA-qualifying loans, as well as the factual bases for its contention. [1]  Plaintiffs argue that it will be far less burdensome for EA to review its own records for responsive information, than for plaintiffs to review EA's documents pertaining to putative class members (albeit, plaintiffs acknowledge that EA's records do not give all information necessary to make a determination).  Noting that it is plaintiffs' burden to prove each class member's entitlement to recovery under RESPA, EA points out that it served virtually identical interrogatories on plaintiffs; and, plaintiffs (successfully) argued that the requested discovery was unnecessary because the information is inherent in the class definition.  (See Dkt. 301-6 at 4:21-5:2; Dkt. 301 at 9:10-24; Dkt. 317 at 2:18-3:14).  Plaintiffs' requested discovery is denied for the same reasons.  Moreover, this court is unpersuaded that Edwards v. First American Corp., 289 F.R.D. 296 (C.D. Cal. 2012) compels a contrary conclusion.  Plaintiffs' request for an order compelling EA to answer these interrogatories is denied.

### B. Interrogatories 4-8

EA argues that these interrogatories, including subparts, exceed the limit on the number of

---

[1] Interrogatory 1:        "Identify each property for which EA performed an appraisal for WaMu that EA contends the loan made in connection therewith is not a RESPA-covered loan.

Interrogatory 2:        "Identify each property for which EA performed an appraisal for WaMu where EA contends the loan made in connection therewith is:  a) 'A loan on property of 25 acres or more' pursuant to 24 C.F.R. § 3500.5(b)(1); b) A 'Business purpose loan[]' pursuant to 24 C.F.R. § 3500.5(b)(2); c) 'Temporary financing' pursuant to 24 C.F.R. § 3500.5(b)(3); d) 'Vacant land' pursuant to 24 C.F.R § 3500.5(b)(4); e) An 'Assumption without lender approval' pursuant to 24 C.F.R. § 3500.5(b)(5); f) a 'Loan conversion[]' pursuant to 24 C.F.R. § 3500.5(b)(6); g) a 'Secondary market transaction[]' pursuant to 24 C.F.R. § 3500.5(b)(7); h) not a 'federally related mortgage loan' within the meaning of 12 U.S.C. § 2602(1)."

Interrogatory 3:        "For each property/loan identified in response to either Interrogatory No. 1 or No. 2, state the basis for EA's contention, including all facts EA is relying upon for its contention, and identify the source thereof."

United States District Court
Northern District of California

interrogatories plaintiffs are allowed to propound.  Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.").[2]  It is not clear exactly how defendant counted plaintiffs' interrogatories (including those from plaintiffs' first set of interrogatories) and arrived at the conclusion that Interrogatories 4-8 are beyond the numeric limit.  Nevertheless, plaintiffs do not dispute EA's contention that the interrogatories in question contain discrete subparts that push plaintiffs' requests over the limit.  Rather, they argue that EA's objection is of no moment because they have yet to serve more than 50 interrogatories between themselves (i.e., more than 25 interrogatories per plaintiff).  However, EA says that plaintiffs mischaracterize their requests and points out that plaintiffs' interrogatories were jointly served on behalf of both named plaintiffs.  Accordingly, on the record presented, the court concludes that plaintiffs have exceeded the permissible number of interrogatories, and their request for an order compelling answers to Interrogatories 4-8 is denied.  See, e.g., Pas Communications, Inc. v. Sprint Corp., No. 99-2182-JWL, 2000 WL 1867571 at *12 (D. Kan., Dec. 1, 2000) ("Because plaintiffs' interrogatories were filed jointly, or on behalf of all plaintiffs, each plaintiff has reached the 25-interrogatory limit and, thus, the third set of interrogatories exceeds the permissible number of interrogatories.").

**SO ORDERED**.

Dated:   December 20, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] Although the subject interrogatories are numbered 1 through 8, EA says that the actual number is much higher because plaintiffs did not consecutively number their interrogatories between sets.

5:08-cv-00868-RMW Notice has been electronically mailed to:

Allison Lauren Libeu    alibeu@irell.com
Alvin Matthew Ashley    mashley@irell.com, sknight@irell.com
Angela M. Papalaskaris    apapalas@dl.com, courtalert@dl.com
Christopher J Clark    cjclark@dl.com
David A. Super    david.super@bakerbotts.com
Ellen Mary M. Doyle    edoyle@fdpklaw.com, filings@fdpklaw.com, gbrown@fdpklaw.com
Gretchen Freeman Cappio    gcappio@kellerrohrback.com, cbrewer@kellerrohrback.com,
eknerr@kellerrohrback.com, tlin@kellerrohrback.com
Harry Williams , IV    hwilliams@kellerrohrback.com
Janet Lindner Spielberg    jlspielberg@jlslp.com
Jenny Lee Merris    jmerris@alvaradosmith.com, mault@alvaradosmith.com
Joel R. Hurt    jhurt@fdpklaw.com
John C. Hueston    jhueston@irell.com
John Charles Hueston    jhueston@irell.com, lhiles@irell.com
John M. Sorich    jsorich@alvaradosmith.com
Jonathan Mark Lloyd    jonathanlloyd@dwt.com, jeannecadley@dwt.com
Joseph N. Kravec , Jr    jkravec@fdpklaw.com, filings@fdpklaw.com, jnk561@yahoo.com
Justin Nathanael Owens    jowens@irell.com
Kevin C Wallace    kwallace@dl.com
Khesraw Karmand    kkarmand@kellerrohrback.com
Kris Hue Chau Man    kman@dl.com, sholstrom@dl.com
Lynn Lincoln Sarko    lsarko@kellerrohrback.com, cengle@kellerrohrback.com,
kwarner@kellerrohrback.com
Margaret Anne Keane    margaret.keane@dlapiper.com, carol.stewart@dlapiper.com,
marianne.haines@dlapiper.com
Martin L. Fineman    martinfineman@dwt.com, edithshertz@dwt.com, sfodocket@dwt.com
McKean James Evans    mevans@fdpklaw.com
Michael D. Braun    service@braunlawgroup.com, clc@braunlawgroup.com
Ryan E. Bull    Ryan.Bull@bakerbotts.com
Sam N. Dawood    samdawood@dwt.com, allanpatterson@dwt.com, cassandrabaines@dwt.com,
nickverwolf@dwt.com
Stephen M. Ng    stephen.ng@bakerbotts.com, leanna.gutierrez@bakerbotts.com
Stephen Michael Rummage    steverummage@dwt.com, jeannecadley@dwt.com,
seadocket@dwt.com
Sung-Min Christopher Yoo    cyoo@alvaradosmith.com, crosas@alvaradosmith.com,
jyoung@alvaradosmith.com, mault@alvaradosmith.com
Tana Lin    tlin@kellerrohrback.com, esiegel@kellerrohrback.com, rfarrow@kellerrohrback.com
Wyatt A. Lison    wlison@fdpklaw.com, filings@fdpklaw.com