NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELTON A. SPEARS, JR. and SIDNEY SCHOLL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST AMERICAN EAPPRAISEIT (a/k/a eAppraiseIT, LLC), a Delaware limited liability company,<br><br>Defendant. | Case No. 5:08-cv-00868 RMW (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 6**<br><br>[Re: Docket No. 347] |

Plaintiffs sue for themselves and on behalf of a certified class of "[a]ll consumers in California and throughout the United States who, on or after June 1, 2006, received home loans from Washington Mutual Bank, FA in connection with appraisals that were obtained through eAppraiseIT." They claim that defendants engaged in a scheme to inflate the appraised values of homes receiving loans in order to sell the aggregated security interests at inflated prices. First American EAppraiseIT (EA) is the only defendant left. Plaintiffs' sole remaining claim for relief is that the complained-of conduct violates the anti-kickback provision of the Real Estate Settlement Practices Act (RESPA), 12 U.S.C. § 2607(a).

In Discovery Dispute Joint Report (DDJR) No. 6, plaintiffs seek an order compelling EA to produce documents responsive to document requests 1, 2, 4-9, 13 and 14 in their sixth set of

requests for production. The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Upon consideration of the parties' respective positions, the court grants in part and denies in part plaintiffs' requested discovery.

### A. Document Request 1

This request seeks "[a] copy of each and every prior sworn statement regarding the appraisal process or EA's relationship with WaMu in a deposition, at trial, by declaration or affidavit since May 1, 2007 by any current or former employee or agent of EA." (DDJR 6, Ex. 1). Pointing out that it is an appraisal management company, EA objects that this request, as drafted, is overbroad and encompasses any sworn statement ever given by a current or former EA employee. Additionally, EA says that it has already produced transcripts of testimony and that plaintiffs have other sources from which it may already have received responsive documents---namely, (1) the New York Attorney General's Office with whom, this court is told, plaintiffs assert a "joint prosecution" relationship; and (2) seven non-parties that plaintiffs subpoenaed for transcripts of sworn testimony related to appraisals.

Nevertheless, EA says it is willing to provide a further response to Document Request 1 on two conditions. First, EA wants plaintiffs to provide a list of sworn statements of current and former EA employees that are already in plaintiffs' possession. Here, defendant expresses concern that plaintiffs may well be asking for documents that they already have.[1] This is entirely reasonable and a task that plaintiffs are willing to undertake.

EA's second condition appears to be the sticking point and the one that prompted the parties to bring the matter before this court. EA wants plaintiffs to be responsible for securing any releases or authorization for production under applicable protective orders. Plaintiffs declined, stating that they first need to review the applicable protective orders to determine (1) the specific requirements of each order and (2) in cases where EA is a party and plaintiffs are not, whether plaintiffs have standing to obtain the appropriate releases or authorizations. Insofar as plaintiffs

---

[1] EA asserts, and plaintiffs do not deny, that during the deposition of EA's former president, Tony Merlo, plaintiffs' counsel said that plaintiffs did not have Merlo's deposition transcript from the New York Attorney General's action against EA. However, later in the deposition, plaintiffs' counsel introduced that very transcript as an exhibit.

are seeking disclosure of the information, they ought to take the laboring oar at securing the requisite releases. Nevertheless, at a minimum, EA should provide the applicable protective orders so that plaintiffs can evaluate what they need to do in order to secure the appropriate authorization for production of the documents. To the extent the protective orders in question require EA's participation in securing the release of any protected documents, this court expects EA to cooperate in good faith.

Subject to the conditions and guidelines discussed above, plaintiffs' request for an order compelling a further response to Document Request 1 is granted.

**B. Document Requests 2 and 13**

Requests 2 and 13 seek "[a] copy of any job descriptions, performance reviews, and descriptions of any compensation or bonuses being based on performance," as well as "all documents reflecting the cessation of employment at EA and the reasons therefor" for the following individuals: Anthony Merlo, Donald Dobson, David Feldman, Vicky Hamilton, Rose Lusk, Peter Gailitis, Mary Ann Garfield, Sue Ramey, Tom Bickman, Ray Bono, Teresa Cosie, Phillip Etnyre, Stacey Harris, Jo Hartman, Susan Lorrain, Kent Serviss, and Robert Tavener." (DDJR 6, Ex. 1).

