NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELTON A. SPEARS, JR. and SIDNEY SCHOLL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST AMERICAN EAPPRAISEIT (a/k/a eAppraiseIT, LLC), a Delaware limited liability company,<br><br>Defendant. | Case No.  5:08-cv-00868 RMW (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 7**<br><br>[Re:  Docket No. 348] |

    Plaintiffs sue for themselves and on behalf of a certified class of "[a]ll consumers in California and throughout the United States who, on or after June 1, 2006, received home loans from Washington Mutual Bank, FA in connection with appraisals that were obtained through eAppraiseIT." They claim that defendants engaged in a scheme to inflate the appraised values of homes receiving loans in order to sell the aggregated security interests at inflated prices. First American EAppraiseIT (EA) is the only defendant left. Plaintiffs' sole remaining claim for relief is that the complained-of conduct violates the anti-kickback provision of the Real Estate Settlement Practices Act (RESPA), 12 U.S.C. § 2607(a).

    Plaintiffs subpoenaed records from non-party JPMorgan Chase Bank (Chase). In Discovery Dispute Joint Report (DDJR) No. 7, they seek an order compelling Chase to produce

1   documents responsive to Request Nos. 5, 6, 8 and 9.  The matter is deemed suitable for

2   determination without oral argument.  Civ. L.R. 7-1(b).  Upon consideration of the respective

3   positions set out in DDJR 7, the court grants in part and denies in part plaintiffs' request.

**A. Requests 5 and 8**

These requests seek performance reviews of former Washington Mutual employees for the period January 1, 2006 through September 25, 2008, as well as communications concerning those reviews.[1]  One Ms. Bull, the former head of Washington Mutual's appraisal oversight department (which plaintiffs say was responsible for overseeing Washington Mutual's business relationship with, and outsourcing of appraisals to, EA) testified that she left Washington Mutual after receiving a negative performance review in May or June 2007.  She could not recall what the negative review said, and plaintiffs therefore seek production of her performance evaluations.  Plaintiffs say that the other employees in question, including Cheryl Feltgen (Ms. Bull's boss), held "similar" positions and were (somehow) involved in Washington Mutual's business relationship with EA.  Plaintiffs contend that the requested documents are relevant to show (1) that Washington Mutual had employment goals and compensation incentives that caused these employees to place more importance on Washington Mutual's business growth over sound risk management practices; and (2) how these employees were compensated and reviewed in view of those purported business goals.  Chase objects that the information is private and that plaintiffs' stated need for the information does not outweigh these employees' privacy interests.

Although privacy interests may be invaded for litigation purposes, courts must balance a claimed privacy right against the need for the information.  Ragge v. MCA/Universal Studios, 165 F.R.D. 601, 604 (C.D. Cal. 1995).  Having weighed competing legitimate interests and possible prejudice, the court finds that plaintiffs' requested discovery should be denied, with one small

---

[1] Request 5:  "All Documents and ESI concerning or comprising any one-year performance review or job evaluation of Sushuma Bull (n/k/a Sushuma Kistner) conducted in May or June 2007 indicating that Ms. Bull's job performance was unsatisfactory in any respect."

Request 8:  "Performance Review Forms and all Documents and ESI concerning any communications regarding the performance reviews of all Former WaMu Employees (defined above) for the time period from January 1, 2006 through September 25, 2008.  *See, e.g.*, Senate Exhibit 64 (attached hereto as Exhibit 2)."

1  exception. Inasmuch as Ms. Bull testified about her negative performance evaluation in May or
2  June 2007, Chase shall produce, no later than January 10, 2014, documents sufficient to show the
3  basis for the negative evaluation. No other information need be produced from Ms. Bull's
4  performance evaluations, or indeed, from anyone else's. It is unclear precisely what involvement,
5  if any, these other employees may have had with respect to EA or the alleged scheme to falsely
6  inflate appraisal values. Other than the limited information as to Ms. Bull, plaintiffs' request for
7  an order compelling production of documents responsive to these requests is denied.

### B. Request 6

This request seeks draft or final "Reports of Examination" or "Memos regarding Safety and Soundness Examinations" of Washington Mutual's Appraisal Operations transmitted by the Office of Thrift Supervision (OTS) to Washington Mutual for examinations conducted between 2003 and 2007, as well as related communications between Washington Mutual and OTS.[2] Chase objects on the ground that its production of the requested documents is prohibited by 12 C.F.R. § 510.5.

The cited federal regulation prohibits Chase from producing "unpublished OTS information." "Unpublished OTS information includes records created or obtained in connection with the OTS's performance of its responsibilities, such as records concerning supervision, regulation, and examination of savings associations, their holding companies, and affiliates, and records compiled in connection with the OTS's enforcement responsibilities." 12 C.F.R. § 510.5(a)(2). Among the specific examples of "unpublished information" are "[r]eports of examination, supervisory correspondence, internal agency memoranda and investigatory files compiled in connection with an investigation, whether such records are in the possession of the OTS or some other individual or entity." Id. § 510.5(a)(2)(ii). Although plaintiffs say that they

---

[2] Request 6: "Any draft or final Reports of Examination of Memos regarding Safety and Soundness Examinations of WaMu's Appraisal Operations transmitted to WaMu from the Office of Thrift Supervision ('OTS') for examinations conducted between 2003 and 2007, including, without limitation, examinations conducted on or about: January 8, 2007; March 13, 2006; March 14, 2005; March 2004; and March 17, 2003, and any communications between WaMu and the OTS (or any representative of the OTS) or internal WaMu communications regarding any such examinations."

