NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELTON A. SPEARS, JR. and SIDNEY SCHOLL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST AMERICAN EAPPRAISEIT (a/k/a eAppraiseIT, LLC), a Delaware limited liability company,<br><br>Defendant. | Case No. 5:08-cv-00868 RMW (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 8**<br><br>[Re: Docket No. 353] |

Plaintiffs sue for themselves and on behalf of a certified class of "[a]ll consumers in California and throughout the United States who, on or after June 1, 2006, received home loans from Washington Mutual Bank, FA in connection with appraisals that were obtained through eAppraiseIT." They claim that defendants engaged in a scheme to inflate the appraised values of homes receiving loans in order to sell the aggregated security interests at inflated prices. First American EAppraiseIT (EA) is the only defendant left. Plaintiffs' sole remaining claim for relief is that the complained-of conduct violates the anti-kickback provision of the Real Estate Settlement Practices Act (RESPA), 12 U.S.C. § 2607(a).

At issue in Discovery Dispute Joint Report (DDJR) No. 8 is whether non-party JPMorgan Chase Bank (Chase) should be compelled to produce class members' HUD Settlement Statements

1   (i.e., HUD-1 forms) pursuant to a document subpoena plaintiffs served on December 2, 2012. The
2   matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Upon
3   consideration of the respective positions set out in DDJR 8, the court grants plaintiffs' requested
4   discovery.

5   For the better part of the past year, plaintiffs and Chase have conferred numerous times
6   over the requested HUD-1 forms. Chase eventually agreed to produce certain data about class
7   members' loans in lieu of producing the HUD-1 forms and other documents plaintiffs requested.
8   Chase ultimately produced two spreadsheets that, plaintiffs say, did not contain all of the data
9   Chase agreed to provide.

10  Since then, Chase has produced additional information (and will produce more before the
11  December 22, 2013 discovery cutoff) addressing plaintiffs' concerns---except for one. Thus far,
12  Chase says it has been unable to confirm whether the appraisal fee listed in the spreadsheets
13  actually was the fee paid by the class member (as opposed to the fee Washington Mutual paid EA
14  for the appraisal service). Plaintiffs contend that this information is critical because it will have a
15  direct impact on their ability to prove the amount of their claimed statutory damages. Plaintiffs
16  and Chase quibble about whether plaintiffs asked for clarification re the appraisal fees on October
17  17, 2013 or some three weeks later on November 6, 2013. But the bottom line is this: Because
18  the requested information is in the HUD-1 forms, plaintiffs argue that the forms must now be
19  produced for the approximately 200,000 loans in question and that production must be made prior
20  to the December 22 discovery cutoff. (Alternatively, if Chase at some point advises that it can
21  confirm by declaration that the listed fees are the appraisal fees paid by class members, then
22  plaintiffs will forego production of the HUD-1 forms and rely on the declaration instead.)

23  Pointing out that neither party has reimbursed its significant costs incurred, Chase says that
24  it has already devoted a substantial amount of time and resources to gathering and producing the
25  information plaintiffs subpoenaed, and that it continues to do so for certain outstanding categories
26  of data. As such, Chase says that it simply cannot gather and produce some 200,000 HUD-1
27  statements, in addition to its other production efforts, before the December 22 discovery cutoff.
28  Chase suggests that plaintiffs review the sample of 300 loan files it previously produced. Those

files contain the HUD-1 statements, and Chase believes that plaintiffs could reasonably ascertain who paid the appraisal fees. Plaintiffs agree that this may be a viable option, but claim that they only recently obtained the sampling of loan files and have not yet had a chance to review the HUD-1 statements. In any event, they express concern that relying on the sample, even if statistically significant, leaves them vulnerable to an argument by EA that the sampling is not 100% accurate. Additionally, if the sample shows that Washington Mutual sometimes paid the appraisal fee, then plaintiffs are worried that Judge Whyte might question the propriety of their reliance on the sample in proving up damages for the class.

