Joseph N. Kravec, Jr.
jkravec@fdpklaw.com
**FEINSTEIN DOYLE PAYNE
 & KRAVEC, LLC**
429 Forbes Avenue, 17th Floor
Pittsburgh, PA 15219
Tel: (412) 281-8400
Fax: (412) 281-1007

Janet Lindner Spielberg, (221926)
jlspielberg@jlslp.com
**LAW OFFICES OF JANET
 LINDNER SPIELBERG**
12400 Wilshire Blvd., Suite 400
Los Angeles, CA 90025
Tel: (310) 392-8801
Fax: (310) 278-5938

*CO-LEAD CLASS COUNSEL*
*Additional Counsel for Plaintiffs listed on signature page*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| FELTON A. SPEARS, JR., SIDNEY SCHOLL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST AMERICAN EAPPRAISEIT (a/k/a eAppraiseIT, LLC), a Delaware limited liability company,<br><br>Defendant. | No. 08-cv-00868-RMW<br><br>**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S AFFIRMATIVE DEFENSES**<br><br>Date:   August 22, 2014<br>Time:   9:00 a.m.<br>Place:   Courtroom 6, 4th Floor<br>           280 South 1st Street<br>           San Jose, CA 95113 |

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 2

II.     BACKGROUND .................................................................................................. 2

III.    ARGUMENT ....................................................................................................... 3

        A.      Standard of Review .................................................................................. 4

        B.      Plaintiffs Are Entitled to Summary Judgment on Defendant's First
                Affirmative Defense. ................................................................................ 5

                1.      The first affirmative defense fails because Section 8(a) of RESPA
                        does not contain an intent, knowledge, or bad faith requirement. ............. 5

                2.      The first affirmative defense fails for the separate and
                        independent reason that it is an improper negative defense. ..................... 8

        C.      Plaintiffs Are Entitled to Summary Judgment on Defendant's Second
                Affirmative Defense. ................................................................................ 9

                1.      The safe harbor provisions of Section 8(c)(1) and (3) fail as a
                        matter of law. ..................................................................................... 10

                2.      The Court previously held that the safe harbor provision of
                        Section 8(c)(2) fails to apply to Plaintiffs' claim. .................................. 11

                3.      The safe harbor provision of Section 8(c)(4) fails because
                        Defendant cannot satisfy all the requirements of an affiliate
                        business agreement. ............................................................................ 12

                4.      The safe harbor provision of Section 8(c)(5) fails as a matter of
                        law. ................................................................................................... 13

        D.      Plaintiffs are Entitled to Summary Judgment on Defendant's Third
                Affirmative Defense. .............................................................................. 13

                1.      The Court previously held that equitable tolling applied, and
                        Plaintiffs had therefore filed their lawsuit within the statute of
                        limitations. ........................................................................................ 14

                2.      The factual record continues to support the application of
                        equitable tolling. ................................................................................ 16

        E.      Plaintiffs are Entitled to Summary Judgment on Defendant's Fourth
                Affirmative Defense as It is an Improper Negative Defense. ..................... 18

1.     The fourth affirmative defense fails as it does not state a legal defense. ...................................................................................18

2.     The fourth affirmative defense fails for the separate and independent reason that it is an improper negative defense. ...................19

IV.    CONCLUSION ...........................................................................................19

# TABLE OF AUTHORITIES

**Federal Cases**

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167
(N.D. Cal. 2010)..................................................................................................11

*Botosan v. Paul McNally Realty*, 216 F.3d 827 (9th Cir. 2000)................................................6, 7

*Celotex Corp. v. Catrett*, 106 S.Ct. 2548 (1986) ..........................................................5

*Clark v. Capital Credit & Collection Servs. Inc.*, 460 F.3d 1162 (9th Cir. 2006)...................4, 21

*Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223 (9th Cir. 2000) .............5, 20, 22

*Donell v. Mojtahedian*, 976 F. Supp. 2d 1183 (C.D. Cal. 2013) ....................................5, 21

*Edwards v. First Am. Corp.*, 610 F.3d 514 (9th Cir. 2010)..........................................23

*Garcia v. Brockway*, 526 F.3d 456 (9th Cir. 2008) ................................................17

*Hernandez v. Dutch Goose, Inc.*, 2013 WL 5781476 (N.D. Cal. Oct. 25, 2013).........................10

*Howland v. First Am. Title Ins. Co.*, 672 F.3d 525 (7th Cir. 2012).............................13

*In re Old Kent Mortg. Co. Yield Spread Premium Litig.*, 191 F.R.D 155 (D. Minn.
2000).....................................................................................................8, 9

*In re Payne*, 387 B.R. 614 (D. Kan. 2008)................................................................8

*Joe Hand Promotions, Inc. v. Nguyen*, 2012 WL 1183738 (N.D. Cal. Apr. 6, 2012)
(Whyte, J.) .........................................................................................10

*Leon v. Danaher Corp.*, 474 F. App'x 591 (9th Cir. 2012), *cert. denied*, 133 S.Ct. 431
(2012) ................................................................................................17

*Leong v. Potter*, 347 F.3d 1117 (9th Cir. 2003) ....................................................................17

*Memmer v. Marin County Courts*, 169 F.3d 630 (9th Cir. 1999) .................................................10

*Nowacki v. Federated Realty Group, Inc.*, 36 F. Supp. 2d 1099 (E.D. Wisc. 1999)..............7, 8, 9

*Pac. Ins. Co. v. Burnet Title, Inc.*, 380 F.3d 1061 (8th Cir. 2004) ..............................................8

*PMI Mortg. Ins. Co. v. Am. Int'l Specialty Lines Ins. Co.*, 394 F.3d 761 (9th Cir. 2005) .............8

*Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197 (N.D. Cal. 2013) .......................................16

