UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELTON A. SPEARS, JR. and SIDNEY SCHOLL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST AMERICAN EAPPRAISEIT (a/k/a eAppraiseIT, LLC), a Delaware limited liability company,<br><br>Defendant. | Case No. 5-08-CV-00868-RMW<br><br>**ORDER ON SEALING MOTIONS**<br><br>[Re Docket Nos. 385, 389, 390, 402, 406, 409, 410, 416] |

Before the court are 8 administrative motions to seal various documents. The primary basis for these sealing requests is that a non-submitting party or a non-party designated the material as confidential. Pursuant to Civil Local Rule 79-5(d), a party must submit a declaration "establishing that the document sought to be filed under seal, or portions thereof, are sealable. Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Under Civil Local Rule 79-5(e)(1), "[w]ithin 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." No such declarations have been filed in this case. This

applies to non-parties as well, and the Local Rule requires service to the non-party of the motion to seal "on the same day it is filed and a proof of such service must also be filed." *Id.*

Therefore, in this case, **for material designated confidential by a party**, that party must file a declaration establishing that all of the designated material is sealable by September 16, 2014. **For any material designated confidential by a non-party**, the submitting party must serve (or re-serve, as the case may be), their declaration in support of the motion to seal, the materials requested to be sealed, and a copy of this order on the designating party, and file the proof of such service by September 11, 2014. The designating non-party must file any declaration establishing that all of the designated material is sealable by September 18, 2014.

If no declarations in support of sealing are filed, the court may deny the sealing motions in their entirety. Most of the material designated confidential by a submitting party, as allegedly containing confidential business or personal information, is cited in the expert reports and other materials. Additionally, the current sealing requests are overbroad and do not comply with Local Rule 79-5(b) which requires the request to be **narrowly tailored**. For example, a request to seal an entire expert report that includes background information on a regulatory scheme is not narrowly tailored.

SO ORDERED.

Dated: September 10, 2014

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge