Joseph N. Kravec, Jr. (*pro hac vice*)
**FEINSTEIN DOYLE**
 **PAYNE & KRAVEC, LLC**
429 Forbes Avenue, 17th Floor
Pittsburgh, PA 15219
Tel: (412) 281-8400
Fax: (412) 281-1007
E-mail: jkravec@fdpklaw.com

Janet Lindner Spielberg (SBN 221926)
**LAW OFFICES OF JANET**
 **LINDNER SPIELBERG**
12400 Wilshire Boulevard, #400
Los Angeles, California 90025
Tel: (310) 392-8801
Fax: (310) 278-5938
Email: jlspielberg@jlslp.com

*CO-LEAD CLASS COUNSEL*

*\*Additional Plaintiff's Counsel on signature page*

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| FELTON A. SPEARS, JR. and SIDNEY SCHOLL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br>FIRST AMERICAN EAPPRAISEIT (a/k/a eAppraiseIT, LLC), a Delaware limited liability company,<br><br>Defendant. | Case No. 5-08-CV-00868 (RMW)<br><br>**NOTICE OF MOTION AND PLAINTIFF'S MOTION *IN LIMINE* No. 18 - TO EXCLUDE DEFENDANT'S WITNESSES FROM THE COURTROOM**<br><br>**Honorable Ronald M. Whyte**<br><br>Date: October 16, 2014<br>Time: 2:00 p.m.<br>Place: Courtroom 6, 4th Floor<br>    280 South 1st Street<br>    San Jose, CA 95113 |

Plaintiff's Motion *in Limine* to Exclude Evidence and Testimony Regarding the Failure to Show That Any Individual Property's Appraised Value Was Inflated; Case No. 5-08-CV-00868 (RMW)

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION** |
| 2 | TO DEFENDANT AND ITS COUNSEL OF RECORD IN THIS ACTION: |
| 3 | PLEASE TAKE NOTICE THAT, on October 16, 2014 at 2:00 p.m., or as soon thereafter as |
| 4 | may be heard by the above-captioned Court located at Courtroom 6, 4th Floor, 280 South 1st Street, |
| 5 | San Jose, CA 95113, before the Honorable Ronald M. Whyte, Plaintiff Felton A. Spears, Jr. will, and |
| 6 | hereby does, move *in limine* for an Order precluding Defendant First American eAppraiseIT's |
| 7 | ("Defendant" or "EA") witnesses from the courtroom, and prohibiting Defendant's expert witnesses |
| 8 | from reviewing transcripts of the proceedings.[1] |
| 9 | **I.   INTRODUCTION AND MATERIAL FACTS** |
| 10 | Plaintiff Felton A. Spears, Jr. moves *in limine* to exclude defendant's witnesses from the |
| 11 | courtroom funder Federal Rule of Evidence 615. |
| 12 | As the court is aware, Plaintiff's claim is for a violation of § 8(a) of the Real Estate Settlement |
| 13 | Procedures Act ("RESPA"), 12 U.S.C. § 2607(a), which prohibits giving or accepting anything of |
| 14 | value pursuant to an agreement or understanding to refer settlement services to any person. 12 U.S.C. |
| 15 | § 2607(a). Plaintiff alleges Defendant eAppraiseIT LLC ("EA") and Washington Mutual Bank, F.A. |
| 16 | ("WMB") entered into an agreement or understanding for EA to provide WMB with inflated appraisals |
| 17 | when and where it was needed to justify a loan WMB wanted to make. Second Amended Complaint |
| 18 | ¶¶ 6-7, 37-40, 90, Dkt. No. 149. |
| 19 | **II.   ARGUMENT** |
| 20 | Federal Rule of Evidence 615 provides that a court "must order witnesses excluded so that they |
| 21 | cannot hear other witnesses' testimony" if a party requests it. Fed. R. Evid. 615. That rule includes |
| 22 | four exceptions, but only one should apply to Defendant here. *See* Fed. R. Evid. 615(b) (stating that |
| 23 | court may not exclude designative representative employees or officers). Exclusion of all of |
| 24 | Defendant's witnesses except for Defendant's representative is appropriate because this case will |
| 25 | involve a lengthy give and take between expert and other witnesses during which those witnesses |
| 26 | |
| 27 | [1] Plaintiff asks the court to exclude the witnesses Defendant identifies in the Joint Pretrial Statement, Dkt. No. 458, Exh. D. |
| 28 | |

would have the opportunity to tailor or reform their proffered testimony. *See* Fed. R. Evid. 615 Advisory Committee Notes ("The efficacy of excluding or sequestering witnesses has long been recognized as a means of discouraging and exposing fabrication, inaccuracy, and collusion.")[2]

With regard to expert witnesses in particular, Plaintiff so moves for the exclusion of Defendant's experts for many of the reasons Defendant points out in its Motion *in Limine* No. 11 to Exclude Plaintiff's Experts, (Dkt. No. 470), which contains arguments that have equal force when applied to Defendant's experts. For example, Defendant's experts "have prepared detailed written reports containing a complete statement of their opinions," and should not "be testifying based on facts revealed for the first time at trial," making their presence "not essential to the presentation of [Defendant's] case." (*Id.* at 2). In addition, proving the RESPA claim will involve a "classic battle of the experts[,]" Dkt. No. 438 at 18, which makes exclusion of experts appropriate here.

