1   Joseph N. Kravec, Jr. (*pro hac vice*)   Janet Lindner Spielberg (SBN 221926)
    **FEINSTEIN DOYLE**                        **LAW OFFICES OF JANET**
2     **PAYNE & KRAVEC, LLC**                     **LINDNER SPIELBERG**
    429 Forbes Avenue, 17th Floor             12400 Wilshire Boulevard, #400
3   Pittsburgh, PA 15219                       Los Angeles, California 90025
    Tel: (412) 281-8400                        Tel: (310) 392-8801
4   Fax: (412) 281-1007                        Fax: (310) 278-5938
    E-mail: jkravec@fdpklaw.com                Email: jlspielberg@jlslp.com
5

6   *CO-LEAD CLASS COUNSEL*

7   *Additional Plaintiffs' Counsel*
    *on signature page*

8

9

10                  **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
11                      **SAN JOSE DIVISION**

12

13  FELTON A. SPEARS, JR. and          )   Case No. 5-08-CV-00868 (RMW)
    SIDNEY SCHOLL, on behalf of themselves )
14  and all others similarly situated,  )   <u>CLASS ACTION</u>
                                        )
15                      Plaintiffs,     )   **NOTICE OF MOTION AND PLAINTIFF'S**
                                        )   **MOTION *IN LIMINE* No. 11: TO**
16          vs.                         )   **PRECLUDE EVIDENCE AND**
                                        )   **TESTIMONY REGARDING OTS**
17  FIRST AMERICAN EAPPRAISEIT          )   **APPROVAL OF THE PROVEN**
    (a/k/a eAppraiseIT, LLC),           )   **APPRAISER LIST OR REFERRAL**
18  a Delaware limited liability company, )   **PROCESS**
                                        )
19                      Defendant.      )   **Honorable Ronald M. Whyte**
                                        )
20                                      )   **Date:   October 16, 2014**
                                        )   **Time:   2:00 p.m.**
21                                      )   **Place: Courtroom 6, 4th Floor**
                                        )            **280 South 1st Street**
22                                      )            **San Jose, CA 95113**
                                        )
23

24          REDACTED VERSION OF DOCUMENT
25          SOUGHT TO BE SEALED

26

27

28
    ─────────────────────────────────────────────
    MOTION IN LIMINE TO PRECLUDE EVIDENCE AND TESTIMONY REGARDING
    OTS APPROVAL OF THE PROVEN APPRAISER LIST OR REFERRAL PROCESS;
    Case No. 5-08-CV-00868 (RMW)

*Left margin vertical text:* KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

## NOTICE OF MOTION AND MOTION

TO DEFENDANT AND ITS COUNSEL OF RECORD IN THIS ACTION:

PLEASE TAKE NOTICE THAT, on October 16, 2014 at 2:00 p.m., or as soon thereafter as may be heard by the above-captioned Court located at Courtroom 6, 4th Floor, 280 South 1st Street, San Jose, CA 95113, before the Honorable Ronald M. Whyte, Plaintiff Felton A. Spears, Jr. will, and hereby does, move *in limine* for an Order that the Office of Thrift Supervision (the "OTS"), Washington Mutual Bank, FA's ("WMB") regulator, had not approved use of the Proven Appraiser List ("PAL") or referral process (including, but not limited to, the use of any other appraiser lists) used in conjunction with appraisal services outsourced to Defendant First American eAppraiseIT ("Defendant" or "EA"), and precluding EA from introducing evidence, testimony and argument to that effect. As explained below, given the overwhelming evidence that the OTS had not approved use of the PAL or referral process, such evidence, testimony and argument would misrepresent the undisputed facts in this case, confuse the issues, mislead the jury, waste time, or be highly prejudicial to Plaintiff and Class members.

## POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION

## I.   INTRODUCTION

In its September 16, 2014 Order, the Court bifurcated "the common liability issue from any damages calculations." *Id.* at 31. Accordingly, the *sole* issue at trial is "whether there was inflation of appraisals on an aggregate basis as a result of an agreement between WMB and EA." *Id.* at 2. As the Court noted, to prevail on his Section 8(a) claim, Plaintiff is simply required to "show that EA and WMB had an 'agreement or understanding' to exchange inflated appraisals for business referrals." *Id.* at 13.

Plaintiff brings this Motion to narrow the scope of evidence, testimony and argument at trial by seeking to preclude Defendant from introducing evidence, testimony or argument that the OTS approved use of the PAL or referral process. As discussed below, evidence, testimony or argument suggesting

OTS approved these aspects of EA's appraisal services for WMB is contradicted by the undisputed facts in this case, and would confuse the issues, mislead the jury, waste time, and result in undue prejudice to Plaintiff and Class members.

