UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELTON A. SPEARS, JR. and SIDNEY SCHOLL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST AMERICAN EAPPRAISEIT (a/k/a eAppraiseIT, LLC), a Delaware limited liability company,<br><br>Defendant. | Case No. 5-08-CV-00868-RMW<br><br>**ORDER RE: PRETRIAL CONFERENCE**<br><br>[Re Docket No. 458] |

The court has reviewed the parties' joint pretrial statement. Dkt. No. 458. The parties' lists of "May Call" witnesses, exhibits, designated depositions excerpts, and time estimate are unreasonably long and must be substantially shortened. Plaintiff should essentially know what witnesses he intends to call, the exhibits he intends to offer, and deposition excerpts he intends to play or read in his case-in-chief. There should be few, if any, witnesses in the plaintiff's case-in-chief who are listed as "May Call" or exhibits that plaintiff has not yet decided on whether he will offer. Defendant should be able to substantially reduce its lists based upon plaintiff's narrowing of his.

The estimate that the trial will take 110 hours, lasting from November 24, 2014 to February 6, 2015 is totally unrealistic. Dkt. No. 458 at ECF page 18. The previous time estimate was two to

three weeks. *See* Dkt. No. 254 at 11. That prior estimate was before the court bifurcated the issues in this case, so it is especially surprising that the parties' estimate has now increased to eight to nine weeks. The parties must substantially reduce their estimate of trial time. The court will set a limit for each side not including jury selection or closing argument (separate limits will be set for these). The court will take into account the parties' estimates but only if they are reasonable. Trying this case over the Christmas holidays is neither realistic nor reasonable. Based on the parties' current witness lists, Dkt. No. 458-3 (Plaintiff's list with 1 fact and 3 expert witnesses, plus "may call" witnesses), Dkt. No. 458-4 (Defendant's list with 6 experts and 7-15 fact witnesses, plus "may call" witnesses), the court sees no reason why trial could not be completed within the original high end estimate of three weeks, assuming that the witnesses the parties anticipate actually calling are not buried in their "May Call" lists.

Prior to the pretrial conference set for October 16, 2014, the lead counsel for the parties shall meet and confer and file by October 15, 2014 a more realistic time estimate to the court. The court will discuss that time estimate with the parties at the pretrial conference.

SO ORDERED.

Dated: October 6, 2014

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge