# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

FELTON A. SPEARS, JR. and
SIDNEY SCHOLL, on behalf of themselves
and all others similarly situated,

          Plaintiffs,

vs.

FIRST AMERICAN EAPPRAISEIT
(a/k/a eAppraiseIT, LLC),
a Delaware limited liability company,

          Defendant.

) Case No. 5-08-CV-00868 (RMW)
)
) **ORDER PRELIMINARILY**
) **APPROVING**
) **CLASS ACTION SETTLEMENT;**
) **CONDITIONALLY CERTIFYING**
) **SETTLEMENT CLASS; ORDERING**
) **CLASS NOTICE; SETTING SCHEDULE**
)
) **Honorable Ronald M. Whyte**
)
)

1  WHEREAS, Plaintiff Felton A. Spears, Jr. ("Plaintiff") in this action entitled *Spears, et al. v. First American eAppraiseIT*, Case No. 5-08-CV-00868 (RMW) (N.D. Cal.) (the "Litigation") and Defendant First American eAppraiseIT ("EA" or "Defendant", collectively, the "Parties") have entered into a Stipulation of Settlement, dated December 8, 2014 (the "Stipulation"), after lengthy arms-length settlement discussions;

WHEREAS, the Court has received and considered the Stipulation and the accompanying exhibits, including Plaintiff's Proposed Plan of Allocation;

WHEREAS, the Parties have made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an Order preliminarily approving the settlement of this Litigation, and for its dismissal with prejudice upon the terms and conditions set forth in the Stipulation;

WHEREAS, the Court has reviewed the Parties' application for such Order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

I.   THE SETTLEMENT CLASS IS CERTIFIED

1.   All defined terms contained herein shall have the same meanings as set forth in the Stipulation.

2.   The Court previously certified a Class for litigation purposes in its Order entered on April 25, 2012 (Dkt. No. 249), as modified by its Order entered on September 16, 2014 (Dkt. No. 439). The Parties have requested for settlement purposes only that the Court certify a Settlement Class. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby certifies this Litigation as a class action on behalf of the following Settlement Class:

> All consumers throughout the United States who, on or after June 1, 2006, received home loans for personal, as opposed to business or commercial purposes, originated by Washington Mutual Bank, F.A., utilizing appraisals that they obtained from defendant First American eAppraiseIT (a/k/a eAppraiseIT, LLC) ("EA"). Excluded from the Class are: (a) employees, officers and directors of EA and their subsidiaries and affiliates; (b) persons who timely and properly exclude themselves from the Settlement Class; and (c) the Court, the Court's immediate family and Court staff.

3.   With respect to the Settlement Class, the Court preliminarily finds the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been

1 met, in that: (a) the Settlement Class is so numerous that joinder of all individual members of the Settlement Class in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the Settlement Class Representative are typical of the claims of the Settlement Class; (d) the Settlement Class Representative and Settlement Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints Plaintiff, Felton A. Spears, Jr. as Settlement Class Representative of the Settlement Class.

5. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby appoints Joseph N. Kravec, Jr., Feinstein Doyle Payne & Kravec, LLC; and Lynn Lincoln Sarko and Gretchen Freeman Cappio, Keller Rohrback, L.L.P. as Settlement Class Counsel to represent the Settlement Class Members.  Plaintiff is represented by Settlement Class Counsel and is also represented by Janet Lindner Spielberg, Law Offices of Janet Lindner Spielberg; and Michael D. Braun, Braun Law Group, P.C.

II.   THE STIPULATION IS PRELIMINARILY APPROVED AND FINAL APPROVAL SCHEDULE SET

6. The Court hereby preliminarily approves the Settlement and the terms and conditions of Settlement set forth in the Stipulation, subject to further consideration at the Final Fairness Hearing described below.

7. The Court conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement, including Plaintiff's Proposed Plan of Allocation, and hereby finds that the Settlement falls within the range of reasonableness meriting possible final approval.  The Court therefore preliminarily approves the proposed Settlement as set forth in the Stipulation and Plaintiff's Proposed Plan of Allocation.  This Order hereby adopts Plaintiff's Proposed Plan of Allocation and incorporates it as if fully set forth herein.

