1  Matthew Kurilich California Bar Number 30172

2  17321 Irvine BLVD STE 115

3  Tustin CA 92780
   Telephone    714-734-3715

4  Facsimile     714-734-3716

5  mattkurilich@gmail.com

6  Attorney for Objector

7  Larry Ellis

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10                  **SAN JOSE DIVISION**

11

12

13  FELTON A. SPEARS, JR. and SIDNEY )   Case No. 5-08-CV-00868 (RMW)

14  SCHOLL, on behalf of themselves and )
    all others similarly situated,            )   **NOTICE OF OBJECTION FOR**
15                                            )   **OBJECTOR LARRY ELLIS**

16   Plaintiffs,                              )
                                              )
17  v.                                        )
                                              )
18                                            )
    FIRST AMERICAN EAPPRAISEIT                )
19  (a/k/a eAppraiseIT, LLC), a Deleware      )
20  limited liability company,                )
                                              )
21                                            )
    Defendant.                                )
22

23

24      TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR

25  ATTORNEYS OF RECORD:

26      Class member, LARRY ELLIS, obtained a loan from Washington Mutual on or

27  after June 1, 2006 and the loan number is 139588404 dated July 7, 2006.  My address

28  is 2040 Laguna #402 San Francisco CA 94115 and my telephone number is 415-517-

2197.  I have not appeared as an objector and although I don't understand why it is

                                1

1  relevant my attorney represented an objector in Google 5:10-cv-4809 (EJD); Hyundai

2  MDL 2:13-ml-2424 and Nader CV-12-01265.

3

4  I.  DEFECTIVE CLAIMS PROCESS

5

6

7      The settlement is unfair, unreasonable, and inadequate because it discriminates

8  between Class Members and creates interclass conflict. Under the Settlement, Class

9  Members who submit Claim Forms affirming they paid their appraisal fee will each

10  receive treble relief (about $181). Those who do not submit a Claim Form will receive

11  about $60 each. The Claim Form, however, does not request any special information

12  beyond the claimant's name, address, and signature. It does not request information

13  regarding the Claimant's mortgage, the appraisal, or how much the Claimant was

14  charged for the appraisal. The settlement arbitrarily creates an unwarranted and

15  unauthorized distinction between Class Members. The Class is defined as, "All

16  consumers throughout the United States who, on or after June 1, 2006, received home

17  loans for personal, as opposed to business or commercial purposes, originated by

18  Washington Mutual Bank, F.A., utilizing appraisals that they paid for and obtained

19  from defendant eAppraiseIT" (see Court's Order dated September 16, 2014 (Dkt. No.

20  438)). Thus, all Class Members are equally defined, there is no distinction between

21  Class Members.   Each Class Member obtained and paid for an appraisal by

22  Defendant.  A Class Member should not receive triple benefits simply because he or

23  she submits a Claim Form.  Based on the claims submitted to date, a minority of

24  around 4% of Class Members will receive triple benefits, totaling nearly half a million

25  dollars. It is unfair and unreasonable to create an artificial distinction and provide a

26  windfall to a minority of Class Members at the expense of the majority. Class

27  Members should receive equal compensation. Equal compensation would, at a

28  minimum, increase Class Members payouts by $5, a 9% increase.

2

Class Action Notice of Objection for Larry Ellis; Felton, et al. v. First American
Eappraiseit, Case No. 5-08-CV-00868 (RMW)

Even if there were a reasonable distinction between Class Members, which there is not, the Settlement Administrator presumably knows which Class Members are eligible for treble benefits. Because the Administrator is already automatically paying Class Members (whether or not they submit Claim Forms), the Administrator should automatically distribute treble benefits to all eligible Class Members.

