| | |
|---|---|
| Joseph N. Kravec, Jr. (*pro hac vice*)<br>**FEINSTEIN DOYLE PAYNE**<br>   **& KRAVEC, LLC**<br>429 Forbes Avenue, 17th Floor<br>Pittsburgh, PA 15219<br>Tel: (412) 281-8400<br>Fax: (412) 281-1007<br>E-mail: jkravec@fdpklaw.com | Lynn Lincoln Sarko (*pro hac vice*)<br>Gretchen Freeman Cappio (*pro hac vice*)<br>**KELLER ROHRBACK L.L.P.**<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Tel: (206) 623-1900<br>Fax: (206) 623-3384<br>E-mail: lsarko@kellerrohrback.com<br>        gcappio@kellerrohrback.com |

*CO-LEAD TRIAL COUNSEL AND SETTLEMENT CLASS COUNSEL*

*\*Additional Plaintiff's Counsel on signature page*

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELTON A. SPEARS, JR. and SIDNEY SCHOLL, on behalf of themselves and all others similarly situated,<br><br>                      Plaintiffs,<br><br>   vs.<br><br>FIRST AMERICAN EAPPRAISEIT<br>(a/k/a eAppraiseIT, LLC),<br>a Delaware limited liability company,<br><br>                      Defendant. | Case No. 5-08-CV-00868 (RMW)<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER REQUIRING OBJECTOR LARRY ELLIS TO COMPLY WITH THE COURT'S ORDER PRELIMINARILY APPROVING SETTLEMENT AND APPEAR FOR HIS DEPOSITION AND SETTING A HEARING TO SHOW CAUSE WHY LARRY ELLIS HAS STANDING TO OBJECT**<br><br>**Honorable Ronald M. Whyte**<br><br>Date: May 8, 2015<br>Time: 9:00 a.m.<br>Courtroom: 6, 4th Floor |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on May 8, 2015, at 9:00 a.m., or as soon as counsel may be heard as Plaintiff has filed a separate administrative motion seeking a shortened schedule, in Courtroom 6, 4th Floor of the United States District Court for the Northern District of California, Robert F. Peckham Federal Building, Second Floor, 280 South 1st Street, San Jose, CA 95113, Plaintiff Felton A. Spears, Jr., by and through undersigned counsel of record, will and hereby does move the Court in this action for an order: 1) compelling Objector Larry Ellis to appear at a deposition in San Francisco, California where he resides on April 9, 2015 starting at 12:00 p.m., or at a date and time set by the Court prior to April 17, 2015; 2) compelling Mr. Ellis to produce any evidence he has that would prove he is a Settlement Class Member with standing to object to the Settlement by April 9, 2015, or at a date and time set by the Court prior to April 17, 2015; and 3) setting April 24, 2015, at 9:00 a.m., for an evidentiary hearing for Mr. Ellis or his counsel to show cause why Mr. Ellis has standing to object to the Settlement in this action. The hearing on Plaintiff's Motion for Final Approval of the Settlement is previously scheduled for that day and time. Plaintiff further requests that the Court order Mr. Ellis and Plaintiff to file with the Court and provide to each other all declarations and evidence they contend bear on the issue of whether Mr. Ellis is a Settlement Class Member by April 17, 2015.

This Motion is based on: (1) this Notice of Motion and Motion; (2) the Memorandum of Points and Authorities in support thereof; (3) the Declarations of Wyatt A. Lison in Support; (4) the papers and pleadings on file; (5) the arguments of counsel at the hearing on this Motion; and (6) any other evidence and argument the Court may consider.

A Proposed Order is attached.

