UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELTON A SPEARS, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>FIRST AMERICAN EAPPRAISEIT,<br><br>          Defendant. | Case No.  5:08-cv-00868-RMW<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE AWARD**<br><br>Re: Dkt. No. 590 |

Before the court is plaintiff's motion for approval of attorney's fees, reimbursement of costs, and a service award to the class representative.  Plaintiff's counsel requests $2,959,183 in attorney's fees, $2,302,848.08[1] in costs, and a $4,000 service award to Spears.  For the reasons explained below, the court awards plaintiff's counsel $2,644,938.92 in attorney's fees and $2,302,848.08 for reimbursement of costs.  A $4,000 service award to Spears, as class representative, is also approved.

---

[1] This amount includes costs related to the withdrawn objection of Larry Ellis and the total costs of administering the fund, which are capped at $177,000.  *See* Dkt. No. 604 (Plaintiff's Supplemental Memorandum in Support of Unopposed Motion for Final Approval of Class Action Settlement and Motion for Attorney's Fees, Costs and Class Representative Service Award). The court notes that some of the costs claimed might more appropriately be considered overhead and not be recoverable as costs (e.g. Lexis charges) but the court has made no adjustment for that because the overall recovery for attorney's fees and costs is reasonable.

5:08-cv-00868-RMW
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE AWARD            1

It is well established that "a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977). This rule, known as the "common fund doctrine," is designed to prevent unjust enrichment by distributing the costs of litigation among those who benefit from the efforts of the litigants and their counsel. *See Paul, Johnson, Alston, & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989) ("Paul, Johnson"). The ultimate goal is to reasonably compensate counsel for their efforts in creating the common fund. *Id.* at 271–72. It is not sufficient to arbitrarily apply a percentage; rather the district court must show why that percentage and the ultimate award are appropriate based on the facts of the case. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002).

The Ninth Circuit has approved a number of factors which may be relevant to the district court's determination: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiff's counsel; and (5) awards made in similar cases. *See id.* at 1048–50.

Here, the court finds that the *Vizcaino* factors favor a higher percentage of the common fund than what has been referred to as the 25% benchmark. *See, e.g., Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). First, the overall result and benefit to the class from the litigation justifies an award of approximately 17% of the possible damages for each class member. Counsel's requested attorney's fees request is commensurate with 17.4% of their lodestar[2] total. The court's award is also commensurate at 15.6% of the lodestar.

Second, the risk that further litigation might result in plaintiffs not recovering at all, particularly in a case involving complicated legal issues, is a significant factor in the award of fees. *See Vizcaino*, 290 F.3d at 1048. Plaintiff litigated this case to the eve of trial, but still faced nearly thirty motions *in limine* at the time of settlement, some of which could have had devastating

---

[2] Counsel estimate their lodestar at $16,980,063. Dkt. No. 590 at 2.

5:08-cv-00868-RMW
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE AWARD          2

United States District Court
Northern District of California

results. Furthermore, plaintiff would have had to proceed through two trials—liability and damages—before class members would have recovered. The risk that plaintiff would have recovered less than the settlement amount, or recovered nothing, also supports granting the requested fee.

Third, the "prosecution and management of a complex national class action requires unique legal skills and abilities." *Edmonds v. United States*, 658 F. Supp. 1126, 1137 (D.S.C. 1987). This case was well litigated through multiple motions to dismiss, class certifications, summary judgment, and other motions. Counsel faced at least three significant novel issues of law, including (1) whether inflated appraisals were a "thing of value" under RESPA, (2) how to prove that appraisals were "inflated in the aggregate", and (3) whether equitable tolling applied to RESPA claims.

Fourth, the importance of assuring adequate representation for individuals who could not otherwise afford competent attorneys justifies providing attorneys who do accept matters on a contingent-fee basis a larger fee than if they were billing by the hour or on a flat fee. *Vizcaino*, 290 F.3d at 1050. This suit began over six years ago. During that time, the various attorneys representing the class have spent over 38,000 hours litigating this case. *See* Dkt. No. 591-1 at 12. Counsel also advanced significant costs related to prosecuting this action. *Id*. This substantial outlay, when there is a risk that none of it will be recovered, further supports an award of substantial fees.

Finally, the percentage of the Settlement Fund that Lead Counsel seeks is slightly in excess of the benchmark of 25% established by the Ninth Circuit. *See, e.g., Powers,* 229 F.3d at 1256. However, courts may award a higher percentage where the case involves novel legal issues and lengthy litigation. *See, e.g., Alexander v. Washington Mut., Inc.,* 2012 WL 6021103 (E.D. Pa. Dec. 4, 2012) (awarding 30% in a RESPA case); *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 457-58 (E.D. Cal. 2013). Furthermore, the court's award is only 27% of the gross settlement fund, and 35% of the net settlement fund. *See also In re Online DVD-Rental Antitrust Litig.*, 779

F.3d 934, 953 (9th Cir. 2015) ("We have repeatedly held "that the reasonableness of attorneys' fees is not measured by the choice of the denominator." (citations omitted)).

For the reasons just explained, the court awards plaintiffs 35% of the net recovery to the class, calculated as follows:

$$(\$9,863,945 - \$2,302,848.08 - \$4,000) * 35\% = \$2,644,983.92$$

Accordingly, plaintiff's counsel are awarded attorney's fees in the amount of $2,644,983.92 and $2,302,848.02 in expenses to be paid out of the Settlement Fund to FEINSTEIN DOYLE PAYNE & KRAVEC, LLC, 429 Forbes Avenue, Allegheny Building, 17th Floor, Pittsburgh, Pennsylvania 15219, who then will be responsible for allocating the award of Attorneys' Fees and Expenses between Settlement Class Counsel and Plaintiff's Other Counsel. Such fees are to be paid out of the Settlement Fund within five (5) days of the Effective Date (as defined in the Stipulation of Settlement, Dkt. No. 584-1).

The court finds and determines that a service award in the amount of $4,000.00 is reasonable and payable to plaintiff Felton A. Spears, Jr. for his services and efforts as a class representative. Such award shall be paid out of the Settlement Fund within five (5) days of the Effective Date (as defined in the Stipulation of Settlement, Dkt. No. 584-1) to FEINSTEIN DOYLE & PAYNE & KRAVEC, LLC, 429 Forbes Avenue, Allegheny Building, 17th Floor, Pittsburgh, Pennsylvania 15219, who then will be responsible for distributing the award to Plaintiff.

**IT IS SO ORDERED**.

Dated: April 27, 2015

_Ronald M. Whyte_
Ronald M. Whyte
United States District Judge