# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

FELTON A. SPEARS, JR. and
SIDNEY SCHOLL, on behalf of themselves
and all others similarly situated,

        Plaintiffs,

   vs.

FIRST AMERICAN EAPPRAISEIT
(a/k/a eAppraiseIT, LLC),
a Delaware limited liability company,

        Defendant.

) Case No. 5-08-CV-00868 (RMW)
)
) **FINAL JUDGMENT AND ORDER OF**
) **DISMISSAL**
)
) **Honorable Ronald M. Whyte**
)
)
)
)
)
)

IT IS HEREBY ADJUDGED AND DECREED THAT:

1. This Judgment incorporates by reference the definitions in the Amended Stipulation of Settlement dated December 8, 2014 ("Stipulation"), attached as Exhibit A, and all terms used herein shall have the same meanings as set forth in the Stipulation unless set forth differently herein. The terms of the Stipulation are fully incorporated in this Judgment as if set forth fully here.

2. The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all Settlement Class Members.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court hereby certifies the following Settlement Class:

> All consumers throughout the United States who, on or after June 1, 2006, received home loans for personal, as opposed to business or commercial purposes, originated by Washington Mutual Bank, F.A., utilizing appraisals that they obtained from defendant First American eAppraiseIT (a/k/a eAppraiseIT. LLC) ("EA"). Excluded from the Class are: (a) employees, officers and directors of EA and its subsidiaries and affiliates; (b) persons who timely and properly exclude themselves from the Settlement Class; and (c) the Court, the Court's immediate family and Court staff.

4. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class Members (defined as a member of the Settlement Class who has not been properly excluded from the Settlement Class) are bound by this Judgment.

5. The Court finds, consistent with its prior orders certifying the Class in this litigation, that the Settlement Class meets all requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) for certification of the class claims alleged in the Second Amended Complaint, including (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representatives and Class Counsel; (e) predominance of common questions of fact and law among the Settlement Class; and (f) superiority.

6. Pursuant to Federal Rule of Civil Procedure 23(a), consistent with its prior orders certifying the Class in this litigation, the Court finds that Plaintiff Felton A. Spears, Jr. is a member of the Settlement Class, his claims are typical of those of the Settlement Class and he fairly and adequately protected the interests of the Settlement Class throughout the proceedings in the Litigation.  Accordingly, the Court hereby appoints Felton A. Spears, Jr. as Settlement Class Representative.

Final Judgment and Order of Dismissal; Case No. 5-08-CV-00868 (RMW)

7.     Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Settlement Class Counsel have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the settlement, and thus, hereby appoints Joseph N. Kravec, Jr., Feinstein Doyle Payne & Kravec, LLC; and Lynn Lincoln Sarko and Gretchen Freeman Cappio, Keller Rohrback, L.L.P as Settlement Class Counsel to represent the Settlement Class members.  Plaintiff is also represented by Settlement Class Counsel and Janet Lindner Spielberg, Law Offices of Janet Lindner Spielberg; and Michael D. Braun, Braun Law Group, P.C.

8.     The list of Persons excluded from the Settlement Class because they filed valid requests for exclusion ("Exclusions") is attached hereto as Exhibit B.  Persons who filed timely, completed Exclusions are not bound by this Judgment or the terms of this Stipulation. However, such persons are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Stipulation.

9.     The Court directed that Class Notice be given pursuant to the notice program proposed by the Parties and approved by the Court.  In accordance with the Court's Preliminary Approval Order and the Court-appointed notice program, the Settlement Administrator posted to the Settlement Website and mailed the Notice of Class Action Settlement dated January 5, 2015, which is Exhibit C to this Judgment.  The declaration of Tore Hodne, attesting to the dissemination of the Class Notice, demonstrates compliance with this Court's Preliminary Approval Order.  Dkt. No. 597. The Class Notice advised of the terms of the Settlement; of the Final Fairness Hearing, and the right to appear at such Final Fairness Hearing; of the rights to remain in, or opt out of, the Settlement Class and to object to the Settlement; of the right to submit a Claim; procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Settlement Class, including the scope of the Released Claims described in Section XII of the Stipulation.

10.     The forms and methods of notice described above meet all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution, 28 U.S.C. § 1715, and any other applicable law.  The Court further finds that Notice in the form approved by the Court was provided and that it constituted the best practicable notice under the Final Judgment and Order of Dismissal; Case No. 5-08-CV-00868 (RMW)

circumstances.  The Court further finds that the form of notice was concise, clear, and in plain, easily understood language, and was reasonably calculated under the circumstances to apprise of the pendency of the Litigation, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, the right to be excluded from the Settlement Class, the right to object to the proposed Settlement, the right to appear at the Final Fairness Hearing, through counsel if desired, the right to submit a Claim, and the binding effect of a judgment on Settlement Class Members, including the scope of the Released Claims described in Section XII of the Stipulation.

11.    Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and interested persons that the Parties' proposed Settlement is fair, reasonable, and adequate. The Court also finds that the proposed Settlement is consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution, and other applicable law.

12.    The terms and provisions of the Stipulation were entered into by experienced counsel and only after extensive, arms-length negotiations conducted in good faith and with the assistance of an experienced mediator, the Honorable John Leo Wagner (Ret.).  The Stipulation of Settlement is not the result of collusion.

13.    Those negotiations followed over six years of robust motion practice and discovery, and they coincided with extensive pretrial preparations by counsel for both Parties.  When the Parties advised the Court that they had reached a settlement on October 16, 2014, they collectively had over 30 motions pending before the Court.

14.    Those proceedings gave counsel opportunity to adequately assess this case's strengths and weaknesses – and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

15.    Approval of the Stipulation will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

16.    EA has denied and continues to deny Plaintiff's claims and allegations against it, and has raised various factual and legal arguments in support of its vigorous defense in this Litigation.

Further, evidence of the Class's prospects for recovery in light of EA's financial status, in addition to the litigation risks, weigh heavily in favor of the fairness and adequacy of this Settlement.

17.    All Settlement Class Members, which excludes those persons who have timely and validly filed exclusions, are bound by this Judgment and by the terms of the Stipulation, including the scope of the Released Claims described in Section XII of the Stipulation.

18.    None of the Settlement, this Judgment, nor the fact of the Settlement constitutes any admission by any of the Parties of any liability, wrongdoing or violating of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Litigation.  If the Settlement and Stipulation are not upheld on appeal, or are otherwise terminated for any reason, the Stipulation and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission by an party of any fact, matter, or position of law; all parties shall stand in the same procedural position as if the Settlement and Stipulation had not been negotiated, made, or filed with the Court.

19.    The Court hereby dismisses with prejudice the action and all Released Claims identified in Section XII of the Stipulation against each and all Released Persons and without costs to any of the Parties as against the others.  The Court hereby orders that effective on the Effective Date the Plaintiff, Felton A. Spears, Jr., as well as the Settlement Class Members who have not requested a timely Exclusion from the Settlement, whether or not such Settlement Class Members share in the Settlement Fund, release all claims and causes of action asserted against EA in the complaints filed by Plaintiff in this Litigation, and any claims, causes of action damages, demands, rights, and liabilities of any kind or nature whatsoever, asserted or not, threatened or not, alleged or not, known or unknown, suspected or unsuspected, disclosed or undisclosed, contingent or fixed, at law or in equity that arise out of or relate in any way to the facts alleged in the Litigation, and which have been or could have been asserted in the Litigation or another forum by Plaintiff or Settlement Class Members against EA, any other Released Persons, and/or any or all of their respective past and present, direct and indirect divisions, subsidiaries, parent companies, successors, predecessors, joint-ventures, and affiliated companies (which shall include any person or entity which controls, is

Final Judgment and Order of Dismissal; Case No. 5-08-CV-00868 (RMW)

5

controlled by, or is under common control with any such party), including but not limited to any past or present, direct or indirect subsidiary of any of them, and all of the officers, directors, employees, shareholders, agents, servants, brokers, distributors, representatives, partners, members, administrators, insurers, attorneys, and assigns of all such persons or entities.

It is further ordered that effective as of the Effective Date: (1) all Settlement Class Members who have not requested a timely Exclusion are permanently barred and enjoined from filing, commencing, prosecuting, intervening in or participating in (as parties and/or class members) any lawsuit in any jurisdiction to the extent such lawsuit asserts a Released Claim; and (2) all Settlement Class Members who have not requested a timely Exclusion are barred and precluded from organizing Settlement Class Members or soliciting the participation of Settlement Class Members in a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) to the extent such a lawsuit asserts a Released Claim. In connection with the Released Claim(s), as of the Effective Date, each Settlement Class Member is deemed to have waived any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code and any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code § 1542, which reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

20. The Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Stipulation, and all matters ancillary thereto.

21. The Court finds that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), and the Clerk is hereby directed to enter this Judgment forthwith.

22. The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Stipulation which are consistent with this Judgment and do not limit the rights of Settlement Class Members under the Stipulation.

1

IT IS SO ORDERED.

2

3

Dated: April 27, 2015

4

THE HONORABLE RONALD M. WHYTE

5

UNITED STATES DISTRICT COURT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

FELTON A. SPEARS, JR. and
SIDNEY SCHOLL, on behalf of themselves
and all others similarly situated,

                        Plaintiffs,

       vs.

FIRST AMERICAN EAPPRAISEIT
(a/k/a eAppraiseIT, LLC),
a Delaware limited liability company,

                        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 5-08-CV-00868 (RMW)

**AMENDED STIPULATION OF
SETTLEMENT**

**Honorable Ronald M. Whyte**

Plaintiff Felton A. Spears, Jr. ("Plaintiff"), on behalf of himself and each of the Settlement Class Members, and Defendant eAppraiseIT, LLC ("EA" or "Defendant") (collectively, the "Parties") make this Stipulation of Settlement. Plaintiff, Plaintiff's Counsel, Defendant, and Defendant's Counsel acknowledge that they are entering into this Settlement as a free and voluntary act without duress or undue pressure or influence, and that Plaintiff, Plaintiff's Counsel, Defendant, and Defendant's Counsel have not relied on any promises, representations or warranties regarding the subject matter hereof other than as set forth in this Stipulation of Settlement.

## I.     RECITALS

A.     Plaintiff, together with former Plaintiff Sidney Scholl ("Ms. Scholl"), filed this action on February 8, 2008. Dkt. No. 1.

B.     Among other claims, Plaintiff and Ms. Scholl alleged that EA had violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607(a) (the "RESPA claim"). *Id*. ¶ 84. Plaintiff and Ms. Scholl also asserted claims under the following: (i) RESPA, 12 U.S.C. § 2607(b); (ii) Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; (iii) Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*; and (iv) breach of contract. Dkt. No. 1.