Plaintiffs argue that the information is relevant to show the duties and basis for compensation for individuals who managed EA's business with respect to Washington Mutual. That is, plaintiffs believe the requested discovery might show whether compensation was tied, not to legitimate business interests, but to volume of business or to hitting values WaMu wanted. Additionally, plaintiffs want to know whether any of these individuals were fired or removed from their positions at EA because of the New York Attorney General's investigation of EA, as well as the New York Attorney General's suit (and the instant lawsuit) which allege that these individuals were involved in an agreement with WaMu to inflate appraisal values. EA says that, in response to another request, it has already produced documents concerning the reasons for the departure of Anthony Merlo as CEO of EA (and that plaintiffs never complained about the sufficiency of defendant's production). In any event, EA maintains that plaintiffs have not offered sufficient justification for the burden imposed by these requests.

3

1    Plaintiffs' request for this information is granted in part. Although privacy interests may
2 be invaded for litigation purposes, courts must balance a claimed privacy right against the need for
3 the information. Ragge v. MCA/Universal Studios, 165 F.R.D. 601, 604 (C.D. Cal. 1995). The
4 requests, as drafted, seek far broader discovery than the justification offered by plaintiffs.
5 Nevertheless, the court finds that they encompass documents that are relevant or reasonably
6 calculated to lead to the discovery of admissible evidence under Fed. R. Civ. P. 26. There is also a
7 protective order in place to address any confidentiality concerns. Having weighed competing
8 legitimate interests and possible prejudice, the court finds that some discovery should be
9 permitted. EA, however, will only be required to produce documents sufficient to show (1) the
10 basis for these individuals' compensation; and (2) the reason(s) for the end of their employment
11 with EA (except that EA will not be required to produce such documents in this second category
12 for Merlo). Plaintiffs' request for an order compelling discovery responsive to these requests is
13 otherwise denied.

**C. Document Requests 4-7**

These requests seek various ROV (reconsideration of value) reports and related documents:

Request 4:    "ROV change reports for the duration of the relationship between EA and WaMu as well as emails attaching or discussion [sic] any such reports. *See, e.g.*EA-Spears0925803-18."

Request 5:    "All ROV summary reports for the duration of the relationship between EA and WaMu, as well as emails attaching or discussing such reports, with the exception of those produced at [specified Bates numbers]."

Request 6:    "WaMu Low Value Summary Reports for the duration of the relationship between EA and WaMu, as well as emails attaching or discussing such reports, with the exception of those produced at [specified Bates numbers]."

Request 7:    "ROV Missed Value Summary reports or ROV analyses similar to what was produced at EASpears0403216-0403227, as well as emails attaching or discussing any such reports from December 2006 forward."

4

(DDJR 6, Ex. 1).

According to plaintiffs, the ROV was one way Washington Mutual would get EA to increase property appraisal values. EA argues that these requests are duplicative and abusive because the requested reports are encompassed by plaintiffs' Document Request 54, which this court is told, sought "all versions" of seventeen different types of reports. Additionally, defendant says that the requests themselves list around 60 unique and responsive documents that have already been produced. Plaintiffs' rejoinder is that defendant's prior production included incomplete sets of the requested reports. But, their assertion is made in highly conclusory fashion, without explanation as to why they believe defendant's prior production allegedly was incomplete. Nor is it clear how requests seeking more of the same kind of reports will cure the claimed deficiency in EA's prior production. Plaintiffs' request to compel production of documents responsive to these requests is denied. Fed. R. Civ. P. 26(b)(2)(C).

**D. Request 8**

This request seeks "[d]ocuments reflecting the monthly revenue received by EA from WaMu [sic] the work EA performed as a result of Project Cornerstone between January 1, 2006 and December 31, 2007." (DDJR 6, Ex. 1). Plaintiffs contend that this discovery is relevant to show how much Washington Mutual paid EA for appraisal services, "including whether it was paid more than the value of the appraisals themselves in exchange for its willingness to inflate appraisals." (DDJR 6 at 4). EA argues that this "overpayment" theory has never before been articulated and is at odds with plaintiffs' theory espoused in their Second Amended Complaint and through class certification that, in exchange for a significant portion of Washington Mutual's business, EA allegedly inflated appraisals to support the value of loans Washington Mutual wanted to issue. Whatever else it might show, the requested discovery is relevant or reasonably calculated to lead to discovery of admissible evidence of plaintiffs' theory that EA obtained a significant portion of Washington Mutual's business. Plaintiffs' request for an order compelling this discovery is granted.