3

need a privilege log from Chase so that they can properly evaluate Chase's assertion, Request 9 itself indicates that the requested documents fall squarely within the definition of "unpublished OTS information."

The regulation goes on to provide that "[a]ll reports or other information made available to savings associations, holding companies, affiliates, other governmental agencies or requesters shall remain the property of the OTS," and that requests for information must be directed to the OTS. Id. § 510.5(c)(4)(v) and (c)(5). Indeed, persons served with process, such as Chase, "may not disclose OTS information without OTS authorization." Id. § 510.5(e)(2). None of the regulation's limited exceptions for production of OTS information without the OTS' authorization apply here.

Plaintiffs say that the requested documents could not be subject to any such privilege or protection because they already have some reports in their possession. However, Chase points out that plaintiffs have not distinguished between published and unpublished OTS information.

Plaintiffs' request for an order compelling Chase to produce documents responsive to this request is denied.

### C. Request 9

This request seeks all messages on the Optis Value computer system used by Washington Mutual.[3] According to plaintiffs, when placing appraisal orders, Washington Mutual's loan offices used the messages function in the Optis Value system to communicate information about the value Washington Mutual needed to make the loan work. Although Request 9, as drafted, is unlimited in time, plaintiffs now say that they are only seeking messages from June 2006 through November 2007, which is the period when EA performed appraisal work for Washington Mutual.

Plaintiffs and Chase engaged in meet-and-confer negotiations over this request; and, on October 18, 2013, plaintiffs provided clarification as to the information they seek. Chase says that it is still trying to determine whether the requested information is obtainable. Nonetheless, Chase believes that complying with this request will likely require production of screenshots from the

---

[3] Request 9: "All messages on the Optis Value system between appraisers working for on or behalf of EA and WaMu."

4

Optis Value database for approximately 200,000 loans. Chase argues that this imposes an undue burden, and that if it is required to produce the information, it cannot, in any event, produce responsive information in less than 30 days.

The court must protect against undue burden in discovery. Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 45(c)(1). On the record presented, it is unclear whether the requested information can even be obtained and, if it can, what the production of the data would entail. Accordingly, plaintiffs' request for this information is denied without prejudice, subject to Chase's determination whether the information is obtainable. Assuming the information is obtainable, on any future DDJR to compel the discovery, the court will require Chase to submit declaration(s) from appropriate person(s) detailing the time, effort, and expense that will be required for production.

**SO ORDERED**.

Dated:   December 20, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:08-cv-00868-RMW Notice has been electronically mailed to:

Allison Lauren Libeu     alibeu@irell.com
Alvin Matthew Ashley     mashley@irell.com, sknight@irell.com
Angela M. Papalaskaris     apapalas@dl.com, courtalert@dl.com
Christopher J Clark     cjclark@dl.com
David A. Super     david.super@bakerbotts.com
Ellen Mary M. Doyle     edoyle@fdpklaw.com, filings@fdpklaw.com, gbrown@fdpklaw.com
Gretchen Freeman Cappio     gcappio@kellerrohrback.com, cbrewer@kellerrohrback.com, eknerr@kellerrohrback.com, tlin@kellerrohrback.com
Harry Williams , IV     hwilliams@kellerrohrback.com
Janet Lindner Spielberg     jlspielberg@jlslp.com
Jenny Lee Merris     jmerris@alvaradosmith.com, mault@alvaradosmith.com
Joel R. Hurt     jhurt@fdpklaw.com
John C. Hueston     jhueston@irell.com
John Charles Hueston     jhueston@irell.com, lhiles@irell.com
John M. Sorich     jsorich@alvaradosmith.com
Jonathan Mark Lloyd     jonathanlloyd@dwt.com, jeannecadley@dwt.com
Joseph N. Kravec , Jr     jkravec@fdpklaw.com, filings@fdpklaw.com, jnk561@yahoo.com
Justin Nathanael Owens     jowens@irell.com
Kevin C Wallace     kwallace@dl.com
Khesraw Karmand     kkarmand@kellerrohrback.com
Kris Hue Chau Man     kman@dl.com, sholstrom@dl.com
Lynn Lincoln Sarko     lsarko@kellerrohrback.com, cengle@kellerrohrback.com, kwarner@kellerrohrback.com
Margaret Anne Keane     margaret.keane@dlapiper.com, carol.stewart@dlapiper.com, marianne.haines@dlapiper.com
Martin L. Fineman     martinfineman@dwt.com, edithshertz@dwt.com, sfodocket@dwt.com
McKean James Evans     mevans@fdpklaw.com
Michael D. Braun     service@braunlawgroup.com, clc@braunlawgroup.com
Ryan E. Bull     Ryan.Bull@bakerbotts.com
Sam N. Dawood     samdawood@dwt.com, allanpatterson@dwt.com, cassandrabaines@dwt.com, nickverwolf@dwt.com
Stephen M. Ng     stephen.ng@bakerbotts.com, leanna.gutierrez@bakerbotts.com
Stephen Michael Rummage     steverummage@dwt.com, jeannecadley@dwt.com, seadocket@dwt.com
Sung-Min Christopher Yoo     cyoo@alvaradosmith.com, crosas@alvaradosmith.com, jyoung@alvaradosmith.com, mault@alvaradosmith.com
Tana Lin     tlin@kellerrohrback.com, esiegel@kellerrohrback.com, rfarrow@kellerrohrback.com
Wyatt A. Lison     wlison@fdpklaw.com, filings@fdpklaw.com