There is no serious dispute that the requested information is important to plaintiffs' ability to prove their claimed damages. No one suggests that the information is obtainable or could be verified through some source other than the HUD-1 forms. True, there are a large number of loans at issue, but that is commensurate with the nationwide certified class. The specific focus of Chase's distress appears to be the large volume of documents to be produced, coupled with the very short time frame for production requested by plaintiffs. Indeed, this matter was brought before the court less than two weeks before the December 22 cutoff, and at a time when Chase says it is already swamped with efforts to produce other information subpoenaed by plaintiffs. This court is not prepared to require plaintiffs to proceed by way of a statistical sampling. There is disagreement among courts as to the propriety of statistical sampling in class actions, see generally, Brown v. Wal-Mart Stores, Inc., No. 5:09-cv-03339 EJD, 2012 WL 5918300 at *3 (N.D Cal., Nov. 15, 2012) (citing cases), and the determination whether plaintiffs properly may prove damages through a statistical sampling in this case is not one for this court to make anyway. While the court must protect against undue burden in discovery, Fed. R. Civ. P. 26(b)(2)(C)(iii), 45(c)(1), under the circumstances here, this court concludes that the burden imposed, while not insignificant, is not undue. Plaintiffs' request for an order compelling production of the HUD-1 forms therefore is granted. However, the court will not require Chase to produce them before the discovery cutoff, but by a date mutually agreed by plaintiffs and Chase and, if necessary, approved by Judge Whyte. Additionally, Chase will not be obliged to re-produce HUD-1 forms that were

3

1   already provided in the 300 sample files.

2   **SO ORDERED**.

3   Dated:   December 20, 2013

4   _____
    HOWARD R. LLOYD
5   UNITED STATES MAGISTRATE JUDGE

5:08-cv-00868-RMW Notice has been electronically mailed to:

Allison Lauren Libeu    alibeu@irell.com
Alvin Matthew Ashley    mashley@irell.com, sknight@irell.com
Angela M. Papalaskaris    apapalas@dl.com, courtalert@dl.com
Christopher J Clark    cjclark@dl.com
David A. Super    david.super@bakerbotts.com
Ellen Mary M. Doyle    edoyle@fdpklaw.com, filings@fdpklaw.com, gbrown@fdpklaw.com
Gretchen Freeman Cappio    gcappio@kellerrohrback.com, cbrewer@kellerrohrback.com, eknerr@kellerrohrback.com, tlin@kellerrohrback.com
Harry Williams , IV    hwilliams@kellerrohrback.com
Janet Lindner Spielberg    jlspielberg@jlslp.com
Jenny Lee Merris    jmerris@alvaradosmith.com, mault@alvaradosmith.com
Joel R. Hurt    jhurt@fdpklaw.com
John C. Hueston    jhueston@irell.com
John Charles Hueston    jhueston@irell.com, lhiles@irell.com
John M. Sorich    jsorich@alvaradosmith.com
Jonathan Mark Lloyd    jonathanlloyd@dwt.com, jeannecadley@dwt.com
Joseph N. Kravec , Jr    jkravec@fdpklaw.com, filings@fdpklaw.com, jnk561@yahoo.com
Justin Nathanael Owens    jowens@irell.com
Kevin C Wallace    kwallace@dl.com
Khesraw Karmand    kkarmand@kellerrohrback.com
Kris Hue Chau Man    kman@dl.com, sholstrom@dl.com
Lynn Lincoln Sarko    lsarko@kellerrohrback.com, cengle@kellerrohrback.com, kwarner@kellerrohrback.com
Margaret Anne Keane    margaret.keane@dlapiper.com, carol.stewart@dlapiper.com, marianne.haines@dlapiper.com
Martin L. Fineman    martinfineman@dwt.com, edithshertz@dwt.com, sfodocket@dwt.com
McKean James Evans    mevans@fdpklaw.com
Michael D. Braun    service@braunlawgroup.com, clc@braunlawgroup.com
Ryan E. Bull    Ryan.Bull@bakerbotts.com
Sam N. Dawood    samdawood@dwt.com, allanpatterson@dwt.com, cassandrabaines@dwt.com, nickverwolf@dwt.com
Stephen M. Ng    stephen.ng@bakerbotts.com, leanna.gutierrez@bakerbotts.com
Stephen Michael Rummage    steverummage@dwt.com, jeannecadley@dwt.com, seadocket@dwt.com
Sung-Min Christopher Yoo    cyoo@alvaradosmith.com, crosas@alvaradosmith.com, jyoung@alvaradosmith.com, mault@alvaradosmith.com
Tana Lin    tlin@kellerrohrback.com, esiegel@kellerrohrback.com, rfarrow@kellerrohrback.com
Wyatt A. Lison    wlison@fdpklaw.com, filings@fdpklaw.com