*Rawlings v. Dovenmuehle Mortg., Inc.*, 64 F. Supp. 2d 1156 (M.D. Ala. 1999) ...........................9

*Santa Maria v. Pac. Bell*, 202 F.3d 1170 (9th Cir. 2000) ..........................................................17

*Spears v. First Am. eAppraiseIT*, No. 5-08-00868, 2013 WL 1748284 (N.D. Cal. Apr. 23, 2013) (Whyte, J.)..................................................................................................10

*Toldy v. Fifth Third Mortg. Co.*, 721 F. Supp. 2d 696 (N.D. Ohio 2010)....................................15

*U.S. v. Alvarez-Sanchez*, 511 U.S. 350 (1994) ..........................................................................6

*U.S. v. Lee*, No. 94-20261, 1995 WL 325972 (N.D. Cal. May 24, 1995) (Whyte, J.)..................5

**Federal Statutes**

12 U.S.C. § 2607..................................................................................................................2

12 U.S.C. § 2607(a) ..................................................................................................2, 3, 23, 24

12 U.S.C. § 2607(c) ..........................................................................................................11, 12

12 U.S.C. § 2607(c)(1)........................................................................................................13

12 U.S.C. § 2607(c)(2) ........................................................................................14

12 U.S.C. § 2607(c)(3) ........................................................................................13

12 U.S.C. § 2607(c)(4) ............................................................................. 7, 15, 16

12 U.S.C. § 2607(c)(5) ........................................................................................16

12 U.S.C. § 2607(d)(1)(4) ......................................................................................7

12 U.S.C. § 2607(d)(2) ........................................................................................23

12 U.S.C. § 2614 .......................................................................................... 17, 19

**<u>Federal Rules</u>**

F.R.C.P. 56(a) .................................................................................................. 1, 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**TO DEFENDANT AND ITS COUNSEL OF RECORD IN THIS ACTION:**

 **PLEASE TAKE NOTICE THAT**, on August 22, 2014 at 9:00 a.m., or as soon

thereafter as may be heard by the above-captioned Court located at Courtroom 6, 4th Floor, 280

South 1st Street, San Jose, CA 95113, before the Honorable Ronald M. Whyte, Plaintiffs Felton

A. Spears, Jr. and Sidney Scholl ("Plaintiffs") will, and hereby do, move the Court for an Order

Pursuant to Federal Rule of Civil Procedure 56(a) granting partial summary judgment as to all

four affirmative defenses (the "Defenses") asserted in Defendant's First Amended Answer and

Affirmative Defenses to Plaintiffs' Second Amended Class Action Complaint (Dkt. No. 310)

("First Amended Answer").

## STATEMENT OF RELIEF SOUGHT

 Pursuant to Federal Rule of Civil Procedure 56(a)  and based upon the discovery received

to date,[1] Plaintiffs seek an Order granting partial summary judgment as a matter of law on all

four of the Defenses asserted in Defendant's First Amended Answer and striking the portion of

Defendant's first affirmative defense that is an improper negative defense.

---

[1] Plaintiffs note that as of the filing of this motion, not all fact discovery has been completed.  In particular, on March 14, 2014, the district court for the Southern District of Ohio denied former WaMu employee Cheryl Feltgen's motion to quash the subpoena the parties served on her; however, the parties have not yet been able to complete the deposition of Ms. Feltgen.  In addition on June 17, 2014, Magistrate Judge Lloyd granted Plaintiffs' motion to compel regarding documents produced in *FDIC v. Corelogic Valuation Svcs. LLC,* Case No. SACV11-704 DOC (Anx)(C.D.Cal.) (Dkt. No. 379).  Those documents have not yet been produced. Plaintiffs reserve the right to request the Court's permission to file a supplemental motion should evidence produced after the filing of this motion raise additional grounds for summary judgment.

1

2

**POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION**

**I.      INTRODUCTION**

In this certified class action, Plaintiffs represent a nationwide Class of all consumers who,

on or after June 1, 2006, received home loans from Washington Mutual Bank, FA ("WaMu") in

connection with appraisals that were obtained through Defendant First American eAppraiseIT

("Defendant" or "EA").  Order Certifying Class, Dkt. No. 249.  On behalf of themselves and this

Class, Plaintiffs assert their claim under the Real Estate Procedure Settlement Act ("RESPA"),

12 U.S.C. § 2607(a).[2]  Second Amended Complaint, Dkt. No. 149 ("SAC").  Plaintiffs allege EA

violated RESPA Section 8(a) 's prohibition on kickbacks by having an unlawful agreement with

WaMu to inflate appraisals in exchange for the continued referral of appraisal business.  *Id.*,

¶¶ 89-93.

Plaintiffs move for summary judgment on all four of the affirmative defenses in

Defendant's First Amended Answer.  The Court should grant Plaintiffs' motion because each of

Defendant's affirmative defenses raise either: a pure issue of law to which Plaintiffs are entitled

to summary judgment; a question for which there is no genuine issue as to any material fact and

to which Plaintiffs are entitled to judgment as a matter of law; an improper negative defense;

and/or an issue on which the Court has previously ruled in Plaintiffs' favor.

**II.      BACKGROUND**

Plaintiffs filed their SAC on March 30, 2009.  *See* Dkt. No. 149.  Following two motions

to dismiss, Plaintiffs' remaining cause of action is for the violation of Section 8(a) of RESPA.

*See* Dkt. Nos. 149, 169.  Defendant filed its Answer and Affirmative Defenses to Plaintiffs'

---

[2] 12 U.S.C. § 2607 is also known as Section 8 of RESPA.  "§ 2607" and "Section 8" are used
interchangeably in this motion.

Second Amended Class Action Complaint on September 14, 2009 ("Answer").  *See* Dkt. No. 171.  Defendant's Answer pled eleven affirmative defenses.  *Id.* at 12-13.