If Defendant believes that any of its witnesses should not be excluded, Defendant must adequately explain why. *See United States v. Seschillie*, 310 F.3d 1208, 1212-13 (9th Cir. 2002) (stating that "the 'essential nature' of a witnesses' presence must 'be shown by [the] party'" opposing sequestration) (quoting Fed. R. Evid. 615(3)).

## III. <u>CONCLUSION</u>

For the reasons stated above, Plaintiff respectfully requests that the Court exclude Defendant's witnesses from the courtroom during the presentation of Defendant's case. Given that Defendant has similarly moved, Plaintiff is hopeful that both parties' requests can be accommodated.

Dated: October 2, 2014

---

[2] Plaintiff agrees with Defendant that both parties' experts should be allowed in the courtroom during the presentation of the opposing party's case.

| FEINSTEIN DOYLE PAYNE & KRAVEC, LLC | KELLER ROHRBACK L.L.P. |
|---|---|
| By: /s/ Joseph N. Kravec, Jr.<br>Joseph N. Kravec, Jr., Co-Lead Class Counsel<br>(*pro hac vice*)<br>Wyatt A. Lison (*pro hac vice*)<br>McKean J. Evans (*pro hac vice*)<br><br>429 Forbes Avenue<br>Allegheny Building, 17th Floor<br>Pittsburgh, PA 15219<br>Tel: (412) 281-8400<br>Fax: (412) 281-1007 | By: /s/ Lynn Lincoln Sarko<br>Lynn Lincoln Sarko (*pro hac vice*)<br>Tana Lin (*pro hac vice*)<br>Gretchen Freeman Cappio (*pro hac vice*)<br>Raymond J. Farrow (*pro hac vice pending*)<br><br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Tel: (206) 623-1900<br>Fax: (206) 623-3384<br><br>Matthew Preusch (SBN 298144)<br><br>1129 State Street, Suite 8<br>Santa Barbara, CA 93101<br>Tel: (805) 456-1496<br>Fax: (805) 456-1497 |

*Co-Lead Trial Counsel for Plaintiff and the Class*

| LAW OFFICES OF JANET LINDNER SPIELBERG | BRAUN LAW GROUP, P.C. |
|---|---|
| By: /s/ Janet Lindner Spielberg<br>Janet Lindner Spielberg (SBN 221926)<br><br>12400 Wilshire Boulevard, #400<br>Los Angeles, CA 90025<br>Tel: (310) 392-8801<br>Fax: (310) 278-5938 | By: /s/ Michael D. Braun<br>Michael D. Braun (SBN 167416)<br><br>10680 West Pico Blvd., Suite 280<br>Los Angeles, CA 90064<br>Tel: (310) 836-6000<br>Fax: (310) 836-6010 |
| *Co-Lead Counsel and Trial Counsel for Plaintiff and the Class* | *Trial Counsel for Plaintiff and the Class* |

# PROOF OF SERVICE

STATE OF WASHINGTON )
) ss.:
COUNTY OF KING )

I am employed in the County of King, State of Washington. I am over the age of 18 and not a party to the within action. My business address is 1201 Third Avenue, Suite 3200, Seattle, WA 98101.

On October 2, 2014, using the Northern District of California's Electronic Case Filing System, with the ECF ID registered to Gretchen Freeman Cappio, I filed and served the document(s) described as:

**NOTICE OF MOTION AND PLAINTIFF'S MOTION *IN LIMINE* No. 18 - TO EXCLUDE DEFENDANT'S WITNESSES FROM THE COURTROOM**

**[X] BY ELECTRONIC TRANSMISSION USING THE COURT'S ECF SYSTEM:** I caused the above document(s) to be transmitted by electronic mail to those ECF registered parties listed on the Notice of Electronic Filing (NEF) pursuant to Fed.R.Civ.P. 5(d)(1) and by first class mail to those non-ECF registered parties listed on the Notice of Electronic Filing (NEF). *"A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P. 5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."*

I declare that I am admitted *pro hac vice* in this action.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on October 2, 2014, at Seattle, Washington.

                                          /s/Gretchen Freeman Cappio
                                             Gretchen Freeman Cappio