## II.   ARGUMENT

### A.   Legal Standard

Only relevant evidence is admissible. Fed. R. Evid. 402. Accordingly, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). Evidence is relevant and thus admissible if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

A party may seek to preclude or limit evidence at trial through a motion *in limine*. *Luce v. U.S.*, 469 U.S. 38, 41 (1984). Such motions are useful for resolving evidentiary issues that would otherwise "clutter up" the trial. *Palmerin v. City of Riverside*, 749 F.2d 1409, 1413 (9th Cir. 1986). By addressing such questions before trial, the court can give them more deliberate and careful consideration than if they are raised for the first time with a witness on the stand. *Id.*

### B.   The OTS Did Not Approve the Preferred Appraiser List or Referral Process.

Defendant has often repeated the argument that the OTS, WMB's regulator, approved use of the PAL and the referral process used by EA for selecting the appraisers that performed appraisals for WMB. *See, e.g.*, Def.'s Mot. Summ. J. (Dkt. No. 386) at 9 (contending that EA had "receiv[ed] assurances from WaMu that the model had been approved by the OTS"), 11 ("Moreover, EA's former executives have testified that they relied on WaMu's representations regarding OTS approval"). But the evidence adduced to date is clear: the OTS did not approve use of the PAL or the referral process. ■

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

MOTION IN LIMINE TO PRECLUDE EVIDENCE AND TESTIMONY REGARDING OTS APPROVAL OF THE PROVEN APPRAISER LIST OR REFERRAL PROCESS;
Case No. 5-08-CV-00868 (RMW)

2

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

1

2

3            *See* FDIC-R-WAMU-EAPP00000085 at 1, 4 (previously filed as Ex. 55 to

Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, Dkt. 410-69).  **The memorandum**

states

                                                            *Id.* at 4, 6 (

).  Further, according to the memorandum,

                                                            *Id.* at

4.  The memorandum

            These findings are confirmed by other evidence obtained by Plaintiff.  For example, a report by a

bipartisan Senate committee commissioned to examine WMB's collapse concluded that WMB's

"decision to outsource the appraisal function received minimal attention from the OTS."  *See* S.

Permanent Subcomm. on Investigations, *Wall Street and the Financial Crisis: Anatomy of a Financial*

*Collapse* (Apr. 13, 2011) at 188 ("Senate Report"), *available at*

http://www.hsgac.senate.gov/imo/media/doc/Financial_Crisis/FinancialCrisisReport.pdf.  A June 30,

2006 email from one of WMB's own executives, Cheryl Feltgen,

                                                    *See* EA-SPEARS4730862 (Ex. 1 to Cappio Declaration).

Ms. Feltgen wrote

                                                            *Id.*  The evidence of

later communications between WMB and the OTS show that

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

■■■■■■■■■■■■■■■

■■■■■■  *See, e.g.*, EA-SPEARS4733138 (Ex. 2 to Cappio Declaration); and Senate Report ("Documentation obtained by the Subcommittee indicates only a few meetings took place between OTS examiners and the WaMu staff tasked with the outsourcing…OTS' appraisal expert disputed that he was even in a position to grant approval [for the outsourcing project] and was instead simply receiving notification of WaMu's plans.").  Lastly, the head of WMB's appraisal oversight committee, Sushuma Kistner, acknowledged that the OTS had not approved use of the PAL or the referral process, testifying that the OTS's support of WMB's high level plans was limited to WMB's decision to get recommendations for appraisers based on their competency and geographical knowledge.  *See* Kistner Dep. at 91:3-92:11, 96:7-9 (previously filed as Ex. 64 to Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, Dkt. 410-78).

Given the overwhelming and undisputed evidence that the OTS had *not* approved use of the PAL or the referral process—particularly, the findings of WMB's outside counsel—any contrary evidence, testimony and argument suggesting such approval was obtained has *no* probative value whatsoever. However, the danger of undue prejudice to Plaintiff and Class members by allowing EA to introduce baseless evidence, testimony or argument that the OTS approved use of the PAL or referral process is certain because it could result in the jury absolving Defendant on an improper basis by misleadingly suggesting that the alleged unlawful agreement between Defendant and WMB was the OTS's fault (i.e., EA was mistaken or misled as to the legality of the appraiser list or the referral process because of OTS approval that had never been received).  Worse, such evidence could deceive the jury into thinking that EA and WaMu received the blessing of the OTS for use of the PAL or the referral process.  Fed. R. Evid. 403; *see United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) ("undue prejudice means 'undue tendency to suggest decision on an improper basis, commonly, though not always, an emotional one").  In addition to the potential of undue prejudice, this evidence, testimony and argument would

confuse the issues, mislead the jury, and waste time because it is wholly unsupported and would require Plaintiff to spend time and resources introducing evidence, testimony and argument to oppose an issue that is entirely lacking factual support.  Fed. R. Evid. 403.