8. Pursuant to Federal Rule of Civil Procedure 23(e), the Court will hold a final approving hearing (the "Final Fairness Hearing") on April 24, 2015, at 9:00 a.m., before the

1  Honorable Ronald M. Whyte in Courtroom 6, 4th Floor of the United States District Court for the
2  Northern District of California, Robert F. Peckham Federal Building, Second Floor, 280 South 1st
3  Street, San Jose, CA 95113, for the following purposes:

    a.   finally determining whether the Settlement Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, the Settlement Class claims should be certified for purposes of effectuating the Settlement;

    b.   determining whether the proposed Settlement of the Litigation, including but not limited to the amount of the Settlement Fund and the release by the Settlement Class Members of the Released Claims, on the terms and conditions provided for in the Stipulation and Plaintiff's Proposed Plan of Allocation is fair, reasonable and adequate and should be approved by the Court;

    c.   considering the application of Settlement Class Counsel for an attorneys' fee, cost and expense award for themselves and Plaintiff's other counsel as provided for under the Stipulation;

    d.   considering the application of Plaintiff for a Service Award for serving as Settlement Class Representative, as provided for under the Stipulation;

    e.   considering whether the Court should enter the [Proposed] Final Judgment and Order of Dismissal;

    f.   ruling upon such other matters as the Court may deem just and appropriate.

9. The Court may adjourn the Final Fairness Hearing and later reconvene such hearing at a later date without further notice to the Settlement Class Members.

10. The Parties may further modify the Stipulation prior to the Final Fairness Hearing so long as such modifications do not materially change the terms of the Settlement provided thereunder. The Court may approve the Settlement set forth in the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to members of the Settlement Class.

11. Opening papers, including Plaintiff's motion, in support of final approval of the Settlement and any application for an attorneys' fee, cost and expense award and/or a Settlement Class Representative Service Award must be filed with the Court and served no later than March 5, 2015 [50 days prior to the Final Fairness Hearing].

12. Any Objections to the proposed Settlement must be postmarked no later than March 20, 2015 [35 days prior to the Final Fairness Hearing], including any memorandum and/or submissions in support of said Objection, which deadline will be set forth in the Class Notice.

13. Plaintiff's replies to any Objections and any supplemental papers in support of final approval of the Settlement, or the request for attorneys' fees, expenses or a Service Award must be filed with this Court no later than April 17, 2015 [7 days before the Final Fairness Hearing].

III. THE COURT APPROVES THE FORM AND METHOD OF CLASS NOTICE

14. The Court approves, as to form and content (or as may be amended by the Court), the proposed Notice of Class Action Settlement (the "Class Notice"), which is attached hereto as Exhibit E to this Order.

15. The Court finds that the proposed method for giving mailed notice of the Settlement to the members of the Settlement Class, as set forth in this Order and the Stipulation of Settlement, meets the requirements of Federal Rule of Civil Procedure 23 and requirements of state and federal due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto. The Court authorizes the parties to make minor revisions to the Class Notice as they may jointly deem necessary or appropriate, without necessity of further Court action or approval.

16. The Court approves the designation of Rust Consulting to serve as the Court-appointed class action Settlement Administrator for the Settlement. The Settlement Administrator shall disseminate the Class Notice and supervise and carry out the notice procedure, the processing of claims and other administrative functions, and shall respond to inquiries from members of the Settlement Class, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

17. The Court directs the Settlement Administrator to establish a Settlement Website no later than January 5, 2015 [21 days after the Court enters this Preliminary Approval Order], making available copies of this Order, the Class Notice, and Claim Forms that may be downloaded and submitted online or by mail, the Stipulation and all Exhibits thereto, frequently asked questions, a toll-free hotline, and such other information as may be of assistance to members of the Settlement

1 Class or required under the Stipulation. The Claim Form shall be made available to members of the
2 Settlement Class through the Settlement Website and on the websites of Settlement Class Counsel, at
3 their options, no later than January 5, 2015 [21 days after the Court enters this Preliminary Approval
4 Order], and continuously thereafter through the Claim Deadline.

5      18.     The Settlement Administrator is ordered to disseminate the Class Notice as set forth
6 in the Stipulation no later than January 5, 2015 [21 days after the Court enters this Preliminary
7 Approval Order].  The Settlement Administrator is ordered to re-mail Class Notices returned as
8 undeliverable no later than March 10, 2015 [45 days prior to Final Fairness Hearing] if an updated
9 address is located as set forth in the Stipulation by that date.

10      19.     The costs of the Class Notice, processing of claims, creating and maintaining the
11 Settlement Website, and all other Settlement Administrator and Class Notice expenses (not to
12 include attorneys' fees, costs, or expenses of Plaintiff's Counsel) incurred before the Settlement Fund
13 has been funded shall be paid by EA or CoreLogic Information Resources, LLC who shall be
14 entitled to deduct any such costs from the amount to be paid into the Settlement Fund, or to receive
15 reimbursement from the Settlement Fund, in accordance with the applicable provisions of the
16 Stipulation.