## II. CY PRES

The settlement agreement also is inadequate because it does not provide for how unclaimed and/or remaining settlement funds will be distributed. Typically, a specific cy pres recipient is named in the Settlement Agreement and the recipient identifies how it will utilize the remaining funds to benefit absent Class Members. No stipulation for unclaimed/remaining settlement funds was made here. The Settlement Agreement merely provides, "The Court will decide in its sole discretion what to do with any monies remaining in the Settlement Fund after the distributions set forth in this Section are completed." The Parties cannot simply "punt" the issue to the Court. Class Members deserve to know who will receive unclaimed funds, and how the funds will be used.

## III. ATTORNEYS' FEES

Class Counsel's request for more than half of the total Settlement Fund is unreasonable and unfair to the Class. Class Counsel requests $2,959,183 in fees plus $2,299,510.21 in costs, which totals 53.3% of the $9,863,945 settlement fund. Class Counsel has not demonstrated why it should receive a percentage of the settlement fund that is greater that the Ninth Circuit's benchmark of 25%, especially considering the defects mentioned above. Further, the Court should significantly reduce or deny Class Counsel's request for costs. If the Court denies Class Counsel's costs, Class

Class Action Notice of Objection for Larry Ellis; Felton, et al. v. First American
Eappraiseit, Case No. 5-08-CV-00868 (RMW)

Counsel would still net more than $650,000. Class action attorneys should not be permitted to backdoor this Court's caselaw by packing millions of dollars in costs into its award request. The Class has no way to determine whether or not Class Counsel economized its costs, or if Class Counsel's costs were directly related to, and necessary to the prosecution of, this case. Class Counsel's request of more than $2 million in costs nearly equals its fee request, and the request represents more than half of the total funds that Class Members will receive (which is an estimated $4.3 million). Worse, Class Counsel reserved the right to seek additional reimbursement of any such costs from the Settlement Fund in the event of an appeal, which would mean that Class Counsel could increase its windfall by hundreds of thousands of dollars at the expense of the Class. The Court should reduce Class Counsel's fee request and deny its request for costs. If so, the Court would increase Class Member benefits by more than 60%.

This settlement agreement likely would not have been made but for Class Counsel's agreement to seek fees and costs exclusively from the Settlement Fund and not from EA (see Dkt. No. 584-01 at 16-17). Defendants likely conditioned settlement on the payment of fees and costs, which is inappropriate. The issue of attorneys' fees should not have played a role in settlement discussions. If they did, Class Counsel abdicated its duty to Class Members.

## IV. BURDENSOME OBJECTION REQUIREMENTS

The Parties have attempted to discourage and punish Class Members from speaking their mind and attempting to improve the Settlement. The objections stated above are intended to improve the Settlement and benefit the Class. The Parties, however, asked this Court to require objectors to: (1) state the name, court, and docket number of any class action litigation in which the objecting Settlement Class

as an objector or provided legal assistance with respect to an objection; and (2) make themselves available for deposition by Settlement Class Counsel and/or Defendant's Counsel between the time the objection is filed and the date of the Final Fairness Hearing. Further, the Objection must include two weekday non-holiday dates between seven and twenty-one days prior to the Final Fairness Hearing. Such requirements are unnecessary and unduly burdensome to Class Members. Providing information about unrelated cases and sitting for deposition does not help this Court evaluate settlement fairness. A written objection and a reply brief from Class and Defense Counsel is sufficient to protect the Class and this Court's interests.

Respectfully Submitted,

Dated: 3-20-15

/s/Matthew Kurilich

_____
Matthew Kurilich
*Attorney for Objector*

Larry Ellis

*Objector*

1

2

3

4

5

6

7

8

<u>CERTIFICATE OF SERVICE</u>

9

10 I hereby certify that a true copy of the above document was served upon the
attorneys of record for each other party through the Court's electronic filing service
11 on March 20, 2015.

12

13

/s/<u>Matthew Kurilich</u>
Matthew Kurilich

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Class Action Notice of Objection for Larry Ellis; Felton, et al. v. First American
Eappraiseit, Case No. 5-08-CV-00868 (RMW)