1

Notice of Motion and Motion for Order Requiring Objector Larry Ellis to Comply with the Court's Order Preliminarily Approving Settlement and Appear for His Deposition and Setting a Hearing to Show Cause Why Larry Ellis has Standing to Object;
Case No. 5-08-CV-00868 (RMW)

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## I.  INTRODUCTION

Plaintiff seeks an order requiring Larry Ellis, the lone objector to the proposed Class Action Settlement of this action, to comply with this Court's December 12, 2014 order that requires any objector to the Settlement to provide a date when he could be available for a deposition to provide discovery regarding the basis for any objection he made. Mr. Ellis' deposition here is warranted given that, based upon Plaintiff's investigation, Mr. Ellis **lacks standing** to object to the Settlement based on the information he has provided. Mr. Ellis' name is not on the Revised Class List which identifies all Class Members, meaning he is not a member of the Settlement Class and has no standing to object. Mr. Ellis' name and address also do not appear on the larger list of all class and non-class services defendant First American eAppraiseIT ("EA") provided for Washington Mutual Bank ("WMB"), and Mr. Ellis' loan number does not appear within any of the spreadsheets provided by JPMorgan Chase Bank ("Chase") of all class and non-class persons with WMB loans that had services provided by EA. Accordingly, not only is Mr. Ellis not a Class Member, but all indications show EA did nothing for WMB in connection with Mr. Ellis' loan.

Given that all of the records show Mr. Ellis is not a Class Member and has no standing to object, Plaintiff asks that the court Order Mr. Ellis to comply with the Preliminary Approval Order, and make himself available for a deposition of four (4) hours to explore the basis for his objection claiming he is a class member and for him to provide at that time any evidence demonstrating he has standing to object to the Settlement. Additionally, Plaintiff asks the Court to hold an evidentiary hearing at the same date and time as the Final Fairness Hearing where Mr. Ellis can appear and present any evidence he has to show he has standing to object to the Settlement, and Plaintiff will provide the evidence he has showing Mr. Ellis is not a Class Member.

## II.  FACTS

On December 12, 2014, the Court entered an Order Preliminarily Approving a Class Action Settlement ("Preliminary Approval") of this action, and certifying the Settlement Class. Dkt. No. 588. As part of the Preliminary Approval Order, the Court directed that any objectors to the

2

Notice of Motion and Motion for Order Requiring Objector Larry Ellis to Comply with the Court's Order Preliminarily Approving Settlement and Appear for His Deposition and Setting a Hearing to Show Cause Why Larry Ellis has Standing to Object;
Case No. 5-08-CV-00868 (RMW)

Settlement provide two available dates when they would be available for a deposition between seven (7) and twenty-one (21) days prior to the Final Fairness Hearing. *Id*. at ¶ 31.

The members of the Settlement Class are well-defined and their names and addresses are known. The Settlement Class was defined and encompassed by the Revised Class List. Dkt. No. 584-1, Amended Stipulation of Settlement, ¶¶ 26, 30. Notice of the Settlement was sent to Settlement Class Members' last-known addresses. Dkt. No. 597, Affidavit of Tore Hodne, ¶¶ 8-9. Only Settlement Class Members, defined as all persons on the Revised Class List, are bound by the terms of the Settlement including any release of claims thereof. Dkt. No. 584-1, Amended Stipulation of Settlement, § XII.

The Revised Class List includes only those persons that Plaintiff was prepared to present at trial and seek a liability judgment for (*i.e.*, persons with RESPA qualifying personal loans for whom EA performed an appraisal). Dkt. No. 584-01, Amended Stipulation of Settlement, ¶¶ 26 and 30. All other persons who took out WMB loans were not included in the Settlement. Thus, persons who are **not** Settlement Class Members include persons with WMB loans whose appraisals were performed by Lender's Services, Inc. ("LSI") or WMB itself with its in-house appraisers, as well as those non-RESPA qualifying WMB loans for which EA provided some form of service, including former plaintiff Sidney Scholl.