C.     On March 9, 2009, the Court denied EA's motion to dismiss Plaintiff's RESPA claim. Dkt. No. 147. The Court granted EA's motion to dismiss all of Plaintiff and Ms. Scholl's other claims. *Id.*

D.     On March 30, 2009, Plaintiff filed his Second Amended Complaint ("SAC"). Dkt. No. 149.

E.     On May 7, 2010, Plaintiff and Ms. Scholl moved for class certification. Dkt. No. 189. EA opposed the motion. Dkt. No. 201.

F.     On July 2, 2010, the Court denied without prejudice Plaintiff and Ms. Scholl's motion for class certification. Dkt. No. 209.

G.     On November 19, 2010, Plaintiff and Ms. Scholl filed their Renewed Motion for Class Certification. Dkt. No. 217. EA opposed the motion. Dkt. No. 231.

H.      On April 25, 2012, the Court granted Plaintiff and Ms. Scholl's Renewed Motion for Class Certification and certified the following class:

> All consumers in California and throughout the United States who, on or after June 1, 2006, received home loans from Washington Mutual Bank, FA in connection with appraisals that were obtained through eAppraiseIT.

Dkt. No. 249 at 12.

I.      Following over six years of robust motion practice and discovery, on September 16, 2014, the Court issued an Order: (1) granting EA's Motion for Summary Judgment as to Ms. Scholl, dismissing Ms. Scholl's RESPA claim and denying the remainder of EA's Motion for Summary Judgment (Dkt. No. 438 at 12-19); (2) granting, in part, and denying, in part, Plaintiff's Motion for Summary Judgment and dismissing certain of EA's affirmative defenses (*id*. at 19-25); (3) granting Plaintiff's Motion to Bifurcate and bifurcating the issue of "whether there was inflation of appraisals on an aggregate basis as a result of an agreement between WMB [Washington Mutual Bank] and EA" from other liability, class membership, and damages issues (*id*. at 2, 31-35); (4) granting, in part, and denying, in part, EA's Motion to Strike Plaintiff's Expert Reports (*id*. at 35-43); and (5) denying EA's Motion to Decertify and clarifying the Class definition as follows:

> All consumers throughout the United States who, on or after June 1, 2006, received home loans for personal, as opposed to business or commercial purposes, originated by Washington Mutual Bank, F.A., utilizing appraisals that they paid for and obtained from defendant eAppraiseIT. Excluded from the Class are employees, officers, and directors of defendant and their subsidiaries and affiliates. *Id*. at 25-31.

J.      Thereafter, the Parties participated in hard-fought, multiday, in-person mediation with The Honorable John Leo Wagner (Ret.) on September 17, 2014 and September 25, 2014, followed by two mediator proposals issued on September 29, 2014 and October 11, 2014.

K.      EA has represented that it wound down its business in 2012, is no longer operating, and has a negative net worth.

L.      Following considerable arms' length negotiation conducted by Judge Wagner, the Parties accepted the second mediator proposal on October 13, 2014.

M.      With over 30 motions pending, the parties advised the Court on October 16, 2014 that they had reached a settlement. Dkt. No. 557.

N.      Trial was scheduled to begin in this litigation on November 24, 2014. Dkt. No. 380.

O.      Accordingly, following protracted, extensive and hard-fought settlement negotiations at the two mediations and subsequent negotiations thereafter, the Parties agreed to settle the Litigation pursuant to the terms set forth in this Stipulation of Settlement.

P.      The Parties first executed a stipulation of settlement on November 21, 2014, and filed it with the Court on the same date.  Dkt. No. 570-1.  This amended Stipulation of Settlement contains non-material revisions intended to simplify the definition of "Released Claims," and is accompanied by amended exhibits reflecting this revision and also implementing the Court's suggested revisions to language in the Notice of Class Action Settlement (Exhibit C) and the Claim Form (Exhibit A).  This amended Stipulation of Settlement is entered into by the Parties with the understanding that it will supersede the November 21, 2014 stipulation.

Q.      EA has committed the Settlement Fund will be funded by its parent, CoreLogic Information Resources, LLC, an entity with sufficient financial resources to fully fund the Settlement Fund with unencumbered funds, the payment of which will not result in CoreLogic Information Resources, LLC's insolvency, and for which this Settlement provides a reasonably equivalent benefit to CoreLogic Information Resources, LLC.  Plaintiff and Settlement Class Members agree that, except for enforcing the terms of this Settlement, they will not use this commitment as evidence to support any claim of any kind (including but not limited to any claim in any bankruptcy proceeding or based on some alter ego or piercing the corporate veil theory or similar claim) against CoreLogic Information Resources, LLC or any of its past and present, direct and indirect corporate parents, subsidiaries and affiliates, joint-ventures, brokers, distributors, representatives, partners, members, divisions, officers, directors, employees, shareholders, agents, servants, attorneys, administrators, successors, predecessors, insurers and assigns of all such persons or entities.

## II.   DEFINITIONS

A.      As used in this Stipulation, the following capitalized terms have the meanings specified below. Unless otherwise indicated, defined terms include the plural as well as the singular.

1.     "Chase Data" means data produced in this Litigation by JPMorgan Chase Bank, N.A., and extracted from Washington Mutual Bank's ("WMB" or "WaMu") records regarding loans of potential Class members and EA's appraisal services.

2.     "Claim" means a claim for RESPA Settlement Relief described in Plaintiff's Proposed Plan of Allocation, as approved or modified by the Court.

3.     "Claim Deadline" means the deadline established by the Court to submit a Claim, which shall be at least fifteen (15) days prior to the Final Fairness Hearing.

4.     "Claim Form" means the documents to be submitted by Claimants, substantially in the form attached hereto as Exhibit A and discussed in the Plan of Allocation. Claim Forms will be available online at the Settlement Website.

5.     "Claimant" means a Settlement Class Member who submits a Claim.

6.     "Claims Administration Protocols" means the protocols set forth in the Claims Administration Protocols, attached as Exhibit B.

7.     "Class" means the class certified by the Court's Order dated September 16, 2014 (Dkt. No. 438).

8.     "Class Notice" means the "Notice of Class Action Settlement" substantially in the form attached hereto as Exhibit C which may be modified as necessary to comply with the provisions of any Preliminary Approval Order entered by the Court.

9.     "Class Representative" means, subject to Court approval, Felton A. Spears, Jr.

10.     "Court" means the United States District Court for the Northern District of California.

11.     "Defendant" means EA.

12.     "Defendant's Counsel" means the following individuals:

> John C. Hueston
> A. Matthew Ashley
> Justin N. Owens
> IRELL & MANELLA LLP
> 840 Newport Center Drive, Suite 400
> Newport Beach, California 92660-6324

1        13.    "Effective Date" means the date on which all of the conditions of Settlement

2    have been satisfied, including:

3            1.    EA delivers to Plaintiff the fully executed documents provided for in

4    Section XIII hereof;

5            2.    The Court preliminarily approves the Stipulation of Settlement;

6            3.    The Court enters Final Judgment;

7            4.    If there is a properly and timely filed objection, the expiration (without

8    the filing or noticing of an appeal) of the time to appeal from the Final Judgment;

9            5.    The final dismissal of any appeal from the Final Judgment;

10           6.    If a ruling or decision is entered by an appellate court with respect to

11   affirmance of the Final Judgment, the time to petition for a writ of certiorari with respect to the Final

12   Judgment is expired, the petition has been denied or dismissed or, if granted, has resulted in

13   affirmance of the Final Judgment in substantial form;

14           7.    The Settlement Fund is fully funded on the terms set out herein; and

15           8.    The passage of ninety-one (91) days after actual receipt at the third-

16   party banking institution described in Section IV.A herein of full funding of the Settlement Fund,

17   during which time no voluntary or involuntary proceeding under the United States Bankruptcy Code,

18   11 U.S.C. §101, *et seq.*, is pending against EA or CoreLogic Information Resources, LLC.

19       14.    "Final Fairness Hearing" means the hearing(s) to be held by the Court to

20   consider and determine whether the proposed settlement of this Litigation as contained in this

21   Stipulation should be finally approved as fair, reasonable, and adequate, and whether the Final

22   Judgment approving the Settlement contained in this Stipulation should be entered. The Parties shall

23   ask the Court to schedule a date for the Final Fairness Hearing not less than 120 days after the Court

24   enters the Preliminary Approval Order.

25       15.    "Final Judgment" means the "Final Judgment and Order of Dismissal" to be

26   entered by the Court, substantially in the form attached hereto as Exhibit D, which, among other

27   things, fully and finally approves the Settlement and dismisses the SAC with prejudice.

28

16.     "Litigation" means the lawsuit captioned *Spears, et al. v. First American eAppraiseIT*, Case No. 08-CV-868 (N.D. Cal.).

17.     "Notice Deadline" is not more than twenty-one (21) days after the Court enters the Preliminary Approval Order.

18.     "Party" or "Parties" means the Plaintiff and Defendant in this Litigation.

19.     "Person" means a natural person, individual, corporation, partnership, association, or any other type of legal entity.

20.     "Plaintiff" means the class representative Felton A. Spears, Jr.

21.     "Plaintiff's Counsel" means Joseph N. Kravec, Jr., Feinstein Doyle Payne & Kravec, LLC; Lynn Lincoln Sarko and Gretchen Freeman Cappio, Keller Rohrback L.L.P.; Janet Lindner Spielberg, Law Offices of Janet Lindner Spielberg; and Michael D. Braun, Braun Law Group, P.C.

22.     "Plan of Allocation" means the method by which the Settlement Fund will be disbursed to Settlement Class Members.

23.     "Preliminary Approval Hearing" means the hearing(s) to be held by the Court to consider and determine whether the proposed settlement of this Litigation as contained in this Stipulation should be preliminarily approved as fair, reasonable, and adequate, whether the Settlement Class should be conditionally certified, appointing a Settlement Administrator, directing the form, manner and plan of providing notice of the Settlement to the Settlement Class, and setting the Final Fairness Hearing to determine final approval of the Settlement. The Parties shall ask the Court to schedule a date for the Final Fairness Hearing not less than 120 days after the Court enters the Preliminary Approval Order.

24.     "Preliminary Approval Order" means the "Order Preliminarily Approving Class Action Settlement, Conditionally Certifying the Settlement Class, Providing For Notice and Scheduling Order," substantially in the form of Exhibit E attached hereto, or such other Order issued by the Court which, among other things, preliminarily approves this Stipulation, certifies the

Settlement Class, provides for notification to the Settlement Class, and sets the schedule for the Settlement hearing.