**E. Request 9**

This request seeks various specified trial exhibits from *The People of the State of New York*

*v. First American Corp., et al.*, New York Supreme Court. (DDJR 6, Ex. 1). Although plaintiffs claim that they have not been able to locate the listed exhibits among EA's document production, EA says that it has already produced at least the first seven exhibits listed in Request 9 and suggests that plaintiffs could obtain the full set of exhibits pursuant to their claimed "joint prosecution" relationship with the New York Attorney General. To the extent EA has in its possession, custody, or control any responsive exhibits that it has not already produced, EA shall produce them to plaintiffs. EA need not re-produce exhibits it has already given plaintiffs. Nor will this court require EA to run document production database searches to provide Bates numbers for previously produced documents.

### F.  Request 14

This request asks EA to "[p]roduce all documents identified in your answer to Plaintiffs' Second Set of Interrogatories to Defendant." (DDJR 5, Ex. 1). This court having denied plaintiffs' request for an order compelling EA to answer those interrogatories, plaintiffs' request to compel documents responsive to this request is denied.

## ORDER

Based on the foregoing, plaintiffs' request for discovery is granted in part and denied in part. To the extent EA has been ordered to produce documents, it shall do so no later than **January 10, 2014**. However, EA will not be required to produce documents responsive to Request 1 by that date if the necessary releases or authorizations for production have not yet been obtained.

**SO ORDERED**.

Dated:   December 20, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:08-cv-00868-RMW Notice has been electronically mailed to:

Allison Lauren Libeu     alibeu@irell.com
Alvin Matthew Ashley     mashley@irell.com, sknight@irell.com
Angela M. Papalaskaris     apapalas@dl.com, courtalert@dl.com
Christopher J Clark     cjclark@dl.com
David A. Super     david.super@bakerbotts.com
Ellen Mary M. Doyle     edoyle@fdpklaw.com, filings@fdpklaw.com, gbrown@fdpklaw.com
Gretchen Freeman Cappio     gcappio@kellerrohrback.com, cbrewer@kellerrohrback.com, eknerr@kellerrohrback.com, tlin@kellerrohrback.com
Harry Williams , IV     hwilliams@kellerrohrback.com
Janet Lindner Spielberg     jlspielberg@jlslp.com
Jenny Lee Merris     jmerris@alvaradosmith.com, mault@alvaradosmith.com
Joel R. Hurt     jhurt@fdpklaw.com
John C. Hueston     jhueston@irell.com
John Charles Hueston     jhueston@irell.com, lhiles@irell.com
John M. Sorich     jsorich@alvaradosmith.com
Jonathan Mark Lloyd     jonathanlloyd@dwt.com, jeannecadley@dwt.com
Joseph N. Kravec , Jr     jkravec@fdpklaw.com, filings@fdpklaw.com, jnk561@yahoo.com
Justin Nathanael Owens     jowens@irell.com
Kevin C Wallace     kwallace@dl.com
Khesraw Karmand     kkarmand@kellerrohrback.com
Kris Hue Chau Man     kman@dl.com, sholstrom@dl.com
Lynn Lincoln Sarko     lsarko@kellerrohrback.com, cengle@kellerrohrback.com, kwarner@kellerrohrback.com
Margaret Anne Keane     margaret.keane@dlapiper.com, carol.stewart@dlapiper.com, marianne.haines@dlapiper.com
Martin L. Fineman     martinfineman@dwt.com, edithshertz@dwt.com, sfodocket@dwt.com
McKean James Evans     mevans@fdpklaw.com
Michael D. Braun     service@braunlawgroup.com, clc@braunlawgroup.com
Ryan E. Bull     Ryan.Bull@bakerbotts.com
Sam N. Dawood     samdawood@dwt.com, allanpatterson@dwt.com, cassandrabaines@dwt.com, nickverwolf@dwt.com
Stephen M. Ng     stephen.ng@bakerbotts.com, leanna.gutierrez@bakerbotts.com
Stephen Michael Rummage     steverummage@dwt.com, jeannecadley@dwt.com, seadocket@dwt.com
Sung-Min Christopher Yoo     cyoo@alvaradosmith.com, crosas@alvaradosmith.com, jyoung@alvaradosmith.com, mault@alvaradosmith.com
Tana Lin     tlin@kellerrohrback.com, esiegel@kellerrohrback.com, rfarrow@kellerrohrback.com
Wyatt A. Lison     wlison@fdpklaw.com, filings@fdpklaw.com