In February 2013, the Parties filed cross-motions for partial judgment on the pleadings. Dkt. Nos. 283, 286.  Plaintiffs moved to dismiss all of the affirmative defenses raised in Defendant's Answer (Dkt. No. 283), and Defendant moved to dismiss Plaintiffs' remaining RESPA claim.  (Dkt. No. 286).  In its April 23, 2013 Order regarding Judgment on the Pleadings[3] ("JOP Order") (Dkt. No. 309), the Court denied Defendant's motion in its entirety and granted-in-part Plaintiffs' motion.  JOP Order at 12.

In granting-in-part Plaintiffs' motion, the Court dismissed all but four of the affirmative defenses in Defendant's Answer.  *Id.* at 10-12.  On May 7, 2013, Defendant filed its First Amended Answer, reasserting the four affirmative defenses that were not dismissed.  *See* Dkt. No. 310 at 11-12.

## III.   ARGUMENT

Plaintiffs are entitled to summary judgment on the four affirmative defenses in Defendant's First Amended Answer.  Specifically:

(A) Defendant's first affirmative defense fails because (1) there is no intent, knowledge, or good faith requirement for Section 8(a) claims, and (2) it is an improper negative defense.

(B) Defendant's second affirmative defense fails because (1) the safe harbor provisions of Section 8(c)(1) and (3) do not apply to Plaintiffs' claim; (2) the Court has repeatedly held that the safe harbor provision of Section 8(c)(2) does

---

[3] The full title of the order is Order Denying Defendant's Cross Motion For Judgment On The Pleadings And Granting–In–Part And Denying–In–Part Plaintiffs' Motion For Partial Judgment On The Pleadings.

not apply to Plaintiffs' claim; (3) Defendant cannot meet the requirements of the safe harbor provision of Section 8(c)(4); and (4) the safe harbor provision of Section 8(c)(5) is inapplicable as a matter of law to the facts of this case.

(C) Defendant's third affirmative defense fails because Plaintiffs' claim is not barred by the statute of limitations.

(D) Defendant's fourth affirmative defense fails because it is an improper negative defense.

### A.    Standard of Review

A party moving for summary judgment must show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) . However, "when summary judgment is sought as to an issue on which the nonmovant will bear the burden of proof at trial, as is the case when a plaintiff moves for summary judgment on one of defendant's affirmative defenses,[4]…the movant need not produce any evidence at all on that issue." *U.S. v. Lee*, No. 94-20261, 1995 WL 325972, at *1 (N.D. Cal. May 24, 1995) (Whyte, J.) (citing *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2554 (1986)) (additional citation omitted). *See also Donell v. Mojtahedian*, 976 F. Supp. 2d 1183, 1188 (C.D. Cal. 2013) ("Because the statute of limitations is an affirmative defense, [the] [p]laintiff[s] [are] entitled to summary judgment on this issue if [they] can demonstrate that there is an absence of evidence to support the nonmoving party's affirmative defense.")  Rather, the "motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories and admissions on file,'…without supporting affidavits." *Lee*, 1995 WL 325972, at *1 (citation omitted).  A party

---

[4] The defendant bears the burden of proof at summary judgment with respect to affirmative defenses. *Clark v. Capital Credit & Collection Servs. Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006).

moving for summary judgment on a defendant's affirmative defenses "may meet its burden simply by 'pointing out' that it is entitled to judgment as a matter of law." *Id.* (quoting *Celotex Corp.* , 106 S.Ct. at 2554). Once that burden has been met, Rule 56(e) shifts the burden of presenting specific facts showing a genuine issue for trial to the nonmoving party. *See, e.g.*, *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000).

**B.   Plaintiffs Are Entitled to Summary Judgment on Defendant's First Affirmative Defense.**

Defendant's first affirmative defense states:

> Plaintiff's [sic] claims and/or the claims of any members of the class whom Plaintiffs purport to represent are barred, in whole or in part, because EA acted at all times in good faith and without knowledge or intent to violate RESPA, Section 8(a), and did not directly or indirectly participate in, or induce, any unlawful acts by others.

First Amended Answer, Dkt. No. 310 at 12. Defendant's first affirmative defense fails as a matter of law for two reasons. First, Section 8(a) does not contain an intent, knowledge, or bad faith requirement. Second, Defendant's contention that it "did not directly or indirectly participate in, or induce, any unlawful acts by others" is an improper negative defense.

**1.   The first affirmative defense fails because Section 8(a) of RESPA does not contain an intent, knowledge, or bad faith requirement.**

The text of Section 8(a) of RESPA contains no intent requirement; therefore, the text of RESPA itself makes clear that intent is not a defense to a violation of Section 8(a). It is black letter law that statutory interpretation begins and ends with the plain language of a statute. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 831 (9th Cir. 2000) (citing *U.S. v. Alvarez-Sanchez*, 511 U.S. 350, 356 (1994)).

That Congress deliberately did not include an intent requirement for Section 8(a) of RESPA is further supported by the fact that Congress specifically included in Section 8(d) of

RESPA that "[n]o person or persons shall be held liable for a violation of the provisions of Subsection (c)(4)(A) [5] of this section if such person or persons proves by a preponderance of the evidence that such violation was not intentional and resulted from a bona fide error." 12 U.S.C. § 2607(d)(1)(4).  Congress obviously knew how to include a defense for unintentional or inadvertent violations of RESPA as it did so with regard to the issue of affinity relationships, and it did so in Section 8 no less — the same section addressing business referrals, the provision at issue in this case.  Since RESPA contains a safe harbor provision with respect to § 2607(c)(4)(A) and the other sections are silent as to intent, "a reasonable inference is that liability may be established under § 2607(a)…without the necessity of proving intent." *Nowacki v. Federated Realty Group, Inc.*, 36 F. Supp. 2d 1099, 1104 (E.D. Wisc. 1999).  Indeed, "[t]he incorporation of one statutory provision to the exclusion of another must be presumed intentional under the statutory canon of *expressio unius*."  *Botosan*, 216 F.3d at 832.