Accordingly, Plaintiff respectfully requests that the Court issue an order precluding Defendant from introducing this evidence, testimony and argument that the OTS approved of EA's Proven Appraiser List or referral process used for WMB under Fed. R. Evid. 403.  To the extent such testimony is allowed despite being contrary to the factual record, it must be admitted with a limiting instruction that the Jury cannot accept such evidence, testimony or argument for the fact that OTS had approved of any aspect of EA and WMB's appraisal business relationship.  *Hynix Semiconductor Inc. v. Rambus Inc.*, C-00-20905 RMW, 2008 WL 2951341 (N.D. Cal. July 24, 2008) (Whyte, D.J.) (describing the use of a limiting instruction to focus the jury on the relevance of evidence and that it could not be considered for the truth of the matter asserted).

### III.   CONCLUSION

For the reasons stated in this Motion, Plaintiff respectfully requests the Court grant his motion.

Dated: October 2, 2014

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

MOTION IN LIMINE TO PRECLUDE EVIDENCE AND TESTIMONY REGARDING OTS APPROVAL OF THE PROVEN APPRAISER LIST OR REFERRAL PROCESS;
Case No. 5-08-CV-00868 (RMW)

5

**FEINSTEIN DOYLE PAYNE & KRAVEC, LLC**

By:  /s/ Joseph N. Kravec, Jr.
      Joseph N. Kravec, Jr., Co-Lead Class
      Counsel
       (*pro hac vice*)
      Wyatt A. Lison (*pro hac vice*)
      McKean J. Evans (*pro hac vice*)


      429 Forbes Avenue
      Allegheny Building, 17th Floor
      Pittsburgh, PA 15219
      Tel:  (412) 281-8400
      Fax:  (412) 281-1007

**KELLER ROHRBACK L.L.P.**

By:  /s/ Gretchen Freeman Cappio
      Lynn Lincoln Sarko (*pro hac vice*)
      Tana Lin (*pro hac vice*)
      Gretchen Freeman Cappio (*pro hac vice*)
      Raymond J. Farrow (*pro hac vice
      pending*

      1201 Third Avenue, Suite 3200
      Seattle, WA 98101
      Tel: (206) 623-1900
      Fax:  (206) 623-3384


      Matthew J. Preusch (SBN 298144)

      1129 State Street, Suite 8
      Santa Barbara, CA 93101
      Tel:  (805) 456-1496
      Fax:  (805) 456-1497

*Co-Lead Trial Counsel for Plaintiff and the Class*

**LAW OFFICES OF JANET LINDNER SPIELBERG**

By:  /s/ Janet Lindner Spielberg
      Janet Lindner Spielberg (SBN 221926)

      12400 Wilshire Boulevard, #400
      Los Angeles, CA 90025
      Tel:  (310) 392-8801
      Fax:  (310) 278-5938

*Co-Lead Counsel and Trial Counsel for Plaintiff and the Class*

**BRAUN LAW GROUP, P.C.**

By:  /s/ Michael D. Braun
      Michael D. Braun (SBN 167416)

      10680 West Pico Blvd., Suite 280
      Los Angeles, CA 90064
      Tel:  (310) 836-6000
      Fax:  (310) 836-6010

*Trial Counsel for Plaintiff and the Class*

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

**PROOF OF SERVICE**

STATE OF WASHINGTON )
                                   ) ss.:
COUNTY OF KING )

      I am employed in the County of King, State of Washington. I am over the age of 18 and not a party to the within action. My business address is 1201 Third Avenue, Suite 3200, Seattle, WA 98101.

      On October 2, 2014, using the Northern District of California's Electronic Case Filing System, with the ECF ID registered to Gretchen Freeman Cappio, I filed and served the document(s) described as:

**NOTICE OF MOTION AND PLAINTIFF'S MOTION *IN LIMINE* No. 11: TO PRECLUDE EVIDENCE AND TESTIMONY REGARDING OTS APPROVAL OF THE PROVEN APPRAISER LIST OR REFERRAL PROCESS**

**[X]**     **BY ELECTRONIC TRANSMISSION USING THE COURT'S ECF SYSTEM:** I caused the above document(s) to be transmitted by electronic mail to those ECF registered parties listed on the Notice of Electronic Filing (NEF) pursuant to Fed.R.Civ.P. 5(d)(1) and by first class mail to those non-ECF registered parties listed on the Notice of Electronic Filing (NEF). *"A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P. 5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."*

      I declare that I am admitted *pro hac vice* in this action.

      I declare under penalty of perjury under the laws of the United States that the above is true and correct.

      Executed on October 2, 2014, at Seattle, Washington.

                            /s/ Gretchen Freeman Cappio
                            Gretchen Freeman Cappio

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052

MOTION IN LIMINE TO PRECLUDE EVIDENCE AND TESTIMONY REGARDING OTS APPROVAL OF THE PROVEN APPRAISER LIST OR REFERRAL PROCESS;
Case No. 5-08-CV-00868 (RMW)

7