17  IV.   PROCEDURE FOR SETTLEMENT CLASS MEMBERS TO PARTICIPATE IN THE
         SETTLEMENT
18

19      20.     All Settlement Class Members (defined as a member of the Settlement Class who has
20 not been properly excluded from the Settlement Class) shall be bound by all determinations and
21 judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the
22 Settlement Class.

23      21.     The Court has considered and approved Plaintiff's Proposed Plan of Allocation.  The
24 Court approves the proposed form of the Claim Form for Settlement Class Members desiring to
25 submit a Claim for RESPA Settlement Relief.  Any Settlement Class Member who wishes to receive
26 RESPA Settlement Relief shall complete the Claim Form in accordance with the instructions
27 contained therein, and the Claim Form shall be postmarked or submitted on line to the Settlement
28 Administrator no later than April 9, 2015 [15 days before the Final Fairness Hearing].  Such deadline

[] Order; Case No. 5-08-CV-00868 (RMW)

6

1  may be further extended without notice to the Settlement Class by Court Order. Settlement Class
2  Members who do not complete the Claim Form are still entitled to Settlement Relief as provided in
3  Plaintiff's Proposed Plan of Allocation.

4      22.    The Settlement Administrator shall have the authority to accept or reject Claims in
5  accordance with the Stipulation, including Plaintiff's Proposed Plan of Allocation.

6      23.    Any Settlement Class Member may enter an appearance in the Litigation, at his or her
7  own expense, individually or through counsel as set forth in the Class Notice no later than March 25,
8  2015 [30 days prior to the Final Fairness Hearing]. All Settlement Class Members who do not enter
9  an appearance will be represented by Settlement Class Counsel.

10 V.    PROCEDURE FOR REQUESTING EXCLUSION FROM THE CLASS

11     24.    Any Person falling within the definition of the Settlement Class may, upon his or her
12 request, be excluded from the Settlement Class. Any such Person must submit a completed request
13 for exclusion to the Settlement Administrator postmarked no later than April 9, 2015 [15 days before
14 the Final Fairness Hearing] (the "Exclusion Deadline"), as set forth in the Class Notice. Requests
15 for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to
16 be void.

17     25.    Any member of the Settlement Class who does not send a completed, signed request
18 for exclusion to the Clerk of the Court postmarked on or before the Exclusion Deadline will be
19 deemed to be a Settlement Class Member for all purposes and will be bound by all prior and
20 subsequent proceedings, orders, and judgments of the Court in this Litigation and by the terms of the
21 Settlement, if finally approved by the Court. The written request for exclusion must include the full
22 name, address and signature of the member of the Settlement Class and specifically state he/she wants
23 to be excluded from the *Spears, et al. v. First American eAppraiseIT* Settlement Class. All Persons
24 falling within the definition of the Settlement Class who submit valid and timely requests for
25 exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and
26 shall not be bound by the Stipulation or the Final Judgment and Order.

27     26.    A list reflecting all requests for exclusions shall be filed with the Court by Plaintiff at
28 or before the Final Fairness Hearing.

[] Order; Case No. 5-08-CV-00868 (RMW)

## VI.   PROCEDURE FOR OBJECTING TO THE SETTLEMENT

27.   Any Settlement Class Member who desires to object either to the Settlement, the request for attorneys' fees or expenses, or Class Representative Service Award must timely file with the Clerk of this Court their Objection(s) and proof of membership in the Class and the grounds for such objections, together with all papers that the Settlement Class Member desires to submit to the Court no later than March 20, 2015 [35 days prior to the Final Fairness Hearing] (the "Objection Deadline").  The Court will consider such Objection(s) and papers only if such papers are filed with the Court by, postmarked by or received on or before the Objection Deadline provided in the Class Notice, by the Clerk of the Court, U.S. District Court for the Northern District of California, 280 South 1st Street, Second Floor, San Jose, CA 95113.