On March 20, 2015, Larry Ellis filed the sole objection to this Settlement, providing his name, WMB loan number, and address (2040 Laguna #402 San Francisco, California). Dkt. No. 598. In violation of this Court's Preliminary Approval Order, Mr. Ellis did not provide dates when he could be available for a deposition, or full disclosure about his or his counsel's past representation of class action objectors. *Id*. at 4-5. Neither Mr. Ellis' name nor his address provided in his objection appears on the Revised Class List, meaning Mr. Ellis is not a Settlement Class Member. *See* Declaration of Wyatt A. Lison ("Lison Decl."), ¶¶ 5-8, filed herewith. Without being a Settlement Class Member, Mr. Ellis has no standing to object to the Settlement.

Not only does Mr. Ellis name and address not appear on the Revised Class List, neither his name nor his address appear on the larger list of all services EA provided to WMB. Lison Decl., ¶ 9. Mr. Ellis' name, address and loan number also do not appear within the spreadsheets provided by

3

| | |
|---|---|
| 1 | Chase of persons who had WMB loans based on any services provided by EA. Lison Decl., ¶ 9. |
| 2 | Thus, not only is Mr. Ellis not a Settlement Class Member with standing to object as he is not on the |
| 3 | Revised Class List, but also according to the records produced in this action EA provided no services |
| 4 | to WMB related to Mr. Ellis, his home or his loan. |
| 5 | Plaintiff attempted on seven occasions, unsuccessfully, to serve Mr. Ellis with a subpoena at |
| 6 | the address provided in his objection. Lison Decl., Ex. 1. On March 27, 2015, Plaintiff's counsel |
| 7 | informed Matthew Kurilich, Mr. Ellis' counsel, that Mr. Ellis is not a Settlement Class Member for |
| 8 | the reasons stated above. Lison Decl., Ex. 2. Mr. Kurilich responded by email on March 28, 2015 |
| 9 | asking if the defendant could provide a report regarding Mr. Ellis' loan number, even though EA |
| 10 | was not the lender and has no loan information independent of what was provided in this action by |
| 11 | Chase. Lison Decl., Ex. 3. Mr. Lison responded to Mr. Kurilich's email explaining that Plaintiff |
| 12 | could not get the information from the lender (*id*.), and spoke with Mr. Kurilich regarding Mr. Ellis' |
| 13 | objection three times on March 30, 2015 to explain why Mr. Ellis is not a Settlement Class Member |
| 14 | and does not have standing to object to the Settlement. Lison Decl., ¶ 13-16. |
| 15 | In Mr. Lison's conversations with Mr. Kurilich, Mr. Kurilich stated that he understood the |
| 16 | standing issue raised, and did not know why he was told Mr. Ellis was a Class Member but would |
| 17 | attempt to find out. Lison Decl., ¶ 13-14. Mr. Kurilich also agreed to accept service of a subpoena |
| 18 | on behalf of Mr. Ellis and to present Mr. Ellis for a deposition on April 9, 2015 in San Francisco so |
| 19 | long as Plaintiff's counsel did not object to Mr. Kurilich appearing at the deposition telephonically. |
| 20 | Lison Decl., ¶ 14-16. Mr. Kurilich also confirmed that if he could not get information showing that |
| 21 | Mr. Ellis was a Settlement Class Member before April 9, 2015, that he would withdraw Mr. Ellis' |
| 22 | objection. Lison Decl., ¶ 16. |
| 23 | Mr. Lison memorialized his conversations with Mr. Kurilich in an email dated March 30, |
| 24 | 2015, and sent it to Mr. Kurilich along with the subpoena for Mr. Ellis' deposition, requesting that |
| 25 | Mr. Kurilich confirm acceptance of the subpoena on behalf of Mr. Ellis. Lison Decl., Ex. 4. In Mr. |
| 26 | Lison's email, he requested Mr. Kurilich to confirm his verbal agreement to accept service of the |
| 27 | subpoena on Mr. Ellis' behalf and produce Mr. Ellis for a deposition on April 9, 2015. *Id*. and Lison |
| 28 | Decl., ¶ 17. Mr. Lison also requested a response from Mr. Kurilich by the following morning of |

4

1    March 31, 2015 given the short turnaround time before the final approval hearing and indicated that
2    if Mr. Kurilich did not respond, Plaintiff would have no choice but to move for an order compelling
3    Mr. Ellis' deposition as well as for an expedited show cause hearing on the standing issue. *Id*.