25.     "Released Persons" means and includes EA and its past and present, direct and indirect corporate parents, subsidiaries and affiliates, joint-ventures, brokers, distributors, representatives, partners, members, divisions, officers, directors, employees, shareholders, agents, servants, attorneys, administrators, successors, predecessors, insurers and assigns of all such persons or entities.

26.     "Revised Class List" means the electronic list of borrower names and property addresses for each of the appraisal services EA provided to WMB that EA gave Plaintiff's Counsel, as modified by Plaintiff's expert economist Dr. Gary L. French to limit the list to the 70,356 loans originated by WaMu since June 1, 2006 with EA appraisals that Plaintiff was prepared to present at trial as RESPA qualifying personal loans (Dkt. No. 402-13), removing from the initial list the remaining loans that were not originated by WaMu since June 1, 2006 and were not potentially RESPA qualifying personal loans.

27.     "Service Award" means any award sought by application to and approved by the Court that is payable to the Settlement Class Representative from the Settlement Fund.

28.     "Settlement" or "Settlement Agreement" or "Stipulation" means this amended Stipulation of Settlement, including its attached exhibits (which are incorporated herein by reference), duly executed by Settlement Class Counsel, counsel for Defendant and CoreLogic Information Resources, LLC.

29.     "Settlement Administrator" means, subject to Court approval, Rust Consulting, which will provide the Class Notice and administer the claims process.

30.     "Settlement Class" means all consumers throughout the United States who, on or after June 1, 2006, received home loans for personal, as opposed to business or commercial purposes, originated by Washington Mutual Bank, F.A., utilizing appraisals obtained from defendant eAppraiseIT.  Excluded from the Settlement Class are: (a) employees, officers and directors of EA and its subsidiaries and affiliates; (b) persons who timely and properly exclude themselves from the

Settlement Class as provided herein; and (c) the Court, the Court's immediate family and Court staff. Plaintiff's expert economist Dr. Gary L. French identified the members of the Settlement Class in the Revised Class List.

31.   "Settlement Class Counsel" means, subject to Court approval to represent the settlement class, Joseph N. Kravec, Jr., Feinstein Doyle Payne & Kravec, LLC; and Lynn Lincoln Sarko and Gretchen Freeman Cappio, Keller Rohrback L.L.P.

32.   "Settlement Class Member(s)" or "Member(s) of the Settlement Class" means a member of the Settlement Class who has not been properly excluded from the Settlement Class.

33.   "Settlement Class Representative" means Felton A. Spears, Jr.

34.   "Settlement Fund" means the common fund discussed in § IV.A of this Stipulation.

35.   "Settlement Website" means the website to be created for this Settlement that will include information about the Litigation and the Settlement, relevant documents and electronic and printable forms relating to the Settlement, including the Claim Form which can be submitted online or printed and mailed. The Settlement Website shall be activated no later than the date of mailing the first Class Notice.

36.   Other capitalized terms used in this Stipulation but not defined above shall have the meaning ascribed to them in this Stipulation and the exhibits attached hereto.

## III.   CERTIFICATION OF THE SETTLEMENT CLASS

EA hereby consents, solely for purposes of the Settlement set forth herein, to the certification of the Settlement Class, to the appointment of Settlement Class Counsel as counsel for the Settlement Class, and to the conditional approval of Plaintiff as the suitable representative of the Settlement Class; provided, however, that if this Stipulation fails to receive Court approval or otherwise fails to be consummated, including, but not limited to, the Judgment not becoming final as provided in §II.A.13 of this Stipulation, then EA retains all rights it had immediately preceding the execution of this Stipulation, including without limitation the right to object to the maintenance of this Litigation as a class action, and in that event, nothing in this Stipulation (including all exhibits

and attachments) or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party, Settlement Class Member, or member of the Class, including without limitation concerning whether the Litigation may properly be maintained as a class action or whether Settlement Class Counsel or the Plaintiff can adequately represent the Settlement Class Members under applicable law.

## IV.  SETTLEMENT RELIEF

A.  <u>Settlement Fund</u>. Within 15 days of satisfaction of all of the conditions set forth in Sections II.A.13.1 through II.A.13.6 hereof, CoreLogic Information Resources, LLC shall pay $9,863,945 (less any costs associated with notice to the Settlement Class or any costs of settlement administration paid by EA or CoreLogic Information Resources, LLC prior to that time, including as described in Section VIII) to a third-party banking institution selected by Settlement Class Counsel to establish an interest bearing, non-reversionary Settlement Fund held in trust for payments as permitted by the Stipulation of Settlement (the "Settlement Fund"). No further settlement payment will be required of Defendant or CoreLogic Information Resources, LLC. The Settlement Fund shall be applied to pay in full and in order: (i) any necessary taxes and tax expenses; (ii) all remaining costs of the Settlement Administrator associated with Class Notice and administration of the claims process, including costs of providing notice to the Settlement Class and processing claims and the reimbursement of any notice or administration costs due to EA or CoreLogic Information Resources, LLC pursuant to Section VIII hereof; (iii) any attorneys' fee, cost and expense award made by the Court to Plaintiff's Counsel; (iv) any Service Award made by the Court to Plaintiff as Settlement Class Representative; and (v) payments to Plaintiff and other authorized members of the Settlement Class as allowed by the Stipulation of Settlement and as approved by the Court. The payments referenced in (iii), (iv) and (v) of this paragraph shall not occur until after the Effective Date, pursuant to a payment schedule to be mutually agreed upon by the Parties.  Neither EA nor CoreLogic Information Resources, LLC shall have any right to reversion of monies remaining in the Settlement Fund after the distributions set forth in this Section are completed.  The Court will decide

1  in its sole discretion what to do with any monies remaining in the Settlement Fund after the

2  distributions set forth in this Section are completed.

3        B.    <u>Plan of Allocation</u>. Plaintiff will prepare and submit for preliminary and final Court

4  approval a proposed Plan of Allocation of the Settlement Fund to Class Members. The Court will

5  determine whether to approve Plaintiff's proposed Plan of Allocation, or to modify it in the Court's

6  discretion to ensure it is fair and reasonable to the Class Members.  The Plan of Allocation shall be

7  described in the Class Notice to be sent to Settlement Class Members in connection with the

8  Settlement, as directed and approved by the Court. The Plan of Allocation is not part of this

9  Stipulation and neither EA, CoreLogic Information Resources, LLC, any other Released Persons,

10  nor Defendant's Counsel shall have any responsibility or liability with respect thereto. EA,

11  CoreLogic Information Resources, LLC, any other Released Persons, and Defendant's Counsel shall

12  have no role in, responsibility for, interest in, or liability with respect to any of the following: (a) any

13  act, omission, or determination of Plaintiff's Counsel, the Settlement Administrator, or any of their

14  respective designees or agents in connection with administering the Settlement; (b) the management,

15  investment or distribution of the Settlement Fund; (c) the review determination, administration,

16  calculation, or payment of any claims asserted against the Settlement Fund; (d) any losses suffered

17  by, or fluctuations in the value of, the Settlement Fund; or (e) the payment or withholding of any

18  taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or

19  filing of any returns. No Person shall have any claim of any kind against EA, CoreLogic Information

20  Resources, LLC, any other Released Persons, or Defendant's Counsel with respect to the

21  administration, investment, distribution, and/or supervision of the Settlement Fund, and Plaintiff, the

22  Settlement Class Members, and Plaintiff's Counsel release EA, CoreLogic Information Resources,

23  LLC, any other Released Persons, and Defendant's Counsel from any and all liability arising from or

24  with respect to the administration, investment, distribution, and/or supervision of the Settlement

25  Fund.

26

27

28

**V.     NOTICE TO THE SETTLEMENT CLASS AND COMMUNICATIONS WITH SETTLEMENT CLASS MEMBERS**

        A.     <u>Class Notice</u>. Notice to those members of the Settlement Class identified in the Revised Class List shall be by means of separate first class mailings for each loan to those names and addresses identified on the Revised Class List, subject to updating to current addresses. The Class Notice shall be in the form approved by the Court. A proposed form of Class Notice is attached hereto as Exhibit C and is based on the form of settlement notice promulgated by the Federal Judicial Center and the guidance published on the Court's website, and will be submitted to the Court for approval. The Class Notice details how those Settlement Class Members so desiring may exclude themselves or object to the Settlement, receive the Settlement Relief and make a claim for RESPA Settlement Relief as described in Plaintiff's Proposed Plan of Allocation, as approved or modified by the Court.. The Class Notice includes a Claim Form, and the IVR phone number as described in Section V.D.

        B.     <u>Dissemination of Class Notice</u>. The Class Notice shall be mailed by the Notice Deadline (*i.e.*, not more than twenty-one (21) days after the Court enters the Preliminary Approval Order). Prior to posting of the Class Notice by the Settlement Administrator with the United States Postal Service, the Settlement Administrator shall utilize the National Change of Address database (the "NCOA") in an attempt to obtain the most current addresses for those receiving the Class Notice. After the posting of the Class Notice by the Settlement Administrator with the United States Postal Service, for any Class Notice returned as undeliverable, the Settlement Administrator shall: (1) utilize the services of a commercial database resources entity (e.g., Accurint, TransUnion, etc.), (2) attempt to obtain a current mailing address for such returned Class Notice; and (3) re-post the returned Class Notice to the more current address should the commercial database show a more current address. However, if a determination is made in good faith by the Settlement Administrator that it is not possible to further update any particular Settlement Class Member's address(es) in sufficient time to re-post the Class Notice(s) at least forty-five (45) days before the scheduled Final Fairness Hearing, then the Settlement Administrator shall immediately so notify Settlement Class Counsel and for Defendant's Counsel and – unless counsel for either or both Parties applies to the

1  Court for relief in this regard, such as seeking an extension for Settlement Class Members to

2  respond – need not make any further efforts to provide further Class Notice to such person(s).

3         C.    <u>Settlement Website</u>. No later than the date of posting for the first Class Notice, the

4  Settlement Administrator shall establish a Settlement Website which shall contain copies of the

5  Stipulation of Settlement and exhibits and the Class Notice, an agreed set of Frequently Asked

6  Questions ("FAQs") concerning the case, the exclusion process, the objection process, and the

7  claims process, together with their responses, and such other documents as may be agreed to by all

8  counsel. The Settlement Website shall contain the Claim Form which may be electronically

9  completed and submitted through the Settlement Website by Settlement Class Members or which

10 may be downloaded or printed from the Settlement Website. The Settlement Website shall have a

11 Uniform Resource Locator which identifies the Settlement Website as the

12 www.appraisalsettlement.com site. The Settlement Website shall remain open and accessible until at

13 least 90 days after the mailing of the distribution payments to Settlement Class Members.