Accordingly, the Ninth Circuit and other courts have recognized that there is no requirement of intent, knowledge, or bad faith for RESPA claims.  *See PMI Mortg. Ins. Co. v. Am. Int'l Specialty Lines Ins. Co.*, 394 F.3d 761, 769 (9th Cir. 2005) ("Entities involved in real estate transactions can be exposed to liability under RESPA for failure to meet [the Section 8] requirements, *even if such failure is innocent or unintentional*") (emphasis added); *Pac. Ins. Co. v. Burnet Title, Inc.*, 380 F.3d 1061, 1065 (8th Cir. 2004) (finding that "*intent is not necessarily required* to establish a violation of RESPA," and defendant could have violated RESPA

---

[5] Section 8(c)(4)(A)  states: "[n]othing in this section shall be construed as prohibiting… affiliated business arrangements so long as a disclosure is made of the existence of such an arrangement to the person being referred and, in connection with such referral, such person is provided a written estimate of the charge or range of charges generally made by the provider to which the person is referred…"

negligently because "it is possible for a real estate service provider to engage in *intentional conduct but without intending to violate RESPA*") (emphasis added); *In re Old Kent Mortg. Co. Yield Spread Premium Litig.*, 191 F.R.D 155, 161 (D. Minn. 2000) (rejecting argument that "subjective intent is a factor in determining liability under RESPA" because "statutory language" did not support such proposition); *Nowacki*, 36 F. Supp. 2d at 1104-1105 (finding that "[n]either subsection [8](a) or (b) contain a statement of intent"; holding that "liability may be established under §§ [8](a) and (b) *without the necessity of proving intent*" and for "inadvertent" violations) (emphasis added).  Indeed, Courts have affirmatively held that entities can be held liable for innocent or unintentional violations of RESPA.  *In re Payne*, 387 B.R. 614, 637-38 (D. Kan. 2008) (holding that defendant violated RESPA even though it believed its response was in compliance with statute's requirements); *Nowacki*, 36 F. Supp. 2d at 1104-05 (holding that defendant could be liable for "inadvertent" RESPA violation even if it was "caused by error or omission"); *Rawlings v. Dovenmuehle Mortg., Inc.*, 64 F. Supp. 2d 1156, 1163 (M.D. Ala. 1999) (holding that defendant's "*unintentional act* did, in fact, violate [RESPA]") (emphasis added).

Given this clear and overwhelming authority that neither intent, knowledge nor good faith are factors in determining Defendant's liability under Section 8(a), Defendant will be hard-pressed to present any evidence to oppose summary judgment on this issue in Plaintiffs' favor. Even if the Court assumes *arguendo* that Defendant could present evidence that it acted in good faith and without knowledge or intent of the RESPA violation (which, to date, it has not done), any such facts would be irrelevant in this case.  As "RESPA [Section 8(a)] contains no intent requirement[,] …*intent is not relevant to liability under RESPA § [] 8(a)*…"  *In re Old Kent Mortg. Co. Yield Spread Premium Litig.*, 191 F.R.D. at 161 (emphasis added).  Thus, Plaintiffs

1   are entitled to judgment as a matter of law, and the Court should reject the portion of

2   Defendant's first affirmative defense that is based upon good faith, knowledge or intent.

3                    **2.      The first affirmative defense fails for the separate and independent**
                            **reason that it is an improper negative defense.**

4

5           "A defense which demonstrates that [the] plaintiff has not met its burden of proof as to an

6   element [the] plaintiff is required to prove is not an affirmative defense." *Spears v. First Am.*

7   *eAppraiseIT*, No. 5-08-00868, 2013 WL 1748284, at *7 (N.D. Cal. Apr. 23, 2013) (Whyte, J.)[6]

8   (quoting *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). *See also*

9   *Memmer v. Marin County Courts*, 169 F.3d 630, 633-634 (9th Cir. 1999); *Hernandez v. Dutch*

10  *Goose, Inc.*, 2013 WL 5781476, at *3 (N.D. Cal. Oct. 25, 2013); *Joe Hand Promotions, Inc. v.*

11  *Nguyen*, 2012 WL 1183738, at *2 (N.D. Cal. Apr. 6, 2012) (Whyte, J.).  As Judge Marilyn Hall

12  Patel of this District explained in *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*,

13  718 F. Supp. 2d 1167, 1173-1174 (N.D. Cal. 2010):

14

15          Such a defense is merely rebuttal against the evidence presented by the plaintiff.
            On the other hand, an affirmative defense, under the meaning of Federal Rule of
16          Civil Procedure 8(c), is a defense that does not negate the elements of the
            plaintiff's claim, but instead precludes liability even if all of the elements of the
17

18  _____

    [6] JOP Order at 11.  In Plaintiffs' Reply in Support of Motion for Partial Judgment on the
19  Pleadings as to First American EAppraiseIT's Affirmative Defenses (Dkt. No. 294), Plaintiffs
    clarified that they believed the affirmative defense in question contained both an affirmative
20  defense (good faith) and a negative defense (denying unlawful conduct).  Reply at 2, n.1.  In
    Defendant's original Answer to Plaintiffs' Second Amended Complaint, the affirmative defense
21  in question was pled as Affirmative Defense No. 3 (Dkt. No. 171).  In the section of the Court's
    April 23, 2013 JOP Order discussing negative defenses, the Court struck, without leave to
22  amend, Affirmative Defense No. 3.  JOP Order at 11.  However, in the "order" section of the
    decision, when the Court listed the negative defenses being struck, Affirmative Defense No. 3
23  was omitted from the list.  *Id.* at 12.  Plaintiffs believe this was an oversight.  In Defendant's
    First Amended Answer (Dkt. No. 310), Defendant re-asserted former Affirmative Defense No. 3
24  in its entirety as Affirmative Defense No. 1.  Accordingly, Plaintiffs re-assert this argument out
    of an abundance of caution.  The Court should once again strike the second portion of
25  Defendant's affirmative defense in which it denies it participated in unlawful conduct as an
    improper negative defense.