28.   All Objections and supporting papers must be in writing and must: (1) clearly identify the case name and number "*Spears, et al. v. First American eAppraiseIT*, Case No. 5-08-CV-00868 (RMW)"; (2) be filed or postmarked on or before the Objection Deadline; (3) set forth the objecting Settlement Class Member's full name, current address, and telephone number; (4) state the objecting Settlement Class Member's loan number; (5) set forth a statement of the position the objector wishes to assert, including the factual and legal grounds for the position; (6) set forth the names and a summary of testimony of any witnesses that the objector might want to call in connection with the Objection; (7) provide copies of all documents that the objector wishes to submit in support of his/her position; (8) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the objector; and (9) state the name, court, and docket number of any class action litigation in which the objecting Settlement Class Member and/or the objector's attorney(s) has previously appeared as an objector or provided legal assistance with respect to an objection; and (10) include the objecting Settlement Class Member's signature.  All attorneys representing an objector must enter their appearance with the Court no later than March 25, 2015 [30 days prior to the Final Fairness Hearing].

29.   All Objections must be filed with or mailed to the Clerk as set forth above no later than the Objection Deadline. Objections received after the Objection Deadline will not be considered at the Final Fairness Hearing.

[] Order; Case No. 5-08-CV-00868 (RMW)

8

30. Attendance at the Final Fairness Hearing is not necessary; however, any Settlement Class Member wishing to be heard orally in person (or through his or her attorney) at the Final Fairness Hearing with respect to approval of the Settlement, the application for the attorneys' fees and expenses, or the application for Class Representative Service Award, is required to provide written notice of their intention to appear at the Final Fairness Hearing to the Clerk of Courts, Settlement Class Counsel, and Defendant's Counsel at the addresses shown in paragraph 26 of this Order no later than March 25, 2015 [30 days prior to the Final Fairness Hearing] as set forth in the Class Notice. Settlement Class Members who do not oppose the Settlement, the applications for the attorneys' fee and expenses, or Class Representative Service Award need not take any action to indicate their approval. A Settlement Class Member's failure to submit a written objection in accordance with the Objection Deadline and the procedure set forth in the Class Notice waives any rights the Settlement Class Member may have to object to the Settlement, award of attorneys' fee and expense, or Class Representative Service Award, or to appeal or seek other review of the Final Judgment and Order of Dismissal.

31. Settlement Class Members who object shall make themselves available for deposition by Settlement Class Counsel and/or Defendant's Counsel between the time the objection is filed and the date of the Final Fairness Hearing. Each objection must include two weekday non-holiday dates between seven (7) and twenty-one (21) days prior to the day of the Final Fairness Hearing when the objecting Settlement Class Member will be available to present for his/her deposition by Settlement Class Counsel and/or Defendant's Counsel who may depose the objector on one or those dates for no more than 7 hours.

32. If the Settlement and Stipulation are finally approved, the Court shall enter a Final Judgment and Order of Dismissal approving the Stipulation. The proposed Final Judgment and Order of Dismissal is lodged as Exhibit D to the Stipulation. Said Final Judgment and Order of Dismissal shall be fully binding with respect to all members of the Settlement Class who did not request exclusion by the date set in the Class Notice, in accordance with the terms of the Class Notice and the Stipulation.

33. If the Settlement and Stipulation are not finally approved, are not upheld on appeal, or are otherwise terminated for any reason, the Stipulation and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission by an party of any fact, matter, or position of law; all parties shall stand in the same procedural position as if the Settlement and Stipulation had not been negotiated, made, or filed with the Court.

34. All discovery, pretrial deadlines and other pretrial proceedings in this Litigation are stayed and suspended until further order of this Court, except as otherwise agreed to by the Parties or as may be necessary to implement the Stipulation or this Order.

35. The Court shall retain continuing jurisdiction over the Litigation, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the Stipulation.

Dated: December 12, 2014

*Ronald M. Whyte*
_____
THE HONORABLE RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE

**EXHIBIT C**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

## LEGAL NOTICE OF CLASS ACTION SETTLEMENT

*Spears, et al. v. First American eAppraiseIT,* Case No. 5-08-CV-00868 (RMW)

**If you received a**
# Washington Mutual Home Loan
**on or after June 1, 2006 with an eAppraiseIT property appraisal, you could get a payment from a class action settlement**

**PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR www.appraisalsettlement.com**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

- This Notice advises you of a proposed Settlement in a class action lawsuit. If you received a home loan from Washington Mutual Bank, F.A. ("WMB") on or after June 1, 2006 in connection with a property appraisal by Defendant First American eAppraiseIT (a/k/a eAppraiseIT, LLC) ("EA"), you may be able to recover money from the Settlement.

- If the Court approves the Settlement, EA will pay $9,863,945 to settle the lawsuit.

- Settlement Class Members do not need to do anything to receive a cash payment. However, some Settlement Class Members may be eligible to receive a larger payment by providing certain additional information, through the optional submission of a timely, completed Claim Form. Please read this Notice for details on who should submit a Claim Form.