4    Mr. Kurilich did not respond to Mr. Lison's email. Lison Decl., ¶ 18. Therefore, on March
5    31, 2015, Mr. Lison called and left a message with Mr. Kurilich at the same telephone number he
6    had used to speak with Mr. Kurilich previously, requesting confirmation of his acceptance of the
7    subpoena, and forwarded his same message to Mr. Kurilich's same email address. Lison Decl., ¶ 19.
8    As of the filing of this motion, Mr. Kurilich has failed to return Mr. Lison's phone call or to reply to
9    Mr. Lison's emails. Lison Decl., ¶¶ 18-19. Mr. Kurilich's failure to respond to Mr. Lison's written
10   communications confirming his acceptance of the subpoena of Mr. Ellis, and Mr. Ellis' agreement to
11   appear at a deposition on April 9, 2015 necessitates this motion.

12   **III.    ARGUMENT**

13   A. <u>Mr. Ellis' deposition is necessary and warranted</u>

14   The issue of Mr. Ellis' Settlement Class Member status is critical, as only Settlement Class
15   Members have standing to object to the Settlement. *Grannan v. Alliant Law Grp., P.C.*, 2012 WL
16   216522, at *9 (N.D. Cal. Jan. 24, 2012) (Lloyd, M.J.) (*citing San Francisco NAACP v. San
17   Francisco Unified School Distric*t, 59 F.Supp.2d 1021, 1033 (N.D.Cal.1999)) ("Under Fed.R.Civ.P.
18   23(e)(5), only class members have standing to object to a settlement on behalf of the class.") *See
19   also In re Apple Inc. Sec. Litig.,* 2011 WL 1877988, at *3 fn. 4 (N.D. Cal. May 17, 2011) (Fogel, J.)
20   (*citing San Francisco NAACP*, 59 F.Supp.2d at 1032) (an objector that fails to provide evidence to
21   show he is a class member has no standing to object); *Moore v. Verizon Commc'ns Inc.*, 2013 WL
22   450365, at *4 (N.D. Cal. Feb. 5, 2013) (citing C*alifornians for Disability Rights v. Cal. Dept. of
23   Transp.*, 2010 WL 2228531, at *8 (N.D. Cal. 2010)) ("non-class members have no standing to object
24   to the settlement of a class action") (additional citations omitted).

25   Mr. Ellis' counsel, Mr. Kurilich, is well aware that a putative objector must be a class
26   member with standing to object to a settlement. Indeed, just 6 weeks ago in this District, Mr.
27   Kurilich had another client's putative objection to another class action settlement stricken for lack of
28   standing. *See Miller v. Ghirardelli Chocolate Co.*, 2015 WL 758094, at *10 (N.D. Cal. Feb. 20,

5

Notice of Motion and Motion for Order Requiring Objector Larry Ellis to Comply with the Court's Order Preliminarily Approving
Settlement and Appear for His Deposition and Setting a Hearing to Show Cause Why Larry Ellis has Standing to Object;
Case No. 5-08-CV-00868 (RMW)

2015) (finding Brittany Ference, represented by Matthew Kurlich [*sic*], "failed to establish [her] standing to challenge the settlement" and had her objection stricken for lack of standing) (citing cases). In violation of this Court's Preliminary Approval Order, Mr. Kurilich failed to disclose his involvement with the *Ghiradelli* case in the objection he filed on behalf of Mr. Ellis.[1] Dkt. No. 588, Preliminarily Approval, ¶ 28.