14        D.    <u>IVR Phone Line</u>. No later than the date of posting for the first Class Notice, the

15 Settlement Administrator shall establish a toll-free interactive voice response ("IVR") phone number

16 with script recordings of information about this Settlement utilizing the relevant portions of the

17 language contained in the Class Notice and further utilizing the FAQs as described above in Section

18 V.C above. The IVR phone number shall remain open and accessible until at least 90 days after the

19 mailing of the distribution payments to Settlement Class Members. Requests to speak with

20 Settlement Class Counsel, for legal advice about the Settlement, or raising issues requiring

21 Settlement Class Counsel's involvement shall be forwarded to Settlement Class Counsel by the

22 Settlement Administrator on a daily basis.

23 **VI.**    **REQUESTS FOR EXCLUSION**

24        Any potential Settlement Class Member who wishes to be excluded from the Settlement

25 Class must mail a written request for exclusion to the Clerk of the Court, in care of the post office

26 box rented by the Settlement Administrator for that purpose postmarked no later than fifteen (15)

27 days prior to the Final Fairness Hearing, or as the Court otherwise may direct. After such deadline

28

has passed, the Settlement Administrator shall promptly prepare a sworn declaration suitable for filing with the Court that lists all such requests for exclusion, and attaches copies of all such requests for exclusion. The declaration shall be copied to both Settlement Class Counsel and Defendant's Counsel as soon as possible in advance of the Final Fairness Hearing. The original or authenticated photocopies of the requests for exclusion shall be filed with the Court by Settlement Class Counsel at or before the Final Fairness Hearing. Any potential Settlement Class Member who is excluded from the Settlement Class shall not be entitled to participate in any distributions from the Settlement Fund.

Any potential Settlement Class Member who does not file a timely written request for exclusion as provided in this Section shall be bound by all prior and subsequent proceedings, orders, and judgments in this Litigation, even if such person has litigation pending against Defendant relating to matters covered by the release provided for herein.

## VII.   APPROVAL PROCEDURES, PROCEDURE FOR OBJECTING TO THE SETTLEMENT AND RELATED PROVISIONS

A.   <u>Preliminary Approval Hearing and Preliminary Approval Order</u>. Promptly after execution of this Stipulation, the Parties shall submit this Stipulation to the Court, and Plaintiff shall apply for entry of a Preliminary Approval Order preliminarily approving this Stipulation and providing for the dissemination of the Class Notice.

B.   <u>Objections</u>.  Any Settlement Class Member who wishes to object to the Settlement must file or send a written objection ("Objection") to the Clerk of Courts for the Northern District of California by first class U.S. mail, postage paid. Any Objection must be filed or postmarked on or before the deadline specified in the Class Notice, which shall be not less than thirty-five (35) days prior to the Final Fairness Hearing. Only Settlement Class Members may object to the Settlement, but may do so either on their own or through an attorney hired at their own expense. If an objecting Settlement Class Member hires an attorney to represent him or her, the attorney must: (i) file a notice of appearance with the Clerk of the Court no later than thirty (30) days prior to the Final Fairness

Hearing or as the Court may otherwise direct, and (ii) serve a copy of the notice on Settlement Class

Counsel and Defendant's Counsel no later than thirty (30) days prior to the Final Fairness Hearing.

C. <u>Objections: Required Contents</u>. In the Objection, an objecting Settlement Class Member must: (a) set forth his/her full name, current address, and telephone number; (b) state his/her loan number; (c) set forth a statement of the position the objector wishes to assert, including the factual and legal grounds for the position; (d) set forth the names and a summary of testimony of any witnesses that the objector might want to call in connection with the Objection; (e) provide copies of all documents that the objector wishes to submit in support of his/her position; (f) provide the name(s) of any attorney(s) representing the objector; and (g) state the name, court, and docket number of any class action litigation in which the objecting Settlement Class Member and/or the objector's attorney(s) has previously appeared as an objector or provided legal assistance with respect to an objection.

D. <u>Objection Deemed Invalid if Request for Exclusion Filed</u>. A Settlement Class Member who submits a request for exclusion shall not be entitled to object to the Settlement, and if both a request for exclusion and an Objection are submitted, the request for exclusion shall control, and the Objection shall be deemed invalid.

E. <u>Depositions of Objecting Settlement Class Members</u>. Objecting Settlement Class Members must also make themselves available for deposition by Settlement Class Counsel and/or Defendant's Counsel between the time the objection is filed and the date of the Final Fairness Hearing. Further, the Objection must include two weekday non-holiday dates between seven (7) and twenty-one (21) days prior to the Final Fairness Hearing when the objecting Settlement Class Member will be available to present and, if asked to by Settlement Class Counsel and/or Defendant's Counsel, will so present for deposition. Settlement Class Counsel and/or Defendant's Counsel may not require an objecting Settlement Class Member to appear for deposition on more than one date or for more than seven (7) hours unless ordered by the Court. Any Objection not so submitted shall be waived.

F.     Appearances at the Final Fairness Hearing. Any objecting Settlement Class Member who files and serves a written Objection, as described in the preceding section, may appear at the Final Fairness Hearing, either in person or through personal counsel hired at the objecting Settlement Class Member's expense, to object to the fairness, reasonableness, or adequacy of this Stipulation of Settlement or the proposed Settlement, or to Plaintiff's request for attorneys' fees. Objecting Settlement Class Members, or their attorneys, intending to make an appearance at the Final Fairness Hearing must serve on Settlement Class Counsel and Defendant's Counsel and file with the Court, no later than thirty (30) days prior to the Final Fairness Hearing or as the Court otherwise may direct, a notice of their intention to appear at the Final Fairness Hearing.

G.     Resolution of Objections. The Parties shall cooperate in opposing and/or resolving all Settlement Class Member Objections filed and served in accordance with Section VII. Any Objection not submitted in accordance with Section VII shall be waived.

**VIII.   COSTS OF NOTICE AND ADMINISTRATION**

To the extent incurred before the Settlement Fund has been funded, EA or CoreLogic Information Resources, LLC shall pay the cost of Class Notice to the Settlement Class and all costs of administration contemplated by this Settlement, including the cost of the Settlement Administrator as well as the cost of any audit or other investigation undertaken by or on behalf of EA and/or the Settlement Administrator; however, such costs shall not include attorneys' fees, costs, or expenses incurred by Plaintiff's Counsel. EA or CoreLogic Information Resources, LLC shall be entitled to deduct any costs of notice and administration from the amount to be paid into the Settlement Fund pursuant to this Stipulation of Settlement. To the extent not so deducted, these costs of notice and administration will be reimbursed to EA or CoreLogic Information Resources, LLC from the Settlement Fund prior to disbursement of any attorneys' fee, cost and expense award made by the Court to Plaintiff's Counsel; any Service Award made by the Court to Plaintiff as Class Representative; and payment to Settlement Class Members. Once the Settlement Fund has been funded, all costs of administration contemplated by this Settlement shall be paid out the Settlement Fund. In the event this Stipulation is not approved by the Court or the Settlement set forth in this

Stipulation is terminated or fails to become effective in accordance with its terms, any funds advanced to pay the cost of Class Notice to the Settlement Class shall not be refunded to EA or CoreLogic Information Resources, LLC. However, should the Parties subsequently enter into a settlement or should a judgment later be entered against EA in this Litigation, the cost of Class Notice to the Settlement Class and all costs of administration contemplated by this Settlement and paid by EA or CoreLogic Information Resources, LLC shall be deducted from any payment due by EA pursuant to such later settlement or judgment.

## IX.    NO ADMISSIONS

The settlement arrangements embodied in the Settlement (including but not limited to all exhibits and attachments thereto, the Plan of Allocation, and the use of the Chase Data and all related analysis performed by Dr. Gary L. French) are the result of compromise and accord and shall not be considered an admission, concession, presumption, or evidence of any fault, wrongdoing, negligence, omission, breach, responsibility, liability, or any other kind or as a waiver by or against EA, any other Released Persons, or their past and present, direct and indirect corporate parents, subsidiaries and affiliates, joint-ventures, brokers, distributors, representatives, partners, members, divisions, officers, directors, shareholders, agents, servants, employees, insurers, attorneys, administrators, successors, predecessors, insurers, and assigns of all such persons or entities, who continue to deny any violation or liability and disclaim any responsibility to members of the Class and the Settlement Class Members with respect to any and all alleged claims which members of the Class and Settlement Class Members have asserted in the Litigation or could have asserted in the Litigation or otherwise.

## X.    ATTORNEYS' FEES, COSTS AND EXPENSES

Plaintiff's Counsel in the Litigation intends to make an application to the Court for an award of attorneys' fees in an amount not to exceed $2,959,183.50 and the costs and expenses they incurred in litigating this Litigation, and any other such costs as the Court may award, exclusive of costs of Settlement notice and administration addressed in Section VIII above. The attorneys' fees, cost and expense awards made by the Court in the Final Judgment and Order of Dismissal in this

Litigation shall be paid from the Settlement Fund as addressed in Section IV.A above, and may be distributed after the Effective Date. Defendant will bear its own attorneys' fees, costs and expenses incurred in connection with this Litigation and Settlement. With the exception of the award for attorneys' fees, costs and expenses in the amount expressly approved by the Court, Plaintiff and Plaintiff's Counsel will bear their own attorneys' fees, costs and expenses incurred in connection with this Litigation and Settlement.

The attorneys' fees, costs, and expenses request of Plaintiff's Counsel is subject to Court approval and only that amount approved by the Court will be paid out of the Settlement Fund. The procedure for and the allowance, disallowance, or modification by the Court of any applications by Plaintiff's Counsel for attorneys' fees, costs, and expenses are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation. The Parties acknowledge that the Court may award less than the amount requested and that such lesser award will not invalidate this Settlement.

EA, CoreLogic Information Resources, LLC, any other Released Persons, and Defendant's Counsel shall have no responsibility or liability for, and take no position with respect to, the allocation among Plaintiff's Counsel and/or any other Person who may assert some claim to attorneys' fees, cost, and expense awards made by the Court. EA, CoreLogic Information Resources, LLC, any other Released Persons, and Defendant's Counsel shall also have no responsibility or liability with respect to attorneys' fees, costs, or expenses incurred by or on behalf of the Settlement Class or Settlement Class Members that are not paid from the Settlement Fund.

## XI.     REPRESENTATIVE PLAINTIFF SERVICE AWARD

For his endeavor on behalf of the Settlement Class, and in addition to any payments pursuant to this Settlement Agreement otherwise due him as a Settlement Class Member, Class Representative Plaintiff Felton A. Spears, Jr. intends to apply to the Court for a Service Award in the amount of $4,000. The Service Award made by the Court in the Final Judgment and Order of Dismissal in this Litigation shall be paid from the Settlement Fund as addressed in Section IV.A

1   above.  The Parties acknowledge that the Court may award less than the amount requested and that

2   such lesser award will not invalidate this Settlement.