26

27

28

plaintiff's claim are proven. It is a defense on which the defendant has the burden of proof.

*Id.* at 1173-1174 (internal alterations, quotations and citations omitted).  In the present case, in order to prevail on their Section 8(a) claim, Plaintiffs must prove that "pursuant to an agreement, EA gave and WMB accepted inflated appraisals in exchange for referring appraisal business to EA."  Dkt. No. 209 at 9.  Accordingly, because Plaintiffs have the burden of proof with respect to Defendant's participation in the alleged unlawful act, the final clause in the first affirmative defense—which states, "and did not directly or indirectly participate in, or induce, any unlawful acts by others"—is an improper negative defense.  Therefore, the first affirmative defense fails for this additional reason, and the second portion of the first affirmative defense should be stricken.

### C.    Plaintiffs Are Entitled to Summary Judgment on Defendant's Second Affirmative Defense.

Defendant's second affirmative defense states: "The First Claim for Relief is barred by the safe harbor provisions of RESPA as contained in 12 U.S.C. § 2607(c)."  First Amended Answer, Dkt. No. 310 at 12.  Section 8(c) provides, in pertinent part, that:

Nothing in this section shall be construed as prohibiting

(1) the payment of a fee (A) to attorneys at law for services actually rendered or (B) by a title company to its duly appointed agent for services actually performed in the issuance of a policy of title insurance or (C) by a lender to its duly appointed agent for services actually performed in the making of a loan,

(2) the payment to any person of a bona fide salary or compensation or other payment for goods or facilities actually furnished or for services actually performed,

(3) payments pursuant to cooperative brokerage and referral arrangements or agreements between real estate agents and brokers.

(4) affiliated business arrangements so long as

(A) a disclosure is made of the existence of such an arrangement to the person being referred and, in connection with such referral, such person is provided a written estimate of the charge or range of charges generally made by the provider to which the person is referred ….

(B) such person is not required to use any particular provider of settlement services, and

(C) the only thing of value that is received from the arrangement, other than the payments permitted under this subsection, is a return on the ownership interest or franchise relationship.

(5) such other payments or classes of payments or other transfers as are specified in regulations prescribed by the [Consumer Financial Protection Bureau ("CFPB")], after consultation with [various specified government agencies].

12 U.S.C. § 2607(c).

As discussed below, each of the safe harbor provisions of Section 8(c) fails as a matter of law.[7] Thus, Plaintiffs are entitled to summary judgment on Defendant's second affirmative defense.

### 1.     The safe harbor provisions of Section 8(c)(1) and (3) fail as a matter of law.

By its plain language, Section 8(c)(1) only applies to payments for services performed by an attorney or an agent of a title company or lender.  *See* 12 U.S.C. § 2607(c)(1); *see also Howland v. First Am. Title Ins. Co.*, 672 F.3d 525, 529 (7th Cir. 2012) (finding that "Section 8(c)(1)(B)  applies specifically to title agents").  Likewise, by its plain language, Section 8(c)(3) only applies to payments pursuant to cooperative brokerage and referral arrangements or agreements between real estate agents and brokers.  *See* 12 U.S.C. § 2607(c)(1).  Here, the requisites of the safe harbor provisions of Section 8(c)(1)  and (3) —i.e., a service performed by

---

[7] In their previous motion, Defendant only raised the safe harbor argument in relation to Section 8(c)(2).  April 21, 2009 Motion to Dismiss at 12 (Dkt. No. 156.)  However, as Defendant did not specify any subsection of the safe harbor provision of Section 8(c) in the Second Defense of its First Amended Answer, Plaintiffs address all of them out of an abundance of caution.

*an attorney or an agent*, or an agreement *between a real estate agent and broker*—are not present.  Rather, this dispute concerns an agreement between a lender, WaMu, and an appraisal outsourcer, Defendant.  Therefore, the second affirmative defense as to the safe harbor provisions of Section 8(c)(1) and (3) fail as a matter of law.  Since there is no genuine dispute of material fact, Plaintiffs are entitled to judgment as a matter of law.

### 2.      The Court previously held that the safe harbor provision of Section 8(c)(2) fails to apply to Plaintiffs' claim.

On four separate occasions, this Court has considered Defendant's argument that Plaintiffs' claim is barred by the safe harbor provision of Section 8(c)(2); on four separate occasions, the Court has held that Section 8(c)(2) does not apply to Plaintiffs' claim.  *See* March 9, 2009 Order, Dkt. No. 147 at 5; August 30, 2009 Order, Dkt. No. 169 at 6; January 8, 2010 Order, Dkt. No. 182 at 5; July 2, 2010 Order, Dkt. No. 209 at 7-8.  As the Court has recognized, Plaintiffs are *not* alleging that the payment for any appraisal service itself violates RESPA; rather, Plaintiffs allege that the inflated appraisal is the "thing of value" given by eAppraiseIT to WaMu in return for the referral.  Dkt. No. 147 at 5; Dkt. No. 169 at 6.  The Court has repeatedly held that "this inflation of appraisals was not payment for goods or services actually rendered but rather was payment for business referrals."  Dkt. No. 182 at 5.  As such, the exchange of appraisal business for an inflated appraisal "does not constitute payment or compensation for services actually performed," and, therefore, the safe harbor provision of Section 8(c)(2)  does not apply.  Dkt. No. 209 at 8-9.  *See also* Dkt No. 147 at 5; Dkt. No. 169 at 6.