- If you believe the amount you could receive under this Settlement is not enough to compensate you for losses you believe you may have related to EA's appraisal of your home, you should consider whether you want to exclude yourself from this Settlement. You must exclude yourself from this Settlement Class if you want to preserve any right you may have to sue for claims related to EA's appraisal of your home. *If you have a pending lawsuit you think may relate to this Settlement, speak to your lawyer in that lawsuit **immediately***. You must exclude yourself from this Settlement Class to continue your own lawsuit. **Information on how to exclude yourself from this Settlement is on page – of this Notice.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **WHAT YOU CAN DO:** | **WHAT WILL HAPPEN AS A RESULT:** |
| Do Nothing | You will be part of the Settlement. You will receive a cash payment if the Court approves the Settlement. |
| File A Claim – Submit Your Claim Form On-line or Postmarked By _____ | You will be part of the Settlement. You will receive a cash payment, but it may be a larger payment if you timely submit |

**QUESTIONS? CALL 1-800-xxx-xxxx (OR VISIT www.appraisalsettlement.com)**

|  | a valid, completed Claim Form. |
|---|---|
| Exclude Yourself - Submit Your Exclusion Request Postmarked By _____ | You will get out of the lawsuit and the Settlement and keep any right you may have to pursue your own lawsuit on these claims. You will receive nothing from the Settlement. |
| Object – Submit Your Objection Filed or Postmarked By _____ | You can write to the Court about why you do not think the Settlement should be approved. The Court can only approve or deny the Settlement, not change the terms of the Settlement. |
| Discuss The Settlement With The Court - Submit Your Request To Attend The Hearing Postmarked By _____ | You can ask the Court for permission to speak in Court about your opinion of the Settlement. You may enter your appearance in Court through an attorney if you so desire. The Court will hold a hearing to determine if it should finally approve the Settlement on -------, 2015. |

If you have any questions, then please read on and visit **www.appraisalsettlement.com** or call 1-xxx-xxx-xxxx.

**QUESTIONS? CALL 1-800-xxx-xxxx (OR VISIT www.appraisalsettlement.com)**

## BASIC INFORMATION

| 1. WHY WAS I SENT THIS NOTICE? |
|---|

This Notice was sent to you because Washington Mutual Bank, F.A.'s ("WMB") records indicate that you received a home loan that is part of this Settlement from WMB on or after June 1, 2006 in connection with which an appraisal was provided by Defendant First American eAppraiseIT ("EA"). The Court ordered this Notice be sent to you because you have a right to know about the proposed Settlement of this class action lawsuit – which concerns the EA appraisal provided in connection with your WMB home loan – and about your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after all objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

The Court in charge of this case is the United States District Court for the Northern District of California, and the case is known as *Spears, et al. v. First American eAppraiseIT*, Case No. 5-08-CV-00868 (RMW). The person who sued on behalf of you and all class members, namely Felton A. Spears, Jr., is called the "Plaintiff." The company he sued, EA, is called the "Defendant."

| 2. WHAT IS THIS LAWSUIT ABOUT? |
|---|

In this lawsuit, Plaintiff contends that WMB and EA had an unlawful agreement wherein EA, in return for WMB's appraisal business, agreed to provide WMB property appraisals and to improperly inflate home values, so that WMB could resell its home loans on more favorable terms. EA denies there was any such agreement, and denies that it provided WMB with appraisals that improperly inflated property values. EA charged WMB a fee for each appraisal. WMB often passed this fee on to the Settlement Class Members. The lawsuit seeks to recover these appraisal fees on behalf of Settlement Class Members who paid the fees and seeks to recover other damages on behalf of all Settlement Class Members (whether or not they paid the fee) who received an EA appraisal under this alleged agreement. **Please note that Settlement Class Members will give up *all* claims against EA regarding EA's appraisals for their WMB loans, even those that do not directly relate to the appraisal fee (please see Question 9).**

This lawsuit is a Class Action. In a Class Action, one person called the Class Representative (in this case Felton A. Spears, Jr.) sues on behalf of people who have similar claims. All these people are a Class or Class Members. One Court resolves the issues for all Class Members, except those who exclude themselves from the Class. U.S. District Judge Ronald M. Whyte is in charge of this Class Action.