Putative objectors have the burden to offer evidence to prove they are class members in order to establish standing to object. *Id.* (*citing In re Hydroxycut Mktg. & Sales Practices Litig.*, 2013 WL 5275618, at *2 (S.D.Cal. Sept. 17, 2013) (dismissing objection where objector failed to carry burden to establish standing); *Feder v. Elec. Data Sys. Corp.*, 248 Fed. Appx. 579 *2 (5th Cir.2007) (objectors have burden of proving standing; "unsupported assertions of class membership" do not suffice)).

Here, the sole objector to the Settlement, Larry Ellis, is not on the Revised Class List and is therefore not a Settlement Class Member with standing to object.[2] As it is Mr. Ellis' burden to establish that he is a Settlement Class Member with standing to object, it is critical that Plaintiff have the opportunity to depose Mr. Ellis to determine, factually, his basis for claiming he is a Settlement Class Member and whether there is any possibility that he is a Settlement Class Member despite not being on the Revised Class List.

Ordering Mr. Ellis to appear at a deposition is more than reasonable given the circumstances here. First, Preliminary Approval ordered all putative objectors to make themselves available for a deposition. Dkt. No. 588, Preliminarily Approval, ¶ 31. The Ninth Circuit has approved such

---

[1] This is only one of several cases in which Mr. Kurilich represented an objector which he did not disclose in the objection he filed on behalf of Mr. Ellis. However, as the other cases are not relevant to this motion, Plaintiff will not address them at this time.

[2] Mr. Ellis also failed to follow this Court's order to provide dates he could be available for a deposition, and details about his counsel's prior representation of class action objectors in other actions. Compare Preliminary Approval, Dkt. No. 588 at ¶¶ 28 and 31 with Mr. Ellis' Objection, Dkt. No. 598 at 4-5 (objecting to providing dates for a deposition and information related to prior objections by Mr. Ellis or his counsel). Failure of Mr. Ellis to follow this Court's order regarding the procedures to object is a second basis why Mr. Ellis has no standing to object to the settlement. *Custom LED, LLC v. eBay, Inc.*, 2014 WL 2916871, at *6 (N.D. Cal. June 24, 2014) (citing *San Francisco NAACP v. San Francisco Unified Sch. Dist.*, 59 F.Supp.2d 1021, 1028 (N.D.Cal.1999)).

6

Notice of Motion and Motion for Order Requiring Objector Larry Ellis to Comply with the Court's Order Preliminarily Approving Settlement and Appear for His Deposition and Setting a Hearing to Show Cause Why Larry Ellis has Standing to Object; Case No. 5-08-CV-00868 (RMW)

1 requirement that an objector be available for a deposition as being within the discretion of the District Court despite Mr. Ellis' objection thereto. *Laguna v. Coverall N. Am., Inc.*, 753 F.3d 918, 926 (9th Cir. 2014) (vacated on other grounds) ("[t]he district court also did not abuse its discretion in approving the settlement term that objectors be available for depositions.") Second, courts routinely order depositions of putative class members when standing is a question. *See, e.g., In re Netflix Privacy Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at *2 (N.D. Cal. Nov. 25, 2013) (citing *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D.Cal.2012)) ("[A]n objector who voluntarily appears in litigation is properly subject to discovery…. Discovery regarding objections to a settlement agreement may be used to seek information regarding the objector's standing, the bases for the objections, his role in objecting to this and other class settlements, and his relationships with the counsel that may affect the merits of the objection."). Indeed, where standing is a question, discovery can be taken even after final approval of a settlement if the putative objector appeals. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012) (quoting *In re Itel Securities Litigation*, 596 F.Supp. 226, 233 (N.D.Cal.1984), aff'd, 791 F.2d 672 (9th Cir.1986)) ("it is well settled that following a notice of appeal, the Court retains jurisdiction 'to preserve the integrity of this Court's judgments in general, and specifically to protect the Court's final judgment ....'").

Thus, even if the Court had not issued its Order requiring putative objectors such as Mr. Ellis to make themselves available for a deposition, one would be warranted here because the evidence shows Mr. Ellis has no standing to object.