3   **XII.   SETTLEMENT CLASS RELEASE, RELEASED CLAIMS AND INJUNCTION**

4           The Final Judgment and Order of Dismissal shall contain a release, effective on the Effective

5   Date, by the Plaintiff, Felton A. Spears, Jr., as well as by the Settlement Class Members who have

6   not requested a timely exclusion from the Settlement, whether or not such Settlement Class

7   Members share in the Settlement Fund, of all claims and causes of action asserted against EA in the

8   complaints filed by Plaintiff in this Litigation, and any claims, causes of action, damages, demands,

9   rights, and liabilities of any kind or nature whatsoever, asserted or not, threatened or not, alleged or

10  not, known or unknown, suspected or unsuspected, disclosed or undisclosed, contingent or fixed, at

11  law or in equity that arise out of or relate in any way to the facts alleged in the Litigation, and which

12  have been or could have been asserted in the Litigation or another forum by Plaintiff or Settlement

13  Class Members against EA, any other Released Persons, and/or any or all of their respective past and

14  present, direct and indirect divisions, subsidiaries, parent companies, successors, predecessors, joint-

15  ventures, and affiliated companies (which shall include any person or entity which controls, is

16  controlled by, or is under common control with any such party), including but not limited to any past

17  or present, direct or indirect subsidiary of any of them, and all of the officers, directors, employees,

18  shareholders,  agents,  servants,  brokers,  distributors,  representatives,  partners,  members,

19  administrators, insurers, attorneys, and assigns of all such persons or entities (hereinafter, "Released

20  Claim" or "Released Claims").

21          In addition, it is a condition of the Settlement that the Final Judgment and Order of Dismissal

22  contain a provision, effective as of the Effective Date: (1) permanently barring and enjoining all

23  Settlement Class Members who have not requested a timely exclusion from filing, commencing,

24  prosecuting, intervening in or participating in (as parties and/or class members) any lawsuit in any

25  jurisdiction to the extent such lawsuit asserts a Released Claim; and (2) precluding and barring all

26  Settlement Class Members who have not requested a timely exclusion from organizing Settlement

27  Class Members or soliciting the participation of Settlement Class Members in a separate class for

28

purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) to the extent such a lawsuit asserts a Released Claim. In connection with the Released Claim(s), as of the Effective Date, each Settlement Class Member shall be deemed to have waived any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code and any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code § 1542, which reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

## XIII.   ASSURANCE OF PERFORMANCE

To assure Plaintiff that the Settlement Fund will be fully and timely funded, contemporaneously with execution of this Stipulation, EA will deliver to Plaintiff the following:

An undertaking by CoreLogic Information Resources, LLC to fully and timely fund the Settlement Fund in accordance with the terms of this Stipulation in the form attached as Exhibit F, affirmatively representing that: (1) CoreLogic Information Resources, LLC is a limited liability company organized and in good standing under the laws of Delaware; (2) the signatory has full authority, after all necessary corporate approvals, to bind CoreLogic Information Resources, LLC.; (3) CoreLogic Information Resources, LLC undertakes to fully fund the Settlement Fund in accordance with the terms of this Stipulation; (4) CoreLogic Information Resources, LLC has sufficient financial resources to fully fund the Settlement Fund; (5) the funds with which the Settlement Fund will be funded are unencumbered by any lien, security interest, or other claim by any third party; (6) within fifteen (15) days of satisfaction of all of the conditions set forth in Sections II.A.13.1 through II.A.13.6 hereof, CoreLogic Information Resources, LLC shall deposit $9,863,945 (less any costs associated with notice to the Settlement Class or any costs of settlement administration paid by EA or CoreLogic Information Resources, LLC prior to that time, including as described in Section VIII) into an interest bearing account at a third-party banking institution selected by Settlement Class Counsel (no further settlement payment will be required of Defendant

or CoreLogic Information Resources, LLC); (7) CoreLogic Information Resources, LLC's funding of the Settlement Fund will not result in CoreLogic Information Resources, LLC's insolvency; (8) without waiver of any right by Defendant enforce the terms of this Settlement, upon funding of the Settlement Fund, CoreLogic Information Resources, LLC shall have no further right, title or interest in those funds; and (9) this Settlement provides a benefit to CoreLogic Information Resources, LLC reasonably equivalent to the value CoreLogic Information Resources, LLC is providing pursuant to the Settlement and this undertaking.

**XIV.   COMMUNICATIONS WITH THE PUBLIC**

The Parties agree that in any subsequent communications by the Parties or their counsel to the media and/or general public concerning this Settlement and/or the Litigation, the Parties shall specifically include in such communication an explanation that the terms of the Settlement have been reduced to writing, placed in the public record as part of the Court file, and are subject to Court approval.

**XV.   EFFECT OF FAILURE TO MEET CONDITIONS PRECEDENT.**

The Final Judgment and Order of Dismissal shall provide that, in the event the Settlement is not funded in accordance with Sections IV.A. and XIII, or if any portion of the Settlement Fund is avoided on account of any bankruptcy or other proceeding, Plaintiff shall be entitled, at his option, to: (a) seek to enforce the funding obligations under this Stipulation and any agreement or guarantee ancillary thereto, or (b) upon filing a declaration establishing the failure of the Settlement Fund as described above, obtain an order setting aside the Final Judgment and Order of Dismissal, reopen this Litigation, and terminate the Stipulation. If Plaintiff terminates the Stipulation in accordance herewith, he shall have no obligation to reimburse any person or entity hereunder for expenses advanced pursuant to Section VIII, and shall have the right to assert the full amount of his claims in any bankruptcy proceeding.

## XVI. RESOLUTION OF DISPUTES CONCERNING SETTLEMENT TERMS, DOCUMENTATION, AND ADMINISTRATION

The Parties, their successors and assigns, and their attorneys undertake to implement the terms of this Stipulation in good faith and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Stipulation. The Parties shall meet and confer in good faith in the attempt to resolve any disputes that may arise concerning the settlement terms, their documentation, and their administration. Should the Parties be unable to resolve any such dispute among themselves, then the Parties further agree to submit all such unresolved disputes to their mediator Judge John Leo Wagner (Ret.) for his final and binding determination, using such procedures as he sees fit. If Judge Wagner is unavailable for any reason, the Parties shall submit any unresolved disputes to another mediator at Judicate West in Santa Ana, California, who is selected by the Parties upon mutual agreement.

## XVII. MISCELLANEOUS PROVISIONS

A.     The Parties acknowledge the accuracy of their respective recitals in Section I hereof.

B.     The Parties and their undersigned counsel agree to undertake their best efforts and mutually cooperate to promptly effectuate this Stipulation and the terms of the Settlement set forth herein, including taking all steps and efforts contemplated by this Stipulation and any other steps and efforts which may become necessary by order of the Court or otherwise.

C.     The undersigned counsel represent that they are fully authorized to execute and enter into the terms and conditions of this Stipulation on behalf of their respective clients.

D.     This Stipulation contains the entire agreement among the Parties and the Settlement Class Members and supersedes any prior agreements or understandings between them. Any deviation between the terms of this Stipulation and any prior writing or oral representation represents a change that all Parties consider to be non-material.  Except for § 1.A through §1.P, all terms of this Stipulation are contractual and not mere recitals and shall be construed as if drafted by all Parties and the Settlement Class Members. The presumption found in California Civil Code § 1654 (and equivalent, comparable or analogous provisions of the laws of the United States of America or any state or territory thereof, or of the common law or civil law) that uncertainties in a contract are

1  interpreted against the party causing an uncertainty to exist hereby is waived by all Parties and the

2  Settlement Class Members.

3       E.    The terms of this Stipulation are and shall be binding upon each of the Parties, their

4  agents, attorneys, employees, successors and assigns, and upon all other Persons claiming any

5  interest in the subject matter through any of the Parties, including any Settlement Class Member.

6       F.    Whenever this Stipulation requires or contemplates that one Party shall or may give

7  notice to the other, notice shall be provided by facsimile, email and/or next day (excluding Sunday)

8  express delivery service as follows:

9       1.    If to Plaintiff, then to:

10           Joseph N. Kravec, Jr.
             FEINSTEIN DOYLE PAYNE & KRAVEC, LLC
11           429 Forbes Avenue, 17th Floor
             Pittsburgh, PA 15219
12           Tel: (412) 281-8400
             Fax: (412) 281-1007
13           E-mail: jkravec@fdpklaw.com

14      2.    If to EA, then to:

15           John C. Hueston (164921)
             A. Matthew Ashley (198235)
16           Justin N. Owens (254733)
             IRELL & MANELLA, LLP
17           840 Newport Center Drive, Suite 400
             Newport Beach, California 92660-6324
18           Tel: (949) 760-0991
             Fax: (949) 760-5200
19           Email: jhueston@irell.com
                    mashley@irell.com
20                  jowens@irell.com

21

22      G.    The time periods and/or dates described in this Stipulation with respect to the giving

23  of notices and hearings are subject to approval and change by the Court or by the written agreement

24  of Settlement Class Counsel and Defendant's Counsel, without notice to Settlement Class Members.

25  The Parties reserve the right, by agreement and subject to the Court's approval, to grant any

26  reasonable extension of time that might be needed to carry out any of the provisions of this

27  Stipulation.

28

H.      All time periods set forth herein shall be computed in business days if seven days or fewer and calendar days if eight days or more unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, or, when the act to be done is the filing of a paper in Court, a day in which weather or other conditions have made the Office of the Clerk or the Court inaccessible, in which event the period shall run until the end of the next day as not one of the aforementioned days. As used in this subsection, "legal holiday" includes New Year's Day, Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day and any other day appointed as a holiday by the President or the Congress of the United States.

I.      This Stipulation may be amended or modified only by a written instrument signed by Settlement Class Counsel and any of Defendant's Counsel. Amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court.

J.      The exhibits to this Stipulation are an integral part of the Settlement and are hereby incorporated and made a part of this Stipulation.

K.      Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendant, or of the propriety of maintaining the Litigation as a class action; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, except that Defendant may file this Stipulation or the Final Judgment in any action that may be brought against any Released Person in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith

1  settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or

2  similar defense or counterclaim.

3       L.     The Parties and the Settlement Class Members recognize that the Court retains

4  jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and

5  all Parties hereto and the Settlement Class Members submit to the jurisdiction of the Court for

6  purposes of implementing and enforcing the Settlement embodied in this Stipulation.

7       M.     This Stipulation will be executed upon the last date of execution by all of the

8  undersigned.

9       N.     This Stipulation may be executed in counterparts, each of which shall constitute an

10  original.