Nothing has changed in this case in relation to this issue since the Court issued its final ruling on it.  Accordingly, the Court should, for a fifth and final time, hold that the second affirmative defense as to the safe harbor provision of Section 8(c)(2) fails as a matter of law.

### 3. The safe harbor provision of Section 8(c)(4) fails because Defendant cannot satisfy all the requirements of an affiliate business agreement.

To qualify for the safe harbor provision of Section 8(c)(4) [8]— which provides an exemption from liability for Section 8(a) violations for affiliate business arrangements—among other things, the referral source   must have an ownership interest or franchise relationship in the affiliated business.  *See* 12 U.S.C. § 2607(c)(4)(C); *Toldy v. Fifth Third Mortg. Co.*, 721 F. Supp. 2d 696, 702 (N.D. Ohio 2010) ("[T]he person referring business to the affiliated business arrangement must receive payments only in the form of a return on investment.").  James (Joe) Healan, the former Senior Vice President of Production Support at WaMu, testified that WaMu initially sought to buy an ownership interest in Defendant and purchase a joint venture with Defendant's parent company, First American.  *See* June 26, 2013 Deposition of James Healan at 9:15-23, 24:20-25:4, 27:23-28:4 (Ex. 1 to Lin Decl.).  However, WaMu abandoned the joint venture plan and "switched from the JV model to the straight outsource model" after the Office of Thrift Supervision ("OTS") disapproved of WaMu holding an ownership interest in its appraisal operations.  *See id.* at 185:8-22.  *See also* October 9, 2013 Deposition of John Parres at 259:5-261:5 (Ex. 2 to Lin Decl.).  As a result, WaMu never had an ownership interest in Defendant's appraisal business.

An affirmative defense fails as a matter of law where "'there are no questions of fact, [ ] any questions of law are clear and not in dispute, and [ ] under no set of circumstances could the defense succeed if there is no set of facts that can prove it.'"  *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1204 (N.D. Cal. 2013) (citation omitted).  In the case at hand, there is no question that EA was not an affiliate business of WaMu which makes Section 8(c)(4)  clearly

---

[8] *See* n.4, *supra*.

inapplicable.  Accordingly, the second affirmative defense as to the safe harbor provision of Section 8(c)(4) fails as a matter of law.

### 4.    The safe harbor provision of Section 8(c)(5) fails as a matter of law.

Section 8(c)(5)  provides a safe harbor for "such other payments or classes of payments or other transfers as are specified in regulations prescribed by the [CFPB]."  *See* 12 U.S.C. § 2607(c)(5).  Accordingly, to qualify for the safe harbor provision of Section 8(c)(5) , Defendant must identify some regulation prescribed by the CFPB or by the U.S. Department of Housing and Urban Development (the previous agency tasked with promulgating RESPA regulations) exempting inflated appraisals from Section 8(a) violations.  *See* Dkt. 147 at 5 ("the high appraisal is the payment made in exchange for the referral of appraising business"); Dkt. 182 at 5 ("the payments alleged to violate RESPA are the inflation of appraisals (not the payment for appraisal services").  Despite multiple motions to dismiss, two motions for class certification, and cross-motions for judgment on the pleadings, Defendant has failed to identify any such regulations and cannot do so because none exists.  An affirmative defense fails as a matter of law if there is no set of facts that can prove it.  *Ramirez*, 941 F. Supp. 2d at 1204.  Thus, there is no genuine dispute of material fact, and Plaintiffs are entitled to judgment as a matter of law.

### D.    Plaintiffs are Entitled to Summary Judgment on Defendant's Third Affirmative Defense.

Defendant's third affirmative defense asserts that "Plaintiffs' claims are barred by the applicable statute of limitations, including but not limited to the limitations prescribed by 12 U.S.C. §2614 [sic]."  First Amended Answer, Dkt. No. 310 at 12.  A RESPA claim is limited by a one-year time bar.  12 U.S.C. § 2614.  However, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his

claim." *Garcia v. Brockway*, 526 F.3d 456, 465 (9th Cir. 2008). The equitable tolling doctrine "focuses on a plaintiff's excusable ignorance and lack of prejudice to the defendant." *Id.* (quoting *Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir. 2003)). Equitable tolling extends the statute of limitations for filing suit until the plaintiff can gather what information he needs "[i]f a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000), *overruled on other grounds by Leon v. Danaher Corp.*, 474 F. App'x 591, 592 (9th Cir. 2012), *cert. denied*, 133 S.Ct. 431 (2012).

The Court previously held that equitable tolling should apply in a RESPA case and did apply in this case. JOP Order at 5-6. In the year since the Court denied Defendant's Motion for Judgment on the Pleadings, the parties have conducted extensive factual discovery, and the record remains devoid of any fact that would undermine the Court's decision. To the contrary, as described more fully in section III.D.2, *infra*, the factual record further supports the application of equitable tolling and unequivocally affirms Plaintiffs' assertion that they could not have reasonably known or have asserted a claim until the release of the NYAG report. As Defendant cannot meet its burden to maintain this affirmative defense, Plaintiffs are entitled to summary judgment.

> **1.    The Court previously held that equitable tolling applied, and Plaintiffs had therefore filed their lawsuit within the statute of limitations.**

On April 23, 2013, in the context of the parties' cross-motions for Judgment on the Pleadings, the Court considered and affirmatively ruled that equitable tolling applied to Plaintiffs' RESPA claim, and in so doing denied Defendant's motion. JOP Order at 6.

> Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim.... If a reasonable plaintiff would not have known of the existence of a possible claim within the

limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs.

*Id.* at 6.