EA denies all of Plaintiff's allegations. The Court has not decided who was right. Instead, the Parties agreed to a settlement. By agreeing to a settlement, the Parties avoid the costs and risk of a trial and the Settlement Class will get compensation. Plaintiff and his attorneys believe that the settlement is in the best interests of the Settlement Class Members.

## WHO IS INCLUDED IN THE SETTLEMENT?

| 3. HOW DO I KNOW IF I AM IN THE SETTLEMENT CLASS? |
|---|

**QUESTIONS? CALL 1-800-xxx-xxxx (OR VISIT www.appraisalsettlement.com)**

To receive money from this settlement, you must be a member of the Settlement Class. The Court decided you are a member of the Settlement Class if you received a WMB home loan for a personal purpose (*i.e*., not for a business or commercial purpose) on or after June 1, 2006 in connection with which an EA appraisal was obtained. You are not in the Settlement Class if you are an EA employee, officer or director; if you properly exclude yourself (see Question 11); or if you are a member of the Court's immediate family or Court staff (the Court itself is also excluded from the Settlement Class).

You received this Notice because WMB records indicate that you received a home loan that is part of this Settlement, and are therefore a member of the Settlement Class.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 4. WHAT DOES THE SETTLEMENT PROVIDE?

If the Settlement is approved, EA will create a cash Settlement Fund of $9,863,945.00. The Settlement Fund will be used to pay class notice and administration costs (for instance, the cost of providing this notice to you), attorneys' fees, expenses, costs, any Service Award to Plaintiff, and all payments to Settlement Class Members.

### 5. HOW MUCH WILL MY PAYMENT BE?

Your share of the Settlement Fund will depend on whether you paid your appraisal fee. Here's how it works:

Any necessary taxes and tax expenses, the costs of class notice and administration, attorneys' fees, costs and expenses, and any Service Award to Plaintiff are first deducted from the Settlement Fund. The remaining money will be divided among Settlement Class Members.

Settlement Class Members may receive a proportionate share of the remaining money. You do not need to do anything to receive this amount.

Settlement Class Members may receive three times their proportionate share of the remaining money if they show that they paid the EA appraisal fee. If you wish to receive this amount, you *must* submit a valid Claim Form by the claim submission deadline verifying that you paid EA's appraisal fee. **Information about how to submit a Claim Form is on page __ of this Notice.**

Settlement Class Members who submit a Claim Form verifying they paid their appraisal fee will get more money, and Settlement Class Members who do not submit a Claim Form will receive less.

The precise amount each Settlement Class Member will receive from the Settlement cannot be determined until all claims are submitted, but it will be less than the average appraisal fee EA charged.

### 6. WHEN WILL I GET MY PAYMENT?

The Court will hold a hearing on _____, 2015 to decide whether to approve the Settlement. (See Question 16 for details). If the Court approves the Settlement, there may be appeals after that. It is always uncertain whether these appeals can be resolved and resolving these appeals can take time, perhaps more than a year. Please be patient. You will receive your

**QUESTIONS? CALL 1-800-xxx-xxxx (OR VISIT www.appraisalsettlement.com)**

payment if, after any appeals and objections are resolved, the Settlement is approved.

### 7. HOW DO I GET MY PAYMENT?

You don't need to do anything to receive a payment from the Settlement Fund. However, if you timely submit a Claim Form affirming you paid the appraisal fee when you obtained your WMB loan, you may be eligible to receive a larger payment. (See Question 5 for details). The Claim Form can be found at **www.appraisalsettlement.com** or by calling 1-xxx-xxx-xxxx. The Claim Form can be submitted online at **www.appraisalsettlement.com** or by mail. If you choose to submit it online, you must do so no later than _____, 2015. If you choose to submit a hard-copy of the Claim Form by mail, it must be postmarked by _____, 2015 and mailed to: Rust Consulting,[add address].

### 8. WHAT IF I DON'T REMEMBER WHETHER I PAID MY APPRAISAL FEE?

Whether you paid your appraisal fee may be identified on forms WMB was required by law to give you when you obtained your WMB loan. One of these forms is called a "Settlement Statement" or "HUD-1" and in many cases gives the amount of the appraisal fee and whether it was charged to the borrower (you) on line 804. An example of a Settlement Statement or HUD-1 form is available on the HUD website at http://www.hud.gov/offices/adm/hudclips/forms/files/1.pdf.