Mr. Ellis also should be ordered to provide whatever evidence he has that would prove he is a Class Member with standing to object to the Settlement by April 9, 2015 or whatever date is set for his deposition by this Court. This will allow Plaintiff the opportunity to review, evaluate, and respond to any new facts Mr. Ellis presents regarding his standing prior to the April 17, 2015 deadline to file a response to his objection.

B. An evidentiary hearing to show cause why Mr. Ellis has standing is warranted

After Plaintiff deposes Mr. Ellis to learn the facts why Mr. Ellis believes he is a Settlement Class Member, the Court should hold an evidentiary hearing at which Mr. Ellis can appear to present

7

Notice of Motion and Motion for Order Requiring Objector Larry Ellis to Comply with the Court's Order Preliminarily Approving Settlement and Appear for His Deposition and Setting a Hearing to Show Cause Why Larry Ellis has Standing to Object; Case No. 5-08-CV-00868 (RMW)

any evidence he has to show he is a Settlement Class Member despite not being on the Revised Class List that identifies all Settlement Class Members. Plaintiff requests that this hearing occur on April 24, 2015 at 9:00 a.m., the same date and time as the Final Fairness Hearing.

Such evidentiary hearing is warranted here for the Court to rule whether Mr. Ellis has standing to object before considering the merits of Mr. Ellis' objection. *See, e.g., Seaside Civic League, Inc. v. United States Dep't of Hous. & Urban Dev.*, No. C-14-1823-RMW, 2014 WL 5281031, at *1 (N.D. Cal. Oct. 15, 2014) (Whyte, D.J.) (dismissing action after evidentiary hearing to determine standing issues). Further, Mr. Ellis should be ordered to provide this Court (and counsel of record) with whatever evidence he has to prove he is a Settlement Class Member with standing to object to the Settlement before April 17, 2015, one-week prior to the Final Fairness Hearing, or if Mr. Ellis' deposition occurs before then at his deposition. Likewise, at that time, Plaintiff will submit to the Court declarations attesting to the facts why Mr. Ellis is not a Class Member. At the hearing, Plaintiff will provide the Court with the supporting evidence attested to in the declarations for the Court to independently verify Mr. Ellis' lack of standing to be a Settlement Class Member. As Mr. Ellis has been placed on notice of his lack of standing to object to this Settlement, if he proceeds and cannot prove that he has standing to object, Plaintiff requests the Court also ask Mr. Ellis to be prepared to show cause why he should not be held responsible for the costs Plaintiff will incur in deposing Mr. Ellis as well as the costs of bringing any motions related to the issue.

## II. CONCLUSION

For the reasons stated above, the Court should Order Mr. Ellis to appear at a deposition on April 9, 2015 at 12:00 p.m. at One California Street, Suite 900, San Francisco, California, or on another date set by the Court before April 17, 2015 when Plaintiff must provide any supplemental briefing in support of final approval of the Settlement. The Court should that Mr. Ellis file with the Court and provide to Plaintiff any declaration and evidence he contends bears on the issue of whether Mr. Ellis is a Settlement Class Member before April 17, 2015. If Mr. Ellis' deposition occurs before April 17, 2015, then Mr. Ellis shall provide to Plaintiff's counsel any such declaration and evidence at Mr. Ellis' deposition. The Court should also order Mr. Ellis, or his counsel Matthew

8

Notice of Motion and Motion for Order Requiring Objector Larry Ellis to Comply with the Court's Order Preliminarily Approving Settlement and Appear for His Deposition and Setting a Hearing to Show Cause Why Larry Ellis has Standing to Object; Case No. 5-08-CV-00868 (RMW)

Kurilich, to appear before the Court on April 24, 2015 for an evidentiary hearing to present facts meeting Mr. Ellis' burden to show how he is a Settlement Class Member with standing to object to the Settlement. At the hearing, Plaintiff will provide the Court with the information from EA and Chase that shows Mr. Ellis is not a Settlement Class Member. Plaintiff requests that this evidentiary hearing be held on April 24, 2015 immediately prior to proceeding with the hearing on final approval of the Settlement on the same date.