11       The undersigned acknowledge and agree to the foregoing terms to settle this Litigation, as

12  follows:

13  **ON BEHALF OF PLAINTIFF AND THE CLASS:**

14  **FEINSTEIN DOYLE PAYNE**
15     **& KRAVEC, LLC**

16  By: _____     Dated: December 8, 2014
     Joseph N. Kravec, Jr. (*pro hac vice*)
17

18  429 Forbes Avenue
     Allegheny Building, 17th Floor
19       Pittsburgh, PA 15219
     Tel: (412) 281-8400
     Fax: (412) 281-1007
20

21  *Co-Lead Counsel and*
   *Co-Lead Trial Counsel for*
22  *Plaintiff and the Class*

23

24

25

26

27

28

1  **KELLER ROHRBACK L.L.P.**

2

3  By: _____          Dated: __December 8, 2014__
       Lynn Lincoln Sarko (*pro hac vice*)
4      Gretchen Freeman Cappio (*pro hac vice*)
       Tana Lin (*pro hac vice*)
5      Raymond Farrow (*pro hac vice*)

6  1201 Third Avenue, Suite 3200
   Seattle, WA 98101
7  Tel: (206) 623-1900
   Fax: (206) 623-3384
8
   Khesraw Karmand (SBN 280272)
9  Matthew J. Preusch (SBN 298144)
10 1129 State Street, Suite 8
   Santa Barbara, CA 93101
11 Tel:(805)456-1496
   Fax:(805)456-1497
12
   *Co-Lead Trial Counsel for*
13 *Plaintiff and the Class*

14 **LAW OFFICES OF JANET
      LINDNER SPIELBERG**                   Dated: __December 8, 2014__
15

16 By: _____
       Janet Lindner Spielberg (SBN 221926)
17
   12400 Wilshire Boulevard, #400
18 Los Angeles, CA 90025
   Tel: (310) 392-8801
19 Fax: (310) 278-5938

20 *Co-Lead Counsel and Trial Counsel for*
   *Plaintiff and the Class*
21

22 **BRAUN LAW GROUP, P.C.**              Dated: __December 8, 2014__

23

24 By: _____
       Michael D. Braun (SBN 167416)
25
   10680 West Pico Blvd., Suite 280
26 Los Angeles, CA 90064
   Tel: (310) 836-6000
27 Fax: (310) 836-6010

28 *Trial Counsel for Plaintiff and the Class*

Stipulation of Settlement; Case No. 5-08-CV-00868 (RMW)

1   **KELLER ROHRBACK L.L.P.**

2

3   By: _____          Dated: _December 8, 2014_
        Lynn Lincoln Sarko (*pro hac vice*)
4       Gretchen Freeman Cappio (*pro hac vice*)
        Tana Lin (*pro hac vice*)
5       Raymond Farrow (*pro hac vice*)

6   1201 Third Avenue, Suite 3200
    Seattle, WA 98101
7   Tel: (206) 623-1900
    Fax: (206) 623-3384
8

9   Khesraw Karmand (SBN 280272)
    Matthew J. Preusch (SBN 298144)
10  1129 State Street, Suite 8
    Santa Barbara, CA 93101
11  Tel:(805)456-1496
    Fax:(805)456-1497
12
    *Co-Lead Trial Counsel for*
13  *Plaintiff and the Class*

14  **LAW OFFICES OF JANET
       LINDNER SPIELBERG**          Dated: _December 8, 2014_
15

16  By: _____
        Janet Lindner Spielberg (SBN 221926)
17
    12400 Wilshire Boulevard, #400
18  Los Angeles, CA 90025
    Tel: (310) 392-8801
19  Fax: (310) 278-5938

20  *Co-Lead Counsel and Trial Counsel for*
    *Plaintiff and the Class*
21

22  **BRAUN LAW GROUP, P.C.**
                                     Dated: _December 8, 2014_
23

24  By: _____
        Michael D. Braun (SBN 167416)
25
    10680 West Pico Blvd., Suite 280
26  Los Angeles, CA 90064
    Tel: (310) 836-6000
27  Fax: (310) 836-6010

28  *Trial Counsel for Plaintiff and the Class*
    Stipulation of Settlement; Case No. 5-08-CV-00868 (RMW)

- 25 -

**KELLER ROHRBACK L.L.P.**

By: _____         Dated:   December 8, 2014
    Lynn Lincoln Sarko (*pro hac vice*)
    Gretchen Freeman Cappio (*pro hac vice*)
    Tana Lin (*pro hac vice*)
    Raymond Farrow (*pro hac vice*)

1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384

Khesraw Karmand (SBN 280272)
Matthew J. Preusch (SBN 298144)
1129 State Street, Suite 8
Santa Barbara, CA 93101
Tel:(805)456-1496
Fax:(805)456-1497

*Co-Lead Trial Counsel for*
*Plaintiff and the Class*

**LAW OFFICES OF JANET**
**LINDNER SPIELBERG**         Dated:   December 8, 2014

By: _____
    Janet Lindner Spielberg (SBN 221926)

12400 Wilshire Boulevard, #400
Los Angeles, CA 90025
Tel: (310) 392-8801
Fax: (310) 278-5938

*Co-Lead Counsel and Trial Counsel for*
*Plaintiff and the Class*

**BRAUN LAW GROUP, P.C.**
        Dated:   December 8, 2014

By: _____
    Michael D. Braun (SBN 167416)

10680 West Pico Blvd., Suite 280
Los Angeles, CA 90064
Tel: (310) 836-6000
Fax: (310) 836-6010

*Trial Counsel for Plaintiff and the Class*

Stipulation of Settlement; Case No. 5-08-CV-00868 (RMW)

ON BEHALF OF CORELOGIC VALUATION SERVICES, LLC., AS SUCCESSOR-IN-INTEREST TO EAPPRAISEIT, LLC:

By: _____     Dated: __12/8/14__

Stergios Theologides
Print Name

APPROVED AS TO FORM:

By: _____     Dated: _____
    John C. Hueston (164921)
    A. Matthew Ashley (198235)
    Justin N. Owens (254733)

Irell & Manella LLP
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Tel: (949) 760-0991
Fax: (949) 760-5200

Attorneys for Defendant

1  ON BEHALF OF CORELOGIC VALUATION SERVICES, LLC., AS SUCCESSOR-IN-

2  INTEREST TO EAPPRAISEIT, LLC:

3

4  By: _____          Dated: _____

5  _____
   Print Name
6

7  **APPROVED AS TO FORM:**

8  By: _____          Dated: 12/8/14
9      John C. Hueston (164921)
       A. Matthew Ashley (198235)
10     Justin N. Owens (254733)

11  Irell & Manella LLP
    840 Newport Center Drive, Suite 400
12  Newport Beach, California 92660-6324
    Tel: (949) 760-0991
13  Fax: (949) 760-5200

14  Attorneys for Defendant

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| FELTON A. SPEARS, JR. and SIDNEY SCHOLL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST AMERICAN EAPPRAISEIT (a/k/a eAppraiseIT, LLC), a Delaware limited liability company,<br><br>Defendant. | Case No. 5-08-CV-00868 (RMW) |

## SUPPLEMENTAL AFFIDAVIT OF TORE HODNE

1. I am a Senior Project Administrator for Rust Consulting, Inc. ("Rust Consulting"), which serves as the Settlement Administrator[1] for the settlement of the above-captioned action. I am responsible for supervising the class action administration services provided by Rust Consulting in connection with the settlement. I have reviewed the Settlement Agreement entered into by Plaintiffs Felton A. Spears, Jr. and Sidney Scholl ("Plaintiffs") and First American Eappraiseit (a/k/a eAppraiseIT, LLC) ("Defendant"), and I have personal knowledge of the facts set forth below.

2. In preparing this affidavit, I have relied on personal knowledge or information supplied to me by others on whom I rely to supply information in the ordinary course of business.

3. Rust Consulting is an administration firm with experience on more than 4,500 class action and regulatory settlements involving antitrust, consumer, finance, insurance, healthcare, labor and employment, product liability, and securities matters. Rust also

---

[1] This affidavit incorporates by reference the definitions in the parties' Settlement Agreement filed with the Court. All capitalized terms used in this affidavit will have the same meanings as set forth in the Settlement Agreement.

administers other similar complex and time-sensitive matters such as data breach responses and recalls. Rust offers a full scope of administration services including consulting, project management, data management, notification, class member communications, claims processing, fund management, and distribution.

4. Rust Consulting's class action administration services include coordination of all notice requirements, receipt and processing of requests for exclusion ("opt-outs") by Settlement Class Members, coordination with the United States Postal Service ("USPS"), claims database management, claim adjudication, fund management and distribution services. Rust Consulting works with the settling parties, the Court and the Settlement Class Members in a neutral facilitation role, taking the negotiated terms of a settlement and implementing settlement administration services.

5. Rust Consulting, Inc. was appointed Settlement Administrator in this action on December 12, 2014, by the Court's Preliminary Approval Order (Docket. No. 588) "Preliminary Approval Order"). I am preparing this affidavit to provide an overview of Rust Consulting's responsibilities in this Settlement and to detail Rust Consulting's compliance with the Notice requirements as detailed in the Preliminary Approval Order and provide the Court with the final data concerning Settlement Class Members' response to the Settlement (including the lack of objections and the number of opt-outs), the number of claims made and an estimate of the final cash payments that will be made to Settlement Class Members should the Court approve the Settlement.

A. **Exclusion Requests from Settlement Class Members**

6. Rust Consulting received a list of 125 individuals that presented exclusion requests during the class certification phase and were included in the declaration of the claims

administrator (GCG).    Of these individuals, 49 were on the Settlement Class List provided by Counsel and subsequently were not sent notice.  A list of the 125 individuals is attached as Exhibit A.

7.  As of April 27, 2015, Rust Consulting has received 4 requests for exclusion from the Class.  A list of the four Class Members that submitted a request to be excluded to Rust is attached as Exhibit B.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this affidavit was executed on April 27, 2015 in Minneapolis, Minnesota.