Plaintiffs asserted, and the Court recognized, that no amount of investigation could have revealed the nature of the EA-WaMu agreement until the New York Attorney General ("NYAG") announced the results of its investigation on November 1, 2007, just three months before this lawsuit was filed.  JOP Order at 7.[9]  Without disclosure of Defendant's arrangement, as described by the NYAG, Plaintiffs could not have reasonably suspected that there was anything wrong with the appraisals for which they were each charged (i.e., that "the appraisals were not performed independently, objectively, impartially, unbiased or credibly in compliance with USPAP guidelines").  Specifically, the Court found:

> Plaintiffs, unlike the New York Attorney General, are not a prosecutorial body, and thus could not have obtained access to the internal EA documents necessary to discover the existence of a claim.... Therefore, at this stage, the court finds [Plaintiffs'] impossibility argument is plausible and rises to the level of an extraordinary circumstance that would frustrate the purpose of the statute. Furthermore, plaintiffs have demonstrated diligence by bringing suit within three months after the release of the NYAG report. Finally, the fact that plaintiffs had no reason to suspect any wrongdoing supports plaintiffs' argument that they could not have reasonably known or have asserted a claim until the release of the NYAG report.

*Id.* at 7.  Accordingly, the Court ruled that "equitable tolling applies until the release of the NYAG report," i.e., November 1, 2007.  *Id.*  Plaintiffs filed their complaint on February 8, 2008 (Dkt. No. 1), just three months after the New York Attorney General's report was released and well within the one year statute of limitation for RESPA claims.  12 U.S.C. § 2614 (RESPA claim must be filed within one year).

---

[9] *See* Plaintiffs' Response in Opposition to Defendant's Motion for Judgment on the Pleadings (Dkt. No. 295) at 19.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 2. The factual record continues to support the application of equitable tolling.

In the year since the Court ruled that the equitable tolling applied in this case (and in the six years since this case was filed), Defendant has not developed a single piece of evidence to show that Plaintiffs could have reasonably suspected that there was anything wrong with the appraisals for which they were charged prior to the public dissemination of the NYAG investigation or that they were not otherwise diligent in timely bringing their complaint. As such, Defendant will not be able to meet its burden to present specific facts to show a genuine issue of material fact for trial. *Cline,* 200 F.3d at 1229.

In fact, the evidence developed to date confirms that equitable tolling applies to the case at hand. Neither Plaintiff was aware of any publicly available information concerning the existence of the unlawful agreement at issue in this case until the New York Attorney General announced the results of its investigation regarding Defendant eAppraiseIT's appraisal services for Washington Mutual Bank on November 1, 2007.[10] Plaintiff Felton Spears testified that he first became aware of eAppraiseIT and the potential issues with his appraisal after reading an article in the newspaper about the New York Attorney General's lawsuit against eAppraiseIT. December 3, 2009 Deposition of Felton Spears at 47:5-18; 56:4-58:15 (Ex. 4 to Lin Decl.). Similarly, Plaintiffs Sidney Scholl testified that she became aware of a possible problem with the

---

[10] While there was a May 2007 article published regarding the New York Attorney General's investigation, *see* EA-Spears0637395 at 96 (Ex. 3 to Lin Decl.), there is no evidence that either Plaintiff was aware of the investigation at that time. Indeed, the testimony of not only lead Plaintiffs but also eAppraiseIT's executives establishes that, to the contrary, the information was not public until the New York Attorney General released its report and served eAppraiseIT with a lawsuit on around November 1, 2007. In any event, Plaintiffs filed this lawsuit on February 8, 2008, well within one year from this article.

appraisal she received when she read the New York Attorney General's report.  December 1, 2009 Deposition of Sidney Scholl at 97:12-100:9 (Ex. 5 to Lin Decl.).

eAppraiseIT's top three executives—Donald Dobson, David Feldman, and Anthony Merlo[11]—corroborate the testimony of Mr. Spears and Ms. Scholl.  While with eAppraiseIT, Mr. Dobson held the role of Chief Operating Officer.[12]  In a May 24, 2007 email, Mr. Dobson wrote "EA has been issued a subpoena to provide various types of information to the AG's office and we are cooperating fully with them. *We have been told that we are not a target of the investigation.*"  EA-Spears0637395 at 95 (emphasis added).  David Feldman, eAppraiseIT's Executive Vice President and later interim President,[13] also understood that eAppraiseIT was not a target of the New York Attorney General's investigation around May of 2007.  Feldman Tr. at 283:12-18, 286:3-5.  Up until the time when the New York Attorney General served its November 1, 2007 complaint on eAppraiseIT, Mr. Feldman did not think they were a target of the investigation.  *Id.* at 283:12-21.  According to Anthony Merlo, eAppraiseIT's President,[14] "the lawsuit filed by the [New York] attorney general [ ] caught us by surprise."  *Id.* at 45:11-16.

Defendant bears the burden of proof at summary judgment with respect to an affirmative defense.  *Clark*, 460 F.3d at 1177.  "Because the statute of limitations is an affirmative defense, Plaintiff[s] [are] entitled to summary judgment on this issue if [they] can demonstrate that there is an absence of evidence to support the nonmoving party's affirmative defense."  *Donell,* 976 F. Supp. 2d at 1188.  Once that burden has been met, Rule 56(e) shifts the burden of presenting

---

[11] Feldman Tr. at 68:5-13.
[12] August 15, 2013 Deposition of Donald Dobson at 15:4-6 (Ex. 6 to Lin Decl.).
[13] October 4, 2013 Deposition of David Feldman ("Feldman Tr.") at 68:2-4 and October 11, 2013 Deposition of Anthony Merlo ("Merlo Tr.") at 325:7-13 (Exs. 7 and 8, respectively, to Lin Decl.).
[14] Merlo Tr. at 24:22-25:2.

specific facts showing a genuine issue for trial to the nonmoving party. *See*, *e.g.*, *Cline*, 200 F.3d at 1229 (9th Cir. 2000). As eAppraiseIT's own executives admit that the New York Attorney General had to subpoena eAppraiseIT for documents in order to investigate its relationship with WaMu and that eAppraiseIT did not believe it was a target of the investigation—up to the moment it was served with the New York Attorney General's lawsuit, Defendant will not be able to produce a scintilla of evidence to meet its burden. Indeed, eAppraiseIT's own evidence unequivocally demonstrates that information concerning the unlawful agreement between itself and WaMu to inflate appraisals on a mass scale was not available until at least November 1, 2007 so that equitable tolling should be applied. As Plaintiffs filed their complaint a short three months thereafter—well within the one year statute of limitation for RESPA claims, the Court should grant Plaintiffs' request for summary judgment on Defendant's third affirmative defense.