### 9. WHAT AM I GIVING UP IF I PARTICIPATE IN THE SETTLEMENT?

Unless you exclude yourself, you are staying in the Settlement Class and that means you cannot sue or be part of any other lawsuit against EA or related entities about any of the legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you. You will also agree to a "Release of Claims" which describes exactly the legal claims you give up if you get Settlement benefits and which you can read in Section XII of the Stipulation of Settlement (available at **www.appraisalsettlement.com**). **This Release means you will give up any rights you may have to sue EA or any of the Released Persons about anything related to the EA appraisal you received in connection with your WMB loan. This means you will give up your rights, if any, to sue EA or any of the Released Persons for any losses you believe you may have incurred, including but not limited to the appraisal fee, in connection with the EA appraisal you received for your WMB loan. If you believe these claims may be worth more than you would receive from this Settlement, you should consider excluding yourself from the Settlement as described in Question 12.**

## THE LAWYERS REPRESENTING YOU

### 10. DO I HAVE A LAWYER IN THE CASE?

The Court appointed the following lawyers to represent you and other Settlement Class Members: Joseph N. Kravec, Jr. of the law firm Feinstein Doyle Payne & Kravec, LLC, and Lynn Lincoln Sarko and Gretchen Freeman Cappio of the law firm Keller Rohrback L.L.P. Together, these lawyers are called Settlement Class Counsel. You will not be charged any money to pay for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

**QUESTIONS? CALL 1-800-xxx-xxxx (OR VISIT www.appraisalsettlement.com)**

| |
|---|
| **11. HOW WILL THE LAWYERS BE PAID?** |
| Settlement Class Counsel will ask the Court to award attorneys' fees, expenses and a Service Award to be paid out of the $9,863,945 Settlement Fund. The attorneys' fees requested will not exceed $2,959,183.00, plus the reimbursement of expenses incurred, and any such other expenses as the Court may award. The requested attorneys' fee is 30% of the Settlement Fund, and is about 19% of what the attorneys representing the Class would be paid based on their normal hourly rate for the number of hours they worked on the case. The Plaintiff will also ask the Court for a Service Award of $4,000.00 for his costs, time and effort acting as a Class Representative and for his willingness to bring this litigation and act on behalf of other borrowers. The amounts requested by Settlement Class Counsel and the Class Representative are subject to Court approval, and the Court may award less than these amounts. |

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

| |
|---|
| **12. HOW DO I GET OUT OF – OR EXCLUDE MYSELF FROM – THE SETTLEMENT?** |
| If you don't want a payment from this Settlement, but you want to keep the right (if any) to sue or continue to sue EA or any of the Released Persons, on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself or sometimes referred to as "opting out" of the Settlement Class. To exclude yourself, you must send a letter, postmarked no later than _____, to the Settlement Administrator at the following address: Rust Consulting [add address].  Your letter must include your full name, address and signature and specifically state you want to be excluded from the *Spears, et al. v. First American eAppraiseIT* Settlement Class. If you do not include the required information or fail to submit your request for exclusion on time, you will become part of the Settlement Class and be bound by the settlement and Final Judgment and Order of Dismissal. **Please do not contact the Court if you wish to exclude yourself; contact only the Settlement Administrator**. |
| **13. IF I DO NOT EXCLUDE MYSELF, CAN I SUE EAPPRAISEIT FOR THE SAME THING LATER?** |
| No. Unless you exclude yourself, you give up any right you may have to sue EA and all Released Persons for the claims that this Settlement resolves. This means giving up all claims against EA and the Released Persons relating to the EA appraisal for your WMB loan, even those claims not directly related to paying the appraisal fee (please see Question 9). *If you have a pending lawsuit you think may relate to this Settlement, speak to your lawyer in that lawsuit **immediately***. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the deadline to exclude yourself is _____. |
| **14. IF I EXCLUDE MYSELF, CAN I GET ANYTHING FROM THIS SETTLEMENT?** |
| No. You will receive no money from this Settlement if you exclude yourself. |

**OBJECTING TO THE SETTLEMENT**

| |
|---|
| **15. HOW DO I TELL THE COURT IF I DON'T LIKE THE SETTLEMENT?** |

**QUESTIONS? CALL 1-800-xxx-xxxx (OR VISIT www.appraisalsettlement.com)**

If you are a Settlement Class Member, you can ask the Court to deny approval of the Settlement by filing an Objection. **You can't ask the Court to order a larger settlement or change the terms of the Settlement; the Court can only approve or deny the Settlement**. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed Settlement in writing. You may also appear at the Final Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (1) clearly identify the case name and number "*Spears, et al. v. First American eAppraiseIT*, Case No. 5-08-CV-00868 (RMW);" (2) be filed with or postmarked and mailed to the Court at the address below on or before _____, 2015; (3) set forth your full name, current address, and telephone number; (4) state your loan number relevant to this case; (5) set forth a statement of the position you wish to assert, including the factual and legal grounds for the position; (6) set forth the names and a summary of testimony of any witnesses that you might want to call in connection with the Objection; (7) provide copies of all documents that you wish to submit in support of his/her position; (8) provide the name(s), address(es) and phone number(s) of any attorney(s) representing you; and (9) state the name, court, and docket number of any class action litigation in which you and/or your attorney(s) has previously appeared as an objector or provided legal assistance with respect to an objection; and (10) include your signature.