Dated: April 2, 2015

| FEINSTEIN DOYLE PAYNE & KRAVEC, LLC | KELLER ROHRBACK L.L.P. |
|---|---|
| By: /s/ Joseph N. Kravec, Jr.<br>Joseph N. Kravec, Jr., Co-Lead Class Counsel<br> (*pro hac vice*)<br>Wyatt A. Lison (*pro hac vice*)<br>McKean J. Evans (*pro hac vice*)<br>429 Forbes Avenue<br>Allegheny Building, 17th Floor<br>Pittsburgh, PA 15219<br>Tel: (412) 281-8400<br>Fax: (412) 281-1007 | By: /s/ Lynn Lincoln Sarko<br>Lynn Lincoln Sarko (*pro hac vice*)<br>Tana Lin (*pro hac vice*)<br>Gretchen Freeman Cappio (*pro hac vice*)<br>Raymond J. Farrow (*pro hac vice*)<br><br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Tel: (206) 623-1900<br>Fax: (206) 623-3384<br><br>Khesraw Karmand (SBN 280272)<br>Matthew J. Preusch (SBN 298144)<br><br>1129 State Street, Suite 8<br>Santa Barbara, CA 93101<br>Tel: (805) 456-1496<br>Fax: (805) 456-1497 |

*Co-Lead Trial Counsel and Settlement Class Counsel*

9

Notice of Motion and Motion for Order Requiring Objector Larry Ellis to Comply with the Court's Order Preliminarily Approving Settlement and Appear for His Deposition and Setting a Hearing to Show Cause Why Larry Ellis has Standing to Object; Case No. 5-08-CV-00868 (RMW)

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | |
| 3 | STATE OF PENNSYLVANIA ) |
| | ) ss.: |
| 4 | COUNTY OF ALLEGHENY ) |

I am employed in the County of Allegheny, State of Pennsylvania. I am over the age of 18 and not a party to the within action. My business address is 429 Forbes Avenue, Allegheny Building, 17th Floor, Pittsburgh, PA 15219.

On April 2, 2015, using the Northern District of California's Electronic Case Filing System, with the ECF ID registered to Joseph N. Kravec, Jr., I filed and served the document(s) described as:

**NOTICE OF MOTION AND MOTION FOR ORDER REQUIRING OBJECTOR LARRY ELLIS TO COMPLY WITH THE COURT'S ORDER PRELIMINARILY APPROVING SETTLEMENT AND APPEAR FOR HIS DEPOSITION AND SETTING A HEARING TO SHOW CAUSE WHY LARRY ELLIS HAS STANDING TO OBJECT**

**[X]    BY ELECTRONIC TRANSMISSION USING THE COURT'S ECF SYSTEM:** I caused the above document(s) to be transmitted by electronic mail to those ECF registered parties listed on the Notice of Electronic Filing (NEF) pursuant to Fed.R.Civ.P. 5(d)(1) and by first class mail to those non-ECF registered parties listed on the Notice of Electronic Filing (NEF). *"A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P. 5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."*

I declare that I am admitted *pro hac vice* in this action.

I declare, under penalty of perjury under the laws of the United States, that the above is true and correct.

Executed on April 2, 2015, at Pittsburgh, Pennsylvania.

                                                                                       /s/Joseph N. Kravec, Jr.
                                                                                       Joseph N. Kravec, Jr.

10
Notice of Motion and Motion for Order Requiring Objector Larry Ellis to Comply with the Court's Order Preliminarily Approving Settlement and Appear for His Deposition and Setting a Hearing to Show Cause Why Larry Ellis has Standing to Object; Case No. 5-08-CV-00868 (RMW)