_____
Tore Hodne

Subscribed and sworn to me before me this 27th day of April, 2015

DAWN M ZIMMER
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2016

_____
NOTARY PUBLIC
My Commission Expires: 1 - 31 - 201b

# Exhibit A

A STANLEY HALL
ANECITO NAVASCA
ANNETTE Y BOTTORFF
ARACELY PENA
ARLINE M SWANK
**BARBARA A SATER**
BARBARA J DICKMAN
BOBBIE J IFLAND
C SEAN BATTLES
CHARLENE SILVESTRO
**COLETTE L WILSON**
**CORINNE BENEDICT**
CORNELIA A TWITCHELL
CRAIG E KADANE
CRAIG J ROOKMAAKER
CYNTHIA N METZ
DAN & TAMMY TODEREAN
DARLIN ELIZABETH WIL
**DAVID R TRIPPLEHORN**
**DIEGO MATUS**
DON E URE AND IONE R URE
DONA MCCONICA
**DORIS JUNE YOUNG**
**EARL F & BONNIE F MONTGOMERY**
EDGAR A CELADA
EDNA R COSPER
**ELIA G PIAZZA**
ELOY ARGUETA
EVELYN OLIVET
EVELYN S MUNCY
FAITH M WELLER
**FRANCES SALISBURY**
**GLADYS C WEBB**
GLORIA STROUD
HARRY MYERS
**HO MING CHIN**
INEZ SEDLOCK
**JACK HOLLINGSWORTH**
**JACK R STILLWELL**
JACQUELINE G LAGUATA

JAI C JANG
**JAMES & ROBERTA L FREEMAN**
JAMES H MALONEY
**JANE ARNOLD**
JASNA SINIKOVIC
JASON BRUNO
JILL LIEUALLEN
**JOHN SEDLAK**
JOSE ALVAREZ
**JOSE CRISTOBAL**
JOYCE A BRUNNER
JOYCE CASAROLI
JOYCE STEVENS
JOYCE STRAUB & KATHERINE IVERSON
JUANA MARIA BRISITA
**JUDITH J HOMER**
JUDITH L & JOHN B CONNELY
**JULIE A REINKE**
KATHREN DIX
KAY F HARRISON
KUMUDINI SHOBA
**LARRY G SCHMIDT**
**LIGUANG PANG**
LINDA COTTLE
**LINDA RICH**
LOIS ROBERTS
**LUCY LATCHINIAN**
**LUETENAH REED**
**LYNDA CHEW-CHIN WOO**
LYUDMILA KROTOV
**MARY A JAUNET**
MARY BORDEN
MARY JO PISMAN
MARY THORNBURGH
MELISSA C LOPEZ
MERLE D ROBERTS
**MICHAEL & CAROL ROBINSON**
MICHAEL C HOUSER
MICHAEL R KETCHUM
**MIKI JOY**
**MILAGROS R INFANTE**
MOHAMMED RAHMAN
MURL DAVID CASWELL

**NANCY & VICTOR GARCIA**
**NANCY CURRAN**
**NEAL BAUMGARDNER**
**NICKIE L COOK**
PATRICIA GOODRICH
**PENNY L CORNETT**
RAYMOND J EVANS JR
RICHARD COPPS
ROBERT CHOSER SR
ROBERT F ELLERBROCK
ROBERT THOMPSON
ROBERT W DYER JR
**RONALD BISHOP**
**RONES & MYRLANDE FLEURMONT**
ROSA JONES
**ROSE M ORTMAN**
**ROXAN DEBOIS**
ROXANNE T WILSON
SABRINA FEDERICO
**SANDRA ANNE HANSON**
**SANDRA BELL**
SARAH AMES
SARAH C JOKELA
SHARON A LAIRD
SHEILA A SHARKEY
**SHEILA CHEGINI**
**SHIRLEY J CLARK**
SOK HOONG TAY
**SOON JA LEE**
SOONA KIM
**STEPHEN L & LISL C ALLEN**
SYLVIA PEINADO
**THOMAS QUINN**
WALTER PEREZ
**WALTER SAMBORSKI**
**WENDY K STRICKLAND**
WILLIAM & JOYCE SPIN
WILLIAM C HEARN JR
WILLIAM COTTLE
WILLIAM HOMER
**YUN PING PAULINA LEUNG**
**YVONNE MCKOWN**

# Exhibit B

FREZINA BENSON

JOHN JOHNSON

KULDIP KAUR

MICHELLE M LOWE

**EXHIBIT C**

**EXHIBIT C**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

## LEGAL NOTICE OF CLASS ACTION SETTLEMENT

*Spears, et al. v. First American eAppraiseIT,* Case No. 5-08-CV-00868 (RMW)

**If you received a**
# Washington Mutual Home Loan
## on or after June 1, 2006 with an eAppraiseIT property appraisal, you could get a payment from a class action settlement

**PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR www.appraisalsettlement.com**
*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

- This Notice advises you of a proposed Settlement in a class action lawsuit. If you received a home loan from Washington Mutual Bank, F.A. ("WMB") on or after June 1, 2006 in connection with a property appraisal by Defendant First American eAppraiseIT (a/k/a eAppraiseIT, LLC) ("EA"), you may be able to recover money from the Settlement.

- If the Court approves the Settlement, EA will pay $9,863,945 to settle the lawsuit.

- Settlement Class Members do not need to do anything to receive a cash payment. However, some Settlement Class Members may be eligible to receive a larger payment by providing certain additional information, through the optional submission of a timely, completed Claim Form. Please read this Notice for details on who should submit a Claim Form.

- If you believe the amount you could receive under this Settlement is not enough to compensate you for losses you believe you may have related to EA's appraisal of your home, you should consider whether you want to exclude yourself from this Settlement. You must exclude yourself from this Settlement Class if you want to preserve any right you may have to sue for claims related to EA's appraisal of your home. *If you have a pending lawsuit you think may relate to this Settlement, speak to your lawyer in that lawsuit* **immediately**. You must exclude yourself from this Settlement Class to continue your own lawsuit. **Information on how to exclude yourself from this Settlement is on page _ of this Notice.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **WHAT YOU CAN DO:** | **WHAT WILL HAPPEN AS A RESULT:** |
| Do Nothing | You will be part of the Settlement. You will receive a cash payment if the Court approves the Settlement. |
| File A Claim – Submit Your Claim Form On-line or Postmarked By _____ | You will be part of the Settlement. You will receive a cash payment, but it may be a larger payment if you timely submit |

**QUESTIONS? CALL 1-800-xxx-xxxx (OR VISIT www.appraisalsettlement.com)**

| | a valid, completed Claim Form. |
|---|---|
| Exclude Yourself - Submit Your Exclusion Request Postmarked By _____ | You will get out of the lawsuit and the Settlement and keep any right you may have to pursue your own lawsuit on these claims. You will receive nothing from the Settlement. |
| Object – Submit Your Objection Filed or Postmarked By _____ | You can write to the Court about why you do not think the Settlement should be approved. The Court can only approve or deny the Settlement, not change the terms of the Settlement. |
| Discuss The Settlement With The Court - Submit Your Request To Attend The Hearing Postmarked By _____ | You can ask the Court for permission to speak in Court about your opinion of the Settlement. You may enter your appearance in Court through an attorney if you so desire. The Court will hold a hearing to determine if it should finally approve the Settlement on -------, 2015. |

If you have any questions, then please read on and visit **www.appraisalsettlement.com** or call 1-xxx-xxx-xxxx.

## BASIC INFORMATION

| 1.   WHY WAS I SENT THIS NOTICE? |
|---|

This Notice was sent to you because Washington Mutual Bank, F.A.'s ("WMB") records indicate that you received a home loan that is part of this Settlement from WMB on or after June 1, 2006 in connection with which an appraisal was provided by Defendant First American eAppraiseIT ("EA"). The Court ordered this Notice be sent to you because you have a right to know about the proposed Settlement of this class action lawsuit – which concerns the EA appraisal provided in connection with your WMB home loan – and about your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after all objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

The Court in charge of this case is the United States District Court for the Northern District of California, and the case is known as *Spears, et al. v. First American eAppraiseIT*, Case No. 5-08-CV-00868 (RMW). The person who sued on behalf of you and all class members, namely Felton A. Spears, Jr., is called the "Plaintiff." The company he sued, EA, is called the "Defendant."

| 2.   WHAT IS THIS LAWSUIT ABOUT? |
|---|

In this lawsuit, Plaintiff contends that WMB and EA had an unlawful agreement wherein EA, in return for WMB's appraisal business, agreed to provide WMB property appraisals and to improperly inflate home values, so that WMB could resell its home loans on more favorable terms. EA denies there was any such agreement, and denies that it provided WMB with appraisals that improperly inflated property values. EA charged WMB a fee for each appraisal. WMB often passed this fee on to the Settlement Class Members. The lawsuit seeks to recover these appraisal fees on behalf of Settlement Class Members who paid the fees and seeks to recover other damages on behalf of all Settlement Class Members (whether or not they paid the fee) who received an EA appraisal under this alleged agreement. **Please note that Settlement Class Members will give up** *all* **claims against EA regarding EA's appraisals for their WMB loans, even those that do not directly relate to the appraisal fee (please see Question 9).**

This lawsuit is a Class Action. In a Class Action, one person called the Class Representative (in this case Felton A. Spears, Jr.) sues on behalf of people who have similar claims. All these people are a Class or Class Members. One Court resolves the issues for all Class Members, except those who exclude themselves from the Class. U.S. District Judge Ronald M. Whyte is in charge of this Class Action.

EA denies all of Plaintiff's allegations. The Court has not decided who was right. Instead, the Parties agreed to a settlement. By agreeing to a settlement, the Parties avoid the costs and risk of a trial and the Settlement Class will get compensation. Plaintiff and his attorneys believe that the settlement is in the best interests of the Settlement Class Members.

## WHO IS INCLUDED IN THE SETTLEMENT?

| 3.   HOW DO I KNOW IF I AM IN THE SETTLEMENT CLASS? |
|---|

To receive money from this settlement, you must be a member of the Settlement Class. The Court decided you are a member of the Settlement Class if you received a WMB home loan for a personal purpose (*i.e.*, not for a business or commercial purpose) on or after June 1, 2006 in connection with which an EA appraisal was obtained. You are not in the Settlement Class if you are an EA employee, officer or director; if you properly exclude yourself (see Question 11); or if you are a member of the Court's immediate family or Court staff (the Court itself is also excluded from the Settlement Class).

You received this Notice because WMB records indicate that you received a home loan that is part of this Settlement, and are therefore a member of the Settlement Class.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 4.   WHAT DOES THE SETTLEMENT PROVIDE?

If the Settlement is approved, EA will create a cash Settlement Fund of $9,863,945.00. The Settlement Fund will be used to pay class notice and administration costs (for instance, the cost of providing this notice to you), attorneys' fees, expenses, costs, any Service Award to Plaintiff, and all payments to Settlement Class Members.

### 5.   HOW MUCH WILL MY PAYMENT BE?

Your share of the Settlement Fund will depend on whether you paid your appraisal fee. Here's how it works:

Any necessary taxes and tax expenses, the costs of class notice and administration, attorneys' fees, costs and expenses, and any Service Award to Plaintiff are first deducted from the Settlement Fund. The remaining money will be divided among Settlement Class Members.