### E.   Plaintiffs are Entitled to Summary Judgment on Defendant's Fourth Affirmative Defense as It is an Improper Negative Defense.

EA's fourth affirmative defense states:

> EA did not enter into a conspiratorial agreement to inflate appraisal values. Each class member who obtained a loan covered by RESPA in connection with an appraisal service provided by EA (and paid for that appraisal service) received the appraisal service for which the class member paid. Plaintiffs' claims and/or the claims of any members of the class whom Plaintiffs purport to represent are therefore barred because any class member who obtains a recovery of the amount he or she paid for an appraisal service, or any portion of that payment, would obtain a windfall and be unjustly enriched.

First Amended Answer, Dkt. No. 310 at 12.

### 1.   The fourth affirmative defense fails as it does not state a legal defense.

Defendant asserts that if a class member received an appraisal, then any "class member who obtains a recovery of the amount he or she paid for an appraisal service" will receive a "windfall" or be "unjustly enriched." However, "windfall" and unjust enrichment are not valid

defenses to a violation of RESPA.  Indeed, the statute itself *mandates* that any person who violates 12 U.S.C. § 2607(a) "*shall* be .... liable ... in an amount equal to three times the amount of any charge paid for such settlement service."  12 U.S.C. § 2607(d)(2) (emphasis added).  "*Whenever a violation of these prohibitions occurs*, the statute provides that the defendants are liable to the 'person or persons charged for the settlement service involved in the violation in an amount equal to three times the amount of any charge paid for such settlement service.'" *Edwards v. First Am. Corp.*, 610 F.3d 514, 517 (9th Cir. 2010) (citing 12 U.S.C. § 2607(d)(2)) (emphasis added).  Conversely, if Plaintiffs are not successful, Plaintiffs will take nothing from the suit.  Accordingly, there is no windfall or unjust enrichment in either scenario.  As such, Defendant's fourth affirmative defense adds nothing to the legal landscape of this case, and Plaintiffs are entitled to judgment as a matter of law on this defense.

### 2.     The fourth affirmative defense fails for the separate and independent reason that it is an improper negative defense.

In addition, Defendant's fourth affirmative defense is predicated on a finding that "EA did not enter into a conspiratorial agreement to inflate appraisal values."  However, it is Plaintiffs' burden in this lawsuit to demonstrate that EA did in fact enter into "any agreement or understanding, oral or otherwise," thereby tainting the appraisals it provided to Class Members.  12 U.S.C. § 2607(a).  As such, Defendant's fourth affirmative defense is yet another negative defense.  For the reasons stated in Section III.B.2., *supra*, this affirmative defense should be stricken as an improper negative defense.

## IV.    CONCLUSION

For the reasons set forth herein, the Court should grant Plaintiffs' motion and dismiss all four of the Defenses set forth in Defendant's First Amended Answer.

Dated: July 1, 2014

**FEINSTEIN DOYLE PAYNE & KRAVEC, LLC**

By:  s/Joseph N. Kravec, Jr.
       Joseph N. Kravec, Jr.
      (*pro hac vice*)

429 Forbes Avenue
Allegheny Building, 17th Floor
Pittsburgh, PA 15219
Tel:   (412) 281-8400
Fax:    (412) 281-1007

Janet Lindner Spielberg (SBN 221926)
**LAW OFFICES OF JANET LINDNER SPIELBERG**
12400 Wilshire Boulevard, #400
Los Angeles, CA 90025
Tel:  (310) 392-8801
Fax:  (310) 278-5938

*Co-Lead Class Counsel*

*Additional Plaintiffs' Counsel*

Michael D. Braun (SBN 167416)
**BRAUN LAW GROUP, P.C.**
10680 West Pico Blvd., Suite 280
Los Angeles, CA 90064
Tel: (310) 836-6000
Fax: (310) 836-6010

Lynn Lincoln Sarko (*pro hac vice*)
Tana Lin (*pro hac vice*)
Gretchen Freeman Cappio (*pro hac vice*)
Harry Williams IV (*pro hac vice*)
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax:  (206) 623-3384

# PROOF OF SERVICE

STATE OF PENNSYLVANIA )
)   ss.:
COUNTY OF ALLEGHENY )

I am employed in the County of Allegheny, State of Pennsylvania.  I am over the age of 18 and not a party to the within action.  My business address is 429 Forbes Avenue, Allegheny Building, 17th Floor, Pittsburgh, PA  15219.

On July 1, 2014, using the Northern District of California's Electronic Case Filing System, with the ECF ID registered to Joseph N. Kravec, Jr., I filed and served the document(s) described as:

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S AFFIRMATIVE DEFENSES**

**[X]   BY ELECTRONIC TRANSMISSION USING THE COURT'S ECF SYSTEM:**
I caused the above document(s) to be transmitted by electronic mail to those ECF registered parties listed on the Notice of Electronic Filing (NEF) pursuant to Fed.R.Civ.P. 5(d)(1) and by first class mail to those non-ECF registered parties listed on the Notice of Electronic Filing (NEF).  *"A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing.  The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P. 5(d)(1).  A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."*

I declare that I am admitted *pro hac vice* in this action.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on July 1, 2014, at Pittsburgh, Pennsylvania.

s/Joseph N. Kravec, Jr.
Joseph N. Kravec, Jr.