Settlement Class Members who object must make themselves available for deposition by Settlement Class Counsel and/or EA's counsel, so the objection must also include two weekday non-holiday dates between seven (7) and twenty-one (21) days prior to [insert date], the day of the Final Fairness Hearing when the objecting Settlement Class Member will be available to present for his/her deposition.

You must file with or mail your objection to the Court at the addresses below:
Clerk of Courts
U.S. District Court for the Northern District of California
280 South 1st Street
Second Floor
San Jose, CA 95113

Objecting Settlement Class Members, or their attorneys, intending to make an appearance and speak to the Court at the Final Fairness Hearing must serve on Settlement Class Counsel and Defendant's Counsel, and file with the Court a notice of their intention to appear at the Final Fairness Hearing by no later than _____, 2015.

**Objecting is different from excluding yourself. If you object, you remain in the Settlement Class. If you exclude yourself, you will not remain in the Settlement Class and cannot object. If you try to both object and exclude yourself, you will be deemed excluded from the Settlement Class.**

**THE COURT'S FINAL FAIRNESS HEARING**

**16. THE HEARING TO DECIDE WHETHER TO APPROVE THE SETTLEMENT.**

**QUESTIONS? CALL 1-800-xxx-xxxx (OR VISIT www.appraisalsettlement.com)**

The Court will hold a Final Fairness Hearing on _____, 2015 at _____ in Courtroom 6, 4th Floor of the United States District Court for the Northern District of California, Robert F. Peckham Federal Building, Second Floor, 280 South 1st Street, San Jose, CA 95113. At the hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked, beforehand and in writing, to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement. The Court will also consider how much the lawyers representing Settlement Class Members should be paid and if the Plaintiff should receive a Service Award. We do not know how long this decision will take.

You are not required to attend the hearing, but you are welcome to come at your own expense. If you send a written objection, you don't have to come to the hearing to talk about it. As long as you filed or mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

You, or your attorney, may ask the Court for permission to speak at the hearing. To do so, you must send a letter saying that it is your or your attorney's "Notice of Intention to Appear in *Spears, et al. v. First American eAppraiseIT*." Be sure to include your name, address, telephone number and your signature. Your Notice of Intention to Appear must be postmarked no later than _____, 2015, and be sent to the Clerk of Court, Class Counsel and EA's Counsel at the addresses in Question 14. You cannot speak at the hearing if you excluded yourself from the Settlement Class.

**The hearing may be moved to a different date or time without additional notice, so please check www.appraisalsettlement.com or call 1-xxx-xxx-xxxx for updates.** You can also get more information by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

## GETTING MORE INFORMATION

### 17. WHERE DO I GET MORE INFORMATION?

This Notice is only a summary of the proposed Settlement. For the precise terms and conditions of the settlement, please see the Stipulation of Settlement and other important documents available at **www.appraisalsettlement.com** or by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Robert F. Peckham Federal Building, Second Floor, 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. You may also write or call the Settlement Administrator with questions: Rust Consulting, [add address], 1-xxx-xxx-xxxx.

**PLEASE DO NOT TELEPHONE EA, THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

**QUESTIONS? CALL 1-800-xxx-xxxx (OR VISIT www.appraisalsettlement.com)**

Settlement Administrator for U.S. District Court, Northern District of California
SPEARS V FIRST AMERICAN EA
P.O. BOX 1996
FARIBAULT, MN 55021-6192

**Notice to those who received a Washington
Mutual Home Loan after June 1, 2006**

 - <<SEQ>>

Claim ID #:  <<Clmnt_id>>

<<NAME1>>
<<NAME2>>
<<ADDRESS1>>
<<ADDRESS2>>
<<CITY>> <<STATE>> <<ZIP>>
<<COUNTRY>>

If you received a
Washington Mutual Home Loan
on or after June 1, 2006 with an eAppraiseIT property appraisal,
you could get a payment from a class action settlement.