Settlement Class Members may receive a proportionate share of the remaining money. You do not need to do anything to receive this amount.

Settlement Class Members may receive three times their proportionate share of the remaining money if they show that they paid the EA appraisal fee. If you wish to receive this amount, you **must** submit a valid Claim Form by the claim submission deadline verifying that you paid EA's appraisal fee. **Information about how to submit a Claim Form is on page _ of this Notice.**

Settlement Class Members who submit a Claim Form verifying they paid their appraisal fee will get more money, and Settlement Class Members who do not submit a Claim Form will receive less.

The precise amount each Settlement Class Member will receive from the Settlement cannot be determined until all claims are submitted, but it will be less than the average appraisal fee EA charged.

### 6.   WHEN WILL I GET MY PAYMENT?

The Court will hold a hearing on _____, 2015 to decide whether to approve the Settlement. (See Question 16 for details). If the Court approves the Settlement, there may be appeals after that. It is always uncertain whether these appeals can be resolved and resolving these appeals can take time, perhaps more than a year. Please be patient. You will receive your

payment if, after any appeals and objections are resolved, the Settlement is approved.

| 7. **HOW DO I GET MY PAYMENT?** |
|---|

You don't need to do anything to receive a payment from the Settlement Fund. However, if you timely submit a Claim Form affirming you paid the appraisal fee when you obtained your WMB loan, you may be eligible to receive a larger payment. (See Question 5 for details). The Claim Form can be found at **www.appraisalsettlement.com** or by calling 1-xxx-xxx-xxxx. The Claim Form can be submitted online at **www.appraisalsettlement.com** or by mail. If you choose to submit it online, you must do so no later than _____, 2015. If you choose to submit a hard-copy of the Claim Form by mail, it must be postmarked by _____, 2015 and mailed to: Rust Consulting, [add address].

| 8. **WHAT IF I DON'T REMEMBER WHETHER I PAID MY APPRAISAL FEE?** |
|---|

Whether you paid your appraisal fee may be identified on forms WMB was required by law to give you when you obtained your WMB loan. One of these forms is called a "Settlement Statement" or "HUD-1" and in many cases gives the amount of the appraisal fee and whether it was charged to the borrower (you) on line 804. An example of a Settlement Statement or HUD-1 form is available on the HUD website at http://www.hud.gov/offices/adm/hudclips/forms/files/1.pdf.

| 9. **WHAT AM I GIVING UP IF I PARTICIPATE IN THE SETTLEMENT?** |
|---|

Unless you exclude yourself, you are staying in the Settlement Class and that means you cannot sue or be part of any other lawsuit against EA or related entities about any of the legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you. You will also agree to a "Release of Claims" which describes exactly the legal claims you give up if you get Settlement benefits and which you can read in Section XII of the Stipulation of Settlement (available at **www.appraisalsettlement.com**). **This Release means you will give up any rights you may have to sue EA or any of the Released Persons about anything related to the EA appraisal you received in connection with your WMB loan. This means you will give up your rights, if any, to sue EA or any of the Released Persons for any losses you believe you may have incurred, including but not limited to the appraisal fee, in connection with the EA appraisal you received for your WMB loan. If you believe these claims may be worth more than you would receive from this Settlement, you should consider excluding yourself from the Settlement as described in Question 12.**

### THE LAWYERS REPRESENTING YOU

| 10. **DO I HAVE A LAWYER IN THE CASE?** |
|---|

The Court appointed the following lawyers to represent you and other Settlement Class Members: Joseph N. Kravec, Jr. of the law firm Feinstein Doyle Payne & Kravec, LLC, and Lynn Lincoln Sarko and Gretchen Freeman Cappio of the law firm Keller Rohrback L.L.P. Together, these lawyers are called Settlement Class Counsel. You will not be charged any money to pay for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

| **11. HOW WILL THE LAWYERS BE PAID?** |
| --- |
| Settlement Class Counsel will ask the Court to award attorneys' fees, expenses and a Service Award to be paid out of the $9,863,945 Settlement Fund. The attorneys' fees requested will not exceed $2,959,183.00, plus the reimbursement of expenses incurred, and any such other expenses as the Court may award. The requested attorneys' fee is 30% of the Settlement Fund, and is about 19% of what the attorneys representing the Class would be paid based on their normal hourly rate for the number of hours they worked on the case. The Plaintiff will also ask the Court for a Service Award of $4,000.00 for his costs, time and effort acting as a Class Representative and for his willingness to bring this litigation and act on behalf of other borrowers. The amounts requested by Settlement Class Counsel and the Class Representative are subject to Court approval, and the Court may award less than these amounts. |

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| **12. HOW DO I GET OUT OF – OR EXCLUDE MYSELF FROM – THE SETTLEMENT?** |
| --- |
| If you don't want a payment from this Settlement, but you want to keep the right (if any) to sue or continue to sue EA or any of the Released Persons, on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself or sometimes referred to as "opting out" of the Settlement Class. To exclude yourself, you must send a letter, postmarked no later than _____, to the Settlement Administrator at the following address: Rust Consulting [add address].  Your letter must include your full name, address and signature and specifically state you want to be excluded from the *Spears, et al. v. First American eAppraiseIT* Settlement Class. If you do not include the required information or fail to submit your request for exclusion on time, you will become part of the Settlement Class and be bound by the settlement and Final Judgment and Order of Dismissal. **Please do not contact the Court if you wish to exclude yourself; contact only the Settlement Administrator**. |

| **13. IF I DO NOT EXCLUDE MYSELF, CAN I SUE EAPPRAISEIT FOR THE SAME THING LATER?** |
| --- |
| No. Unless you exclude yourself, you give up any right you may have to sue EA and all Released Persons for the claims that this Settlement resolves. This means giving up all claims against EA and the Released Persons relating to the EA appraisal for your WMB loan, even those claims not directly related to paying the appraisal fee (please see Question 9). *If you have a pending lawsuit you think may relate to this Settlement, speak to your lawyer in that lawsuit **immediately***. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the deadline to exclude yourself is _____. |

| **14. IF I EXCLUDE MYSELF, CAN I GET ANYTHING FROM THIS SETTLEMENT?** |
| --- |
| No. You will receive no money from this Settlement if you exclude yourself. |

## OBJECTING TO THE SETTLEMENT

| **15. HOW DO I TELL THE COURT IF I DON'T LIKE THE SETTLEMENT?** |
| --- |

**QUESTIONS? CALL 1-800-xxx-xxxx (OR VISIT www.appraisalsettlement.com)**

If you are a Settlement Class Member, you can ask the Court to deny approval of the Settlement by filing an Objection. **You can't ask the Court to order a larger settlement or change the terms of the Settlement; the Court can only approve or deny the Settlement**. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed Settlement in writing. You may also appear at the Final Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (1) clearly identify the case name and number "*Spears, et al. v. First American eAppraiseIT*, Case No. 5-08-CV-00868 (RMW);" (2) be filed with or postmarked and mailed to the Court at the address below on or before _____, 2015; (3) set forth your full name, current address, and telephone number; (4) state your loan number relevant to this case; (5) set forth a statement of the position you wish to assert, including the factual and legal grounds for the position; (6) set forth the names and a summary of testimony of any witnesses that you might want to call in connection with the Objection; (7) provide copies of all documents that you wish to submit in support of his/her position; (8) provide the name(s), address(es) and phone number(s) of any attorney(s) representing you; and (9) state the name, court, and docket number of any class action litigation in which you and/or your attorney(s) has previously appeared as an objector or provided legal assistance with respect to an objection; and (10) include your signature.

Settlement Class Members who object must make themselves available for deposition by Settlement Class Counsel and/or EA's counsel, so the objection must also include two weekday non-holiday dates between seven (7) and twenty-one (21) days prior to [insert date], the day of the Final Fairness Hearing when the objecting Settlement Class Member will be available to present for his/her deposition.

You must file with or mail your objection to the Court at the addresses below:

Clerk of Courts
U.S. District Court for the Northern District of California
280 South 1st Street
Second Floor
San Jose, CA 95113

Objecting Settlement Class Members, or their attorneys, intending to make an appearance and speak to the Court at the Final Fairness Hearing must serve on Settlement Class Counsel and Defendant's Counsel, and file with the Court a notice of their intention to appear at the Final Fairness Hearing by no later than _____, 2015.

**Objecting is different from excluding yourself. If you object, you remain in the Settlement Class. If you exclude yourself, you will not remain in the Settlement Class and cannot object. If you try to both object and exclude yourself, you will be deemed excluded from the Settlement Class.**

**THE COURT'S FINAL FAIRNESS HEARING**

**16. THE HEARING TO DECIDE WHETHER TO APPROVE THE SETTLEMENT.**

**QUESTIONS? CALL 1-800-xxx-xxxx (OR VISIT www.appraisalsettlement.com)**

The Court will hold a Final Fairness Hearing on _____, 2015 at _____ in Courtroom 6, 4th Floor of the United States District Court for the Northern District of California, Robert F. Peckham Building, Second Floor, 280 South 1st Street, San Jose, CA 95113. At the hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked, beforehand and in writing, to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement. The Court will also consider how much the lawyers representing Settlement Class Members should be paid and if the Plaintiff should receive a Service Award. We do not know how long this decision will take.

You are not required to attend the hearing, but you are welcome to come at your own expense. If you send a written objection, you don't have to come to the hearing to talk about it. As long as you filed or mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

You, or your attorney, may ask the Court for permission to speak at the hearing. To do so, you must send a letter saying that it is your or your attorney's "Notice of Intention to Appear in *Spears, et al. v. First American eAppraiseIT.*" Be sure to include your name, address, telephone number and your signature. Your Notice of Intention to Appear must be postmarked no later than _____, 2015, and be sent to the Clerk of Court, Class Counsel and EA's Counsel at the addresses in Question 14. You cannot speak at the hearing if you excluded yourself from the Settlement Class.

**The hearing may be moved to a different date or time without additional notice, so please check www.appraisalsettlement.com or call 1-xxx-xxx-xxxx for updates.** You can also get more information by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

## GETTING MORE INFORMATION

### 17. WHERE DO I GET MORE INFORMATION?

This Notice is only a summary of the proposed Settlement. For the precise terms and conditions of the settlement, please see the Stipulation of Settlement and other important documents available at **www.appraisalsettlement.com** or by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Robert F. Peckham Federal Building, Second Floor, 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. You may also write or call the Settlement Administrator with questions: Rust Consulting, [add address], 1-xxx-xxx-xxxx.

**PLEASE DO NOT TELEPHONE EA, THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

**QUESTIONS? CALL 1-800-xxx-xxxx (OR VISIT www.appraisalsettlement.com)**